IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BHUPENDRA GHANDI, A&Y FAMILY GROUP INC., and PQV, LLC | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **Civil Action File No:** _____ |
| CRAIG J. EHRLICH,  THE LAW OFFICE OF CRAIG J. EHRLICH, LLC, DOUGLAS SCHAPIRO, EHRLICH & SCHAPIRO, LLC, ADA CONSULTANTS OF AMERICA, LLC, DAKOTA HOLT, YVONNE BROWN, THOMAS FUTCH JESSICA BLINKHORN, TIAWAN BRITTON, DESTINY DRAKE, DUSTIN SWAFFORD, ALLISON WATERS and DOES 1 THROUGH 100, inclusive | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION AND DAMAGES – CLASS ACTION

COMES NOW, Bhupendra Ghandi, A&Y Family Group, Inc., and PQV,

LLC, ( hereinafter collectively, "Plaintiffs"), on behalf of themselves and the class

alleged herein, by and through their attorneys, and file this Complaint against the

above named defendants Craig J. Ehrlich, The Law Office of Craig J. Ehrlich,

LLC, Douglas Schapiro, Ehrlich & Schapiro, LLC, ADA Consultants of America,

LLC, Dakota Holt, Yvonne Brown, Thomas Futch, Jessica Blinkhorn, Tiawan

Britton, Destiny Drake, Dustin Swafford, Allison Waters and DOES 1 through

100, (hereinafter collectively "Defendants").  In support thereof, Plaintiffs

respectfully state as follows:

## JURISDICTION AND VENUE

1.     The sole claim for relief in the Complaint arises under the

Racketeering and Corrupt Practices Act, 18 U.S.C §§ 1961 and 1962.  This Court

has original subject matter jurisdiction over these claims pursuant to 15 U.S.C. §

1121 and 28 U.S.C. §§1331, 1338.

2.     The Court has personal jurisdiction over Defendants Craig J. Ehrlich,

Douglas Schapiro, Dakota Holt, Yvonne Brown, Thomas Futch, Jessica Blinkhorn,

Tiawan Britton, Destiny Drake, Dustin Swafford, and Allison Waters because they

reside and/or work in Georgia.

3.     The Court has personal jurisdiction over Defendants The Law Office

of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC because they are registered

Georgia Limited Liability Companies.

4.     The Court has personal jurisdiction over Defendants ADA

Consultants of America, LLC a Florida Limited Liability Company because

2

Defendant has availed itself to the privilege of doing business in Georgia, Plaintiffs cause of action resulted from the activities of the Defendant within the state of Georgia, and Defendant has minimum contacts with the state of Georgia.

5. Venue is Proper in this District under pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred or had effects in this District and because Defendants brought suit in this district and/or conduct business in this District.

## PARTIES

### Plaintiff's Class Action Allegations

6. The Plaintiffs are representatives, who bring this action pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure on their behalf and on behalf of a class similarly situated and affected during the pendency of this lawsuit and in the future. The class is defined as all past and current business and property owners who have been wrongfully accused of American with Disability Act (hereinafter "ADA") violations by Defendants.

7. The members of this class are so numerous that their joinder is impractical. The class consists of an unknown number of past defendants of lawsuits filed by and through The Law Office of Craig Ehrlich, LLC, Ehrlich & Schapiro, LLC, and ADA Consultants of America, LLC who consulted the named

3

law firms to file lawsuits against businesses and property owners for false ADA violations.

## The Defendants

8.     Upon information and belief, Plaintiffs hereon alleges, that Defendant Craig J. Ehrlich is a Georgia barred attorney and owner, operator and registered agent for The Law Office of Craig J. Ehrlich, LLC, whose litigation practice is solely focused on alleged violations of the ADA and related state law claims. Plaintiffs are informed and believe, that Defendant Craig J. Ehrlich has filed five-hundred and fifty-eight (558) complaints in this Judicial District the majority of which allege violations of the ADA and related state law claims. (See Exhibit A: Defendant Craig J. Ehrlich Query for the Northern District of Georgia).

9.     Upon information and belief, Plaintiffs hereon allege, that Defendant Douglas Schapiro, is a Florida barred attorney who practiced with Defendant Craig J. Ehrlich, at Ehrlich & Schapiro, LLC, whose litigation practice is solely focused on alleged violation of the ADA and related state law claims. Defendant Douglas Schapiro is the owner operator of ADA Consultants of America, LLC a Florida Limited Liability Company that consults attorneys around the country providing consultant services to attorneys who file cases against businesses and property owners violating the ADA.

4

10.     Upon information and belief, Plaintiffs hereon allege, that Defendant Dakota Holt is a plaintiff in one hundred and six (106) cases, initiated by through Defendant Craig J. Ehrlich, The Law Office of Craig J. Ehrlich, LLC, Douglas Schapiro and/or Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims.  Plaintiffs are informed and believe, that Defendant Dakota Holt assists Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC by providing false testimony regarding alleged visits to businesses and properties later sued by Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims.  (See Exhibit B:  Defendant Dakota Holt's Query for the Northern District of Georgia)

11.     Upon information and belief, Plaintiffs hereon allege, that Defendant Thomas Futch is a plaintiff in one hundred and twenty one (121) cases, initiated by through and through Defendant Craig J. Ehrlich, The Law Office of Craig J. Ehrlich, LLC, Douglas Schapiro and/or Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims.  Plaintiffs are informed and believe, that Defendant Thomas Futch assists Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC by providing false testimony regarding alleged visits to businesses and properties later sued by Defendants Law

5

Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims. (See Exhibit C: Defendant Thomas Futch's Query for the Northern District of Georgia).

12. Upon information and belief, Plaintiffs hereon allege, that Defendant Yvonne Brown is a plaintiff in thirty-five (35) cases, initiated by through and through Defendant Craig J. Ehrlich, The Law Office of Craig J. Ehrlich, LLC, Douglas Schapiro and/or Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims. Plaintiffs are informed and believe, that Defendant Yvonne Brown assists Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC by providing false testimony regarding alleged visits to businesses and properties later sued by Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims. (See Exhibit D: Defendant Yvonne Brown's Query for the Northern District of Georgia).

13. Upon information and belief, Plaintiffs hereon allege, that Defendant Jessica Blinkhorn is a plaintiff in one hundred and four (104) cases, initiated by through and through Defendant Craig J. Ehrlich, The Law Office of Craig J. Ehrlich, LLC, Douglas Schapiro and/or Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims. Plaintiffs are informed and

6

believe, that Defendant Jessica Blinkhorn assists Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC by providing false testimony regarding alleged visits to businesses and properties later sued by Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims. (See Exhibit E: Defendant Jessica Blinkhorn's Query for the Northern District of Georgia).

14.     Upon information and belief, Plaintiffs hereon allege, that Defendant Tiawan Britton is a plaintiff in thirty-four (34) cases, initiated by through and through Defendant Craig J. Ehrlich, The Law Office of Craig J. Ehrlich, LLC, Douglas Schapiro and/or Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims.  Plaintiffs are informed and believe, that Defendant Tiawan Britton assists Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC by providing false testimony regarding alleged visits to businesses and properties later sued by Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims. (See Exhibit F: Defendant Tiawan Britton's Query for the Northern District of Georgia).

15.     Upon information and belief, Plaintiffs hereon allege, that Defendant Destiny Drake is a plaintiff in twenty-three (23) cases, initiated by through and

7

through Defendant Craig J. Ehrlich, The Law Office of Craig J. Ehrlich, LLC,

Douglas Schapiro and/or Ehrlich & Schapiro, LLC for alleged violations of the

ADA and related state law claims.  Plaintiffs are informed and believe, that

Defendant Destiny Drake assists Defendants The Law Office of Craig J. Ehrlich,

LLC and Ehrlich & Schapiro, LLC by providing false testimony regarding alleged

visits to businesses and properties later sued by Defendants The Law Office of

Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC for alleged violations of the

ADA and related state law claims.  (See Exhibit G:  Defendant Destiny Drake's

Query for the Northern District of Georgia).

16.     Upon information and belief, Plaintiffs hereon allege, that Defendant

Dustin Swafford is a plaintiff in eight (8) cases, initiated by through and through

Defendant Craig J. Ehrlich, The Law Office of Craig J. Ehrlich, LLC, Douglas

Schapiro and/or Ehrlich & Schapiro, LLC for alleged violations of the ADA and

related state law claims.  Plaintiffs are informed and believe, that Defendant Dustin

Swafford assists Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich

& Schapiro, LLC by providing false testimony regarding alleged visits to

businesses and properties later sued by Defendants The Law Office of Craig J.

Ehrlich, LLC and Ehrlich & Schapiro, LLC for alleged violations of the ADA and

related state law claims.  (See Exhibit H:  Defendant Dustin Swafford's Query for the Northern District of Georgia).

17.    Upon information and belief, Plaintiffs hereon allege, that Defendant Allison Waters is a plaintiff in twenty-one (21) cases, initiated by through and through Defendant Craig J. Ehrlich, The Law Office of Craig J. Ehrlich, LLC, Douglas Schapiro and/or Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims.  Plaintiffs are informed and believe, that Defendant Allison Waters assists Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC by providing false testimony regarding alleged visits to businesses and properties later sued by Defendants The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC for alleged violations of the ADA and related state law claims.  (See Exhibit I:  Defendant Allison Water's Query for the Northern District of Georgia).

18.    Upon information and belief, Plaintiff hereon allege, that Defendant The Law Office of Craig J. Ehrlich, LLC is a Georgia Limited Liability Company located at 1123 Zonolite Road NE Suite 7-B Atlanta, Georgia 30306, is primarily focused on representing and filing complaints alleging violations of the ADA and related state law claims.  Plaintiffs are informed and believe, that the majority of

Defendant The Law Office of Craig J. Ehrlich, LLC's ADA filings have taken place in this judicial district.

19.    Upon information and belief, Plaintiffs hereon allege, that Defendant Ehrlich & Schapiro, LLC is a Georgia Limited Liability Company located at 1123 Zonolite Road NE Suite 7-B Atlanta, Georgia 30306, is primarily focused on representing and filing complaints alleging violations of the ADA and related state law claims. Plaintiff are informed and believe, that the majority of Defendant Ehrlich & Schapiro, LLC's ADA filings have taken place in this judicial district. Further upon information and belief, Defendant Ehrlich & Schapiro, LlC transferred to a new entity Defendant The Law Offices of Craig J. Ehrlich, LLC in 2018.

20.    Upon information and belief, Plaintiffs hereon allege, that Defendant ADA Consultants of America, LLC a Florida Limited Liability Company owned and operated by Defendant Douglas Schapiro, primary function is to bolster, assist and facilitate Defendant The Law Office of Craig J. Ehrlich, LLC's and Defendant Ehrlich & Schapiro, LLC's filing of ADA complaints.

21.    Upon information and belief, Plaintiffs hereon allege, that Defendants DOES 1 through 100, inclusive, have or are actively conspiring with one or all of the named Defendants in carrying out the acts alleged herein. Plaintiffs are

currently unaware of the identity of the persons and/or entities named as DOES 1

through 100 and will amend this Complaint as the identity of these unknown DOE

Defendants is revealed.

## INTRODUCTION AND BACKGOUND FOR ALLEGATIONS

### The Conspiracy

22.    Upon information and belief, Plaintiffs allege that all Defendants

named herein, including DOE Defendants working for or with Defendants The

Law Office of Craig J. Ehrlich, LLC and Defendant Ehrlich & Schapiro, LLC have

formed a criminal enterprise by using the ADA to institute actions based on false

allegations of disability, injury, and standing to collect quick settlements from

Georgia small, minority and privately owned businesses and property owners.

23.    Upon information and belief, Plaintiffs allege that each member of the

criminal enterprise helps to further the scheme to make money for all involved in

the conspiracy at the expense of Georgia businesses and citizens, most of whom

are small business owners and immigrants to this country that cannot afford legal

representation.

24.    Upon information and belief, Plaintiffs believe that most businesses

and property owners sued by Defendants, The Law Office of Craig J. Ehrlich, LLC

and Defendant Ehrlich & Schapiro, LLC, are pressured by Defendant Craig J.

Ehrlich and Defendant Douglas Schapiro to settle because it is cheaper to settle than to litigate the merits of the action.

25.    Upon information and belief, Plaintiffs allege that Defendant The Law Office of Craig J. Ehrlich, LLC and Defendant Ehrlich & Schapiro, LLC send disabled individuals into as many businesses as possible and consult with Defendant ADA Consultants of America, LLC, in order to have them aggressively seek out any and all violations of the ADA and rather than informing the businesses of the violations and attempting to remedy the matter through conciliation and voluntary compliance, they instead file a lawsuit requesting injunctive relief and attorneys' fees.

26.    Upon information and belief, Plaintiffs allege that knowing the propensity of small businesses and establishments to settle cases early to avoid distraction to their business and costly litigation, Defendants file their claims for their own greed and financial gain in the form of attorneys' fees and costs without concern that the properties are remedied in ADA compliance. Further, Plaintiffs believe and allege the evidence will show that most of the businesses sued by Defendants have not undertaken any improvements to their facilities to become ADA complaint.

27.     In each Complaint filed by Defendants Thomas Futch, Yvonne Brown, Jessica Blinkhorn, Dakota Holt, Tiawan Britton, Destiny Drake, Dustin Swafford, and Allison Waters, it is alleged basic boilerplate narratives of violations of the ADA and/or other ADA's Accessibility Guidelines that seek injunctive relief, attorney's fees and costs for the alleged violations.

28.     Each of the Complaints filed by Defendants are nearly identical to the others, that allege a prior visit to the property, plans to revisit the property, discrimination and denial of equal enjoyment of goods, services, foods, drinks, facilities, privileges, advantages and/or other accommodations because of the alleged disability and continued discrimination and denial of access if the physical barriers to access are not corrected.  In each Complaint the only change being the names of the Defendants and Plaintiffs and alleged ADA violation.

29.     Upon information and belief, Plaintiffs allege complaints filed by and through Defendant The Law Office of Craig J. Ehrlich, LLC and Defendant Ehrlich & Schapiro, LLC have been settled and dismissed with prejudice without ever having progressed beyond the initial filing of the complaint.

30.     Upon information and belief, Plaintiffs allege that the lawsuits initiated by the Defendants are part of a criminal enterprise that lacks merit, are

frivolous and vexatious based on false assertion regarding visits to establishments, encountered barriers, alleged discrimination and intent to return.

31.    Upon information and belief, Plaintiffs allege Defendants lawsuit complaints set forth false statements and assertions without which they would be unable to prosecute any of the ADA cases filed.

32.    As a result of Defendants criminal enterprise and conspiracy to commit fraud, Plaintiffs have been damaged.

33.    On September 14, 2017 Defendant Yvonne Brown, by and through Defendant Craig J. Ehrlich and Defendant Ehrlich & Schapiro, LLC, filed a complaint wherein she alleged to have visited A&Y Family Groups, Inc.'s property (The Food Store), where she suffered legal harm and injury and claimed she would continue to suffer such harm and injury as a result of the alleged barriers to access the property that discriminated and denied her full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein.  Defendant Brown claimed to have been a previous customer with plans to revisit if the property were to be made accessible in need of injunctive relief and attorneys' fees and costs.  (Exhibit J:  Yvonne Brown v. N.N.U., Inc. and A&Y Family Group, Inc. 1:17-cv-03560-RWS).  Prior to Plaintiff A&Y Family Group, Inc.'s answer, a settlement was drafted by

14

Defendant Craig J. Ehrlich and a Joint Stipulation to Approve Consent Decree and to Dismiss with Prejudice was entered whereby A&Y Family Group, Inc. had 24 months to make repairs and modifications to be in compliance with the ADA with an award of $4,250.00 to Defendant Yvonne Brown for attorneys' fees and costs. To date, there has been no follow up as to A&Y Family Group, Inc.'s compliance with repairs and/or modifications by any named Defendants. (Exhibit K: Joint Stipulation to Approve Consent Decree and to Dismiss with Prejudice).

34.     On February 8, 2018, Defendant Dakota Holt, by and through Defendant Craig J. Ehrlich and Defendant The Office of Craig J. Ehrlich, LLC, filed a complaint wherein he alleged to have visited Plaintiff Bhuendra Ghandi's convenience store (Kwik E Mart), and allegedly encountered certain architectural barriers including inaccessible parking, sales and service counters, entrances to tenant spaces, routes, ramps, signage and restrooms. (See Exhibit L: Dakota Holt v. Bhendra Ghandi 1:19-cv-00692-MLB). Therein, Defendant Dakota Holt alleged he suffered legal harm and legal injury and discrimination when his access to Defendant's property was denied and/or limited because of Defendant Dakota Holt's disabilities and would be further harmed and injured if he is denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations and requests injunctive

relief and attorneys' fees and costs. Plaintiff Bhendra Ghandi filed a motion to

Dismiss and Motion to Deem Plaintiff a Vexatious Litigant and Motion for

Prefiling Order Prohibiting Filing New Litigation without Leave of Court and For

Monetary Sanctions. (See Exhibit M: Defendant's Motion to Dismiss and Motion

to Deem Plaintiff a Vexatious Litigant and Motion for Prefiling Order Prohibiting

Filing New Litigation without Leave of Court and For Monetary Sanctions).

Thereafter, Defendant Craig Ehrlich and the Law Offices of Craig J. Ehrlich, LLC

demanded settlement via aggressive and harassing emails and ultimately dismissed

the case with prejudice. After Plaintiff Ghandi refused to settle, Defendant Craig J.

Ehrlich, by and through, The Law Offices of Craig J. Ehrlich, LLC requested the

parties enter a Stipulation of Dismissal. (See Exhibit N: Emails from Craig J.

Ehrlich to Hassan Elkhalil and Stipulation of Dismissal with Prejudice).

    35.    On April 23, 2019, Defendant Thomas Futch, by and through

Defendant Craig J. Ehrlich and Defendant The Office of Craig J. Ehrlich, LLC,

filed a complaint wherein he alleged to have visited Plaintiff PQV, LLC's property

(CD Package), and allegedly encountered certain architectural barriers including

inaccessible parking, sales and service counters, entrances to tenant spaces, routes,

and ramps. (See Exhibit O: Futch v. PQV, LLC 1:19-cv-01798-AT). Therein,

Defendant Thomas Futch alleged he suffered legal harm and legal injury and

16

discrimination when his access to Defendant's property was denied and/or limited because of Defendant Thomas Futch's disabilities and would be further harmed and injured if he is denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations and requests injunctive relief and attorney's fees and costs. To date, and at the time of filing this present lawsuit this case remains open.

36.    Upon information and belief, Plaintiff alleges Defendants allegations made in the prior litigation were false and each Defendant named herein was and continues to be involved in a criminal enterprise to commit fraud on Plaintiffs and other similarly situated.

37.    Upon information and belief, Plaintiffs allege that Defendants have actively conspired, participated and joined in aiding and abetting a racketeering enterprise and by operating, managing or otherwise being actively involved by aiding and abetting in the enterprise through a pattern of racketeering activities in conspiring schemes designed to defraud the public and principally to defraud Plaintiffs.

## The Criminal Enterprise

38.    Plaintiffs believe and allege that in or around 2015, Defendant Ehrlich & Schapiro, LLC, operated by Defendants Craig J. Ehrlich and Douglas Schapiro,

17

began suing Georgia businesses and residents under the Americans with Disabilities Act and related state laws for the purpose of extracting quick settlements.

39.    Plaintiffs believe and allege that in or around 2018, the assets and operations of Defendant Ehrlich & Schapiro, LLC were transferred to a new entity, Defendant The Law Offices of Craig J. Ehrlich, LLC.

40.    Plaintiffs believe and allege the daily operations of Defendant The Law Offices of Craig J. Ehrlich, LLC is solely carried on and performed by Defendant Craig J. Ehrlich.

41.    Plaintiffs believe and allege that both Defendant The Law Offices of Craig J. Ehrlich and Ehrlich & Schapiro, LLC have filed hundreds of disability related litigation on behalf of Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt.

42.    Plaintiffs believe and allege that Defendants The Law Offices of Craig J. Ehrlich and Ehrlich & Schapiro, LLC have filed five-hundred and fifty eight (558) cases in the Northern District of Georgia, fifteen (15) in the Middle District of Georgia, twelve (12) in the Southern District of Georgia, and one-hundred and twenty-two (122) in the District of Colorado.

18

43.   Plaintiffs believe and allege the criminal enterprise was initially masterminded by Defendant Craig J. Ehrlich and Defendant Douglas Schapiro, who then recruited employees and the named Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt to join the enterprise to file fraudulent complaints for profit in a money raking enterprise.

44.   Plaintiffs believe and allege Defendant Craig J. Ehrlich owner and operator of The Law Offices of Craig J. Ehrlich and Ehrlich & Schapiro, LLC filed on behalf of Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt, false pleadings, declarations and correspondence with the court and false discovery responses.

45.   Plaintiffs believe and allege, Defendant Craig J. Ehrlich knows or should have known in the exercise of reasonable care as a practicing attorney and owner, operator of Defendant The Law Offices of Craig J. Ehrlich, LLC and Defendant Ehrlich & Schapiro, LLC, the ADA cases filed by and through him contained false information including the alleged disability, visits to the business establishments, encountered barriers, alleged injury and harm, and intent to return to establish standing under the ADA and related state law.

46.   Plaintiffs believe and allege Defendant Douglas Schapiro owner and operator of Ehrlich & Schapiro, LLC filed on behalf of Defendants Futch, Brown,

Blinkhorn, Britton, Drake, Swafford, Waters, and Holt filed false pleadings, declarations and correspondence with the court and false discovery responses.

47.     Plaintiffs believe and allege, Defendant Doug Schapiro knows or should have known in the exercise of reasonable care as a practicing attorney and owner, operator of Defendant Ehrlich & Schapiro, LLC, the ADA cases filed by and through him contained false information including the alleged disability, visits to the business establishments, encountered barriers, alleged injury and harm, and intent to return to establish standing under the ADA and related state law.

## The Fraudulent Scheme

48.     Upon information and belief, Plaintiffs allege Defendant Craig J. Ehrlich and Defendant Douglas Schapiro recruited Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt to act as ADA plaintiffs and agree to appear as named plaintiffs in exchange for money in the form of a "finder's fee" for every complaint that they agree to appear as named plaintiffs.

49.     Upon information and belief, Plaintiffs allege Defendants filed complaints without actually experiencing any difficulties, discomfort, discrimination or embarrassment at the establishment but were sent to find violations at the business establishments to be sued, as Defendants The Law

Offices of Craig J. Ehrlich and Ehrlich & Schapiro, LLC would supplement the complaint with precise violations on behalf of the would be ADA plaintiff.

50.     Upon information and belief, Plaintiffs allege Defendant Craig J. Ehrlich and Douglas Schapiro received information from Defendant ADA Consultants of America, LLC to supplement and draft false complaints with precise violations on behalf of Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt.

51.     Upon information and belief, Plaintiffs allege Defendants have full knowledge that the allegations of legal harm and injury including difficulty, discomfort, discrimination, or embarrassment are false and have been supplemented with information provided by Defendant ADA Consultants of America, LLC and Defendant The Law Offices of Craig J. Ehrlich, LLC and Defendant Ehrlich & Schapiro, LLC that were never actually experienced by Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, or Holt.

52.     Upon information and belief, Plaintiffs allege Defendants Craig Ehrlich and Douglas Schapiro conspired with Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt to assist them in filing false complaints under the ADA for the purpose of extorting businesses into quick settlements.

21

53.     Upon information and belief, Plaintiffs allege Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt agreed to join the conspiracy and began to mass file ADA complaints that included false claims about the extent of disabilities, alleged visits to the business establishments being sued, false claims regarding encountered barriers, false claims regarding harm and injury suffered including difficulty, discomfort, discrimination or embarrassment and false claims regarding their intent to return to the business establishment in an effort to establish standing.

**Defendant Dakota Holt's Involvement with the Fraudulent Scheme**

54.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich and Dough Schapiro conspired with Defendant Holt to assist them in the filing of false complaints under the ADA for the purposes of extorting businesses into quick settlements.

55.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich, Dough Schapiro, The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC shared with Defendant Holt monies received from settlement in the form of attorneys' fees and costs.

56.     Upon information and belief, Plaintiffs allege Defendant Holt never reported any of the monies received from the ADA litigation to the Internal Revenue Service and/or Georgia Social Security Administration.

57.     Upon information and belief, Plaintiffs allege Defendant Holt agreed to join the conspiracy and Defendants Craig J. Ehrlich, The Law Offices of Craig J. Ehrlich, LLC, Douglas Schapiro, and Ehrlich & Schapiro, LLC began mass filing ADA complaints which included false claims about the extent of Defendant Holt's disability, alleged visits to the business establishments being sued, false claims regarding encountering barriers, false claims having suffered difficulty, discomfort, or embarrassment and false claims regarding an intent to return to the business establishment in an effort to establish standing.

**Defendant Yvonne Brown's Involvement with the Fraudulent Scheme**

58.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich and Dough Schapiro conspired with Defendant Brown to assist them in the filing of false complaints under the ADA for the purposes of extorting businesses into quick settlements.

59.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich, Dough Schapiro, The Law Office of Craig J. Ehrlich, LLC and Ehrlich &

Schapiro, LLC shared with Defendant Brown monies received from settlement in the form of attorneys' fees and costs.

60.    Upon information and belief, Plaintiffs allege Defendant Brown never reported any of the monies received from the ADA litigation to the Internal Revenue Service and/or Georgia Social Security Administration.

61.    Upon information and belief, Plaintiffs allege Defendant Brown agreed to join the conspiracy and Defendants Craig J. Ehrlich, The Law Offices of Craig J. Ehrlich, LLC, Douglas Schapiro, and Ehrlich & Schapiro, LLC began mass filing ADA complaints which included false claims about the extent of Defendant Brown's disability, alleged visits to the business establishments being sued, false claims regarding encountering barriers, false claims having suffered difficulty, discomfort, or embarrassment and false claims regarding an intent to return to the business establishment in an effort to establish standing.

**Defendant Thomas Futch's Involvement with the Fraudulent Scheme**

62.    Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich and Dough Schapiro conspired with Defendant Futch to assist them in the filing of false complaints under the ADA for the purposes of extorting businesses into quick settlements.

24

63.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich, Dough Schapiro, The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC shared with Defendant Futch monies received from settlement in the form of attorneys' fees and costs.

64.     Upon information and belief, Plaintiffs allege Defendant Futch never reported any of the monies received from the ADA litigation to the Internal Revenue Service and/or Georgia Social Security Administration.

65.     Upon information and belief, Plaintiffs allege Defendant Futch agreed to join the conspiracy and Defendants Craig J. Ehrlich, The Law Offices of Craig J. Ehrlich, LLC, Douglas Schapiro, and Ehrlich & Schapiro, LLC began mass filing ADA complaints which included false claims about the extent of Defendant Futch's disability, alleged visits to the business establishments being sued, false claims regarding encountering barriers, false claims having suffered difficulty, discomfort, or embarrassment and false claims regarding an intent to return to the business establishment in an effort to establish standing.

**Defendant Jessica Blinkhorn's Involvement with the Fraudulent Scheme**

66.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich and Dough Schapiro conspired with Defendant Blinkhorn to assist them in

the filing of false complaints under the ADA for the purposes of extorting businesses into quick settlements.

67.    Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich, Dough Schapiro, The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC shared with Defendant Blinkhorn monies received from settlement in the form of attorneys' fees and costs.

68.    Upon information and belief, Plaintiffs allege Defendant Blinkhorn never reported any of the monies received from the ADA litigation to the Internal Revenue Service and/or Georgia Social Security Administration.

69.    Upon information and belief, Plaintiffs allege Defendant Blinkhorn agreed to join the conspiracy and Defendants Craig J. Ehrlich, The Law Offices of Craig J. Ehrlich, LLC, Douglas Schapiro, and Ehrlich & Schapiro, LLC began mass filing ADA complaints which included false claims about the extent of Defendant Blinkhorn's disability, alleged visits to the business establishments being sued, false claims regarding encountering barriers, false claims having suffered difficulty, discomfort, or embarrassment and false claims regarding an intent to return to the business establishment in an effort to establish standing.

**Defendant Tiawan Britton's Involvement with the Fraudulent Scheme**

70.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich and Dough Schapiro conspired with Defendant Britton to assist them in the filing of false complaints under the ADA for the purposes of extorting businesses into quick settlements.

71.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich, Dough Schapiro, The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC shared with Defendant Britton monies received from settlement in the form of attorneys' fees and costs.

72.     Upon information and belief, Plaintiffs allege Defendant Britton never reported any of the monies received from the ADA litigation to the Internal Revenue Service and/or Georgia Social Security Administration.

73.     Upon information and belief, Plaintiffs allege Defendant Britton agreed to join the conspiracy and Defendants Craig J. Ehrlich, The Law Offices of Craig J. Ehrlich, LLC, Douglas Schapiro, and Ehrlich & Schapiro, LLC began mass filing ADA complaints which included false claims about the extent of Defendant Britton's disability, alleged visits to the business establishments being sued, false claims regarding encountering barriers, false claims having suffered

27

difficulty, discomfort, or embarrassment and false claims regarding an intent to return to the business establishment in an effort to establish standing.

### Defendant Destiny Drake's Involvement with the Fraudulent Scheme

74.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich and Dough Schapiro conspired with Defendant Drake to assist them in the filing of false complaints under the ADA for the purposes of extorting businesses into quick settlements.

75.     Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich, Dough Schapiro, The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC shared with Defendant Drake monies received from settlement in the form of attorneys' fees and costs.

76.     Upon information and belief, Plaintiffs allege Defendant Drake never reported any of the monies received from the ADA litigation to the Internal Revenue Service and/or Georgia Social Security Administration.

77.     Upon information and belief, Plaintiffs allege Defendant Drake agreed to join the conspiracy and Defendants Craig J. Ehrlich, The Law Offices of Craig J. Ehrlich, LLC, Douglas Schapiro, and Ehrlich & Schapiro, LLC began mass filing ADA complaints which included false claims about the extent of Defendant Drake's disability, alleged visits to the business establishments being sued, false

claims regarding encountering barriers, false claims having suffered difficulty, discomfort, or embarrassment and false claims regarding an intent to return to the business establishment in an effort to establish standing.

### Defendant Dustin Swafford's Involvement with the Fraudulent Scheme

78.   Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich and Dough Schapiro conspired with Defendant Swafford to assist them in the filing of false complaints under the ADA for the purposes of extorting businesses into quick settlements.

79.   Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich, Dough Schapiro, The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC shared with Defendant Swafford monies received from settlement in the form of attorneys' fees and costs.

80.   Upon information and belief, Plaintiffs allege Defendant Swafford never reported any of the monies received from the ADA litigation to the Internal Revenue Service and/or Georgia Social Security Administration.

81.   Upon information and belief, Plaintiffs allege Defendant Swafford agreed to join the conspiracy and Defendants Craig J. Ehrlich, The Law Offices of Craig J. Ehrlich, LLC, Douglas Schapiro, and Ehrlich & Schapiro, LLC began mass filing ADA complaints which included false claims about the extent of

Defendant Swafford's disability, alleged visits to the business establishments being sued, false claims regarding encountering barriers, false claims having suffered difficulty, discomfort, or embarrassment and false claims regarding an intent to return to the business establishment in an effort to establish standing.

### Defendant Allison Waters' Involvement with the Fraudulent Scheme

82.    Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich and Dough Schapiro conspired with Defendant Waters to assist them in the filing of false complaints under the ADA for the purposes of extorting businesses into quick settlements.

83.    Upon information and belief, Plaintiffs allege Defendants Craig J. Ehrlich, Dough Schapiro, The Law Office of Craig J. Ehrlich, LLC and Ehrlich & Schapiro, LLC shared with Defendant Waters monies received from settlement in the form of attorneys' fees and costs.

84.    Upon information and belief, Plaintiffs allege Defendant Waters never reported any of the monies received from the ADA litigation to the Internal Revenue Service and/or Georgia Social Security Administration.

85.    Upon information and belief, Plaintiffs allege Defendant Waters agreed to join the conspiracy and Defendants Craig J. Ehrlich, The Law Offices of Craig J. Ehrlich, LLC, Douglas Schapiro, and Ehrlich & Schapiro, LLC began

mass filing ADA complaints which included false claims about the extent of

Defendant Waters' disability, alleged visits to the business establishments being

sued, false claims regarding encountering barriers, false claims having suffered

difficulty, discomfort, or embarrassment and false claims regarding an intent to

return to the business establishment in an effort to establish standing.

### Defendant ADA Consultants of America, LLC's Involvement with the Fraudulent Scheme

86.     Upon information and belief, Plaintiffs allege Defendant ADA

Consultants of America, LLC owned and operated by Defendant Douglas

Schapiro, plays a crucial role in the enterprise and functioning of the conspiracy as

their participation is necessary to the scheme as they provide information to be

included as false allegations in the ADA complaints filed by all listed Defendants.

87.     Upon information and belief, Plaintiffs allege Defendant ADA

Consultants of America, LLC provide services conducting undercover

investigation unbeknownst to businesses to provide information to The Law Office

of Craig J. Ehrlich, LLC and Schapiro & Ehrlich, LLC to draft false allegations on

behalf of ADA plaintiffs to include in the complaints filed in federal courts.

88.     Upon information and belief, Plaintiffs allege ADA Consultants of

America, LLC assists in the criminal enterprise by providing evidence and

information regarding alleged ADA violations for the purpose of falsely establishing standing.

89.    Upon information and belief, Plaintiffs allege Defendant ADA Consultants of America, LLC receives compensation from their participation in the enterprise.

## CLAIMS FOR RELIEFF CAUSE OF ACTION
## FIRST CLAIM FOR RELIEF
### Violation of the Racketeer Influenced and Corrupt Practices Act
### U.S.C. § 1962(c)

90.    Plaintiffs incorporate by reference all preceding paragraphs, as if fully set forth herein.

91.    Plaintiffs believe and allege, the named and DOE Defendants have engaged in a pattern of fraud and deception by participating in the preparation, drafting, filing and prosecution of fraudulent ADA lawsuits in violation of the Racketeer Influenced and Corrupt Practice Act ("RICO").

92.    By the acts alleged herein, the named and DOE Defendants, each and every one of them, jointly and severally, have aided and abetted and conspired to violate the laws, through their ongoing criminal enterprise.

93.    Defendants are persons within the meaning of 18 U.S.C. § 1961(3) who conducted the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

94.    At all relevant times, all named and DOE Defendants have participated and continue to participate in a racketeering "Enterprise" within the meaning of 18.U.S.C. § 1961 (4) by forming a group of individuals associated in fact to create schemes to defraud the public and specifically defraud Plaintiffs as alleged herein.

95.    The racketeering Enterprise advanced and further promoted the Defendants' wrongful acts and unlawful activities by unlawfully initiating, prosecuting, filing and supporting false claims thereby deriving income directly or indirectly from a closed end pattern of criminal acts and racketeering activity.

96.    Defendants DOES 1 through 100 knew or should have known, of the close ended patterns of racketeering activities at the hands of those individuals involved in the association in fact enterprise and with said knowledge accepted and received from the association in fact enterprise income derived from the closed end criminal acts that formed a pattern of racketeering activities.

97.    Defendants are operating and benefiting with the income derived directly or indirectly from closed end criminal acts that formed a pattern of racketeering activities and continues in an open-ended pattern of carrying on with the specified unlawful activities which affect interstate commerce.

33

98.    The unlawful activities promoted and advanced by the group of

individuals associated in fact constitutes criminal acts or predicate acts that

advanced a pattern of racketeering activities and by operating, managing, or

otherwise being actively involved by aiding and abetting the Enterprise through

open ended patterns of criminal acts which constitutes racketeering activities in

conspiring schemes designed to defraud the public and principally to defraud

Plaintiffs, in violation of 18 U.S.C. § 1962 (c).

99.    Defendants pattern of racketeering activity includes multiple instances

of mail and wire fraud and money laundering to further advance the racketeering

Enterprise.

### Pattern of Racketeering Activity
### Violation of 18 U.S.C. §§ 1341 and 1343:  Mail and Wire Fraud

100.    Plaintiffs incorporate by reference all preceding paragraphs, as if fully

set forth herein.

101.    All named Defendants and Does 1 through 100 devised a scheme or

artifice to defraud the public, and principally, to defraud Plaintiffs of money and

property by means of false or fraudulent pretenses and representations.

102.    For the purpose of their scheme, Defendants delivered or caused

delivery of various receipts, reports, signatures, verifications, declarations,

complaints, discovery, correspondence and other documents containing false

information ("Sham Documents") by the U.S. Mail or by private or commercial interstate carriers or received such therefrom. Plaintiffs used the U.S. Mail to submit the above documents by Defendants to each other, to Plaintiffs and Plaintiffs' counsel, to the Court and to other members of the public in the course of litigating fraudulent ADA cases.

103.    The contents of the Sham Documents contained false statements in violation of law, that at a minimum included information that was used to falsely establish Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt disability, visits to the businesses and property prosecuted, the existence and encounter of barriers, harm and injury suffered, and intent to return to the business or property to establish standing under the ADA.

104.    All named and DOE Defendants had knowledge of their participation in providing and preparing the Sham Documents used in supporting false ADA complaints in federal court and the prior litigation against the Plaintiffs.

105.    Defendant Craig J. Ehrlich and Defendant Douglas Schapiro are both dully licensed to practice law and had knowledge or should have had knowledge due to the legal profession, that the Sham Documents submitted in prosecution of the prior litigation to Plaintiffs' counsel and the court were fraudulent.

106.   All named and DOE Defendants used the U.S. Mail to perpetrate their fraudulent schemes in violation of Title 18 U.S.C. §§ 1961 (1) (B), 1962 (c), and 1341.

107.   Defendants violation of 18 U.S.C. § 1341 for mail fraud continues to this day on an open-ended pattern of criminal acts by the actions of the Enterprise in using the U.S. Mail to transfer information that is fraudulent by means of a closed end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

108.   For the purpose of executing their scheme, Defendants transmitted or caused to be transmitted by means of U.S. wire communications in interstate or foreign commerce various Sham Documents to each other, to Plaintiffs and Plaintiffs' counsel, to the Court and to other members of the public in the course of litigating fraudulent ADA cases.

109.   For the purpose of executing their scheme, Defendants used U.S. wire services to conduct telephone calls with each other, Plaintiffs and Plaintiffs' counsel, witnesses and the court to communicate false information.

110.   For the purpose of executing their scheme, Defendants used U.S. wire services to submit electronic mail to each other, Plaintiffs and Plaintiffs' counsel, witnesses and the court to communicate false information.

36

111.    The contents of the Sham Documents submitted via wire services, including telephone calls and electronic mail, contained false statements in violation of law, that at a minimum included information that was used to falsely establish Defendants Futch, Brown, Blinkhorn, Britton, Drake, Swafford, Waters, and Holt disability, visits to the businesses and property prosecuted, the existence and encounter of barriers, harm and injury suffered, and intent to return to the business or property to establish standing under the ADA.

112.    All named and DOE Defendants prepared the Sham Documents and engaged in telephone calls and electronic mail communications, that contained false pretenses and representations, and submitted and delivered them to each other, to Plaintiffs and Plaintiff's counsel, and to the Court by emailing Sham Documents and/or using telephone or electronic mail services in the course of litigating fraudulent ADA cases.

113.    For the purpose of their scheme, all named and DOE Defendants had knowledge of their participation in providing and preparing Sham Documents and communications that were being used in supporting false ADA complaints in federal court and prior litigation against Plaintiffs.

114.   All named and Doe Defendants used the electronic services including e-mails, telephonic and cellular services to perpetrate their fraudulent schemes in violation of Title 18 U.S.C. §§ 1961 (1)(B), 1962 (c) and 1343.

115.   Defendants violation of 18 U.S.C. § 1343 for wire fraud continues to this day on an open ended pattern of criminal acts by the actions of the Enterprise in using wire services to transfer information that is fraudulent by means of a closed end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

### Violation of 18 U.S.C. § 1956 (a)(1)(A)(i):  Money Laundering

116.   Plaintiffs incorporate by reference all preceding paragraphs, as if fully set forth herein.

117.   For the purpose of executing their scheme, all named and DOE Defendants have on multiple occasions, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducted or attempted to conduct a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of the racketeering Enterprise including but not limited to violations of 18 U.S.C. §§ 1341 and 1343 in violation of 18 U.S.C. § 1956 (a)(1)(A)(i).

### Summary and Damages

118.   Plaintiffs incorporate by reference all preceding paragraphs, as if fully set forth herein.

119.   Each named and DOE Defendant has engaged in multiple predicate acts that constitute a pattern of racketeering activity to advance their racketeering Enterprise.

120.   Defendants violations of federal law as set forth herein, each of which directly and proximately injured Plaintiffs, constitutes a continuous course of conduct which was intended to defraud Plaintiffs of money and property through false representations, fraud, deceit and other improper and unlawful means.

121.   Plaintiffs were injured in their money and property by reason of Defendants violation of 18 U.S.C. § 1962 (c).

122.   Plaintiffs injuries were a direct, proximate, and reasonably foreseeable result of Defendants violation of 18 U.S.C. § 1962(c) and unlawful racketeering Enterprise that will continue to injure Plaintiffs in an amount to be determined at trial, which includes but is not limited to financial loses and damages incurred as a result of Defendants' fraud uncovered throughout the course of Plaintiffs' prior litigation.

123.   Pursuant to 18 U.S.C. § 1962 (c), Plaintiffs are entitled to recover treble damages plus cost of attorneys' fees from Defendants as with as any other relief authorized by statute.

124.   As a further direct and proximate result of the actions of Defendants, due to their willful, malicious, despicable, fraudulent and unlawful actions, Plaintiffs requests exemplary damages in the form of punitive damages in the amount according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF
### Violation of the Racketeer Influenced and Corrupt Practices Act
### 18 U.S.C. § 1962 (b) By Taking Control of an Enterprise

125.   Plaintiffs incorporate by reference all preceding paragraphs, as if fully set forth herein.

126.   At all relevant times, Defendants each were "persons" pursuant to 18 U.S.C. §§ 1961(3) and 1962(d).

127.   At all relevant times the Defendants constitute an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). At all relevant times, the Defendants were engaged in and/or activities affected, interstate commerce within the meaning of 18 U.S.C. § 1962(c). At all relevant times hereto, Defendants each held a position in or were otherwise affiliated with the Enterprise and participated

in the operation, management, and directed the affairs of the Enterprise to defraud the public and specifically defraud Plaintiffs as alleged herein.

128.    Through a pattern of racketeering activity alleged herein, including without limitation to all named and DOE Defendants' violation of 18 U.S.C. §§ 1341 and 1343, Defendants had and took control of the Enterprise.

129.    By controlling the Enterprise, Defendants were able to defraud Plaintiffs of money, property and benefits of monetary value.

130.    As a direct and proximate result of Defendants' control of the enterprise, Plaintiffs were injured in their monies, property and benefits of monetary value.

131.    Pursuant to 18 U.S.C. § 1962 (c), Plaintiffs are entitled to recover treble damages plus costs and attorneys' fees from Defendants and any other relief authorized by statue.

### THIRD CLAIM FOR RELIEF
**Violation of the Racketeer Influenced and Corrupt Practices Act**
**18 U.S.C. § 1962(d) By Conspiring to Violate 18 U.S.C. § 1962(c)**

132.    Plaintiffs incorporate by reference all preceding paragraphs, as if fully set forth herein.

133.    At all relevant times, Defendants each were "persons" pursuant to 18 U.S.C. §§ 1961(3) and 1962(d).

41

134.   At all relevant times the Defendants constitute an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c).  At all relevant times, the Defendants were engaged in and/or activities affected, interstate commerce within the meaning of 18 U.S.C. § 1962(c).  At all relevant times hereto, Defendants each held a position in or were otherwise affiliated with the Enterprise and participated in the operation, management, and directed the affairs of the Enterprise to defraud the public and specifically defraud Plaintiffs as alleged herein.

135.   All named and DOE Defendants have unlawfully, knowingly and willfully combined, conspired, confederated and agreed together and with others to violate 18 U.S.C. § 1962(c) as described above, in violation of 18 U.S.C. § 1962(d).

136.   The conspiracy commenced as early as 2015 and remains ongoing.

137.   The conspiracy's purpose was to defraud Plaintiffs of money, property and benefits of monetary value by fraudulently filing ADA complaints.

138.   Each Defendant committed at least one overt act in furtherance of such conspiracy.

139.   Defendants knew that they were engaged in a conspiracy to commit the predicate acts, and they knew that the predicate acts were part of such racketeering activity and the participation and agreement of each Defendant was

necessary to allow the commission of this pattern of racketeering activity. Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

140. Each Defendant knew about and agreed to facilitate the scheme to defraud Plaintiffs of their money, property, and other benefits of monetary value by fraudulently filing ADA complaints. It was part of the conspiracy that Defendants would commit a pattern of racketeering activity.

141. As a direct and proximate result of Defendants' conspiracy, the acts of racketeering activity of the Enterprise, the overt acts taken in furtherance of that conspiracy and violations of 18 U.S.C. § 1962(d), Plaintiffs have been injured in their money and property in the amount to be determined at trial.

142. Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to recover treble damages plus attorneys' fees and costs from Defendants as well as any other relief authorized by statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a.    Declare that the conspiracy, and the conduct in furtherance of the conspiracy between the Defendants violates 18 U.S.C. § 1962 (c);

b.    Declare that the conspiracy and the conduct in furtherance of the conspiracy, between the Defendants violates18 U.S.C. § 1962 (b);

c.    Declare that the conspiracy and the conduct in furtherance of the conspiracy, between the Defendants violates18 U.S.C. § 1962 (d);

d.    Declare that the conspiracy and the conduct in furtherance of the conspiracy, between the Defendants violates18 U.S.C. § 1341;

e.    Declare that the conspiracy and the conduct in furtherance of the conspiracy, between the Defendants violates18 U.S.C. § 1343;

f.    Award Plaintiffs equitable injunctive and ancillary relief to enjoin the Defendants pursuant to 18 U.S.C. § 1964 (a) from further violations of 18 U.S.C. § 1962 by issuing appropriate orders, including but not limited to: (1) ordering divestment of any interest, direct or indirect in any enterprise; (2) imposing reasonable restrictions on future activities or investments of any person, including but not limited to, prohibiting any person form engaging in the same type of endeavor as the enterprise engaged; and (3) ordering dissolution or reorganization of any enterprise;

g.    Restitution to Plaintiffs of all money, property and benefits Plaintiffs were unlawfully defrauded and deprived of by Defendants;

h.    Plaintiffs are entitled to general damages according to proof at trial;

44

i.    Plaintiffs are entitled to consequential damages according to proof at the time of trial;

j.    Plaintiffs are entitled to treble damages as provided in 18 U.S.C. § 1964 (c) in an amount to be proven at time of trial;

k.    Plaintiffs are entitled to costs and attorney's fees; and

l.    Grant Plaintiffs whatever other relief the Court may deem just and proper.

Dated:  August 2nd, 2019.

Respectfully Submitted,

Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place
Suite 550
Atlanta, GA 30339
(770) 612-3499

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been

prepared in accordance with the font type and margin requirements of Local Rule

5.1 of the Northern District of Georgia, using a font type of Times New Roman

and a point size of 14.

Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place
Suite 550
Atlanta, GA 30339
(770) 612-3499