# EXHIBIT A

# Select A Case

### Craig J. Ehrlich is an attorney in 558 cases.

| | | | |
|---|---|---|---|
| 1:08-cv-02997-JOF | Nwokocha et al v. Hartford Accident and Indemnity Company | filed 09/24/08 | closed 07/29/09 |
| 1:10-cv-01436-TCB | Davis v. Zwicker & Associates P. C. | filed 05/11/10 | closed 08/25/10 |
| 1:10-cv-03572-JOF | Garson v. North Georgia Credit Services, Inc et al | filed 11/01/10 | closed 06/06/11 |
| 1:10-cv-03852-WSD | Thrasher v. Quality Recovery Services, Inc. et al | filed 11/22/10 | closed 02/22/11 |
| 1:10-cv-04061-JOF | Baker v. Cavalry Portfolio Services, LLC et al | filed 12/13/10 | closed 08/16/11 |
| 1:10-cv-04099-GET | Lindsey v. Enchanced Recovery Company, LLC | filed 12/16/10 | closed 02/23/11 |
| 1:10-cv-04144-JOF | Barnes v. Oxford Management Services, Inc | filed 12/20/10 | closed 07/31/12 |
| 1:10-cv-04146-JOF | Mosley v. Allied Adjustment & Collection Co., Inc | filed 12/20/10 | closed 07/19/11 |
| 1:11-cv-00166-WSD | Hall v. Universal Recovery Corporation | filed 01/18/11 | closed 08/10/11 |
| 1:11-cv-00616-JOF | Dale v. Collection Bureau Services, Inc. | filed 02/28/11 | closed 04/18/11 |
| 1:11-cv-00815-AT | Nowell-Gates v. Pollack & Rosen, P.A. et al | filed 03/15/11 | closed 06/14/11 |
| 1:11-cv-01256-SCJ | Brumfield v. Hunter Warfield, Inc. | filed 04/15/11 | closed 11/02/11 |
| 1:11-cv-01345-SCJ | Crigler v. The Dillon Law Firm, P.C. et al | filed 04/25/11 | closed 08/29/12 |
| 1:11-cv-01403-SCJ | Balogun v. Nelson, Watson & Associates, L.L.C. et al | filed 04/29/11 | closed 06/09/11 |
| 1:11-cv-01524-TCB | Canario v. Hoffman, Swartz and Associates, Inc. et al | filed 05/09/11 | closed 10/24/11 |

| 1:11-cv-01546-TWT | Dwight v. Kolb Enterprises, Inc. et al | filed 05/09/11 | closed 06/28/12 |
| 1:11-cv-01610-CAP | Saculsan v. Sherwin P. Robin & Associates, P.C. | filed 05/16/11 | closed 01/18/12 |
| 1:11-cv-01672-CAP | Philips et al v. Lueder, Larkin & Hunter, LLC | filed 05/20/11 | closed 08/17/11 |
| 1:11-cv-01690-JOF | Carter v. Creditors Interchange Receivable Management, LLC | filed 05/23/11 | closed 08/19/11 |
| 1:11-cv-01772-JOF | Carey v. Hollis Cobb Associates, Inc. et al | filed 05/31/11 | closed 10/05/11 |
| 1:11-cv-01776-ODE | Carter v. NCO Financial Systems, Inc. | filed 05/31/11 | closed 08/03/11 |
| 1:11-cv-01778-JOF | Vinson v. Glass Mountain Capital, LLC | filed 05/31/11 | closed 11/03/11 |
| 1:11-cv-01780-WSD | Rosser v. Law Offices of Mitchell D. Bluhm & Associates, LLC et al | filed 05/31/11 | closed 07/21/11 |
| 1:11-cv-01781-AT | Walker v. Syndicated Office Systems, Inc. et al | filed 05/31/11 | closed 07/27/12 |
| 1:11-cv-01782-SCJ | Carey v. Hannah, Kendrix, Zachary & Associates, LLC et al | filed 05/31/11 | closed 01/11/13 |
| 1:11-cv-02207-SCJ | Payne v. Asset Acceptance Capital Corp. et al | filed 07/05/11 | closed 08/27/12 |
| 1:11-cv-02208-JEC | Payne v. McCullough, Payne & Haan, LLC et al | filed 07/05/11 | closed 08/29/12 |
| 1:11-cv-02538-MHS | Carter v. Williams & Fudge, Inc. et al | filed 08/01/11 | closed 12/06/11 |
| 1:11-cv-02606-WSD | Cosmer v. ER Solutions, Inc. | filed 08/05/11 | closed 10/03/11 |
| 1:11-cv-02959-ODE | Carter v. Debt Recovery Bureau, Inc. et al | filed 09/01/11 | closed 10/22/12 |
| 1:11-cv-03086-JEC | Darrington v. Receivables Performance Management, LLC | filed 09/12/11 | closed 04/04/12 |
| 1:11-cv-03106-RLV | Shrestha v. National Credit Systems, Inc. | filed 09/12/11 | closed 02/15/12 |
| 1:11-cv-03714-CAP | Darrington v. Delanor, Kemper Associates, LLC | filed 10/27/11 | closed 01/18/12 |

| 1:11-cv-03832-JOF | Carter v. Nationwide Credit, Inc. | filed 11/04/11 | closed 01/17/12 |
| 1:11-cv-04022-TWT | Bowers v. Collection Services of Athens, Inc. | filed 11/21/11 | closed 01/17/12 |
| 1:11-cv-04023-RWS | Sharpe v. Frederick J. Hanna & Associates, P.C. et al | filed 11/21/11 | closed 12/12/11 |
| 1:11-cv-04113-SCJ | Kenny v. NCO Financial Systems, Inc. | filed 11/28/11 | closed 08/08/12 |
| 1:11-cv-04121-AT | Kenny v. NCO Financial Systems, Inc. | filed 11/25/11 | closed 03/21/12 |
| 1:11-cv-04122-ODE | Kenny v. NCO Financial Systems, Inc. | filed 11/25/11 | closed 03/21/12 |
| 1:12-cv-00225-SCJ | Facey v. GC Services, LP | filed 01/20/12 | closed 05/31/12 |
| 1:12-cv-00556-SCJ | Walker v. Triple Z, Inc. | filed 02/21/12 | closed 04/20/12 |
| 1:12-cv-00640-RWS | Hope v. Georgia Check Recovery, Inc. et al | filed 02/27/12 | closed 01/11/13 |
| 1:12-cv-01084-RLV | Stowers-Farmer v. Encore Capital Group, Inc. et al | filed 03/29/12 | closed 06/13/12 |
| 1:12-cv-01142-WSD | Butler v. ARM Solutions, Inc. | filed 04/02/12 | closed 10/11/12 |
| 1:12-cv-01526-CC | Montgomery v. Capital One Services, LLC | filed 05/01/12 | closed 04/10/13 |
| 1:12-cv-02321-JOF | Turner v. Fairground Motors, LLC | filed 07/02/12 | closed 12/17/12 |
| 1:12-cv-02579-JEC | Montgomery v. Citigroup Services, LLC | filed 07/26/12 | closed 11/16/12 |
| 1:12-cv-02809-CC | Martin v. Kenneth White & Associates, LLC et al | filed 08/13/12 | closed 01/09/13 |
| 1:12-cv-03257-TCB | Williams v. Penncro Associates, Inc. | filed 09/17/12 | closed 04/10/13 |
| 1:12-cv-03334-TWT | Gales v. Capital Management Services, L.P. | filed 09/24/12 | closed 01/31/13 |
| 1:12-cv-03335-RWS | Robinson et al v. Curtis O. Barnes, P.C. et al | filed 09/24/12 | closed 12/27/12 |
| 1:12-cv-03703-CAP | Harris v. Earvin, Bowen, Simms, Simmons & Associates, LLC et al | filed 10/22/12 | closed 04/24/14 |

| | | | |
|---|---|---|---|
| 1:12-cv-03817-TCB | Montgomery v. Equable Ascent Financial, LLC et al | filed 10/31/12 | closed 02/04/13 |
| 1:12-cv-03882-WBH | Carbin v. Thomas & Williams, LLC et al | filed 11/05/12 | closed 08/14/13 |
| 1:12-cv-03884-CC | Riles v. International Asset Group, LLC et al | filed 11/05/12 | closed 03/08/13 |
| 1:12-cv-04236-JOF | Davis v. Capital Accounts, LLC et al | filed 12/06/12 | closed 04/11/13 |
| 1:12-cv-04296-AT | Ortez v. Southern Asset Recovery, Inc. et al | filed 12/10/12 | closed 08/20/13 |
| 1:12-cv-04298-SCJ | Murray v. First Financial Asset Management, Inc. | filed 12/10/12 | closed 01/31/13 |
| 1:13-cv-01064-CC | Riles v. National Fitness Financial Systems, Inc. | filed 04/01/13 | closed 06/06/13 |
| 1:13-cv-01353-WSD | Webb v. Johnson & Freedman, LLC | filed 04/24/13 | closed 08/02/13 |
| 1:13-cv-01464-CAP | Lyons v. Premiere Credit of North America, LLC | filed 04/30/13 | closed 09/30/13 |
| 1:13-cv-03094-CAP | Rennie v. Atlanta Used Cars Center, Inc. et al | filed 09/17/13 | closed 11/07/13 |
| 1:14-cv-00440-MHS | Johnson v. City County Credit Union of Fort Lauderdale et al | filed 02/17/14 | closed 05/06/14 |
| 1:14-cv-00746-MHS | White-Terrell v. Northern Acquisition Group, LLC | filed 03/13/14 | closed 07/24/14 |
| 1:14-cv-01249-WSD | Polite v. GC Services Limited Partnership | filed 04/25/14 | closed 06/24/14 |
| 1:14-cv-02028-AT | Henderson v. Equifax Information Services, LLC | filed 06/27/14 | closed 09/03/14 |
| 1:14-cv-02641-AT | Pike et al v. P.N. Financial, Inc. et al | filed 08/15/14 | closed 01/30/15 |
| 1:14-cv-03600-WSD | Langhorne v. Dish Network, L.L.C. | filed 11/07/14 | closed 05/22/15 |
| 1:14-cv-03603-CC | Trameri v. Oxford Law, LLC et al | filed 11/07/14 | closed 09/10/15 |
| 1:14-cv-03817-CAP | Lindsay v. Optimum Outcomes, Inc. | filed 11/28/14 | closed 01/06/15 |

| 1:14-cv-03901-ELR | Lopez v. Convergent Outsourcing, Inc. et al | filed 12/08/14 | closed 05/13/15 |
| 1:15-cv-00064-ODE | Keaton v. Capital One Bank (USA), N.A. et al | filed 01/08/15 | closed 04/13/15 |
| 1:15-cv-00113-WSD | Henderson v. Navy Federal Credit Union | filed 01/13/15 | closed 04/06/15 |
| 1:15-cv-01176-SCJ | Matthews v. Durham & Durham, LLP | filed 04/15/15 | closed 06/30/15 |
| 1:15-cv-01270-RWS | Cross v. Wells Fargo Bank, N.A. | filed 04/21/15 | closed 02/10/17 |
| 1:15-cv-01972-RWS | Robertson v. Pinnacle Asset Management Group, LLC et al | filed 06/02/15 | closed 08/18/15 |
| 1:15-cv-02131-WSD | Robertson v. Credit Control, LLC | filed 06/15/15 | closed 06/29/15 |
| 1:15-cv-02270-SCJ | Schoolcraft v. GoWaiter Business Holdings, LLC | filed 06/24/15 | closed 06/03/16 |
| 1:15-cv-02951-ELR | Futch v. The Rusty Nail Pub, Inc. et al | filed 08/20/15 | closed 12/02/15 |
| 1:15-cv-02998-MHC | Futch v. Ajani Investments, Inc. et al | filed 08/25/15 | closed 03/23/16 |
| 1:15-cv-03030-AT | Futch v. Argonne Capital Group, LLC et al | filed 08/27/15 | closed 12/01/15 |
| 1:15-cv-03089-MHC | Futch v. 2165 Cheshire Bridge Associates, LLC | filed 09/01/15 | closed 12/03/15 |
| 1:15-cv-03170-SCJ | Futch v. Hae Woon Dae Restaurant, Inc. et al | filed 09/09/15 | closed 02/11/16 |
| 1:15-cv-03203-RWS | Futch v. Landmark Diner, Inc. et al | filed 09/11/15 | closed 03/07/16 |
| 1:15-cv-03210-WSD | Futch v. Veeranarong, Inc. et al | filed 09/12/15 | closed 02/03/16 |
| 1:15-cv-03365-CAP | Snarey v. Poole Huffman, LLC | filed 09/24/15 | closed 10/06/15 |
| 1:15-cv-03489-AT | Futch v. Nam Phuong Corporation et al | filed 09/30/15 | closed 12/16/15 |
| 1:15-cv-03494-TWT | Futch v. Concessions International, LLC et al | filed 10/01/15 | closed 01/27/16 |

| 1:15-cv-03770-TCB | Futch v. FIGO Pasta, LLC et al | filed 10/27/15 | closed 02/08/16 |
| 1:15-cv-03777-RWS | Richard v. Aargon Agency, Inc. | filed 10/28/15 | closed 12/04/15 |
| 1:15-cv-03825-WSD | Futch v. Chih Hsia Enterprises, Inc. et al | filed 11/02/15 | closed 02/16/16 |
| 1:15-cv-03948-ELR | Hall et al v. Frederick J. Hanna & Associates, P.C. | filed 11/12/15 | closed 08/30/16 |
| 1:15-cv-03998-SCJ | Waters v. JeJu Sauna and Gym, Inc. et al | filed 11/17/15 | closed 06/20/16 |
| 1:15-cv-04002-TWT | Futch v. Georgia-Alabama Commercial Management, LLC | filed 11/17/15 | closed 03/14/16 |
| 1:15-cv-04003-WSD | Futch v. Capital View Restaurant Group, Inc. et al | filed 11/17/15 | closed 08/05/16 |
| 1:15-cv-04016-TWT | Rogers et al v. Capital One Bank (USA), N.A. | filed 11/18/15 | closed 03/07/18 |
| 1:15-cv-04165-WSD | Futch v. World Wide Trading, Inc. | filed 11/30/15 | closed 03/23/16 |
| 1:15-cv-04177-AT | Futch v. No Mas! Cantina, Inc. et al | filed 12/01/15 | closed 02/04/16 |
| 1:15-cv-04218-TWT | Futch v. Antico Foods, LLC et al | filed 12/03/15 | closed 07/11/16 |
| 1:15-cv-04245-RWS | Futch v. Sheba Ethiopian Restaurant, Inc. et al | filed 12/07/15 | closed 08/29/16 |
| 1:15-cv-04278-CC | Henderson v. Experian Information | filed 12/09/15 | closed 03/14/16 |
| 1:15-cv-04296-LMM | Futch v. RMP Ventures, LLC | filed 12/10/15 | closed 02/16/16 |
| 1:15-cv-04313-MHC | Futch v. Home Grown GA, Inc. et al | filed 12/11/15 | closed 03/21/16 |
| 1:15-cv-04399-ELR | Futch v. Peachtree Food & Gas, LLC et al | filed 12/17/15 | closed 04/26/16 |
| 1:16-cv-00189-WSD | Diallo v. Uber Technologies, Inc. et al | filed 01/20/16 | closed 05/18/16 |

| 1:16-cv-00280-AT | Futch v. JKJ Enterprises, Inc. et al | filed 01/29/16  closed 04/27/16 |
|---|---|---|
| 1:16-cv-00343-WSD | Sokolianski v. New Penn Financial, LLC | filed 02/04/16  closed 04/11/16 |
| 1:16-cv-00438-MHC | Futch v. Brito Supermarkets, Inc. et al | filed 02/11/16  closed 04/28/16 |
| 1:16-cv-00481-TWT | Futch v. White Windmill, Inc. et al | filed 02/15/16  closed 05/18/16 |
| 1:16-cv-00657-RWS | Futch v. Starship Enterprises of Atlanta, Inc. et al | filed 03/01/16  closed 06/17/16 |
| 1:16-cv-00671-MHC | Futch v. KNL Joint Venture, LLC | filed 03/02/16  closed 05/25/16 |
| 1:16-cv-00700-CAP | Ellington v. The CBE Group, Inc. | filed 03/04/16  closed 06/09/16 |
| 1:16-cv-00768-WSD | Futch v. Pampa Steakhouse, Inc. et al | filed 03/09/16  closed 07/14/16 |
| 1:16-cv-01003-MHC | Futch v. Plaza One, LLC | filed 03/28/16  closed 06/13/16 |
| 1:16-cv-01063-TWT | Futch v. Panaderia Del Valle, Inc. et al | filed 03/31/16  closed 07/01/16 |
| 1:16-cv-01064-RWS | Futch v. SRPF A/MORELAND, LLC | filed 03/31/16  closed 08/15/16 |
| 1:16-cv-01097-ELR | Futch v. Alterman Properties LLC et al | filed 04/04/16  closed 11/29/16 |
| 1:16-cv-01197-MHC | Futch v. SS Fast Food - Moreland, LLC | filed 04/13/16  closed 06/21/16 |
| 1:16-cv-01200-AT | Futch v. Rite Aid of Georgia, Inc. et al | filed 04/13/16  closed 08/04/16 |
| 1:16-cv-01202-RWS | Waters v. IPF/Citadel Limited Partnership | filed 04/13/16  closed 03/14/17 |
| 1:16-cv-01203-WSD | Waters v. Sofiya Corporation | filed 04/13/16  closed 07/28/16 |
| 1:16-cv-01210-TCB | Futch v. Angela Lee's Food Store, Inc. | filed 04/14/16  closed 07/11/16 |

| 1:16-cv-01243-RWS | Waters v. D & K Suit City, LLC et al | filed 04/18/16 | closed 08/01/16 |
|---|---|---|---|
| 1:16-cv-01355-SCJ | Futch v. Rock West Investments III, LLC | filed 04/26/16 | closed 08/10/16 |
| 1:16-cv-01481-WSD | Futch v. Genene Helen Inc. et al | filed 05/06/16 | closed 08/05/16 |
| 1:16-cv-01509-LMM | Futch v. Imperial Fez, Inc. et al | filed 05/10/16 | closed 06/16/16 |
| 1:16-cv-01521-TWT | Futch v. Nabat Properties, LLC | filed 05/11/16 | closed 08/25/16 |
| 1:16-cv-01522-TCB | Futch v. American Deli International, Inc. et al | filed 05/11/16 | closed 08/08/16 |
| 1:16-cv-01603-LMM | Blinkhorn v. Moreland, Inc. | filed 05/18/16 | closed 07/28/16 |
| 1:16-cv-01657-RWS | Blinkhorn v. Glenwood Center, Inc. | filed 05/23/16 | closed 07/28/16 |
| 1:16-cv-01683-WSD | Holt v. Thakur Investment, L.L.C. | filed 05/24/16 | closed 09/13/16 |
| 1:16-cv-01684-TCB | Blinkhorn v. Broadway 786 Investments LLC et al | filed 05/24/16 | closed 08/31/16 |
| 1:16-cv-01711-MHC | Blinkhorn v. JMM83 Enterprises, LLC et al | filed 05/26/16 | closed 09/09/16 |
| 1:16-cv-01775-ELR | Blinkhorn v. Family Dollar Stores of Georgia, Inc. et al | filed 06/01/16 | closed 09/01/16 |
| 1:16-cv-01777-TWT | Blinkhorn v. Patel Ventures, LLC | filed 06/01/16 | closed 08/04/16 |
| 1:16-cv-01802-WSD | Blinkhorn v. 625 Fried Chicken, LLC | filed 06/02/16 | closed 08/02/16 |
| 1:16-cv-01831-SCJ | Blinkhorn v. Chevron Food Mart #85, LLC et al | filed 06/06/16 | closed 08/17/16 |
| 1:16-cv-01832-AT | Holt v. Crazy Cuban LLC et al | filed 06/06/16 | closed 08/16/16 |
| 1:16-cv-01972-TWT | Holt v. BOP, LLC | filed 06/14/16 | closed 09/13/16 |

| | | | |
|---|---|---|---|
| 1:16-cv-01973-LMM | Holt v. Fourteenth St. LLC et al | filed 06/14/16 | closed 08/17/16 |
| 1:16-cv-02008-TWT | Blinkhorn v. Candler Rd Plaza GA LLC | filed 06/15/16 | closed 01/04/17 |
| 1:16-cv-02028-WSD | Blinkhorn v. Captain D's, LLC et al | filed 06/16/16 | closed 10/24/16 |
| 1:16-cv-02058-WSD | Holt v. Octane Coffee Company, LLC et al | filed 06/17/16 | closed 09/06/16 |
| 1:16-cv-02145-LMM | Holt v. Amelie's Holdings, LLC et al | filed 06/22/16 | closed 06/28/16 |
| 1:16-cv-02187-TCB | Blinkhorn v. M&R Gutbusters LLC et al | filed 06/23/16 | closed 09/20/16 |
| 1:16-cv-02252-AT | Holt v. RD, LLC | filed 06/27/16 | closed 12/12/16 |
| 1:16-cv-02376-RWS | Futch v. Massey Associates, LTD. L.P. | filed 06/30/16 | closed 08/15/16 |
| 1:16-cv-02377-TWT | Holt v. Six Feet Under, LLC et al | filed 06/30/16 | closed 08/26/16 |
| 1:16-cv-02410-WSD | Blinkhorn v. Food Value, Inc. et al | filed 07/01/16 | closed 02/16/17 |
| 1:16-cv-02469-WSD | Futch v. Sherob Properties, LLC | filed 07/08/16 | closed 10/20/16 |
| 1:16-cv-02554-ELR | Holt v. Teta Food Company LLC | filed 07/14/16 | closed 09/13/16 |
| 1:16-cv-02600-ELR | Futch v. Northlake Roxx LLC et al | filed 07/18/16 | closed 10/03/16 |
| 1:16-cv-02646-AT | Holt v. State and Fourteenth, LLC | filed 07/21/16 | closed 09/21/16 |
| 1:16-cv-02685-TCB | Holt v. So Tong, LLC et al | filed 07/25/16 | closed 09/23/16 |
| 1:16-cv-02710-WSD | Holt v. 14th Street Antiques & Interiors, Inc. et al | filed 07/26/16 | closed 08/08/16 |
| 1:16-cv-02737-AT | Waters v. Regency Centers, L.P. | filed 07/28/16 | closed 11/22/16 |

| 1:16-cv-02760-SCJ | Blinkhorn v. Buckhead Life Restaurant Group, Inc. et al | filed 07/29/16 | closed 11/01/16 |
|---|---|---|---|
| 1:16-cv-02765-MHC | Futch v. CPSC, LLC | filed 07/29/16 | closed 11/15/16 |
| 1:16-cv-02863-AT | Futch v. Saul Subsidiary I Limited Partnership | filed 08/08/16 | closed 09/21/16 |
| 1:16-cv-02928-WSD | Waters v. Metrotainment Cafes, LLC et al | filed 08/11/16 | closed 01/19/17 |
| 1:16-cv-02933-SCJ | Blinkhorn v. Candler Mart Petro Inc et al | filed 08/11/16 | closed 09/19/16 |
| 1:16-cv-02945-LMM | Blinkhorn v. Zesto's Chubby Decker, Inc. et al | filed 08/12/16 | closed 11/03/16 |
| 1:16-cv-03006-WSD | Blinkhorn v. Teshome et al | filed 08/17/16 | closed 10/11/16 |
| 1:16-cv-03046-MHC | Futch v. Gwinnett Prado, L.P. | filed 08/19/16 | closed 10/26/16 |
| 1:16-cv-03047-TWT | Futch v. Clover Plaza, LLC | filed 08/19/16 | closed 11/16/16 |
| 1:16-cv-03049-RWS | Blinkhorn v. Transouth Investments Corp et al | filed 08/19/16 | closed 12/05/16 |
| 1:16-cv-03107-ELR | Holt v. Shamim Investments LLC et al | filed 08/24/16 | closed 11/07/16 |
| 1:16-cv-03128-TWT | Futch v. ANA Associates -VIII, LLC | filed 08/25/16 | closed 03/22/17 |
| 1:16-cv-03131-RWS | Futch v. BM Real Estate, LLC | filed 08/25/16 | closed 01/03/17 |
| 1:16-cv-03132-WSD | Futch v. Park Village Shopping Center, LLC | filed 08/25/16 | closed 10/24/16 |
| 1:16-cv-03148-SCJ | Futch v. Piedmont TC, Inc. et al | filed 08/26/16 | closed 11/09/16 |
| 1:16-cv-03151-LMM | Blinkhorn v. Dimple Group Inc. et al | filed 08/26/16 | closed 02/14/17 |
| 1:16-cv-03152- | Blinkhorn v. MEM Concessions, LLC | filed 08/26/16 | closed 09/14/16 |

8/2/2019    Case 1:19-cv-03511-SDG    CM/ECF-GA Northern District Court-Query - Case Search    Page 12 of 201
Document 1-1    Filed 08/02/19

MHC

| 1:16-cv-03171-TWT | Blinkhorn v. Ferrell Interest, LLC | filed 08/29/16 | closed 02/27/17 |
| 1:16-cv-03172-TWT | Futch v. 4639, LLC | filed 08/29/16 | closed 11/29/16 |
| 1:16-cv-03488-SCJ | Blinkhorn v. Cameli's Inc. et al | filed 09/16/16 | closed 01/30/17 |
| 1:16-cv-03489-LMM | Blinkhorn v. Insha Investment Group LLC et al | filed 09/16/16 | closed 10/27/16 |
| 1:16-cv-03534-AT | Futch v. Bench Warmers Sports Grill, Inc. et al | filed 09/20/16 | closed 03/08/17 |
| 1:16-cv-03585-TWT | Futch v. Pretti Plates Catering LLC et al | filed 09/25/16 | closed 02/21/17 |
| 1:16-cv-03586-WSD | Futch v. Vinayaka Inc. | filed 09/25/16 | closed 11/15/16 |
| 1:16-cv-03602-SCJ | Holt v. Bouldercrest Center, LLC | filed 09/26/16 | closed 12/05/16 |
| 1:16-cv-03604-LMM | Blinkhorn v. Bernie & Susan Eisenstein, L.P. | filed 09/26/16 | closed 11/30/16 |
| 1:16-cv-03726-ELR | Futch v. Cheshire/Lavista, LLC | filed 10/05/16 | closed 12/16/16 |
| 1:16-cv-03734-TCB | Waters v. KFC Corporation | filed 10/06/16 | closed 03/23/17 |
| 1:16-cv-03736-AT | Holt v. Atlanta Hospitality Investment LLC et al | filed 10/06/16 | closed 12/15/16 |
| 1:16-cv-03758-SCJ | Waters v. Super Fresh LLC et al | filed 10/10/16 | closed 12/29/16 |
| 1:16-cv-03795-RWS | Waters v. Jong Soo, LLC, et al | filed 10/12/16 | closed 04/13/17 |
| 1:16-cv-03847-MHC | Futch v. Cheesesteak Incorporated et al | filed 10/15/16 | closed 12/21/16 |
| 1:16-cv-03861-WSD | Blinkhorn v. Little Five Points Partnership (L.L.L.P.) | filed 10/17/16 | closed 12/13/16 |
| 1:16-cv-03863-TCB | Futch v. Mass Appeal LLC et al | filed 10/17/16 | closed 01/06/17 |

| 1:16-cv-03864-AT | Holt v. Wine Oil Company, Inc. | filed 10/17/16 closed 12/22/16 |
|---|---|---|
| 1:16-cv-03990-ELR | Blinkhorn v. Cherokee Woods Enterprises, L.P. | filed 10/26/16 closed 02/03/17 |
| 1:16-cv-03991-ELR | Waters v. Browning Village, LLC | filed 10/26/16 closed 01/18/17 |
| 1:16-cv-03992-TWT | Holt v. 821 Concord LLC | filed 10/26/16 closed 01/12/17 |
| 1:16-cv-03993-WSD | Futch v. Mabo Investments, Inc. et al | filed 10/26/16 closed 03/28/17 |
| 1:16-cv-04058-WSD | Blinkhorn v. Sevananda Cooperative (Inc.) et al | filed 10/31/16 closed 02/21/17 |
| 1:16-cv-04086-TCB | Holt v. JSKA Investment Group, LLC | filed 11/01/16 closed 12/16/16 |
| 1:16-cv-04087-AT | Blinkhorn v. The Varsity, Inc. et al | filed 11/01/16 closed 12/28/16 |
| 1:16-cv-04089-SCJ | Waters v. GS & E, LLC et al | filed 11/01/16 closed 01/05/17 |
| 1:16-cv-04100-WSD | Futch v. Gateway Industries & Associates, LLC | filed 11/02/16 closed 01/26/17 |
| 1:16-cv-04130-AT | Holt v. Crafty Hog, Inc. et al | filed 11/03/16 closed 01/09/17 |
| 1:16-cv-04155-AT | Futch v. Little Bangkok Restaurant, Inc. et al | filed 11/05/16 closed 01/09/17 |
| 1:16-cv-04164-RWS | Futch v. SE Realty Partners V LLC | filed 11/07/16 closed 01/30/17 |
| 1:16-cv-04196-TCB | Blinkhorn v. Alon's, Inc. et al | filed 11/09/16 closed 01/19/17 |
| 1:16-cv-04211-LMM | Waters v. Scott Investors, LLC | filed 11/10/16 closed 01/30/17 |
| 1:16-cv-04547-MHC | Futch v. Petro Bangla Inc. | filed 12/09/16 closed 12/28/16 |
| 1:16-cv-04549-ELR | Blinkhorn v. Fifth Group Restaurants, LLC et al | filed 12/09/16 closed 02/08/17 |
| 1:16-cv-04581- | Waters v. IPTV-B-C11, L.L.C. | filed 12/14/16 closed 02/17/17 |

| 1:16-cv-04586-AT | Holt v. Malincho, Inc. et al | filed 12/14/16 | closed 08/08/17 |
| 1:16-cv-04612-MHC | Holt v. Johnston | filed 12/15/16 | closed 04/11/17 |
| 1:16-cv-04641-TWT | Blinkhorn v. Murphy's Restaurant, LLC et al | filed 12/17/16 | closed 03/16/17 |
| 1:16-cv-04646-RWS | Waters v. Hanil Kwan, Inc. et al | filed 12/18/16 | closed 04/24/17 |
| 1:16-cv-04780-SCJ | Blinkhorn v. Ocean Wave et al | filed 12/29/16 | closed 03/27/17 |
| 1:16-cv-04784-LMM | Futch v. Park Village Retail Shops, LLC | filed 12/29/16 | closed 01/17/17 |
| 1:17-cv-00005-RWS | Holt v. 725 Concord, LLC | filed 01/03/17 | closed 03/29/17 |
| 1:17-cv-00057-MHC | Futch v. Hudgins Family Limited Partnership, LLLP | filed 01/04/17 | closed 02/21/17 |
| 1:17-cv-00058-ELR | Futch v. Georgetown Shops, LLC | filed 01/04/17 | closed 05/02/17 |
| 1:17-cv-00062-AT | Holt v. AIZ Quick Shop Inc et al | filed 01/05/17 | closed 01/27/17 |
| 1:17-cv-00086-RWS | Blinkhorn v. Fris Chkn LLC | filed 01/09/17 | closed 04/05/17 |
| 1:17-cv-00087-WSD | Holt v. Vasudev, LLC | filed 01/09/17 | closed 09/19/17 |
| 1:17-cv-00122-ELR | Blinkhorn v. Neighborhood Concepts, Inc. et al | filed 01/11/17 | closed 05/05/17 |
| 1:17-cv-00165-AT | Blinkhorn v. Great Catering, LLC et al | filed 01/13/17 | closed 05/11/17 |
| 1:17-cv-00171-LMM | Futch v. Nakato, Inc. | filed 01/13/17 | closed 03/16/17 |
| 1:17-cv-00172-MHC | Futch v. Freto Inc et al | filed 01/13/17 | closed 07/13/17 |
| 1:17-cv-00187-AT | Holt v. Pat Mell Partnership | filed 01/17/17 | closed 05/11/17 |

| 1:17-cv-00194-LMM | Futch v. Spice Bistro Group LLC et al | filed 01/17/17 | closed 03/02/17 |
|---|---|---|---|
| 1:17-cv-00215-WSD | Blinkhorn v. Bagiatis Enterprises, Inc. | filed 01/18/17 | closed 05/08/17 |
| 1:17-cv-00217-AT | Futch v. Parkash Enterprises, Inc. | filed 01/18/17 | closed 04/21/17 |
| 1:17-cv-00280-TWT | Holt v. Davinci's Pizza Delivery, Inc. et al | filed 01/24/17 | closed 05/05/17 |
| 1:17-cv-00283-WSD | Futch v. Babylon Cafe LLC et al | filed 01/24/17 | closed 03/30/17 |
| 1:17-cv-00311-ELR | Holt v. Old South Barbecue, Inc. et al. | filed 01/26/17 | closed 06/07/17 |
| 1:17-cv-00326-RWS | Blinkhorn v. Solid Equities, Inc. | filed 01/27/17 | closed 05/10/17 |
| 1:17-cv-00340-TCB | Holt v. Tedricks, Inc. et al | filed 01/30/17 | closed 06/27/17 |
| 1:17-cv-00376-ELR | Blinkhorn v. Briarcliff Shopping Center, Inc. | filed 01/31/17 | closed 05/08/17 |
| 1:17-cv-00381-MHC | Futch v. Riverview Associates, LTD | filed 01/31/17 | closed 11/02/17 |
| 1:17-cv-00429-SCJ | Futch v. UTO International, Inc. et al | filed 02/03/17 | closed 04/25/17 |
| 1:17-cv-00464-MHC | Futch v. The Mad Italian, Inc. et al | filed 02/07/17 | closed 07/17/17 |
| 1:17-cv-00494-WSD | Blinkhorn v. Surin of Thailand, Inc. et al | filed 02/09/17 | closed 04/13/17 |
| 1:17-cv-00510-SCJ | Holt v. Riverview Associates, LTD | filed 02/10/17 | closed 10/05/17 |
| 1:17-cv-00547-WSD | Futch v. Le Menu, Inc. et al | filed 02/14/17 | closed 04/19/17 |
| 1:17-cv-00578-AT | Holt v. IJC Royal, LLC et al | filed 02/15/17 | closed 06/21/17 |

| 1:17-cv-00682-LMM | Holt v. Gurdaspura, Inc. et al | filed 02/23/17 | closed 07/20/17 |
| --- | --- | --- | --- |
| 1:17-cv-00700-RWS | Holt v. Nam Dae Mun, LLC et al | filed 02/24/17 | closed 05/26/17 |
| 1:17-cv-00730-AT | Blinkhorn v. Shamanta Inc et al | filed 02/28/17 | closed 09/01/17 |
| 1:17-cv-00749-LMM | Holt v. L.I.U. Properties, Inc. | filed 03/01/17 | closed 08/22/17 |
| 1:17-cv-00784-ELR | Futch v. Winters C LLC et al | filed 03/03/17 | closed 05/19/17 |
| 1:17-cv-00787-LMM | Holt v. SC Property 2, LLC | filed 03/03/17 | closed 05/23/17 |
| 1:17-cv-00847-ELR | Holt v. Neighborhood Restaurant Partners, LLC et al | filed 03/08/17 | closed 07/20/17 |
| 1:17-cv-01050-RWS | Holt v. Tzalka et al | filed 03/23/17 | closed 06/09/17 |
| 1:17-cv-01062-SCJ | Blinkhorn v. B.M. Business, Inc. et al | filed 03/23/17 | closed 05/19/17 |
| 1:17-cv-01095-ELR | Blinkhorn v. Druid Hills Land, LLC | filed 03/27/17 | closed 06/21/17 |
| 1:17-cv-01101-TCB | Holt v. Monterrey Mexican Restaurant No. 21, Inc. et al | filed 03/27/17 | closed 08/01/17 |
| 1:17-cv-01227-SCJ | Holt v. Hersch's Super Market, Inc. | filed 04/05/17 | closed 07/14/17 |
| 1:17-cv-01262-MHC | Blinkhorn v. Caribou Coffee Company, Inc. et al | filed 04/07/17 | closed 05/05/17 |
| 1:17-cv-01263-ELR | Futch v. Roberts & Shefrin, LLC | filed 04/07/17 | closed 06/23/17 |
| 1:17-cv-01333-LMM | Blinkhorn v. A Book Nook, Inc. et al | filed 04/13/17 | closed 06/06/17 |
| 1:17-cv-01423-SCJ | Brown v. YHDR, LLC | filed 04/23/17 | closed 06/23/17 |
| 1:17-cv-01444-WSD | Futch v. Bon Temps, Inc. et al | filed 04/24/17 | closed 07/07/17 |

8/2/2019                                CM/ECF-GA Northern District Court-Query : Case Search
1:17-cv-01536-RWS   Case 1:19-cv-03511-SDG   Document 1-1   Filed 08/02/19   Page 17 of 201
Blinkhorn v. Forty-Two, LLC et al                        filed 04/30/17   closed 10/17/17

| 1:17-cv-01554-LMM | Holt v. Blue Moon Pizza of Windy Hill, LLC et al | filed 05/01/17 | closed 05/30/17 |
| 1:17-cv-01665-ELR | Holt v. Tomioka Corporation et al | filed 05/09/17 | closed 07/12/17 |
| 1:17-cv-01671-AT | Blinkhorn v. Goodway Business Inc et al | filed 05/09/17 | closed 07/18/17 |
| 1:17-cv-01866-RWS | Blinkhorn v. La Hacienda Midtown LLC et al | filed 05/24/17 | closed 07/27/17 |
| 1:17-cv-01870-AT | Futch v. Hankook BBQ Taqueria, LLC et al | filed 05/23/17 | closed 08/08/17 |
| 1:17-cv-01956-RWS | Brown v. Big Lots Stores, Inc. et al | filed 05/30/17 | closed 10/23/17 |
| 1:17-cv-01957-TCB | Blinkhorn v. Lakewood Prime LLC et al | filed 05/30/17 | closed 08/29/17 |
| 1:17-cv-01996-RWS | Holt v. UTF Bankhead L.L.C. | filed 06/01/17 | closed 06/29/17 |
| 1:17-cv-02000-LMM | Jane Doe 1 et al v. ACT, Inc. | filed 06/01/17 | closed 08/02/17 |
| 1:17-cv-02019-TCB | Futch v. Hoover Foods Incorporated et al | filed 06/02/17 | closed 08/07/17 |
| 1:17-cv-02119-MHC | Holt v. Folks, Inc. et al | filed 06/09/17 | closed 11/01/17 |
| 1:17-cv-02123-ELR | Futch v. Gateway Village Holdings, LLC | filed 06/09/17 | closed 08/09/17 |
| 1:17-cv-02150-TWT | Blinkhorn v. O.K.S.Y. LLC et al | filed 06/12/17 | closed 11/20/17 |
| 1:17-cv-02152-AT | Brown v. Austell FS LLC | filed 06/12/17 | closed 07/07/17 |
| 1:17-cv-02266-WSD | Futch v. Steakhouse Express, Inc. et al | filed 06/16/17 | closed 09/20/17 |
| 1:17-cv-02295-SCJ | Holt v. Desert Storm Development, LLC | filed 06/19/17 | closed 11/09/17 |
| 1:17-cv-02345-LMM | Blinkhorn v. GCSC, Inc. et al | filed 06/22/17 | closed 12/14/17 |

| 1:17-cv-02436-LMM | Holt v. Mukhiya & Family LLC et al | filed 06/29/17 | closed 09/08/17 |
|---|---|---|---|
| 1:17-cv-02604-TWT | Holt v. Cash America International, Inc. | filed 07/11/17 | closed 09/21/17 |
| 1:17-cv-02641-SCJ | Blinkhorn v. Century Holdings of Georgia, LLC | filed 07/13/17 | closed 10/10/17 |
| 1:17-cv-02695-WSD | Holt v. Windy Hill Minimart Inc et al | filed 07/18/17 | closed 09/20/17 |
| 1:17-cv-02743-ELR | Holt v. 2900 South Cobb Drive, LLC | filed 07/20/17 | closed 09/18/17 |
| 1:17-cv-02774-AT | Futch v. VBS, LLC | filed 07/21/17 | closed 02/02/18 |
| 1:17-cv-02791-ELR | Blinkhorn v. Takki, Corporation et al | filed 07/24/17 | closed 08/04/17 |
| 1:17-cv-02819-TCB | Holt v. Gaoli, Inc. et al | filed 07/26/17 | closed 01/02/18 |
| 1:17-cv-02837-LMM | Waters v. Panda Express, Inc. et al | filed 07/27/17 | closed 08/24/17 |
| 1:17-cv-02926-LMM | Futch v. I Love Thai, Inc. et al | filed 08/03/17 | closed 01/09/18 |
| 1:17-cv-02927-MHC | Holt v. Siam Restaurant, Inc. et al | filed 08/03/17 | closed 10/25/17 |
| 1:17-cv-02982-WSD | Brown v. The Pep Boys-Manny, Moe & Jack (Inc.) et al | filed 08/08/17 | closed 02/16/18 |
| 1:17-cv-03017-AT | Holt v. Metro Corral Partners, LLC et al | filed 08/10/17 | closed 11/01/17 |
| 1:17-cv-03022-TCB | Blinkhorn v. Simmons et al | filed 08/10/17 | closed 10/13/17 |
| 1:17-cv-03060-TWT | Futch v. JH USA LLC et al | filed 08/14/17 | closed 03/20/18 |
| 1:17-cv-03077-AT | Blinkhorn v. P11 Properties, LLC | filed 08/15/17 | closed 10/03/17 |
| 1:17-cv-03093-SCJ | Futch v. Baro Investments, LLC | filed 08/15/17 | closed 12/18/17 |

1:17-cv-03104-WSD          Holt v. Jasara, Inc.                                          filed 08/16/17   closed 10/10/17

1:17-cv-03267-ELR          Holt v. Taco Cantina, LLC et al                              filed 08/29/17   closed 10/30/17

1:17-cv-03357-LMM          Blinkhorn v. E&A Restaurant Holdings, LLC et al              filed 09/05/17   closed 11/27/17

1:17-cv-03358-MHC          Futch v. A F S Foodmart, Inc. et al                          filed 09/05/17   closed 12/27/17

1:17-cv-03399-TCB          Holt v. SHM Enterprises, Inc. et al                          filed 09/06/17   closed 04/09/18

1:17-cv-03420-SCJ          Waters v. Hyung Ki Lim et al                                 filed 09/07/17   closed 10/11/17

1:17-cv-03521-SCJ          Holt v. Sam & Samita LLC                                     filed 09/13/17   closed 12/01/17

1:17-cv-03522-LMM          Blinkhorn v. Bluebird Cantina, Inc. et al                    filed 09/13/17   closed 12/29/17

1:17-cv-03558-ELR          Blinkhorn v. Rockbridge Market Place Shopping Center, LLC    filed 09/14/17   closed 02/13/18

1:17-cv-03560-RWS          Brown v. N.N.U., Inc. et al                                  filed 09/14/17   closed 11/09/17

1:17-cv-03644-TWT          Brown v. Cobb Kwik Mart, LLC et al                           filed 09/20/17   closed 04/23/18

1:17-cv-03648-RWS          Waters v. Ariel Belvedere Owner Holdings LLC                 filed 09/20/17   closed 01/09/18

1:17-cv-03740-LMM          Futch v. Advance Stores Company Incorporated et al           filed 09/25/17   closed 11/22/17

1:17-cv-03744-TWT          Holt v. REV Coffee, Inc. et al                               filed 09/25/17   closed 12/06/17

1:17-cv-03797-LMM          Brown v. AMF Bowling Centers, Inc. et al                     filed 09/28/17   closed 11/22/17

1:17-cv-03825-MLB          Holt v. Yonas et al                                          filed 09/29/17   closed 03/29/18

1:17-cv-03828-WSD          Futch v. Copeland Village Shopping Center, LLC               filed 09/29/17   closed 04/05/18

| 1:17-cv-03937-LMM | Holt v. Blue Chip Pizza Products, LLC et al | filed 10/06/17 | closed 12/29/17 |
| 1:17-cv-03939-ELR | Brown v. Layla Fatema, Inc. | filed 10/06/17 | closed 04/23/18 |
| 1:17-cv-04033-TWT | Futch v. Sereke Inc. et al | filed 10/11/17 | closed 01/02/18 |
| 1:17-cv-04043-WSD | Holt v. Concord Square Shopping Center, LLC | filed 10/12/17 | closed 01/02/18 |
| 1:17-cv-04044-WSD | Brown v. Reddy Property LLC | filed 10/12/17 | closed 12/21/17 |
| 1:17-cv-04140-RWS | Blinkhorn v. Regal Investment Holdings LLC | filed 10/18/17 | closed 02/21/18 |
| 1:17-cv-04141-WSD | Brown v. Hubert Properties, LLLP | filed 10/18/17 | closed 02/22/18 |
| 1:17-cv-04142-TCB | Futch v. Lee et al | filed 10/18/17 | closed 07/17/18 |
| 1:17-cv-04211-AT | Futch v. 655 Cleveland, Inc. et al | filed 10/23/17 | closed 05/07/18 |
| 1:17-cv-04390-RWS | Blinkhorn v. Hills Food Mart, Inc. et al | filed 11/02/17 | closed 02/20/18 |
| 1:17-cv-04710-CAP | McClendon v. ProCollect, Inc. et al | filed 11/22/17 | closed 10/31/18 |
| 1:17-cv-04906-TWT | Holt v. REES 427, LLC | filed 12/04/17 | closed 01/29/18 |
| 1:17-cv-04914-MLB | Drake v. Boricha | filed 12/04/17 | closed 05/23/18 |
| 1:17-cv-04995-LMM | Holt v. Lahore Grill Restaurant Inc. et al | filed 12/07/17 | closed 03/27/18 |
| 1:17-cv-05264-SCJ | Blinkhorn v. Moreland Business Inc. et al | filed 12/19/17 | closed 03/14/18 |
| 1:17-cv-05295-ELR | Brown v. R&R Atlanta Real Estate LLC | filed 12/20/17 | closed 03/12/18 |
| 1:17-cv-05331-WSD | Blinkhorn v. Endulge Cupcake Boutique LLC et al | filed 12/21/17 | closed 03/02/18 |

| 1:17-cv-05383-MHC | Drake v. ABH Corporation et al | filed 12/22/17 | closed 04/12/18 |
|---|---|---|---|
| 1:17-cv-05414-TCB | Holt v. Buen Provecho, LLC et al | filed 12/26/17 | closed 03/09/18 |
| 1:18-cv-00006-LMM | Futch v. One Three Four, Inc. et al | filed 01/02/18 | closed 05/03/18 |
| 1:18-cv-00009-ELR | Holt v. Bernhard's Bread Bakery, LP et al | filed 01/02/18 | closed 04/13/18 |
| 1:18-cv-00246-WSD | Drake v. Yimam et al | filed 01/17/18 | closed 05/21/18 |
| 1:18-cv-00251-TCB | Blinkhorn v. Cleveland Enterprises Inc. | filed 01/17/18 | closed 04/05/18 |
| 1:18-cv-00327-TWT | Blinkhorn v.Barnett Center L.L.C. | filed 01/23/18 | closed 04/04/18 |
| 1:18-cv-00379-LMM | Blinkhorn v. Nadim Group Inc. et al | filed 01/25/18 | closed 03/22/18 |
| 1:18-cv-00450-TWT | Futch v. G and V Express Inc. et al | filed 01/29/18 | closed 06/06/18 |
| 1:18-cv-00507-AT | Drake v. Dollar Tree Stores, Inc. et al | filed 02/01/18 | closed 04/16/18 |
| 1:18-cv-00527-ELR | Blinkhorn v. Mediterranean Grill, Inc. et al | filed 02/02/18 | closed 04/19/18 |
| 1:18-cv-00601-TCB | Blinkhorn v. Evergreen Shell Inc. et al | filed 02/08/18 | closed 04/10/18 |
| 1:18-cv-00604-AT | Brown v. WH Capital, L.L.C. | filed 02/08/18 | closed 04/03/18 |
| 1:18-cv-00672-WSD | Holt v. Jiyeon, Inc. et al | filed 02/14/18 | closed 04/10/18 |
| 1:18-cv-00674-TCB | Drake v. Advance Stores Company, Incorporated et al | filed 02/14/18 | closed 04/24/18 |
| 1:18-cv-00692-LMM | Holt v. AASIR USA, LLC et al | filed 02/15/18 | closed 04/16/18 |
| 1:18-cv-01004-TCB | Blinkhorn v. Fris Chkn LLC | filed 03/08/18 | closed 04/05/18 |
| 1:18-cv-01010-AT | Holt v. T K Atlanta LLC et al | filed 03/08/18 | closed 06/21/18 |

| 1:18-cv-01018-SCJ | Brown v. Sayeed | filed 03/09/18 closed 05/16/18 |
| 1:18-cv-01217-AT | Holt v. Austell Seafood Market Inc et al | filed 03/22/18 closed 06/27/18 |
| 1:18-cv-01239-MHC | Futch v. Faizaan Group, Inc. et al | filed 03/23/18 closed 06/13/18 |
| 1:18-cv-01594-AT | Futch v. Goodway Business Inc et al | filed 04/13/18 closed 06/29/18 |
| 1:18-cv-01596-MHC | Blinkhorn v. Greysky Fuels LLC et al | filed 04/13/18 closed 06/29/18 |
| 1:18-cv-01645-TCB | Holt v. Landlocked, LLC | filed 04/17/18 closed 05/16/18 |
| 1:18-cv-01687-SCJ | Brown v. Om Naman, Inc. | filed 04/19/18 closed 07/20/18 |
| 1:18-cv-01688-LMM | Drake v. Firdos, Inc. et al | filed 04/19/18 closed 07/09/18 |
| 1:18-cv-01850-AT | Britton v. Jai Sai Ram Kripa, Inc. et al | filed 04/30/18 closed 07/17/18 |
| 1:18-cv-02016-ELR | Blinkhorn v. TRA Lakewood Inc et al | filed 05/08/18 closed 09/26/18 |
| 1:18-cv-02026-TWT | Drake v. Shirazi | filed 05/09/18 closed 07/10/18 |
| 1:18-cv-02052-SCJ | Holt v. YNH Properties LLC | filed 05/10/18 closed 10/15/18 |
| 1:18-cv-02059-LMM | Britton v. Edgewood Retail, LLC | filed 05/10/18 closed 07/10/18 |
| 1:18-cv-02077-ELR | Blinkhorn v. Pancha Debata, LLC et al | filed 05/11/18 closed 09/26/18 |
| 1:18-cv-02080-MLB | Futch v. HMY Enterprise, Inc. | filed 05/11/18 closed 06/08/18 |
| 1:18-cv-02290-MHC | Britton v. West Ridge, LLC | filed 05/18/18 closed 07/31/18 |
| 1:18-cv-02342-RWS | Blinkhorn v. Sesame Foods Incorporated et al | filed 05/22/18 closed 06/15/18 |

| 1:18-cv-02347-AT | Holt v. Shorty's Toco Hill, LLC et al | filed 05/22/18 | closed 10/23/18 |
|---|---|---|---|
| 1:18-cv-02505-MHC | Futch v. Welcome Pantry Glenwood LLC et al | filed 05/24/18 | closed 07/31/18 |
| 1:18-cv-02769-AT | Blinkhorn v. Mini Mart Express 1975, LLC et al | filed 06/05/18 | closed 08/09/18 |
| 1:18-cv-02791-MHC | Holt v. Pappas Restaurants, Inc. | filed 06/06/18 | closed 09/18/18 |
| 1:18-cv-02804-MLB | Brown v. Dallas Retail Center LLC | filed 06/07/18 | closed 07/23/18 |
| 1:18-cv-02977-TCB | Britton v. Food Town Market LLC et al | filed 06/19/18 | closed 09/07/18 |
| 1:18-cv-03009-AT | Drake v. The Krystal Company et al | filed 06/20/18 | closed 09/06/18 |
| 1:18-cv-03026-SCJ | Futch v. Embry Village S.C., LLC | filed 06/21/18 | closed 09/28/18 |
| 1:18-cv-03086-LMM | Blinkhorn v. HT Retail, LLC | filed 06/26/18 | closed 08/27/18 |
| 1:18-cv-03106-AT | Britton v. Empire Restaurants, LLC et al | filed 06/27/18 | closed 08/27/18 |
| 1:18-cv-03110-TWT | Brown v. B&F Enterprises, Inc. et al | filed 06/27/18 | closed 09/10/18 |
| 1:18-cv-03159-RWS | Holt v. La Cosecha, Inc. et al | filed 06/29/18 | closed 10/17/18 |
| 1:18-cv-03165-LMM | Futch v. Genuine Parts Company | filed 06/30/18 | closed 11/07/18 |
| 1:18-cv-03191-ELR | Brown v. Four Plus Corporation | filed 07/02/18 | closed 09/11/18 |
| 1:18-cv-03208-RWS | Futch v. Tara Boulevard Restaurant Corp. et al | filed 07/03/18 | closed 10/02/18 |
| 1:18-cv-03219-RWS | Blinkhorn v. VC1, LLC | filed 07/03/18 | closed 08/29/18 |
| 1:18-cv-03290-ELR | Drake v. Carniceria La Mexicana, Inc et al | filed 07/09/18 | closed 10/04/18 |
| 1:18-cv-03309-MLB | Holt v. Yun Yang, Inc. et al | filed 07/10/18 | closed 11/02/18 |

CM/ECF-GA Northern District Court-Query - Case Search

| 1:18-cv-03386-MHC | Brown v. FQSR, LLC et al | filed 07/13/18 | closed 10/09/18 |
|---|---|---|---|
| 1:18-cv-03413-AT | Britton v. PFJ Southeast, LLC | filed 07/16/18 | closed 08/21/18 |
| 1:18-cv-03438-TWT | Drake v. Atlanta Bay Breeze, Inc. | filed 07/17/18 | closed 09/26/18 |
| 1:18-cv-03533-ELR | Futch v. ASF Business, Inc. et al | filed 07/23/18 | closed 01/22/19 |
| 1:18-cv-03590-SCJ | Drake v. Martin's Restaurant Systems, Inc. et al | filed 07/26/18 | closed 10/03/18 |
| 1:18-cv-03626-LMM | Blinkhorn v. Decatur Church Properties, LLC | filed 07/27/18 | closed 08/30/18 |
| 1:18-cv-03683-AT | Brown v. Georgia CVS Pharmacy, LLC et al | filed 07/31/18 | closed 12/11/18 |
| 1:18-cv-03768-RWS | Futch v. Fris Chkn LLC | filed 08/07/18 | closed 02/27/19 |
| 1:18-cv-03833-ELR | Holt v. 1318 JFR, Inc. et al | filed 08/12/18 | closed 10/11/18 |
| 1:18-cv-03982-SCJ | Drake v. E. E. Beavers Family Partnership, L.P. | filed 08/21/18 | closed 02/07/19 |
| 1:18-cv-04019-TWT | Britton v. Tres Paisani, Inc. et al | filed 08/23/18 | closed 10/12/18 |
| 1:18-cv-04063-MHC-AJB | Tucker v. ProCollect, Inc. et al | filed 08/27/18 | |
| 1:18-cv-04101-MLB | Blinkhorn v. Melton's App & Tap, Inc. et al | filed 08/29/18 | closed 11/21/18 |
| 1:18-cv-04110-AT | Brown v. Mama Frog's, Inc. et al | filed 08/29/18 | closed 11/16/18 |
| 1:18-cv-04115-TCB | Britton v. JJ's of Greater Atlanta, LLC et al | filed 08/29/18 | closed 10/03/18 |
| 1:18-cv-04234-SCJ | Blinkhorn v. YSJ, LLC | filed 09/06/18 | closed 12/04/18 |
| 1:18-cv-04237-LMM | Holt v. Lower Roswell Donuts Holdings, LLC | filed 09/06/18 | closed 11/09/18 |
| 1:18-cv-04253-MHC | Britton v. Campbellton Chevron LLC et al | filed 09/07/18 | closed 12/06/18 |

| | | | |
|---|---|---|---|
| 1:18-cv-04271-ELR | Drake v. YZI Foodmart LLC et al | filed 09/10/18 | closed 11/13/18 |
| 1:18-cv-04281-TWT | Futch v. R&R Atlanta LLC | filed 09/10/18 | closed 11/01/18 |
| 1:18-cv-04304-AT | Blinkhorn v. Magic 4590, LLC | filed 09/11/18 | closed 12/06/18 |
| 1:18-cv-04313-LMM | Futch v. Ekattor Inc. et al | filed 09/12/18 | closed 12/17/18 |
| 1:18-cv-04315-MHC | Holt v. Tijuana Joe's Cantina, Inc. | filed 09/12/18 | closed 01/09/19 |
| 1:18-cv-04518-CAP | Britton v. Trickum Ops, LLC et al | filed 09/27/18 | closed 12/06/18 |
| 1:18-cv-04526-WMR | Holt v. La Paloma, Inc. et al | filed 09/27/18 | closed 10/31/18 |
| 1:18-cv-04621-ELR | Blinkhorn v. KAS Food & Gas inc. et al | filed 10/03/18 | closed 11/13/18 |
| 1:18-cv-04635-MLB | Holt v. Perkins Investments, L.P. | filed 10/04/18 | closed 01/18/19 |
| 1:18-cv-04668-AT | Swafford v. Podber Limited Liability Limited Partnership | filed 10/08/18 | closed 11/16/18 |
| 1:18-cv-04728-MHC | Britton v. SAIF, Inc. | filed 10/11/18 | closed 12/10/18 |
| 1:18-cv-04731-ELR | Holt v. Acworth Promenade, LLC | filed 10/11/18 | closed 02/21/19 |
| 1:18-cv-04767-AT | Holt v. Sree Mangal LLC et al | filed 10/15/18 | closed 04/22/19 |
| 1:18-cv-04778-WMR | Blinkhorn v. Buford-Clairmont Co., Ltd. | filed 10/16/18 | closed 12/30/18 |
| 1:18-cv-04790-MLB | Swafford v. Fung Mei, Inc. et al | filed 10/16/18 | closed 01/07/19 |
| 1:18-cv-04817-TWT | Brown v. Doro's Italian Grill LLC et al | filed 10/17/18 | closed 01/02/19 |
| 1:18-cv-04835-AT | Blinkhorn v. Athens R.E. Ltd | filed 10/18/18 | closed 12/20/18 |

| | | | |
|---|---|---|---|
| 1:18-cv-04896-MLB | Swafford v. Lilburn Note Purchase, LLC | filed 10/23/18 | closed 02/15/19 |
| 1:18-cv-04918-LMM | Britton v. Ambema, Inc. et al | filed 10/24/18 | closed 12/10/18 |
| 1:18-cv-05052-AT | Holt v. Shanti Kunj, Inc. | filed 11/01/18 | closed 12/28/18 |
| 1:18-cv-05084-MLB | Holt v. Desh Enterprises, Inc. | filed 11/02/18 | closed 01/14/19 |
| 1:18-cv-05096-TWT | Brown v. PSA Ventures LLC | filed 11/05/18 | closed 12/31/18 |
| 1:18-cv-05138-MHC | Brown v. Moonflower Holdings Inc. et al | filed 11/07/18 | closed 04/23/19 |
| 1:18-cv-05163-MLB | Blinkhorn v. R.L. King Properties, LLC | filed 11/08/18 | closed 02/04/19 |
| 1:18-cv-05193-SCJ | Holt v. Dakota Enterprises, Inc. et al | filed 11/12/18 | closed 12/28/18 |
| 1:18-cv-05216-AT | Britton v. Georgia-Alabama Commerical Investments, LLC | filed 11/13/18 | closed 02/11/19 |
| 1:18-cv-05261-TCB | Blinkhorn v. Gygax,, LLC | filed 11/15/18 | closed 02/22/19 |
| 1:18-cv-05262-AT | Holt v. 4101 Roswell Road (Marietta), LLC | filed 11/15/18 | closed 06/19/19 |
| 1:18-cv-05309-AT | Futch v. Welcome Pantry 8 LLC et al | filed 11/19/18 | closed 05/10/19 |
| 1:18-cv-05330-ELR | Drake v. Topmart LLC et al | filed 11/20/18 | closed 02/27/19 |
| 1:18-cv-05383-AT | Britton v. FQSR, LLC | filed 11/26/18 | closed 03/01/19 |
| 1:18-cv-05392-RWS | Futch v. Suncoast, Inc. | filed 11/27/18 | closed 01/14/19 |
| 1:18-cv-05395-TCB | Brown v. Wendy Bagwell Venture, LLC | filed 11/27/18 | closed 02/20/19 |
| 1:18-cv-05398-AT | Blinkhorn v. Ma Dal Chung Gong, Inc. | filed 11/27/18 | closed 02/20/19 |
| 1:18-cv-05457-WMR | Britton v. FRIS CHKN, LLC | filed 11/29/18 | closed 06/20/19 |

| 1:18-cv-05474-RWS | Blinkhorn v. Clarkston Property, LLC | filed 11/30/18 | closed 03/29/19 |
|---|---|---|---|
| 1:18-cv-05518-ELR | Holt v. Sapeta LLC | filed 12/04/18 | closed 06/20/19 |
| 1:18-cv-05532-WMR | Drake v. Golden Mei Pond Inc | filed 12/05/18 | closed 05/28/19 |
| 1:18-cv-05691-AT | Futch v. Al-Rahim, Inc. et al | filed 12/13/18 | closed 05/15/19 |
| 1:18-cv-05697-SCJ | Britton v. Legacy 831 LLC | filed 12/13/18 | closed 02/12/19 |
| 1:18-cv-05753-ELR | Drake v. Camp Creek Station, LLC | filed 12/17/18 | closed 03/26/19 |
| 1:18-cv-05785-TCB | Blinkhorn v. Stop & Save Group, LLC et al | filed 12/18/18 | closed 01/14/19 |
| 1:18-cv-05833-MHC | Blinkhorn v. Quick Shop Citgo, LLC et al | filed 12/20/18 | closed 05/13/19 |
| 1:19-cv-00124-MLB | Swafford v. Ukani, Inc. | filed 01/07/19 | closed 01/25/19 |
| 1:19-cv-00142-WMR | Holt v. Fris Chkn, LLC | filed 01/08/19 | closed 04/03/19 |
| 1:19-cv-00153-TCB | Waters v. Mediterranean Bakery, Inc. et al | filed 01/08/19 | |
| 1:19-cv-00183-TWT | Swafford v. Wada, Inc. | filed 01/10/19 | closed 04/09/19 |
| 1:19-cv-00188-TCB | Blinkhorn v. Buford Beverage, LLC et al | filed 01/10/19 | closed 03/18/19 |
| 1:19-cv-00224-LMM | Drake v. Vimesh 2012 Inc et al | filed 01/11/19 | closed 04/08/19 |
| 1:19-cv-00241-MHC | Holt v. DH Hospitality, Inc. et al | filed 01/12/19 | closed 04/08/19 |
| 1:19-cv-00258-MLB | Drake v. Bankhead Food Store, Inc et al | filed 01/14/19 | closed 03/12/19 |
| 1:19-cv-00263-WMR | Futch v. Stone Mountain Aquisition I, LLC | filed 01/14/19 | closed 04/22/19 |
| 1:19-cv-00284-AT | Waters v. 3H Improvement LLC | filed 01/15/19 | closed 04/26/19 |

| | | | |
|---|---|---|---|
| 1:19-cv-00289-SCJ | Swafford v. SV Property Management Inc. | filed 01/15/19 | closed 04/03/19 |
| 1:19-cv-00373-TCB | Holt v. Waffle House, Inc. | filed 01/22/19 | closed 03/26/19 |
| 1:19-cv-00374-AT | Blinkhorn v. Organic Deed, LLC | filed 01/22/19 | closed 02/25/19 |
| 1:19-cv-00378-SCJ | Drake v. Afsheen Foodmart, Inc. | filed 01/22/19 | closed 03/21/19 |
| 1:19-cv-00379-LMM | Waters v. 1238 DeKalb Avenue, LLC | filed 01/22/19 | closed 04/22/19 |
| 1:19-cv-00402-ELR | Blinkhorn v. 2691 Bouldercrest Rd, LLC | filed 01/23/19 | closed 04/22/19 |
| 1:19-cv-00432-WMR | Holt v. Townpoint Retail, L.L.C. | filed 01/25/19 | closed 04/12/19 |
| 1:19-cv-00516-MLB | Britton v. 5015 Old National Highway Property, LLC | filed 01/31/19 | closed 04/08/19 |
| 1:19-cv-00594-AT | Britton v. Campbellton Shell Inc. | filed 02/04/19 | closed 03/26/19 |
| 1:19-cv-00605-LMM | Holt v. Rock N Taco, Inc. et al | filed 02/05/19 | closed 03/29/19 |
| 1:19-cv-00614-ELR | Britton v. Restaurant Management Group, Inc. et al | filed 02/05/19 | closed 03/26/19 |
| 1:19-cv-00622-WMR | Swafford v. El Compagino LLC et al | filed 02/05/19 | closed 06/13/19 |
| 1:19-cv-00642-AT | Futch v. A & N Investment, LLC | filed 02/06/19 | closed 04/15/19 |
| 1:19-cv-00692-MLB | Holt v. Ghandi | filed 02/08/19 | closed 04/05/19 |
| 1:19-cv-00718-TWT | Brown v. Petinos LLC | filed 02/11/19 | closed 06/17/19 |
| 1:19-cv-00723-TCB | Drake v. Alwani, Inc. | filed 02/11/19 | closed 05/21/19 |
| 1:19-cv-00747-LMM | Holt v. UHP Partners LLC et al | filed 02/12/19 | closed 05/02/19 |

| 1:19-cv-00773-WMR | Blinkhorn v. Twain's Billards, Inc. et al | filed 02/13/19 | closed 05/06/19 |
|---|---|---|---|
| 1:19-cv-00774-MHC | Futch v. Columbia Shoppes, LLC | filed 02/13/19 | |
| 1:19-cv-00869-WMR | Britton v. Delawalla Investments, L.L.C. | filed 02/21/19 | closed 03/20/19 |
| 1:19-cv-00876-MHC | Futch v. Gold Star Realty LLC | filed 02/21/19 | closed 05/16/19 |
| 1:19-cv-00920-WMR | Holt v. Alray, Inc. | filed 02/25/19 | closed 07/12/19 |
| 1:19-cv-00921-ELR | Futch v. KFC Corporation | filed 02/25/19 | closed 05/15/19 |
| 1:19-cv-00938-TWT | Blinkhorn v. 3L Realty, LLC | filed 02/26/19 | closed 04/29/19 |
| 1:19-cv-00956-AT | Britton v. Gun | filed 02/27/19 | closed 03/19/19 |
| 1:19-cv-00989-TWT | Brown v. Martin's Restaurant Systems, Inc. et al | filed 02/28/19 | closed 05/15/19 |
| 1:19-cv-01017-AT | Holt v. Beef Grill Restaurant, LLC et al | filed 03/04/19 | closed 04/05/19 |
| 1:19-cv-01044-LMM | Blinkhorn v. Lou Van Enterprises, Inc. et al | filed 03/05/19 | closed 05/10/19 |
| 1:19-cv-01081-WMR | Brown v. Hart | filed 03/07/19 | closed 05/02/19 |
| 1:19-cv-01085-TWT | Futch v. GND Real Estate Holdings, LLC | filed 03/07/19 | closed 04/26/19 |
| 1:19-cv-01138-TCB | Britton v. S.S.T. Investments, LLC | filed 03/11/19 | closed 04/11/19 |
| 1:19-cv-01184-SCJ | Britton v. Excalibur Investments, LLC | filed 03/13/19 | closed 05/23/19 |
| 1:19-cv-01237-WMR | Blinkhorn v. Wan-Le Partnership | filed 03/18/19 | closed 07/05/19 |
| 1:19-cv-01251-TCB | Swafford v. Asian Square Condominium Association, | filed 03/19/19 | closed 07/16/19 |

Inc.

| 1:19-cv-01587-TWT | Waters v. Berlin American Company, LLC | filed 04/09/19 | closed 07/02/19 |
|---|---|---|---|
| 1:19-cv-01600-AT | Holt v. Kerker Properties Glenridge, LLC | filed 04/09/19 | closed 08/01/19 |
| 1:19-cv-01628-ELR | Blinkhorn v. Heng Tai Property, Inc. | filed 04/10/19 | closed 06/10/19 |
| 1:19-cv-01651-TWT | Blinkhorn v. Fatima Alibhai LLC | filed 04/11/19 | |
| 1:19-cv-01699-LMM | Drake v. The Olive Tree, Inc. et al | filed 04/16/19 | closed 07/12/19 |
| 1:19-cv-01701-MHC | Holt v. Golden River Holdings, LLC | filed 04/16/19 | closed 07/15/19 |
| 1:19-cv-01723-ELR | Blinkhorn v. Marietta Bolton, LLC | filed 04/17/19 | closed 04/29/19 |
| 1:19-cv-01760-TWT | Britton v. Piccadilly Holdings Limited Liability Company | filed 04/19/19 | closed 06/17/19 |
| 1:19-cv-01794-JPB | Holt v. New Market - RW, LLC | filed 04/23/19 | |
| 1:19-cv-01798-AT | Futch v. PQV, LLC | filed 04/23/19 | |
| 1:19-cv-01852-SCJ | Holt v. Creek Development LLC | filed 04/25/19 | |
| 1:19-cv-01872-LMM | Blinkhorn v. M.E. Shlapak Ventures, LLC et al | filed 04/26/19 | closed 06/03/19 |
| 1:19-cv-01878-MHC | Britton v. Red Snapper LLC et al | filed 04/26/19 | |
| 1:19-cv-01918-MLB | Drake v. Komisarow Enterprises, L.P. | filed 04/30/19 | closed 06/28/19 |
| 1:19-cv-01931-WMR | Holt v. Wing Lee Hks LLC et al | filed 04/30/19 | |
| 1:19-cv-01935-TWT | Blinkhorn v. Montclair Seaboard, LLC | filed 04/30/19 | |
| 1:19-cv-02033-TCB | Holt v. East Piedmont Land Holdings, LLC | filed 05/06/19 | |

| 1:19-cv-02069-LMM | Futch v. Hairston Investors, LLC | filed 05/07/19 | closed 06/28/19 |
| 1:19-cv-02081-ELR | Drake v. Vosamis Ventures, LLC | filed 05/08/19 | |
| 1:19-cv-02090-MLB | Britton v. DWK Investment Property LLC | filed 05/08/19 | closed 07/18/19 |
| 1:19-cv-02240-AT | Holt v. Blessed C Store Inc. et al | filed 05/16/19 | |
| 1:19-cv-02249-LMM | Futch v. The W. W. Fowler Family Limited Partnership | filed 05/17/19 | |
| 1:19-cv-02252-MHC | Drake v. 855 S Cobb Ventures, LLC | filed 05/17/19 | |
| 1:19-cv-02257-MLB | Britton v. Cafe at the Corner, Inc. et al | filed 05/17/19 | |
| 1:19-cv-02273-TCB | Blinkhorn v. Frontera, Inc. et al | filed 05/20/19 | |
| 1:19-cv-02318-TWT | Futch v. Toro Construction, LLC | filed 05/22/19 | |
| 1:19-cv-02478-SCJ | Holt v. Georgia Ventures Logistics, LLC | filed 05/30/19 | closed 07/17/19 |
| 1:19-cv-02505-MLB | Stokes v. Diane-Springs, LLC | filed 05/31/19 | |
| 1:19-cv-02569-ELR | Brown v. Brixmor Operating Partnership LP | filed 06/04/19 | |
| 1:19-cv-02574-MLB | Blinkhorn v. Costopoulos et al | filed 06/04/19 | |
| 1:19-cv-02582-AT | Futch v. Kenhunt, Inc. | filed 06/03/19 | |
| 1:19-cv-02625-SCJ | Futch v. Highlands Place Shopping Center, LLC | filed 06/07/19 | |
| 1:19-cv-02732-LMM | Stokes v. TME Enterprises I., LTD. (L.P) | filed 06/14/19 | |
| 1:19-cv-02788-MLB | Britton v. Dolly Enterprises, Inc. | filed 06/19/19 | closed 07/30/19 |

| 1:19-cv-02794-WMR | Futch v. Northlake Festival, LLC | filed 06/19/19 |
|---|---|---|
| 1:19-cv-02828-TWT | Blinkhorn v. Zesto on Forrest Parkway, Inc. et al | filed 06/20/19 |
| 1:19-cv-02843-SCJ | Britton v. Metropolitan Parkway, LLC | filed 06/21/19 |
| 1:19-cv-02884-AT | Waters v. Embry Village S.C., LLC | filed 06/24/19 |
| 1:19-cv-02905-LMM | Britton v. Sheldon & Dorothy Cohen Family Investments LLLP | filed 06/25/19 |
| 1:19-cv-02909-MHC | Holt v. Hebah, Inc. | filed 06/25/19 |
| 1:19-cv-02930-MLB | Stokes v. Slope's Enterprises, Inc. | filed 06/26/19 |
| 1:19-cv-02933-WMR | Britton v. Yes Assets, LLC | filed 06/26/19 |
| 1:19-cv-02953-TWT | Futch v. D.M.D.; LLC | filed 06/27/19 |
| 1:19-cv-03109-AT | Holt v. ARHA Corporation | filed 07/08/19 |
| 1:19-cv-03124-SCJ | Britton v. Amarin Capital Partners LLC | filed 07/09/19 |
| 1:19-cv-03153-MLB | Blinkhorn v. United One Enterprises, Inc. | filed 07/10/19 |
| 1:19-cv-03169-TCB | Stokes v. Hardee's Food Systems LLC | filed 07/11/19 |
| 1:19-cv-03211-WMR | Futch v. BBR Glenwood I, Inc. et al | filed 07/15/19 |
| 1:19-cv-03212-JPB | Blinkhorn v. You Nay Khao | filed 07/15/19 |
| 1:19-cv-03223-MLB | Britton v. Big Daddy's Dish, LLC | filed 07/16/19 |
| 1:19-cv-03230-LMM | Stokes v. El Porton Mexican Restaurants, Inc. | filed 07/16/19 |
| 1:19-cv-03320-JPB | Britton v. Candler Food LLC 136 | filed 07/22/19 |

| 1:19-cv-03323-TCB | Holt v. K.K. Corp 3 | filed 07/22/19 | |
| 1:19-cv-03367-MHC | Holt v. Highway 23, L.L.C. | filed 07/24/19 | |
| 1:19-cv-03422-ELR | Blinkhorn v. Brothers Properties Riverdale LLC | filed 07/29/19 | |
| 2:11-cv-00001-WCO | Sanders v. Law Office of Michael D. Herrin et al | filed 01/04/11 | closed 01/06/12 |
| 2:11-cv-00007-WCO | Payne v. Mercantile Adjustment Bureau, LLC | filed 01/18/11 | closed 08/23/11 |
| 2:11-cv-00198-WCO | Payne v. Omni Credit Services of Georgia, Inc. et al | filed 08/01/11 | closed 10/01/12 |
| 2:11-cv-00217-WCO | Payne v. First National Collection Bureau, Inc. | filed 08/17/11 | closed 11/28/11 |
| 2:11-cv-00238-WCO | King v. Creditors' Law Group, P.C. et al | filed 09/06/11 | closed 12/22/11 |
| 2:11-cv-00260-WCO | Payne v. Reagin Law Group, P.C. et al | filed 09/26/11 | closed 01/12/12 |
| 2:13-cv-00009-WCO | Chetakian v. United Credit Corporation et al | filed 01/15/13 | closed 08/13/13 |
| 2:18-cv-00023-RWS | Terrell v. ProCollect, Inc. | filed 02/28/18 | closed 05/31/18 |
| 2:18-cv-00024-RWS | Shelton v. ProCollect, Inc. | filed 02/28/18 | closed 05/31/18 |
| 3:11-cv-00030-TWT | Johnston v. Lazega & Johanson, LLC | filed 02/22/11 | closed 03/16/11 |
| 4:11-cv-00168-HLM | Lopez et al v. Nationwide Recovery | filed 06/20/11 | closed 03/07/12 |
| 4:12-cv-00183-HLM | Hix v. NCB Management Services, Inc. et al | filed 08/07/12 | closed 11/08/12 |
| 4:18-cv-00274- | Brown v. East Paulding Center, LLC | filed 12/13/18 | closed 02/19/19 |

| 4:19-cv-00011-HLM | Brown v. TME Enterprises, I., LPD. (L.P.) | filed 01/18/19 closed 03/05/19 |
| 4:19-cv-00133-TCB | Brown v. A.K. Golden Jubilee, LLC | filed 06/27/19 |
| 4:19-cv-00146-LMM | Brown v. Paulding Goodman, LLC | filed 07/09/19 |
| 4:19-cv-00153-TWT | Brown v. Jaime & Group, LLC | filed 07/11/19 |
| 4:19-cv-00166-WMR | Brown v. China Hart, Inc. | filed 07/31/19 |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 08/02/2019 10:57:36 | | | |
| **PACER Login:** | elkhalillaw | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: ehrlich First Name: craig |
| **Billable Pages:** | 16 | **Cost:** | 1.60 |

# EXHIBIT B

# Select A Case

### Dakota Holt is a plaintiff in 106 cases.

| 1:16-cv-01683-WSD | Holt v. Thakur Investment, L.L.C. | filed 05/24/16 closed 09/13/16 |
| --- | --- | --- |
| 1:16-cv-01832-AT | Holt v. Crazy Cuban LLC et al | filed 06/06/16 closed 08/16/16 |
| 1:16-cv-01972-TWT | Holt v. BOP, LLC | filed 06/14/16 closed 09/13/16 |
| 1:16-cv-01973-LMM | Holt v. Fourteenth St. LLC et al | filed 06/14/16 closed 08/17/16 |
| 1:16-cv-02058-WSD | Holt v. Octane Coffee Company, LLC et al | filed 06/17/16 closed 09/06/16 |
| 1:16-cv-02145-LMM | Holt v. Amelie's Holdings, LLC et al | filed 06/22/16 closed 06/28/16 |
| 1:16-cv-02252-AT | Holt v. RD, LLC | filed 06/27/16 closed 12/12/16 |
| 1:16-cv-02377-TWT | Holt v. Six Feet Under, LLC et al | filed 06/30/16 closed 08/26/16 |
| 1:16-cv-02554-ELR | Holt v. Teta Food Company LLC | filed 07/14/16 closed 09/13/16 |
| 1:16-cv-02646-AT | Holt v. State and Fourteenth, LLC | filed 07/21/16 closed 09/21/16 |
| 1:16-cv-02685-TCB | Holt v. So Tong, LLC et al | filed 07/25/16 closed 09/23/16 |
| 1:16-cv-02710-WSD | Holt v. 14th Street Antiques & Interiors, Inc. et al | filed 07/26/16 closed 08/08/16 |
| 1:16-cv-03107-ELR | Holt v. Shamim Investments LLC et al | filed 08/24/16 closed 11/07/16 |
| 1:16-cv-03602-SCJ | Holt v. Bouldercrest Center, LLC | filed 09/26/16 closed 12/05/16 |
| 1:16-cv-03736-AT | Holt v. Atlanta Hospitality Investment LLC et al | filed 10/06/16 closed 12/15/16 |

| | | |
|---|---|---|
| 1:16-cv-03864-AT | Holt v. Wine Oil Company, Inc. | filed 10/17/16   closed 12/22/16 |
| 1:16-cv-03992-TWT | Holt v. 821 Concord LLC | filed 10/26/16   closed 01/12/17 |
| 1:16-cv-04086-TCB | Holt v. JSKA Investment Group, LLC | filed 11/01/16   closed 12/16/16 |
| 1:16-cv-04130-AT | Holt v. Crafty Hog, Inc. et al | filed 11/03/16   closed 01/09/17 |
| 1:16-cv-04586-AT | Holt v. Malincho, Inc. et al | filed 12/14/16   closed 08/08/17 |
| 1:16-cv-04612-MHC | Holt v. Johnston | filed 12/15/16   closed 04/11/17 |
| 1:17-cv-00005-RWS | Holt v. 725 Concord, LLC | filed 01/03/17   closed 03/29/17 |
| 1:17-cv-00062-AT | Holt v. AIZ Quick Shop Inc et al | filed 01/05/17   closed 01/27/17 |
| 1:17-cv-00087-WSD | Holt v. Vasudev, LLC | filed 01/09/17   closed 09/19/17 |
| 1:17-cv-00187-AT | Holt v. Pat Mell Partnership | filed 01/17/17   closed 05/11/17 |
| 1:17-cv-00280-TWT | Holt v. Davinci's Pizza Delivery, Inc. et al | filed 01/24/17   closed 05/05/17 |
| 1:17-cv-00311-ELR | Holt v. Old South Barbecue, Inc. et al. | filed 01/26/17   closed 06/07/17 |
| 1:17-cv-00340-TCB | Holt v. Tedricks, Inc. et al | filed 01/30/17   closed 06/27/17 |
| 1:17-cv-00510-SCJ | Holt v. Riverview Associates, LTD | filed 02/10/17   closed 10/05/17 |
| 1:17-cv-00578-AT | Holt v. IJC Royal, LLC et al | filed 02/15/17   closed 06/21/17 |
| 1:17-cv-00682-LMM | Holt v. Gurdaspura, Inc. et al | filed 02/23/17   closed 07/20/17 |
| 1:17-cv-00700-RWS | Holt v. Nam Dae Mun, LLC et al | filed 02/24/17   closed 05/26/17 |
| 1:17-cv-00749-LMM | Holt v. L.I.U. Properties, Inc. | filed 03/01/17   closed 08/22/17 |
| 1:17-cv-00787-LMM | Holt v. SC Property 2, LLC | filed 03/03/17   closed 05/23/17 |

| 1:17-cv-00847-ELR | Holt v. Neighborhood Restaurant Partners, LLC et al | filed 03/08/17 | closed 07/20/17 |
| 1:17-cv-01050-RWS | Holt v. Tzalka et al | filed 03/23/17 | closed 06/09/17 |
| 1:17-cv-01101-TCB | Holt v. Monterrey Mexican Restaurant No. 21, Inc. et al | filed 03/27/17 | closed 08/01/17 |
| 1:17-cv-01227-SCJ | Holt v. Hersch's Super Market, Inc. | filed 04/05/17 | closed 07/14/17 |
| 1:17-cv-01554-LMM | Holt v. Blue Moon Pizza of Windy Hill, LLC et al | filed 05/01/17 | closed 05/30/17 |
| 1:17-cv-01665-ELR | Holt v. Tomioka Corporation et al | filed 05/09/17 | closed 07/12/17 |
| 1:17-cv-01996-RWS | Holt v. UTF Bankhead L.L.C. | filed 06/01/17 | closed 06/29/17 |
| 1:17-cv-02119-MHC | Holt v. Folks, Inc. et al | filed 06/09/17 | closed 11/01/17 |
| 1:17-cv-02295-SCJ | Holt v. Desert Storm Development, LLC | filed 06/19/17 | closed 11/09/17 |
| 1:17-cv-02436-LMM | Holt v. Mukhiya & Family LLC et al | filed 06/29/17 | closed 09/08/17 |
| 1:17-cv-02604-TWT | Holt v. Cash America International, Inc. | filed 07/11/17 | closed 09/21/17 |
| 1:17-cv-02695-WSD | Holt v. Windy Hill Minimart Inc et al | filed 07/18/17 | closed 09/20/17 |
| 1:17-cv-02743-ELR | Holt v. 2900 South Cobb Drive, LLC | filed 07/20/17 | closed 09/18/17 |
| 1:17-cv-02819-TCB | Holt v. Gaoli, Inc. et al | filed 07/26/17 | closed 01/02/18 |
| 1:17-cv-02927-MHC | Holt v. Siam Restaurant, Inc. et al | filed 08/03/17 | closed 10/25/17 |
| 1:17-cv-03017-AT | Holt v. Metro Corral Partners, LLC et al | filed 08/10/17 | closed 11/01/17 |
| 1:17-cv-03104-WSD | Holt v. Jasara, Inc. | filed 08/16/17 | closed 10/10/17 |
| 1:17-cv-03267-ELR | Holt v. Taco Cantina, LLC et al | filed 08/29/17 | closed 10/30/17 |

| | | | |
|---|---|---|---|
| 1:17-cv-03399-TCB | Holt v. SHM Enterprises, Inc. et al | filed 09/06/17 | closed 04/09/18 |
| 1:17-cv-03521-SCJ | Holt v. Sam & Samita LLC | filed 09/13/17 | closed 12/01/17 |
| 1:17-cv-03744-TWT | Holt v. REV Coffee, Inc. et al | filed 09/25/17 | closed 12/06/17 |
| 1:17-cv-03825-MLB | Holt v. Yonas et al | filed 09/29/17 | closed 03/29/18 |
| 1:17-cv-03937-LMM | Holt v. Blue Chip Pizza Products, LLC et al | filed 10/06/17 | closed 12/29/17 |
| 1:17-cv-04043-WSD | Holt v. Concord Square Shopping Center, LLC | filed 10/12/17 | closed 01/02/18 |
| 1:17-cv-04906-TWT | Holt v. REES 427, LLC | filed 12/04/17 | closed 01/29/18 |
| 1:17-cv-04995-LMM | Holt v. Lahore Grill Restaurant Inc. et al | filed 12/07/17 | closed 03/27/18 |
| 1:17-cv-05414-TCB | Holt v. Buen Provecho, LLC et al | filed 12/26/17 | closed 03/09/18 |
| 1:18-cv-00009-ELR | Holt v. Bernhard's Bread Bakery, LP et al | filed 01/02/18 | closed 04/13/18 |
| 1:18-cv-00672-WSD | Holt v. Jiyeon, Inc. et al | filed 02/14/18 | closed 04/10/18 |
| 1:18-cv-00692-LMM | Holt v. AASIR USA, LLC et al | filed 02/15/18 | closed 04/16/18 |
| 1:18-cv-01010-AT | Holt v. T K Atlanta LLC et al | filed 03/08/18 | closed 06/21/18 |
| 1:18-cv-01217-AT | Holt v. Austell Seafood Market Inc et al | filed 03/22/18 | closed 06/27/18 |
| 1:18-cv-01645-TCB | Holt v. Landlocked, LLC | filed 04/17/18 | closed 05/16/18 |
| 1:18-cv-02052-SCJ | Holt v. YNH Properties LLC | filed 05/10/18 | closed 10/15/18 |
| 1:18-cv-02347-AT | Holt v. Shorty's Toco Hill, LLC et al | filed 05/22/18 | closed 10/23/18 |
| 1:18-cv-02791-MHC | Holt v. Pappas Restaurants, Inc. | filed 06/06/18 | closed 09/18/18 |
| 1:18-cv-03159-RWS | Holt v. La Cosecha, Inc. et al | filed 06/29/18 | closed 10/17/18 |

| | | | |
|---|---|---|---|
| 1:18-cv-03309-MLB | Holt v. Yun Yang, Inc. et al | filed 07/10/18 | closed 11/02/18 |
| 1:18-cv-03833-ELR | Holt v. 1318 JFR, Inc. et al | filed 08/12/18 | closed 10/11/18 |
| 1:18-cv-04237-LMM | Holt v. Lower Roswell Donuts Holdings, LLC | filed 09/06/18 | closed 11/09/18 |
| 1:18-cv-04315-MHC | Holt v. Tijuana Joe's Cantina, Inc. | filed 09/12/18 | closed 01/09/19 |
| 1:18-cv-04526-WMR | Holt v. La Paloma, Inc. et al | filed 09/27/18 | closed 10/31/18 |
| 1:18-cv-04635-MLB | Holt v. Perkins Investments, L.P. | filed 10/04/18 | closed 01/18/19 |
| 1:18-cv-04731-ELR | Holt v. Acworth Promenade, LLC | filed 10/11/18 | closed 02/21/19 |
| 1:18-cv-04767-AT | Holt v. Sree Mangal LLC et al | filed 10/15/18 | closed 04/22/19 |
| 1:18-cv-05052-AT | Holt v. Shanti Kunj, Inc. | filed 11/01/18 | closed 12/28/18 |
| 1:18-cv-05084-MLB | Holt v. Desh Enterprises, Inc. | filed 11/02/18 | closed 01/14/19 |
| 1:18-cv-05193-SCJ | Holt v. Dakota Enterprises, Inc. et al | filed 11/12/18 | closed 12/28/18 |
| 1:18-cv-05262-AT | Holt v. 4101 Roswell Road (Marietta), LLC | filed 11/15/18 | closed 06/19/19 |
| 1:18-cv-05457-WMR | Britton v. FRIS CHKN, LLC | filed 11/29/18 | closed 06/20/19 |
| 1:18-cv-05518-ELR | Holt v. Sapeta LLC | filed 12/04/18 | closed 06/20/19 |
| 1:19-cv-00142-WMR | Holt v. Fris Chkn, LLC | filed 01/08/19 | closed 04/03/19 |
| 1:19-cv-00241-MHC | Holt v. DH Hospitality, Inc. et al | filed 01/12/19 | closed 04/08/19 |
| 1:19-cv-00373-TCB | Holt v. Waffle House, Inc. | filed 01/22/19 | closed 03/26/19 |

| | | | |
|---|---|---|---|
| 1:19-cv-00432-WMR | Holt v. Townpoint Retail, L.L.C. | filed 01/25/19 | closed 04/12/19 |
| 1:19-cv-00605-LMM | Holt v. Rock N Taco, Inc. et al | filed 02/05/19 | closed 03/29/19 |
| 1:19-cv-00692-MLB | Holt v. Ghandi | filed 02/08/19 | closed 04/05/19 |
| 1:19-cv-00747-LMM | Holt v. UHP Partners LLC et al | filed 02/12/19 | closed 05/02/19 |
| 1:19-cv-00920-WMR | Holt v. Alray, Inc. | filed 02/25/19 | closed 07/12/19 |
| 1:19-cv-01017-AT | Holt v. Beef Grill Restaurant, LLC et al | filed 03/04/19 | closed 04/05/19 |
| 1:19-cv-01600-AT | Holt v. Kerker Properties Glenridge, LLC | filed 04/09/19 | closed 08/01/19 |
| 1:19-cv-01701-MHC | Holt v. Golden River Holdings, LLC | filed 04/16/19 | closed 07/15/19 |
| 1:19-cv-01794-JPB | Holt v. New Market - RW, LLC | filed 04/23/19 | |
| 1:19-cv-01852-SCJ | Holt v. Creek Development LLC | filed 04/25/19 | |
| 1:19-cv-01931-WMR | Holt v. Wing Lee Hks LLC et al | filed 04/30/19 | |
| 1:19-cv-02033-TCB | Holt v. East Piedmont Land Holdings, LLC | filed 05/06/19 | |
| 1:19-cv-02240-AT | Holt v. Blessed C Store Inc. et al | filed 05/16/19 | |
| 1:19-cv-02478-SCJ | Holt v. Georgia Ventures Logistics, LLC | filed 05/30/19 | closed 07/17/19 |
| 1:19-cv-02909-MHC | Holt v. Hebah, Inc. | filed 06/25/19 | |
| 1:19-cv-03109-AT | Holt v. ARHA Corporation | filed 07/08/19 | |
| 1:19-cv-03323-TCB | Holt v. K.K. Corp 3 | filed 07/22/19 | |
| 1:19-cv-03367-MHC | Holt v. Highway 23, L.L.C. | filed 07/24/19 | |

## PACER Service Center

### Transaction Receipt

08/02/2019 11:01:10

| PACER Login: | elkhalillaw | Client Code: | |
|---|---|---|---|
| Description: | Search | Search Criteria: | Last Name: holt First Name: dakota |
| Billable Pages: | 4 | Cost: | 0.40 |

# EXHIBIT C

Query    Reports    Utilities    Help    Log Out

# Select A Case

### Thomas H. Futch is a plaintiff in 121 cases.

| | | | |
|---|---|---|---|
| 1:15-cv-02951-ELR | Futch v. The Rusty Nail Pub, Inc. et al | filed 08/20/15 | closed 12/02/15 |
| 1:15-cv-02998-MHC | Futch v. Ajani Investments, Inc. et al | filed 08/25/15 | closed 03/23/16 |
| 1:15-cv-03030-AT | Futch v. Argonne Capital Group, LLC et al | filed 08/27/15 | closed 12/01/15 |
| 1:15-cv-03089-MHC | Futch v. 2165 Cheshire Bridge Associates, LLC | filed 09/01/15 | closed 12/03/15 |
| 1:15-cv-03170-SCJ | Futch v. Hae Woon Dae Restaurant, Inc. et al | filed 09/09/15 | closed 02/11/16 |
| 1:15-cv-03203-RWS | Futch v. Landmark Diner, Inc. et al | filed 09/11/15 | closed 03/07/16 |
| 1:15-cv-03210-WSD | Futch v. Veeranarong, Inc. et al | filed 09/12/15 | closed 02/03/16 |
| 1:15-cv-03489-AT | Futch v. Nam Phuong Corporation et al | filed 09/30/15 | closed 12/16/15 |
| 1:15-cv-03494-TWT | Futch v. Concessions International, LLC et al | filed 10/01/15 | closed 01/27/16 |
| 1:15-cv-03770-TCB | Futch v. FIGO Pasta, LLC et al | filed 10/27/15 | closed 02/08/16 |
| 1:15-cv-03825-WSD | Futch v. Chih Hsia Enterprises, Inc. et al | filed 11/02/15 | closed 02/16/16 |
| 1:15-cv-04002-TWT | Futch v. Georgia-Alabama Commercial Management, LLC | filed 11/17/15 | closed 03/14/16 |
| 1:15-cv-04003-WSD | Futch v. Capital View Restaurant Group, Inc. et al | filed 11/17/15 | closed 08/05/16 |

| | | | |
|---|---|---|---|
| 1:15-cv-04165-WSD | Futch v. World Wide Trading, Inc. | filed 11/30/15 | closed 03/23/16 |
| 1:15-cv-04177-AT | Futch v. No Mas! Cantina, Inc. et al | filed 12/01/15 | closed 02/04/16 |
| 1:15-cv-04218-TWT | Futch v. Antico Foods, LLC et al | filed 12/03/15 | closed 07/11/16 |
| 1:15-cv-04245-RWS | Futch v. Sheba Ethiopian Restaurant, Inc. et al | filed 12/07/15 | closed 08/29/16 |
| 1:15-cv-04296-LMM | Futch v. RMP Ventures, LLC | filed 12/10/15 | closed 02/16/16 |
| 1:15-cv-04313-MHC | Futch v. Home Grown GA, Inc. et al | filed 12/11/15 | closed 03/21/16 |
| 1:15-cv-04399-ELR | Futch v. Peachtree Food & Gas, LLC et al | filed 12/17/15 | closed 04/26/16 |
| 1:16-cv-00280-AT | Futch v. JKJ Enterprises, Inc. et al | filed 01/29/16 | closed 04/27/16 |
| 1:16-cv-00438-MHC | Futch v. Brito Supermarkets, Inc. et al | filed 02/11/16 | closed 04/28/16 |
| 1:16-cv-00481-TWT | Futch v. White Windmill, Inc. et al | filed 02/15/16 | closed 05/18/16 |
| 1:16-cv-00657-RWS | Futch v. Starship Enterprises of Atlanta, Inc. et al | filed 03/01/16 | closed 06/17/16 |
| 1:16-cv-00671-MHC | Futch v. KNL Joint Venture, LLC | filed 03/02/16 | closed 05/25/16 |
| 1:16-cv-00768-WSD | Futch v. Pampa Steakhouse, Inc. et al | filed 03/09/16 | closed 07/14/16 |
| 1:16-cv-01003-MHC | Futch v. Plaza One, LLC | filed 03/28/16 | closed 06/13/16 |
| 1:16-cv-01063-TWT | Futch v. Panaderia Del Valle, Inc. et al | filed 03/31/16 | closed 07/01/16 |

1:16-cv-01064-RWS          Futch v. SRPF A/MORELAND, LLC              filed 03/31/16   closed 08/15/16

1:16-cv-01097-ELR          Futch v. Alterman Properties LLC et al     filed 04/04/16   closed 11/29/16

1:16-cv-01197-MHC          Futch v. SS Fast Food - Moreland, LLC      filed 04/13/16   closed 06/21/16

1:16-cv-01200-AT           Futch v. Rite Aid of Georgia, Inc. et al   filed 04/13/16   closed 08/04/16

1:16-cv-01210-TCB          Futch v. Angela Lee's Food Store, Inc.     filed 04/14/16   closed 07/11/16

1:16-cv-01355-SCJ          Futch v. Rock West Investments III, LLC    filed 04/26/16   closed 08/10/16

1:16-cv-01481-WSD          Futch v. Genene Helen Inc. et al           filed 05/06/16   closed 08/05/16

1:16-cv-01509-LMM          Futch v. Imperial Fez, Inc. et al          filed 05/10/16   closed 06/16/16

1:16-cv-01521-TWT          Futch v. Nabat Properties, LLC             filed 05/11/16   closed 08/25/16

1:16-cv-01522-TCB          Futch v. American Deli International, Inc. et al   filed 05/11/16   closed 08/08/16

1:16-cv-02376-RWS          Futch v. Massey Associates, LTD. L.P.      filed 06/30/16   closed 08/15/16

1:16-cv-02469-WSD          Futch v. Sherob Properties, LLC            filed 07/08/16   closed 10/20/16

1:16-cv-02600-ELR          Futch v. Northlake Roxx LLC et al          filed 07/18/16   closed 10/03/16

1:16-cv-02765-MHC          Futch v. CPSC, LLC                         filed 07/29/16   closed 11/15/16

1:16-cv-02863-AT           Futch v. Saul Subsidiary I Limited Partnership   filed 08/08/16   closed 09/21/16

1:16-cv-03046-MHC          Futch v. Gwinnett Prado, L.P.              filed 08/19/16   closed 10/26/16

| 1:16-cv-03047-TWT | Futch v. Clover Plaza, LLC | filed 08/19/16 | closed 11/16/16 |
| 1:16-cv-03128-TWT | Futch v. ANA Associates -VIII, LLC | filed 08/25/16 | closed 03/22/17 |
| 1:16-cv-03131-RWS | Futch v. BM Real Estate, LLC | filed 08/25/16 | closed 01/03/17 |
| 1:16-cv-03132-WSD | Futch v. Park Village Shopping Center, LLC | filed 08/25/16 | closed 10/24/16 |
| 1:16-cv-03148-SCJ | Futch v. Piedmont TC, Inc. et al | filed 08/26/16 | closed 11/09/16 |
| 1:16-cv-03172-TWT | Futch v. 4639, LLC | filed 08/29/16 | closed 11/29/16 |
| 1:16-cv-03534-AT | Futch v. Bench Warmers Sports Grill, Inc. et al | filed 09/20/16 | closed 03/08/17 |
| 1:16-cv-03585-TWT | Futch v. Pretti Plates Catering LLC et al | filed 09/25/16 | closed 02/21/17 |
| 1:16-cv-03586-WSD | Futch v. Vinayaka Inc. | filed 09/25/16 | closed 11/15/16 |
| 1:16-cv-03726-ELR | Futch v. Cheshire/Lavista, LLC | filed 10/05/16 | closed 12/16/16 |
| 1:16-cv-03847-MHC | Futch v. Cheesesteak Incorporated et al | filed 10/15/16 | closed 12/21/16 |
| 1:16-cv-03863-TCB | Futch v. Mass Appeal LLC et al | filed 10/17/16 | closed 01/06/17 |
| 1:16-cv-03993-WSD | Futch v. Mabo Investments, Inc. et al | filed 10/26/16 | closed 03/28/17 |
| 1:16-cv-04100-WSD | Futch v. Gateway Industries & Associates, LLC | filed 11/02/16 | closed 01/26/17 |
| 1:16-cv-04155-AT | Futch v. Little Bangkok Restaurant, Inc. et al | filed 11/05/16 | closed 01/09/17 |
| 1:16-cv-04164-RWS | Futch v. SE Realty Partners V LLC | filed 11/07/16 | closed 01/30/17 |

| 1:16-cv-04547-MHC | Futch v. Petro Bangla Inc. | filed 12/09/16 | closed 12/28/16 |
| 1:16-cv-04784-LMM | Futch v. Park Village Retail Shops, LLC | filed 12/29/16 | closed 01/17/17 |
| 1:17-cv-00057-MHC | Futch v. Hudgins Family Limited Partnership, LLLP | filed 01/04/17 | closed 02/21/17 |
| 1:17-cv-00058-ELR | Futch v. Georgetown Shops, LLC | filed 01/04/17 | closed 05/02/17 |
| 1:17-cv-00171-LMM | Futch v. Nakato, Inc. | filed 01/13/17 | closed 03/16/17 |
| 1:17-cv-00172-MHC | Futch v. Freto Inc et al | filed 01/13/17 | closed 07/13/17 |
| 1:17-cv-00194-LMM | Futch v. Spice Bistro Group LLC et al | filed 01/17/17 | closed 03/02/17 |
| 1:17-cv-00217-AT | Futch v. Parkash Enterprises, Inc. | filed 01/18/17 | closed 04/21/17 |
| 1:17-cv-00283-WSD | Futch v. Babylon Cafe LLC et al | filed 01/24/17 | closed 03/30/17 |
| 1:17-cv-00381-MHC | Futch v. Riverview Associates, LTD | filed 01/31/17 | closed 11/02/17 |
| 1:17-cv-00429-SCJ | Futch v. UTO International, Inc. et al | filed 02/03/17 | closed 04/25/17 |
| 1:17-cv-00464-MHC | Futch v. The Mad Italian, Inc. et al | filed 02/07/17 | closed 07/17/17 |
| 1:17-cv-00547-WSD | Futch v. Le Menu, Inc. et al | filed 02/14/17 | closed 04/19/17 |
| 1:17-cv-00784-ELR | Futch v. Winters C LLC et al | filed 03/03/17 | closed 05/19/17 |
| 1:17-cv-01263-ELR | Futch v. Roberts & Shefrin, LLC | filed 04/07/17 | closed 06/23/17 |
| 1:17-cv-01444- | Futch v. Bon Temps, Inc. et al | filed 04/24/17 | closed 07/07/17 |

| | | |
|---|---|---|
| 1:17-cv-01870-AT | Futch v. Hankook BBQ Taqueria, LLC et al | filed 05/23/17   closed 08/08/17 |
| 1:17-cv-02019-TCB | Futch v. Hoover Foods Incorporated et al | filed 06/02/17   closed 08/07/17 |
| 1:17-cv-02123-ELR | Futch v. Gateway Village Holdings, LLC | filed 06/09/17   closed 08/09/17 |
| 1:17-cv-02266-WSD | Futch v. Steakhouse Express, Inc. et al | filed 06/16/17   closed 09/20/17 |
| 1:17-cv-02774-AT | Futch v. VBS, LLC | filed 07/21/17   closed 02/02/18 |
| 1:17-cv-02926-LMM | Futch v. I Love Thai, Inc. et al | filed 08/03/17   closed 01/09/18 |
| 1:17-cv-03060-TWT | Futch v. JH USA LLC et al | filed 08/14/17   closed 03/20/18 |
| 1:17-cv-03093-SCJ | Futch v. Baro Investments, LLC | filed 08/15/17   closed 12/18/17 |
| 1:17-cv-03358-MHC | Futch v. A F S Foodmart, Inc. et al | filed 09/05/17   closed 12/27/17 |
| 1:17-cv-03740-LMM | Futch v. Advance Stores Company Incorporated et al | filed 09/25/17   closed 11/22/17 |
| 1:17-cv-03828-WSD | Futch v. Copeland Village Shopping Center, LLC | filed 09/29/17   closed 04/05/18 |
| 1:17-cv-04033-TWT | Futch v. Sereke Inc. et al | filed 10/11/17   closed 01/02/18 |
| 1:17-cv-04142-TCB | Futch v. Lee et al | filed 10/18/17   closed 07/17/18 |
| 1:17-cv-04211-AT | Futch v. 655 Cleveland, Inc. et al | filed 10/23/17   closed 05/07/18 |
| 1:18-cv-00006-LMM | Futch v. One Three Four, Inc. et al | filed 01/02/18   closed 05/03/18 |
| 1:18-cv-00450- | Futch v. G and V Express Inc. et al | filed 01/29/18   closed 06/06/18 |

| 1:18-cv-01239-MHC | Futch v. Faizaan Group, Inc. et al | filed 03/23/18 closed 06/13/18 |
| 1:18-cv-01594-AT | Futch v. Goodway Business Inc et al | filed 04/13/18 closed 06/29/18 |
| 1:18-cv-02080-MLB | Futch v. HMY Enterprise, Inc. | filed 05/11/18 closed 06/08/18 |
| 1:18-cv-02505-MHC | Futch v. Welcome Pantry Glenwood LLC et al | filed 05/24/18 closed 07/31/18 |
| 1:18-cv-03026-SCJ | Futch v. Embry Village S.C., LLC | filed 06/21/18 closed 09/28/18 |
| 1:18-cv-03165-LMM | Futch v. Genuine Parts Company | filed 06/30/18 closed 11/07/18 |
| 1:18-cv-03208-RWS | Futch v. Tara Boulevard Restaurant Corp. et al | filed 07/03/18 closed 10/02/18 |
| 1:18-cv-03533-ELR | Futch v. ASF Business, Inc. et al | filed 07/23/18 closed 01/22/19 |
| 1:18-cv-03768-RWS | Futch v. Fris Chkn LLC | filed 08/07/18 closed 02/27/19 |
| 1:18-cv-04281-TWT | Futch v. R&R Atlanta LLC | filed 09/10/18 closed 11/01/18 |
| 1:18-cv-04313-LMM | Futch v. Ekattor Inc. et al | filed 09/12/18 closed 12/17/18 |
| 1:18-cv-05309-AT | Futch v. Welcome Pantry 8 LLC et al | filed 11/19/18 closed 05/10/19 |
| 1:18-cv-05392-RWS | Futch v. Suncoast, Inc. | filed 11/27/18 closed 01/14/19 |
| 1:18-cv-05691-AT | Futch v. Al-Rahim, Inc. et al | filed 12/13/18 closed 05/15/19 |
| 1:19-cv-00263-WMR | Futch v. Stone Mountain Aquisition I, LLC | filed 01/14/19 closed 04/22/19 |

1:19-cv-00642-AT    Futch v. A & N Investment, LLC      filed 02/06/19   closed 04/15/19

1:19-cv-00774-MHC    Futch v. Columbia Shoppes, LLC      filed 02/13/19

1:19-cv-00876-MHC    Futch v. Gold Star Realty LLC      filed 02/21/19   closed 05/16/19

1:19-cv-00921-ELR    Futch v. KFC Corporation      filed 02/25/19   closed 05/15/19

1:19-cv-01085-TWT    Futch v. GND Real Estate Holdings, LLC      filed 03/07/19   closed 04/26/19

1:19-cv-01798-AT    Futch v. PQV, LLC      filed 04/23/19

1:19-cv-02069-LMM    Futch v. Hairston Investors, LLC      filed 05/07/19   closed 06/28/19

1:19-cv-02249-LMM    Futch v. The W. W. Fowler Family Limited Partnership      filed 05/17/19

1:19-cv-02318-TWT    Futch v. Toro Construction, LLC      filed 05/22/19

1:19-cv-02582-AT    Futch v. Kenhunt, Inc.      filed 06/03/19

1:19-cv-02625-SCJ    Futch v. Highlands Place Shopping Center, LLC      filed 06/07/19

1:19-cv-02794-WMR    Futch v. Northlake Festival, LLC      filed 06/19/19

1:19-cv-02953-TWT    Futch v. D.M.D.; LLC      filed 06/27/19

1:19-cv-03211-WMR    Futch v. BBR Glenwood I, Inc. et al      filed 07/15/19

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/02/2019 11:04:04 | | |
| **PACER Login:** | elkhalillaw | **Client Code:** |

| Description: | Search | | Search Criteria: | Last Name: futch First Name: thomas |
|---|---|---|---|---|
| Billable Pages: | 4 | | Cost: | 0.40 |

# EXHIBIT D

Query    Reports    Utilities    Help    Log Out

# Select A Case

### Yvonne Brown is a plaintiff in 35 cases.

| | | | |
|---|---|---|---|
| 1:17-cv-01423-SCJ | Brown v. YHDR, LLC | filed 04/23/17 | closed 06/23/17 |
| 1:17-cv-01956-RWS | Brown v. Big Lots Stores, Inc. et al | filed 05/30/17 | closed 10/23/17 |
| 1:17-cv-02152-AT | Brown v. Austell FS LLC | filed 06/12/17 | closed 07/07/17 |
| 1:17-cv-02982-WSD | Brown v. The Pep Boys-Manny, Moe & Jack (Inc.) et al | filed 08/08/17 | closed 02/16/18 |
| 1:17-cv-03200-SCJ | Brown v. Apple, Inc. | filed 08/23/17 | closed 08/14/18 |
| 1:17-cv-03560-RWS | Brown v. N.N.U., Inc. et al | filed 09/14/17 | closed 11/09/17 |
| 1:17-cv-03644-TWT | Brown v. Cobb Kwik Mart, LLC et al | filed 09/20/17 | closed 04/23/18 |
| 1:17-cv-03797-LMM | Brown v. AMF Bowling Centers, Inc. et al | filed 09/28/17 | closed 11/22/17 |
| 1:17-cv-03939-ELR | Brown v. Layla Fatema, Inc. | filed 10/06/17 | closed 04/23/18 |
| 1:17-cv-04044-WSD | Brown v. Reddy Property LLC | filed 10/12/17 | closed 12/21/17 |
| 1:17-cv-04141-WSD | Brown v. Hubert Properties, LLLP | filed 10/18/17 | closed 02/22/18 |
| 1:17-cv-05295-ELR | Brown v. R&R Atlanta Real Estate LLC | filed 12/20/17 | closed 03/12/18 |
| 1:18-cv-00604-AT | Brown v. WH Capital, L.L.C. | filed 02/08/18 | closed 04/03/18 |
| 1:18-cv-01018-SCJ | Brown v. Sayeed | filed 03/09/18 | closed 05/16/18 |
| 1:18-cv-01687-SCJ | Brown v. Om Naman, Inc. | filed 04/19/18 | closed 07/20/18 |

| 1:18-cv-02804-MLB | Brown v. Dallas Retail Center LLC | filed 06/07/18  closed 07/23/18 |
|---|---|---|
| 1:18-cv-03110-TWT | Brown v. B&F Enterprises, Inc. et al | filed 06/27/18  closed 09/10/18 |
| 1:18-cv-03191-ELR | Brown v. Four Plus Corporation | filed 07/02/18  closed 09/11/18 |
| 1:18-cv-03386-MHC | Brown v. FQSR, LLC et al | filed 07/13/18  closed 10/09/18 |
| 1:18-cv-03683-AT | Brown v. Georgia CVS Pharmacy, LLC et al | filed 07/31/18  closed 12/11/18 |
| 1:18-cv-04110-AT | Brown v. Mama Frog's, Inc. et al | filed 08/29/18  closed 11/16/18 |
| 1:18-cv-04817-TWT | Brown v. Doro's Italian Grill LLC et al | filed 10/17/18  closed 01/02/19 |
| 1:18-cv-05096-TWT | Brown v. PSA Ventures LLC | filed 11/05/18  closed 12/31/18 |
| 1:18-cv-05138-MHC | Brown v. Moonflower Holdings Inc. et al | filed 11/07/18  closed 04/23/19 |
| 1:18-cv-05395-TCB | Brown v. Wendy Bagwell Venture, LLC | filed 11/27/18  closed 02/20/19 |
| 1:19-cv-00718-TWT | Brown v. Petinos LLC | filed 02/11/19  closed 06/17/19 |
| 1:19-cv-00989-TWT | Brown v. Martin's Restaurant Systems, Inc. et al | filed 02/28/19  closed 05/15/19 |
| 1:19-cv-01081-WMR | Brown v. Hart | filed 03/07/19  closed 05/02/19 |
| 1:19-cv-02569-ELR | Brown v. Brixmor Operating Partnership LP | filed 06/04/19 |
| 4:18-cv-00274-HLM | Brown v. East Paulding Center, LLC | filed 12/13/18  closed 02/19/19 |
| 4:19-cv-00011-HLM | Brown v. TME Enterprises, I., LPD. (L.P.) | filed 01/18/19  closed 03/05/19 |
| 4:19-cv-00133-TCB | Brown v. A.K. Golden Jubilee, LLC | filed 06/27/19 |
| 4:19-cv-00146-LMM | Brown v. Paulding Goodman, LLC | filed 07/09/19 |
| 4:19-cv-00153-TWT | Brown v. Jaime & Group, LLC | filed 07/11/19 |

4:19-cv-00166-
WMR

Brown v. China Hart, Inc.                                    filed 07/31/19

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2019 11:07:37 | | | |
| **PACER Login:** | elkhalillaw | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: brown First Name: yvonne |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT E

# Select A Case

### Jessica Blinkhorn is a plaintiff in 104 cases.

| | | | |
|---|---|---|---|
| 1:16-cv-01603-LMM | Blinkhorn v. Moreland, Inc. | filed 05/18/16 | closed 07/28/16 |
| 1:16-cv-01657-RWS | Blinkhorn v. Glenwood Center, Inc. | filed 05/23/16 | closed 07/28/16 |
| 1:16-cv-01684-TCB | Blinkhorn v. Broadway 786 Investments LLC et al | filed 05/24/16 | closed 08/31/16 |
| 1:16-cv-01711-MHC | Blinkhorn v. JMM83 Enterprises, LLC et al | filed 05/26/16 | closed 09/09/16 |
| 1:16-cv-01775-ELR | Blinkhorn v. Family Dollar Stores of Georgia, Inc. et al | filed 06/01/16 | closed 09/01/16 |
| 1:16-cv-01777-TWT | Blinkhorn v. Patel Ventures, LLC | filed 06/01/16 | closed 08/04/16 |
| 1:16-cv-01802-WSD | Blinkhorn v. 625 Fried Chicken, LLC | filed 06/02/16 | closed 08/02/16 |
| 1:16-cv-01831-SCJ | Blinkhorn v. Chevron Food Mart #85, LLC et al | filed 06/06/16 | closed 08/17/16 |
| 1:16-cv-02008-TWT | Blinkhorn v. Candler Rd Plaza GA LLC | filed 06/15/16 | closed 01/04/17 |
| 1:16-cv-02028-WSD | Blinkhorn v. Captain D's, LLC et al | filed 06/16/16 | closed 10/24/16 |
| 1:16-cv-02187-TCB | Blinkhorn v. M&R Gutbusters LLC et al | filed 06/23/16 | closed 09/20/16 |
| 1:16-cv-02410-WSD | Blinkhorn v. Food Value, Inc. et al | filed 07/01/16 | closed 02/16/17 |

| 1:16-cv-02760-SCJ | Blinkhorn v. Buckhead Life Restaurant Group, Inc. et al | filed 07/29/16 | closed 11/01/16 |
| 1:16-cv-02933-SCJ | Blinkhorn v. Candler Mart Petro Inc et al | filed 08/11/16 | closed 09/19/16 |
| 1:16-cv-02945-LMM | Blinkhorn v. Zesto's Chubby Decker, Inc. et al | filed 08/12/16 | closed 11/03/16 |
| 1:16-cv-03006-WSD | Blinkhorn v. Teshome et al | filed 08/17/16 | closed 10/11/16 |
| 1:16-cv-03049-RWS | Blinkhorn v. Transouth Investments Corp et al | filed 08/19/16 | closed 12/05/16 |
| 1:16-cv-03151-LMM | Blinkhorn v. Dimple Group Inc. et al | filed 08/26/16 | closed 02/14/17 |
| 1:16-cv-03152-MHC | Blinkhorn v. MEM Concessions, LLC | filed 08/26/16 | closed 09/14/16 |
| 1:16-cv-03171-TWT | Blinkhorn v. Ferrell Interest, LLC | filed 08/29/16 | closed 02/27/17 |
| 1:16-cv-03488-SCJ | Blinkhorn v. Cameli's Inc. et al | filed 09/16/16 | closed 01/30/17 |
| 1:16-cv-03489-LMM | Blinkhorn v. Insha Investment Group LLC et al | filed 09/16/16 | closed 10/27/16 |
| 1:16-cv-03604-LMM | Blinkhorn v. Bernie & Susan Eisenstein, L.P. | filed 09/26/16 | closed 11/30/16 |
| 1:16-cv-03861-WSD | Blinkhorn v. Little Five Points Partnership (L.L.L.P.) | filed 10/17/16 | closed 12/13/16 |
| 1:16-cv-03990-ELR | Blinkhorn v. Cherokee Woods Enterprises, L.P. | filed 10/26/16 | closed 02/03/17 |
| 1:16-cv-04058-WSD | Blinkhorn v. Sevananda Cooperative (Inc.) et al | filed 10/31/16 | closed 02/21/17 |
| 1:16-cv-04087-AT | Blinkhorn v. The Varsity, Inc. et al | filed 11/01/16 | closed 12/28/16 |

| | | | |
|---|---|---|---|
| 1:16-cv-04196-TCB | Blinkhorn v. Alon's, Inc. et al | filed 11/09/16 | closed 01/19/17 |
| 1:16-cv-04549-ELR | Blinkhorn v. Fifth Group Restaurants, LLC et al | filed 12/09/16 | closed 02/08/17 |
| 1:16-cv-04641-TWT | Blinkhorn v. Murphy's Restaurant, LLC et al | filed 12/17/16 | closed 03/16/17 |
| 1:16-cv-04780-SCJ | Blinkhorn v. Ocean Wave et al | filed 12/29/16 | closed 03/27/17 |
| 1:17-cv-00086-RWS | Blinkhorn v. Fris Chkn LLC | filed 01/09/17 | closed 04/05/17 |
| 1:17-cv-00122-ELR | Blinkhorn v. Neighborhood Concepts, Inc. et al | filed 01/11/17 | closed 05/05/17 |
| 1:17-cv-00165-AT | Blinkhorn v. Great Catering, LLC et al | filed 01/13/17 | closed 05/11/17 |
| 1:17-cv-00215-WSD | Blinkhorn v. Bagiatis Enterprises, Inc. | filed 01/18/17 | closed 05/08/17 |
| 1:17-cv-00326-RWS | Blinkhorn v. Solid Equities, Inc. | filed 01/27/17 | closed 05/10/17 |
| 1:17-cv-00376-ELR | Blinkhorn v. Briarcliff Shopping Center, Inc. | filed 01/31/17 | closed 05/08/17 |
| 1:17-cv-00494-WSD | Blinkhorn v. Surin of Thailand, Inc. et al | filed 02/09/17 | closed 04/13/17 |
| 1:17-cv-00730-AT | Blinkhorn v. Shamanta Inc et al | filed 02/28/17 | closed 09/01/17 |
| 1:17-cv-01062-SCJ | Blinkhorn v. B.M. Business, Inc. et al | filed 03/23/17 | closed 05/19/17 |
| 1:17-cv-01095-ELR | Blinkhorn v. Druid Hills Land, LLC | filed 03/27/17 | closed 06/21/17 |
| 1:17-cv-01262-MHC | Blinkhorn v. Caribou Coffee Company, Inc. et al | filed 04/07/17 | closed 05/05/17 |
| 1:17-cv-01333- | Blinkhorn v. A Book Nook, Inc. et al | filed 04/13/17 | closed 06/06/17 |

| 1:17-cv-01536-RWS | Blinkhorn v. Forty-Two, LLC et al | filed 04/30/17 closed 10/17/17 |
| 1:17-cv-01671-AT | Blinkhorn v. Goodway Business Inc et al | filed 05/09/17 closed 07/18/17 |
| 1:17-cv-01866-RWS | Blinkhorn v. La Hacienda Midtown LLC et al | filed 05/24/17 closed 07/27/17 |
| 1:17-cv-01957-TCB | Blinkhorn v. Lakewood Prime LLC et al | filed 05/30/17 closed 08/29/17 |
| 1:17-cv-02150-TWT | Blinkhorn v. O.K.S.Y. LLC et al | filed 06/12/17 closed 11/20/17 |
| 1:17-cv-02345-LMM | Blinkhorn v. GCSC, Inc. et al | filed 06/22/17 closed 12/14/17 |
| 1:17-cv-02641-SCJ | Blinkhorn v. Century Holdings of Georgia, LLC | filed 07/13/17 closed 10/10/17 |
| 1:17-cv-02791-ELR | Blinkhorn v. Takki, Corporation et al | filed 07/24/17 closed 08/04/17 |
| 1:17-cv-03022-TCB | Blinkhorn v. Simmons et al | filed 08/10/17 closed 10/13/17 |
| 1:17-cv-03077-AT | Blinkhorn v. P11 Properties, LLC | filed 08/15/17 closed 10/03/17 |
| 1:17-cv-03357-LMM | Blinkhorn v. E&A Restaurant Holdings, LLC et al | filed 09/05/17 closed 11/27/17 |
| 1:17-cv-03522-LMM | Blinkhorn v. Bluebird Cantina, Inc. et al | filed 09/13/17 closed 12/29/17 |
| 1:17-cv-03558-ELR | Blinkhorn v. Rockbridge Market Place Shopping Center, LLC | filed 09/14/17 closed 02/13/18 |
| 1:17-cv-04140-RWS | Blinkhorn v. Regal Investment Holdings LLC | filed 10/18/17 closed 02/21/18 |
| 1:17-cv-04390- | Blinkhorn v. Hills Food Mart, Inc. et al | filed 11/02/17 closed 02/20/18 |

| 1:17-cv-05264-SCJ | Blinkhorn v. Moreland Business Inc. et al | filed 12/19/17 | closed 03/14/18 |
| 1:17-cv-05331-WSD | Blinkhorn v. Endulge Cupcake Boutique LLC et al | filed 12/21/17 | closed 03/02/18 |
| 1:18-cv-00251-TCB | Blinkhorn v. Cleveland Enterprises Inc. | filed 01/17/18 | closed 04/05/18 |
| 1:18-cv-00327-TWT | Blinkhorn v.Barnett Center L.L.C. | filed 01/23/18 | closed 04/04/18 |
| 1:18-cv-00379-LMM | Blinkhorn v. Nadim Group Inc. et al | filed 01/25/18 | closed 03/22/18 |
| 1:18-cv-00527-ELR | Blinkhorn v. Mediterranean Grill, Inc. et al | filed 02/02/18 | closed 04/19/18 |
| 1:18-cv-00601-TCB | Blinkhorn v. Evergreen Shell Inc. et al | filed 02/08/18 | closed 04/10/18 |
| 1:18-cv-01004-TCB | Blinkhorn v. Fris Chkn LLC | filed 03/08/18 | closed 04/05/18 |
| 1:18-cv-01596-MHC | Blinkhorn v. Greysky Fuels LLC et al | filed 04/13/18 | closed 06/29/18 |
| 1:18-cv-02016-ELR | Blinkhorn v. TRA Lakewood Inc et al | filed 05/08/18 | closed 09/26/18 |
| 1:18-cv-02077-ELR | Blinkhorn v. Pancha Debata, LLC et al | filed 05/11/18 | closed 09/26/18 |
| 1:18-cv-02342-RWS | Blinkhorn v. Sesame Foods Incorporated et al | filed 05/22/18 | closed 06/15/18 |
| 1:18-cv-02769-AT | Blinkhorn v. Mini Mart Express 1975, LLC et al | filed 06/05/18 | closed 08/09/18 |
| 1:18-cv-03086-LMM | Blinkhorn v. HT Retail, LLC | filed 06/26/18 | closed 08/27/18 |

| 1:18-cv-03219-RWS | Blinkhorn v. VC1, LLC | filed 07/03/18 closed 08/29/18 |
|---|---|---|
| 1:18-cv-03626-LMM | Blinkhorn v. Decatur Church Properties, LLC | filed 07/27/18 closed 08/30/18 |
| 1:18-cv-04101-MLB | Blinkhorn v. Melton's App & Tap, Inc. et al | filed 08/29/18 closed 11/21/18 |
| 1:18-cv-04234-SCJ | Blinkhorn v. YSJ, LLC | filed 09/06/18 closed 12/04/18 |
| 1:18-cv-04304-AT | Blinkhorn v. Magic 4590, LLC | filed 09/11/18 closed 12/06/18 |
| 1:18-cv-04621-ELR | Blinkhorn v. KAS Food & Gas inc. et al | filed 10/03/18 closed 11/13/18 |
| 1:18-cv-04778-WMR | Blinkhorn v. Buford-Clairmont Co., Ltd. | filed 10/16/18 closed 12/30/18 |
| 1:18-cv-04835-AT | Blinkhorn v. Athens R.E. Ltd | filed 10/18/18 closed 12/20/18 |
| 1:18-cv-05163-MLB | Blinkhorn v. R.L. King Properties, LLC | filed 11/08/18 closed 02/04/19 |
| 1:18-cv-05261-TCB | Blinkhorn v. Gygax,, LLC | filed 11/15/18 closed 02/22/19 |
| 1:18-cv-05398-AT | Blinkhorn v. Ma Dal Chung Gong, Inc. | filed 11/27/18 closed 02/20/19 |
| 1:18-cv-05474-RWS | Blinkhorn v. Clarkston Property, LLC | filed 11/30/18 closed 03/29/19 |
| 1:18-cv-05785-TCB | Blinkhorn v. Stop & Save Group, LLC et al | filed 12/18/18 closed 01/14/19 |
| 1:18-cv-05833-MHC | Blinkhorn v. Quick Shop Citgo, LLC et al | filed 12/20/18 closed 05/13/19 |
| 1:19-cv-00188-TCB | Blinkhorn v. Buford Beverage, LLC et al | filed 01/10/19 closed 03/18/19 |
| 1:19-cv-00374-AT | Blinkhorn v. Organic Deed, LLC | filed 01/22/19 closed 02/25/19 |

| 1:19-cv-00402-ELR | Blinkhorn v. 2691 Bouldercrest Rd, LLC | filed 01/23/19 | closed 04/22/19 |
| 1:19-cv-00773-WMR | Blinkhorn v. Twain's Billards, Inc. et al | filed 02/13/19 | closed 05/06/19 |
| 1:19-cv-00938-TWT | Blinkhorn v. 3L Realty, LLC | filed 02/26/19 | closed 04/29/19 |
| 1:19-cv-01044-LMM | Blinkhorn v. Lou Van Enterprises, Inc. et al | filed 03/05/19 | closed 05/10/19 |
| 1:19-cv-01237-WMR | Blinkhorn v. Wan-Le Partnership | filed 03/18/19 | closed 07/05/19 |
| 1:19-cv-01628-ELR | Blinkhorn v. Heng Tai Property, Inc. | filed 04/10/19 | closed 06/10/19 |
| 1:19-cv-01651-TWT | Blinkhorn v. Fatima Alibhai LLC | filed 04/11/19 | |
| 1:19-cv-01723-ELR | Blinkhorn v. Marietta Bolton, LLC | filed 04/17/19 | closed 04/29/19 |
| 1:19-cv-01872-LMM | Blinkhorn v. M.E. Shlapak Ventures, LLC et al | filed 04/26/19 | closed 06/03/19 |
| 1:19-cv-01935-TWT | Blinkhorn v. Montclair Seaboard, LLC | filed 04/30/19 | |
| 1:19-cv-02273-TCB | Blinkhorn v. Frontera, Inc. et al | filed 05/20/19 | |
| 1:19-cv-02574-MLB | Blinkhorn v. Costopoulos et al | filed 06/04/19 | |
| 1:19-cv-02828-TWT | Blinkhorn v. Zesto on Forrest Parkway, Inc. et al | filed 06/20/19 | |
| 1:19-cv-03153-MLB | Blinkhorn v. United One Enterprises, Inc. | filed 07/10/19 | |

1:19-cv-03212-JPB   Blinkhorn v. You Nay Khao                                    filed 07/15/19

1:19-cv-03422-
ELR                 Blinkhorn v. Brothers Properties Riverdale LLC    filed 07/29/19

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2019 11:15:54 | | | |
| **PACER Login:** | elkhalillaw | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: blinkhorn First Name: jessica |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT F

Query    Reports    Utilities    Help    Log Out

# Select A Case

### Tiawan Britton is a plaintiff in 34 cases.

| | | | |
|---|---|---|---|
| 1:18-cv-01850-AT | Britton v. Jai Sai Ram Kripa, Inc. et al | filed 04/30/18 | closed 07/17/18 |
| 1:18-cv-02059-LMM | Britton v. Edgewood Retail, LLC | filed 05/10/18 | closed 07/10/18 |
| 1:18-cv-02290-MHC | Britton v. West Ridge, LLC | filed 05/18/18 | closed 07/31/18 |
| 1:18-cv-02977-TCB | Britton v. Food Town Market LLC et al | filed 06/19/18 | closed 09/07/18 |
| 1:18-cv-03106-AT | Britton v. Empire Restaurants, LLC et al | filed 06/27/18 | closed 08/27/18 |
| 1:18-cv-03413-AT | Britton v. PFJ Southeast, LLC | filed 07/16/18 | closed 08/21/18 |
| 1:18-cv-04019-TWT | Britton v. Tres Paisani, Inc. et al | filed 08/23/18 | closed 10/12/18 |
| 1:18-cv-04115-TCB | Britton v. JJ's of Greater Atlanta, LLC et al | filed 08/29/18 | closed 10/03/18 |
| 1:18-cv-04253-MHC | Britton v. Campbellton Chevron LLC et al | filed 09/07/18 | closed 12/06/18 |
| 1:18-cv-04518-CAP | Britton v. Trickum Ops, LLC et al | filed 09/27/18 | closed 12/06/18 |
| 1:18-cv-04728-MHC | Britton v. SAIF, Inc. | filed 10/11/18 | closed 12/10/18 |
| 1:18-cv-04918-LMM | Britton v. Ambema, Inc. et al | filed 10/24/18 | closed 12/10/18 |
| 1:18-cv-05216-AT | Britton v. Georgia-Alabama Commerical Investments, | filed 11/13/18 | closed 02/11/19 |

| 1:18-cv-05383-AT | Britton v. FQSR, LLC | filed 11/26/18 | closed 03/01/19 |
| 1:18-cv-05457-WMR | Britton v. FRIS CHKN, LLC | filed 11/29/18 | closed 06/20/19 |
| 1:18-cv-05697-SCJ | Britton v. Legacy 831 LLC | filed 12/13/18 | closed 02/12/19 |
| 1:19-cv-00516-MLB | Britton v. 5015 Old National Highway Property, LLC | filed 01/31/19 | closed 04/08/19 |
| 1:19-cv-00594-AT | Britton v. Campbellton Shell Inc. | filed 02/04/19 | closed 03/26/19 |
| 1:19-cv-00614-ELR | Britton v. Restaurant Management Group, Inc. et al | filed 02/05/19 | closed 03/26/19 |
| 1:19-cv-00869-WMR | Britton v. Delawalla Investments, L.L.C. | filed 02/21/19 | closed 03/20/19 |
| 1:19-cv-00956-AT | Britton v. Gun | filed 02/27/19 | closed 03/19/19 |
| 1:19-cv-01138-TCB | Britton v. S.S.T. Investments, LLC | filed 03/11/19 | closed 04/11/19 |
| 1:19-cv-01184-SCJ | Britton v. Excalibur Investments, LLC | filed 03/13/19 | closed 05/23/19 |
| 1:19-cv-01760-TWT | Britton v. Piccadilly Holdings Limited Liability Company | filed 04/19/19 | closed 06/17/19 |
| 1:19-cv-01878-MHC | Britton v. Red Snapper LLC et al | filed 04/26/19 | |
| 1:19-cv-02090-MLB | Britton v. DWK Investment Property LLC | filed 05/08/19 | closed 07/18/19 |
| 1:19-cv-02257-MLB | Britton v. Cafe at the Corner, Inc. et al | filed 05/17/19 | |
| 1:19-cv-02788- | Britton v. Dolly Enterprises, Inc. | filed 06/19/19 | closed 07/30/19 |

| 1:19-cv-02843-SCJ | Britton v. Metropolitan Parkway, LLC | filed 06/21/19 |
| 1:19-cv-02905-LMM | Britton v. Sheldon & Dorothy Cohen Family Investments LLLP | filed 06/25/19 |
| 1:19-cv-02933-WMR | Britton v. Yes Assets, LLC | filed 06/26/19 |
| 1:19-cv-03124-SCJ | Britton v. Amarin Capital Partners LLC | filed 07/09/19 |
| 1:19-cv-03223-MLB | Britton v. Big Daddy's Dish, LLC | filed 07/16/19 |
| 1:19-cv-03320-JPB | Britton v. Candler Food LLC 136 | filed 07/22/19 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2019 11:17:20 | | | |
| **PACER Login:** | elkhalillaw | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: britton First Name: tiawan |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT G

# Select A Case

### Destiny L. Drake is a plaintiff in 23 cases.

| | | | |
|---|---|---|---|
| 1:17-cv-04914-MLB | Drake v. Boricha | filed 12/04/17 | closed 05/23/18 |
| 1:17-cv-05383-MHC | Drake v. ABH Corporation et al | filed 12/22/17 | closed 04/12/18 |
| 1:18-cv-00246-WSD | Drake v. Yimam et al | filed 01/17/18 | closed 05/21/18 |
| 1:18-cv-00507-AT | Drake v. Dollar Tree Stores, Inc. et al | filed 02/01/18 | closed 04/16/18 |
| 1:18-cv-00674-TCB | Drake v. Advance Stores Company, Incorporated et al | filed 02/14/18 | closed 04/24/18 |
| 1:18-cv-01688-LMM | Drake v. Firdos, Inc. et al | filed 04/19/18 | closed 07/09/18 |
| 1:18-cv-02026-TWT | Drake v. Shirazi | filed 05/09/18 | closed 07/10/18 |
| 1:18-cv-03009-AT | Drake v. The Krystal Company et al | filed 06/20/18 | closed 09/06/18 |
| 1:18-cv-03290-ELR | Drake v. Carniceria La Mexicana, Inc et al | filed 07/09/18 | closed 10/04/18 |
| 1:18-cv-03438-TWT | Drake v. Atlanta Bay Breeze, Inc. | filed 07/17/18 | closed 09/26/18 |
| 1:18-cv-03590-SCJ | Drake v. Martin's Restaurant Systems, Inc. et al | filed 07/26/18 | closed 10/03/18 |
| 1:18-cv-03982-SCJ | Drake v. E. E. Beavers Family Partnership, L.P. | filed 08/21/18 | closed 02/07/19 |
| 1:18-cv-04271-ELR | Drake v. YZI Foodmart LLC et al | filed 09/10/18 | closed 11/13/18 |
| 1:18-cv-05330-ELR | Drake v. Topmart LLC et al | filed 11/20/18 | closed 02/27/19 |
| 1:18-cv-05532-WMR | Drake v. Golden Mei Pond Inc | filed 12/05/18 | closed 05/28/19 |
| 1:18-cv-05753-ELR | Drake v. Camp Creek Station, LLC | filed 12/17/18 | closed 03/26/19 |

1:19-cv-00224-LMM    Drake v. Vimesh 2012 Inc et al        filed 01/11/19   closed 04/08/19

1:19-cv-00258-MLB    Drake v. Bankhead Food Store, Inc et al        filed 01/14/19   closed 03/12/19

1:19-cv-00723-TCB    Drake v. Alwani, Inc.        filed 02/11/19   closed 05/21/19

1:19-cv-01699-LMM    Drake v. The Olive Tree, Inc. et al        filed 04/16/19   closed 07/12/19

1:19-cv-01918-MLB    Drake v. Komisarow Enterprises, L.P.        filed 04/30/19   closed 06/28/19

1:19-cv-02081-ELR    Drake v. Vosamis Ventures, LLC        filed 05/08/19

1:19-cv-02252-MHC    Drake v. 855 S Cobb Ventures, LLC        filed 05/17/19

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/02/2019 11:18:36 | | | |
| PACER Login: | elkhalillaw | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: drake First Name: destiny |
| Billable Pages: | 1 | Cost: | 0.10 |

# EXHIBIT H

Query   Reports   Utilities   Help   Log Out

# Select A Case

### Dustin Swafford is a plaintiff in 8 cases.

| | | | |
|---|---|---|---|
| 1:18-cv-04668-AT | Swafford v. Podber Limited Liability Limited Partnership | filed 10/08/18 | closed 11/16/18 |
| 1:18-cv-04790-MLB | Swafford v. Fung Mei, Inc. et al | filed 10/16/18 | closed 01/07/19 |
| 1:18-cv-04896-MLB | Swafford v. Lilburn Note Purchase, LLC | filed 10/23/18 | closed 02/15/19 |
| 1:19-cv-00124-MLB | Swafford v. Ukani, Inc. | filed 01/07/19 | closed 01/25/19 |
| 1:19-cv-00183-TWT | Swafford v. Wada, Inc. | filed 01/10/19 | closed 04/09/19 |
| 1:19-cv-00289-SCJ | Swafford v. SV Property Management Inc. | filed 01/15/19 | closed 04/03/19 |
| 1:19-cv-00622-WMR | Swafford v. El Compagino LLC et al | filed 02/05/19 | closed 06/13/19 |
| 1:19-cv-01251-TCB | Swafford v. Asian Square Condominium Association, Inc. | filed 03/19/19 | closed 07/16/19 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2019 11:19:49 | | | |
| **PACER Login:** | elkhalillaw | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: swafford First Name: dustin |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT I

Query    Reports    Utilities    Help    Log Out

# Select A Case

**Allison Waters is a plaintiff in 21 cases.**

| 1:15-cv-03998-SCJ | Waters v. JeJu Sauna and Gym, Inc. et al | filed 11/17/15 closed 06/20/16 |
|---|---|---|
| 1:16-cv-01202-RWS | Waters v. IPF/Citadel Limited Partnership | filed 04/13/16 closed 03/14/17 |
| 1:16-cv-01203-WSD | Waters v. Sofiya Corporation | filed 04/13/16 closed 07/28/16 |
| 1:16-cv-01243-RWS | Waters v. D & K Suit City, LLC et al | filed 04/18/16 closed 08/01/16 |
| 1:16-cv-02737-AT | Waters v. Regency Centers, L.P. | filed 07/28/16 closed 11/22/16 |
| 1:16-cv-02928-WSD | Waters v. Metrotainment Cafes, LLC et al | filed 08/11/16 closed 01/19/17 |
| 1:16-cv-03734-TCB | Waters v. KFC Corporation | filed 10/06/16 closed 03/23/17 |
| 1:16-cv-03758-SCJ | Waters v. Super Fresh LLC et al | filed 10/10/16 closed 12/29/16 |
| 1:16-cv-03795-RWS | Waters v. Jong Soo, LLC, et al | filed 10/12/16 closed 04/13/17 |
| 1:16-cv-03991-ELR | Waters v. Browning Village, LLC | filed 10/26/16 closed 01/18/17 |
| 1:16-cv-04089-SCJ | Waters v. GS & E, LLC et al | filed 11/01/16 closed 01/05/17 |
| 1:16-cv-04211-LMM | Waters v. Scott Investors, LLC | filed 11/10/16 closed 01/30/17 |
| 1:16-cv-04581-WSD | Waters v. IPTV-B-C11, L.L.C. | filed 12/14/16 closed 02/17/17 |
| 1:16-cv-04646-RWS | Waters v. Hanil Kwan, Inc. et al | filed 12/18/16 closed 04/24/17 |
| 1:17-cv-02837-LMM | Waters v. Panda Express, Inc. et al | filed 07/27/17 closed 08/24/17 |
| 1:17-cv-03420-SCJ | Waters v. Hyung Ki Lim et al | filed 09/07/17 closed 10/11/17 |

1:17-cv-03648-RWS   Waters v. Ariel Belvedere Owner Holdings LLC   filed 09/20/17   closed 01/09/18

1:19-cv-00153-TCB   Waters v. Mediterranean Bakery, Inc. et al           filed 01/08/19

1:19-cv-00284-AT   Waters v. 3H Improvement LLC                filed 01/15/19   closed 04/26/19

1:19-cv-00379-LMM   Waters v. 1238 DeKalb Avenue, LLC         filed 01/22/19   closed 04/22/19

1:19-cv-02884-AT   Waters v. Embry Village S.C., LLC            filed 06/24/19

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2019 11:20:38 | | | |
| **PACER Login:** | elkhalillaw | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: waters First Name: allison |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YVONNE BROWN,            )
                                 )
    Plaintiff,           )
                                 )    CIVIL ACTION
vs.                         )
                               )    FILE No. _____
N.N.U., INC. and      )
A & Y FAMILY GROUP, INC,    )
                               )
    Defendants.        )

## COMPLAINT

COMES NOW, YVONNE BROWN, by and through the undersigned counsel, and files this, her Complaint against Defendants N.N.U., INC. and A & Y FAMILY GROUP, INC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

## **PARTIES**

2.      Plaintiff YVONNE BROWN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Georgia (Paulding County).

3.      Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

4.      Plaintiff uses a wheelchair for mobility purposes.

5.      Defendant N.N.U., INC. (hereinafter "N.N.U.") is a Georgia corporation, and transacts business in the state of Georgia and within this judicial district.

6.      N.N.U. operates a business located at 3195 Austell Road, Marietta, Georgia 30008, doing business as "The Food Store," referenced herein as the "Facility."

7.      N.N.U. may be properly served with process via its registered agent for service, to wit: Jad Kahla, 3275 Perch Drive, S.W., Marietta, Georgia 30008 (Cobb County).

2

8.      N.N.U. is the lessee, sub-lessee, lessor and/or operator of the real property and improvements that are the subject of this action.

9.      Defendant A & Y FAMILY GROUP, INC (hereinafter "A&Y") is a Georgia corporation, and transacts business in the state of Georgia and within this judicial district.

10.     A&Y is the owner and/or operator of the real property and improvements that the Facility is situated upon and is the subject of this action, referenced herein as the "Property."

11.     A&Y may be properly served with process via its registered agent for service, to wit: Cawfeeck Abufarha, 3284 Perch Drive, Marietta, Georgia 30008 (Cobb County).

## FACTUAL ALLEGATIONS

12.     On or about August 27, of 2017, Plaintiff was a customer at "The Food Store."

13.     Plaintiff lives in the near vicinity of the Facility and Property.

14.     Plaintiff's access to the businesses located at 3195 Austell Road, Marietta, Georgia 30008, Cobb County Property Appraiser's parcel number 19070600250 ("the Property,") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations

3

offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

15.     Plaintiff intends to visit the Facility and Property within six (6) months, or sooner, to purchase goods.

16.     Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six (6) months, or sooner, once the Facility and Property are accessible again.

17.     In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

19.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or

4

mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

20.    Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

5

(ii)    provide a clear, strong, consistent, enforceable standards
        addressing discrimination against individuals with disabilities;
        and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the
        power to enforce the fourteenth amendment and to regulate
        commerce, in order to address the major areas of discrimination
        faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

21.    The    congressional    legislation    provided    places    of    public
accommodation one and a half years from the enactment of the ADA to implement
the requirements imposed by the ADA.

22.    The effective date of Title III of the ADA was January 26, 1992, or
January 26, 1993 if a defendant has ten (10) or fewer employees and gross receipts
of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.    The Facility is a public accommodation and service establishment.

24.    The Property is a public accommodation and service establishment.

25.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991,
the Department of Justice, Office of Attorney General, promulgated federal
regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26.    Public accommodations were required to conform to these regulations

6

by January 26, 1992 (or January 26, 1993 if a defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq*., and 28 C.F.R. § 36.508(a).

27. The Facility must be, but is not, in compliance with the ADA and ADAAG.

28. The Property must be, but is not, in compliance with the ADA and ADAAG.

29. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the

7

physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

32. Defendants have discriminated against Plaintiff by failing to comply with the above requirements.

33. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of her disability) to

8

access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

   **(a)**   **ACCESSIBLE ELEMENTS:**

   (i)   The access aisle adjacent to the accessible parking space on the Property most proximate to "Unit 100" has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter her vehicle while parked at the Property.

   (ii)   The access aisle adjacent to the accessible parking space on the Property most proximate to "Unit 150" is not level due to the presence of a ramp in said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter her vehicle while parked at the Property.

   (iii)   Two or more accessible parking spaces on the Property are missing proper identification signs, in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult

9

for Plaintiff to locate an accessible parking space.

(iv)   The two accessible parking space signs that are located across the vehicular way on the Property are not at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v)   The two accessible parking spaces on the Property are not located on the shortest accessible route from such accessible parking spaces to the accessible entrances of the Facility, in violation of section 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi)   The credit card slot and/or actuators on the gas pumps on the Property are at a height exceeding 54 (fifty-four) inches from the ground, in violation of section 308.3.1 of the 2010 ADAAG standards.

(vii)  Due to an apparent policy of placing packs of beer at the ends of the shopping aisles in the Facility, the interior of "Unit 140" has walking surfaces lacking 36 (thirty-six) inches of clear

10

width, in violation of section 403.5.1 of the 2010 ADAAG standards.

**(b)   RESTROOMS:**

(i)   Due to a policy of storing shopping carts and other items in close proximity to the restroom doors of the Facility, the restroom entrance lacks proper minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(ii)   The Facility lacks restroom signage, in compliance with sections 216.8 and 703 of the 2010 ADAAG standards.

(iii)   The restrooms of the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iv)   The restrooms of the Facility have sinks with inadequate knee and toe clearance thereunder, in violation of section 306 of the 2010 ADAAG standards.

(v)   The lavatories and/or sinks in the restrooms of the Facility have exposed pipes and surfaces and are not insulated or configured to protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

11

(vi)   The hand operated flush controls on the commodes in the restrooms of the Facility are not located on the open side of each such accessible toilet stall, in violation of section 604.6 of the 2010 ADAAG standards.

(vii)   The side grab bars adjacent to the commodes in the restrooms of the Facility are not in compliance with section 604.5 of the 2010 ADAAG standards, as they are too short.

(viii)  The mirrors in the restrooms of the Facility exceed the maximum height permitted by section 603.3 of the 2010 ADAAG standards.

34.   The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

35.   Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

36.   All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

37.   The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the

12

modifications are relatively low and the Defendants have the financial resources to make the necessary modifications.

38. Upon information and good-faith belief, the Facility and Property has been altered since 2010.

39. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed above can be applied to the 1991 ADAAG standards.

40. Plaintiff has attempted to gain access to the Facility and Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

41. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv);

13

42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

42.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to the Defendants.

43.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find N.N.U. in violation of the ADA and ADAAG;

(b)     That the Court find A&Y in violation of the ADA and ADAAG;

14

(c)     That the Court issue a permanent injunction enjoining Defendants
        from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants to (i) remove the
        physical barriers to access and (ii) alter the subject Facility to make it
        readily accessible to and useable by individuals with disabilities to the
        extent required by the ADA;

(e)     That the Court award Plaintiff her reasonable attorneys' fees, litigation
        expenses and costs; and

(f)     That the Court grant such further relief as just and equitable in light of
        the circumstances.

Dated: September 14, 2017.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
/s/Corey T. Rothschild
Corey T. Rothschild
Georgia Bar No. 604149
Ehrlich & Schapiro, LLC
1123 Zonolite Road N.E., Suite 8-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com
corey@ehrlichlawoffice.com

15

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YVONNE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 1:17-cv-03560-CAP |
| N.N.U., INC. and | ) | |
| A & Y FAMILY GROUP, INC, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STIPULATION TO APPROVE CONSENT DECREE
## AND TO DISMISS WITH PREJUDICE

Plaintiff, Yvonne Brown ("Plaintiff") and Defendants N.N.U., Inc. ("NNU")

and A & Y Family Group, Inc ("A&Y")(collectively, the "Parties") hereby file the

foregoing Joint Stipulation seeking the Court's Approval of the Parties' Consent

Decree and to Dismiss the instant matter with Prejudice. In support thereof, the

Parties show the Court as follows:

1.      Plaintiff filed the instant cause of action alleging that a certain Facility

and Property owned and/or operated by Defendants (as defined in Plaintiff's

Complaint) violated Title III of the Americans with Disabilities Act, 42 U.S.C. §

12181 *et seq.*

2.      The matters raised by Plaintiff's Complaint have been resolved in

1

accordance with the Consent Decree ("Agreement") attached hereto as Exhibit "A."

3.      In accordance therewith, the Parties request that the Court review, approve and ratify the Agreement. Additionally, the Parties request the Court retain jurisdiction to enforce the terms of the Agreement. *See American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002). This Agreement is conditioned upon the Court's retaining jurisdiction to enforce said Agreement.

4.      As part of the Agreement reached between the Parties, Plaintiff has agreed to dismiss this case with prejudice. Accordingly, Plaintiff requests, upon the Court's review, approval and ratification of the Agreement, that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

5.      Except as otherwise stated in the Agreement, each party shall bear their own fees and costs.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the attached Agreement, dismissing the claims asserted by Plaintiff against Defendants with prejudice, and retaining jurisdiction to enforce the Agreement.

Dated: November 9, 2017.

/s/Craig J. Ehrlich

2

Craig J. Ehrlich
Georgia Bar No. 242240
Ehrlich & Schapiro, LLC
1123 Zonolite Road N.E., Suite 8-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

/s/Hassan Elkhalil
Hassan Elkhalil
Georgia Bar No. 243192
Elkhalil Law, P.C.
1950 North Park Place, Suite 550
Atlanta, Georgia 30339
Tel: (770) 612-3499
Fax: (404) 537-1710
Hassan@elkhalillaw.com

3

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. _____ |
| BHUPENDRA GHANDI, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, DAKOTA HOLT, by and through the undersigned counsel,

and files this, his Complaint against Defendant BHUPENDRA GHANDI pursuant

to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the

ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support

thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28

U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et*

*seq.*, based upon Defendant's failure to remove physical barriers to access and

violations of Title III of the ADA.

## PARTIES

2.     Plaintiff DAKOTA HOLT (hereinafter "Plaintiff") is, and has been at

1

all times relevant to the instant matter, a natural person residing in Kennesaw, Georgia (Cobb County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Defendant BHUPENDRA GHANDI (hereinafter "Defendant") is an individual whom, upon information and good faith belief, has been a resident of the state of Georgia at all times relevant hereto.

7.     Defendant may be properly served with process at 4330 Freys Farm Lane, N.W., Kennesaw, Georgia 30152-7323.

## FACTUAL ALLEGATIONS

8.     On or about January 3, 2019, Plaintiff was a customer at "Kwik E Mart," a business located at 3365 Acworth Oaks Drive, Acworth, Georgia 30101.

9.     Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

10.     Plaintiff lives in the near vicinity of the Facility and Property.

2

11.     Plaintiff's access to the businesses located at 3365 Acworth Oaks Drive, Acworth, Georgia 30101, Cobb County Property Appraiser's parcel number 20001102410, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

12.     Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

13.     Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

14.     Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

3

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

15.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

16.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

17.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18.     The Facility is a public accommodation and service establishment.

19.     The Property is a public accommodation and service establishment.

20.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

21.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

22.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

4

23.   The Property must be, but is not, in compliance with the ADA and ADAAG.

24.   Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25.   Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26.   Defendant has discriminated against Plaintiff (and others with

5

disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

27. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

28. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

(a)  **ACCESSIBLE ELEMENTS:**

(i)  All accessible parking spaces on the Property are missing proper identification signs, in violation of section 502.6 of the 2010 ADAAG standards.

(ii)  The access aisle adjacent to the two (2) accessible parking spaces most proximate to the Kwik E Mart portion of the

6

Facility is not level due to a concrete seam that runs perpendicularly through said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iii) The access aisle adjacent to the two (2) accessible parking spaces most proximate to the Kwik E Mart portion of the Facility is also not level due to the presence of a ramp within the boundaries of such access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iv) There is a vertical rise of approximately 1" (one inch) at the base of the above-described accessible ramp on the Property, in violation of section 303.2 of the 2010 ADAAG standards.

(v) The side flares of the above-described ramp on the Property have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(vi) Due to the obstructive placement of an ice chest, the landing at the top of the above-described ramp does not provide for 36 (thirty-six) inches of clear space, in violation of section 406.4 of the 2010 ADAAG standards.

(vii) The access aisle adjacent to the accessible parking space most proximate to the Whistle Stop Café portion of the Facility is not

7

level due to the presence of a ramp within the boundaries of such access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(viii) There is a vertical rise of approximately 1" (one inch) at the base of the above-described accessible ramp on the Property, in violation of section 303.2 of the 2010 ADAAG standards.

(ix) The side flares of the above-described ramp on the Property have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(x) Due to the obstructive placement of a lottery ticket dispenser, the interior of the Kwik E Mart portion of the Facility has sales and services counters lacking any usable portion of which that has a maximum height of 36 (thirty-six) inches from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

**(b)** **KWIK E MART RESTROOMS:**

(xi) The Kwik E Mart portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(xii) The hand operated flush controls on the commodes in the

8

> accessible toilet stalls in the restrooms of the Kwik E Mart
> portion of the Facility are not located on the open side of the
> accessible stalls, in violation of section 604.6 of the 2010
> ADAAG standards.

29.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

30.    Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

31.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

32.    All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

33.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

34.    Upon information and good faith belief, the removal of the physical

9

barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

35. Upon information and good faith belief, the Facility and Property have been altered since 2010.

36. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

37. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

38. Plaintiff's requested relief serves the public interest.

39. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

40. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

41. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing

10

Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing his or her discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 8, 2019.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

11

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

> /s/Craig J. Ehrlich
> Craig J. Ehrlich

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DAKOTA HOLT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action |
| vs. | ) | File No: 1:19-cv-00692-MLB |
| | ) | |
| BHUPENDRA GHANDI | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

COMES NOW, Bhupendra Ghandi (hereinafter "Defendant") by and through the undersigned counsel pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and hereby files this Motion to Dismiss and Memorandum of Law in Support thereof and states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2019 Plaintiff filed a complaint (hereinafter "Complaint") against Defendant alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and the ADA's Accessibility Guidelines, 28 C.F.R Part 36 (ADAAG). Plaintiff Dakota Holt (hereinafter "Plaintiff" or "Holt") identifies himself disabled as defined by the ADA and uses a wheelchair for mobility purposes.

1

Defendant is the owner and operator of a convenient store, "Kwik E Mart" in Acworth, Georgia (hereinafter "Property").

Plaintiff allegedly visited the Property and encountered certain architectural barriers, including inaccessible parking, sales and service counters, entrances to tenant spaces, routes, ramps, signage and restrooms. Further Plaintiff alleged in the Complaint an intent to revisit the Property in the future once the Property is made accessible and should the barriers to access the Property, not be removed Plaintiff will continue to suffer harm and injury. In the Complaint, Plaintiff requests declaratory and injunctive relief for alleged violations and seeks attorney's fees and cost of litigation from the Defendant.

Plaintiff alleges the Property is in violation of various sections of the ADA by providing a basic boilerplate narrative of Defendant's alleged noncompliance with the ADA. Plaintiff fails to state exactly how these alleged violations affected Plaintiff's ability to enjoy the Property, while providing mere legal conclusions couched as facts that do not contain sufficient allegations regarding the actual encounter with Defendant's Property. Furthermore, while Plaintiff alleged to have visited the Property at least once before and alleged a plan to revisit the Property, Plaintiff failed to specifically allege when the initial visit occurred, when Plaintiff plans to revisit, including how often, and for what reason the Plaintiff made the

2

initial visit. Plaintiff neither alleged any facts showing plans to revisit at a particular point in time, nor that Plaintiff lives within the vicinity of the Property. Furthermore, within twenty-one (21) days of filing the present Complaint, Plaintiff filed three other identical boilerplate actions against small businesses within a 10 mile radius of the Property. See: Holt v. Waffle House, Inc. Case No. 1:19-cv-00373-TCB, Holt v. Townpoint Retail, L.L.C. Case No. 1:19-cv-00432-WMR, and Holt v. UHP Partners LLC et. al. Case No. 1:19-cv-00747-LMM.    In each of those actions Plaintiff allegedly sustained an injury during that twenty one day stretch.    In addition, within one (1) months' time of filing the present Complaint the Plaintiff also allegedly suffered discrimination and injury in three additional actions. See: Holt v. Sapeta, LLC, Case No. 1:19-cv-00142-TWT, Holt v. DH Hospitality, Inc. et. al., Case No. 1:19-cv-00241, and Holt v. Rock N' Taco, Inc. et. al., Case No. 1:19-cv-00605. Most importantly, in each complaint Plaintiff's alleges mere blanket and boilerplate allegations that have been plead in over ninety-three (93) court cases where Plaintiff uniformly reports the exact same difficulties and violations of the ADA. It is apparent that the Plaintiff, rather than simply informing the business of the violations and attempting to remedy the matter through voluntary notice and compliance, Plaintiff aggressively files a lawsuit seeking injunctive relief and attorney's fees.

3

Defendant moves to dismiss the Plaintiff's Complaint under Rule 12(b) of the Federal Rules of Civil Procedure because Plaintiff does not have standing to pursue the ADA claims since there is no likelihood that the Property will cause future harm or injury to the Plaintiff. Specifically, Plaintiff's Complaint should be dismissed for failure to state a cause of action, because Plaintiff has failed to provide sufficient facts showing how the alleged violations negatively affected or injured the Plaintiff as a bona fide patron of Defendant's Property. In addition, while Plaintiff requests this Court to grant injunctive relief, Plaintiff has failed to allege concrete plans to revisit the Property, that Plaintiff lives within the vicinity of the Property, that Plaintiff regularly visits the Property, or the purpose for which Plaintiff visited and will visit the Property in the future. For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice under Rule 12(b) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012); Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance, 304 F.3d 1076, 1084 (11th Cir. 2002). A court considering a

4

Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009); Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing Horsley v. Feldt, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003). "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Although factual allegations in a complaint need not be detailed those allegations "must be enough to raise a right to relief above the speculative level on

5

the assumption that all the allegations in the complaint are true even if doubtful in fact." Twombly, 550 U.S. at 570. To survive a motion to dismiss under 12(b)(6), the complaint must plead enough facts to state a claim for relief that moves the claim "across the line from conceivable to plausible. Id. Restated, a complaint must be "plausible on its face" meaning the Defendant must plead "factual content that allows the court to draw the reasonable inference that the plaintiff is liable for the misconduct alleged. Iqbal 556 U.S. 662 at 678.

Furthermore, standing is a jurisdictional limitation that is "an essential and unchanging part of the case or controversy requirement of article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Thus, because "jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional" they must satisfy the requirements specified in Bell v. Hood, 327 U.S. 678, 682-83, (1946). In Bell v. Hood, the Supreme Court held that such dismissals are permitted "where the alleged claim under the constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly in substantial and frivolous." 327 U.S. at 682-83. Thus, "since standing is an indispensable part of the plaintiff's case," a plaintiff ultimately must do more than make allegations which, if true, would establish standing. Lujan

v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Where a plaintiff lacks standing to sue, the court lacks jurisdiction over the civil action.

# ARGUMENT AND CITATION OF AUTHORITY

## A. Plaintiff Failed to Allege Specific Past Injury or Harm Caused by Defendant's Property

In the present case Plaintiff has failed to show she suffered a concrete and particularized injury due to any alleged lack of access to Defendant's Property. In order to state a claim beneath Title III of the ADA, the Plaintiff must allege the following four elements: (1) that he or she is an individual with a disability; (2) that the defendant's establishment is a place of public accommodation; and (3) that the defendant denied him or her full and equal enjoyment of the goods, services, facilities, or privileges offered by the defendant; (4) on the basis of his disability. Schiavo ex rel v. Schiavo, 403 F.3d 1289, 1299 (11th Cir. 2005).

In alleging the above elements, the Plaintiff must provide more than mere legal conclusions couched as facts. The Plaintiff's Complaint forces the court to merely speculate as to the Plaintiff's actual harm suffered due to Defendant's alleged violations of the ADA. As previously mentioned, Plaintiff's boilerplate and blanket Complaint list a number of violations yet fails to specify how Plaintiff was injured or harmed by the Defendant's Property. Specifically, Plaintiff has failed to allege

7

that Plaintiff was unable to enter the Property because a handicap-accessible ramp did not exist or was too difficult to maneuver, was unable to make a purchase due to the difficulty of the height of the countertops or was unable to flush the restroom toilet due to the location of the hand operated flush controls. Furthermore, upon gaining entry Plaintiff has failed to allege the actual harm he suffered in entering the Property, making a purchase at the height of the checkout counter, and/or flushing the commode. In addition, while the Plaintiff cited to certain violations located in the bathroom of the Defendant's Property, Plaintiff failed to articulate how it was that he came to use the bathroom or any actual architectural barriers that precluded him from actually using the restroom.

The blanket allegations contained in Plaintiff's Complaint leaves the Court to guess the manner in which the Plaintiff suffered alleged discrimination, harm and injury without sufficient facts to allege an actual injury of harm or discrimination. Plaintiff's allegations are nothing more than the standard recitations of the ADA that Plaintiff has filed time and time again before this Court. Plaintiff's Complaint should be dismissed because Plaintiff has failed to specify or show actual harm suffered due to the condition of Defendant's Property.

## 1. Plaintiff Failed to Show Actual or Immediate Future Threat

8

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). In order to have standing to obtain injunctive relief, which is the only form of relief available under Title III of the ADA, the plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury.'" Shotz v. Cates, 256 F.3d 107, 1081 (11th Cir. 2001)(quoting Wooden v. Bd. of Regents of the Univ. Sys., 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis original). This is because injunctions regulate future conduct. Shotz, 256 F.3d at 1081.

In the ADA context, this requires a plausible allegation that the plaintiff has concrete plans to visit the complained-about place of public accommodation again – "someday' intentions" do not suffice. See, e.g., Kennedy v. Solano, No. 18-10250, 2018 WL 2411761, at *2 (11th Cir. May 29, 2018)(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992)). The Supreme Court has explained that to successfully establish a threat of future injury, a plaintiff must demonstrate more than an intent to return to the place responsible for the initial injury. Lujan, 504 U.S. 563-564. "Such 'someday' intentions without any description of concrete plans, or indeed even any specification of when the someday will be, do not support a finding

9

of the 'actual or imminent' injury that our cases require." Id. At 564. To separate someday intentions from concrete plans in the ADA context, the courts assess the likelihood that the plaintiff will visit the physical location again based on factors such as number of previous visits, reasons for visiting the location, and the plaintiff's proximity to the physical location. Kennedy v. Solano, No. 18-10250, 2018 WL 2411761, at *2 (11th Cir. May29, 2018). As the Supreme Court has stated, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Lujan, 504 U.S. at 561 (quoting Lyons, 504 U.S. at 564).

In the present case, since Plaintiff has asserted a claim for injunctive and declaratory relief under Title III of the ADA, Plaintiff must allege an injury in fact and facts that give rise to an inference that Plaintiff will suffer future discrimination. Plaintiff has failed to demonstrate a real and immediate threat of future injury by merely alleging that Plaintiff has the intention to return to the Property in the future as a customer. Defendant's Property is a general convenience store, off the beaten path of traffic in the area, unlike most of the other gas stations including convenient stores at Chevron, Shell, Walgreens, Dollar General, and Family Dollar all within a two block radius and located on the main drag of heavily trafficked areas. Further, Plaintiff has failed to allege how often he plans to return to the Property, the purpose

10

he has to return to the Property, or his proximity to the Property. Plaintiff failure to establish regular contact with the Property leaves the Court to speculate as to the threat of real future injury that requires injunctive relief. While the Plaintiff has alleged to be a resident of Kennesaw, Cobb County, Georgia Plaintiff has failed to establish his proximity or vicinity to the Property and need to return. In addition, Plaintiff has not demonstrated that he is a frequent patron of Defendant's Property.

Plaintiff's claim should be dismissed because Plaintiff has not met the burden to show a plausible threat that Plaintiff will face future discrimination by the Defendant. Specifically, Plaintiff has failed to meet his burden of setting forth specific facts showing there is a genuine issue whether he will actually return to the Property or will be further deterred from returning. Thus, because Plaintiff has not sufficiently demonstrated any real and/or immediate threat of future injury Plaintiff does not have standing to seek prospective injunctive relief.

## B. DENY PLAINTIFF'S COSTS AND FEES DUE TO VEXATIOUS LITIGATION

The Court should also take into consideration that Plaintiff has filed this identical lawsuit against several other similar businesses in the Cobb County area, making Plaintiff's intent to return to Defendant's Property unlikely and reasonably implausible. The Plaintiff, who has filed the same lawsuit against multiple

11

defendants in the same judicial district within days and months of one another has taken a scattershot approach, filing suits against most, if not all, small business within a short stretch of highway, without regard to whether the Plaintiff has been harmed, injured or in all reality even likely to return to the business in which he is filing suit. The suit is filed on behalf of a Plaintiff who has clearly jumped from small business to small business looking for deficiencies and/or violations to frivolously file suit.

Litigation exercise is patently not designed to enable the plaintiff to access certain locations and small businesses but to extract settlements in the form of attorney's fees. Businesses similar to that of the Defendant, the vast majority of which are small businesses with limited resources to engage in protracted litigation on these issues, have become an attractive target. In this case, because the Defendant is faced with a bad faith, serial litigant, the Court should dismiss the case, award Defendant attorneys' fees, and even enjoin the Plaintiff from filing further action.

## CONCLUSION

Plaintiff's Complaint should be dismissed because Plaintiff has failed to allege actual facts without assumption as to the actual injury he suffered and is likely to suffer from Defendant's Property. Specifically, Plaintiff has left the Court to assume why Plaintiff initially entered the Defendant's property, would return to

12

Defendant's Property, or the actual injury Plaintiff suffered at Defendant's

Property. Plaintiff has done nothing more than cite blanket and boilerplate

accusations that lack a proper showing of both past injury and future threat of

injury that forces the Court to string the injury together, wherein Plaintiff has failed

to state a cause of action upon which relief can be granted.

For the reasons stated above, Defendant hereby moves for the dismissal of

Plaintiff's Complaint, an award of attorney's fees and costs and any further relief

as this Court deems appropriate.

Dated: March [ 11 ] 2019.

Respectfully Submitted,

Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Defendant
Elkhalil Law, P.C.
1950 North Park Place
Suite 550
Atlanta, GA 30339
(770) 612-3499

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) **Civil Action** |
| | ) **File No: 1:19-cv-00692-MLB** |
| | ) |
| BHUPENDRA GHANDI | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, served opposing counsel with the foregoing Defendant's Motion to Dismiss by electronically filing a true and correct copy of the foregoing with the Courts e-filing system and depositing a copy of the same in the United States Mail, in an envelope with sufficient postage thereon addressed as follows:

Craig J. Ehrlich, Esq.
Law Offices of Craig J. Ehrlich, LLC
1123 Zonolite Road NE Suite 7-B
Atlanta, Georgia 30306
craig@ehrlichlawoffice.com
Attorney for Plaintiff

This _____ day of March, 2019.

Hassan H. Elkhalil

14

GBN 243192
Charlotte H. Carter
GBN 123309

Elkhalil Law, P.C.
1950 North Park Place
Suite 550
Atlanta, GA 30339
(770) 612-3499

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) Civil Action |
| | ) File No: 1:19-cv-00692-MLB |
| BHUPENDRA GHANDI | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT AND MOTION FOR PREFILING ORDER PROHIBITING FILING NEW LITIGATION WITHOUT LEAVE OF COURT AND FOR MONETARY SANCTIONS

COMES NOW, Bhupendra Ghandi (hereinafter "Defendant"), by and through

the undersigned attorney, files this Motion to Deem Dakota Holt (hereinafter "Holt")

a Vexatious Litigant. In finding Plaintiff Holt a vexatious litigant, Defendant

requests the Court require Plaintiff Holt to obtain leave of Court to file new litigation

in the Court of this State and for the imposition of monetary sanctions against Holt

and his counsel Craig J. Ehrlich (hereinafter "Ehrlich") for violation of Federal

Rules of Civil Procedure, Rule 11. In support of this Motion Defendant submits the

following brief and memorandum of support and shows as follows:

1

## Introduction and Factual Background

This motion is made on the grounds that Plaintiff Dakota Holt is a vexatious litigant and has engaged in conduct which is harassing to Defendant and to the Court. The ADA has created a "cottage industry" of lawsuits involving professional plaintiffs and unscrupulous lawyers who file scores of cases to secure quick settlement. Rodriguez v. Investco, LLC., 305 F. Supp 2d. 1278, 1280-1281 (M.D. Fla. 2004). The scheme is simple: an unscrupulous law firm sends a disabled individual to as many businesses as possible, in order to have him aggressively see out any and all violations of the ADA. Id. At 1281. Rather than informing the business of the violations and attempting to remedy the matter through conciliation and voluntary compliance, a lawsuit is filed requesting damage awards. Id. Thus, "the means for enforcing the ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals)." Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004). The plaintiff in these matters become nothing more than "professional pawns in the ongoing scheme to bilk attorney's fees." Rodriguez, 305 F. Supp. 2d at 1285.

The present case is akin to the actions taken in these "cottage industries" by Holt through his attorney Ehrlich, who has filed ninety-three (93) suits against small businesses including coffee shops, restaurants, gas stations, and convenience stores

2

accusing them of unfair business practices in violation of the American with Disabilities Act (hereinafter ADA). And Holt has become a "professional pawn" in Ehrlich's scheme of gaining settlement and excessive awards in attorney's fees. These lawsuits are frivolous and intended to shake down business owners for quick cash settlements. Of the ninety-three (93) filed lawsuits filed in the Northern District of Georgia, Holt filed twenty-one (21) in 2016, forty (40) in 2017, twenty-three (23) in 2018, and seven (9) by March of 2019.

In the Complaints filed in these action, Holt alleges violations of the ADA and/or the ADA's Accessibility Guidelines (ADAAG). Furthermore in each Complaint, Holt alleges that he is disabled as defined by the ADA confined to a wheelchair for mobility purposes and visited each property where he was not able to access the property because of its failure to comply with provisions of the ADA. As such each Complaint sought injunctive relief, attorney's fees and costs for the allege violations.

In many of the Complaints there appears to be precise measurements given concerning the alleged deficiencies such that the Court is given the impression that Holt takes precise measurements of the ramps, entryways, bathrooms and other amenities alleged to be in violation of the ADA and ADAAG. However, and

3

interestingly enough each of the Complaints are identical with the only change being the names of the Defendants and the alleged violations.

Furthermore, a review of the dockets in each of the ninety-three (93) cases filed by Holt reveal that many have been settled without ever having progressed beyond the initial filing of the complaint. Holt and Ehrilich appear to be earning a lucrative salary from merely filing blanket federal actions against small businesses that cannot afford to litigate and quickly settle to avoid further penalty and costs. The review of the docket also reveals that on almost every occasion of filing, lawsuits were filed within days of one another and the properties at issue were in miles of another and with many opened and filed before the previous case filings were closed. (See Exhibit A: Plaintiff Holt's Query for the Northern District Court)

Under the ADA, private litigants can sue in federal court for injunctive relief and if successful can obtain attorney's fees and costs. Because many of the defendants to these suits are small business they often cannot afford to litigate and are faced with costly litigation and a potentially drastic judgment against them, most businesses quickly settle. The violations presented are allegedly fixed and the small business quickly settle on a payout to avoid further costs. This practice is exactly what Plaintiff's Holt and his attorney Ehrlich are capitalizing.

4

## **Standard of Review**

Before a district court issues a prefiling order against a litigant it is incumbent on the court to make "substantive findings as to the frivolous or harassing nature of the litigant's actions" In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988). Recently the district court for the Central District of California adopted the following five factor test to determine a litigant to be vexatious: (1) the litigants' history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. See Safir v. United States Lines, Inc., 792 F. 2d 19, 23 (2nd Cir. 1986); Molski v. Mandarin Touch Restaurant, 347 F. Supp. 2d 860, 862-63 (C.D. cal. 2004). Although litigiousness alone is insufficient to justify a restriction on filing activities, it is a factor the Court Considers indicative of an intent to harass. See In re Oliver, 682 F.2d 443, 446 (3rd Cir. 1982), Delong v. Hennessey, 912 F. 2d 1144, 1147 (9th Cir. 1990) (stating that in order to issue a pre-filing order, "[a]t the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive"). Another consideration is the textual and factual similarity

5

of the complaint filed by the plaintiff indicative of an intent to harass, as it suggests that the plaintiff is filing boilerplate complaints. See In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988) (stating that "the district court should attempt to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court").

The District Courts have the inherent power to levy sanctions in response to abusive litigation practices. Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66 (1980). The inherent power, under the All Writs Act, 28 U.S.C § 1651(a), allows district courts to restrict abusive litigants from filing harassing or frivolous lawsuits, including enjoining a plaintiff from filing suit. Delong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). The courts may exercise their discretion to prevent litigants from subjecting others to "repeated baseless and vexatious suits at law or some particular subject matter." Clinton v. United States, 297 F.2d 899, 901 (9th Cir. 1961). In deciding whether or not to restrict a litigant's access to the courts, "ultimately the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. United States Lines, Inc., 792 F. 2d 19, 23 (2nd Cir. 1986). "There is strong precedent establishing the inherent power of federal courts to

6

regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Delong, 912 F.2d at 1147.

In Molski, the district court held that a pre-filing injunction was justified and necessary to prevent further vexatious complaints based on ADA violations and state law claims for damages. Molski, 347 F. Supp. 2d at 867. The plaintiff in Molski was physically disabled and reliant on a wheelchair and had filed more than three hundred lawsuits in the federal court system over a six year period. Id. at 861. Nearly every complaint involved a visit to a restaurant or winery, where the plaintiff allegedly encountered the architectural barriers and suffered an injury in the bathroom. Id. Plaintiff consistently alleged humiliation and emotional distress, and sought injunctive relief and damages. Id. Additionally, several of the suits were for the alleged injuries that occurred at different places on the same day. Id. at 865.

"The objective standard for testing conduct under Rule 11 is reasonableness under the circumstances and what was reasonable to believe at the time the pleading was submitted." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) (internal quotation marks and footnote omitted). There is a two-step inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Id. If there is a violation, the Court may impose sanctions. Fed. R. Civ. P. 11(c)(1). The purpose of

7

Rule 11 sanctions is "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). When an attorney or pro se party files a motion or pleading, he or she certifies to the Court that, to the best of his or her knowledge and after reasonable inquiry, (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery .... Fed. R. Civ. P. 11(b)(1)-(3).

## Case Analysis of Cases Filed by Holt in 2019

Within twenty-one (21)days of filing the present Complaint, Plaintiff filed three (3) other identical boilerplate actions against small businesses within a ten (10) mile radius of the Property. See: Holt v. Waffle House, Inc. Case No. 1:19-cv-00373-TCB, Holt v. Townpoint Retail, L.L.C. Case No. 1:19-cv-00432-WMR, and Holt v. UHP Partners LLC et. al. Case No. 1:19-cv-00747-LMM. In each of those actions Plaintiff allegedly sustained an injury during that twenty one day stretch. In addition, within one months' time of filing the present Complaint the Plaintiff also

8

allegedly suffered discrimination and injury in four (4) additional actions. See: Holt v. Fris Chkn. LLC, Case No. 1:19-cv-00142-TWT, Holt v. DH Hospitality, Inc. et. al., Case No. 1:19-cv-00241-MHC, Holt v. Rock N' Taco, Inc. et. al., Case No. 1:19-cv-00605-LLM, and Holt v. Alray Inc., Case No. 1:19-cv-00920-WMR. Most importantly, in each complaint Plaintiff's alleges mere blanket and boilerplate allegations where Plaintiff uniformly reports the exact same difficulties and violations of the ADA. The following is a case comparison of the five (5) cases filed in 2019 by Holt by and through Ehrlich prior to the instant case.

## 1. Holt v. Fris Chkn, LLC (Case 1:19-cv-00142-TWT)

Holt, by and through attorney Ehrlich, in his Complaint filed on January 8, 2019, alleged that he was a customer at Defendant's Property on or about July 18, 2018. Defendant, Church's Chicken, is a fast food restaurant located on S. Marietta Parkway in Marietta, Georgia. Holt, alleged in his complaint that he visited the Defendant's Property once before, plans to revisit and was discriminated against and denied equal enjoyment of the goods, services foods, drinks, facilities, privileges, advantages and/or other accommodations because of his disability and will continue to be discriminated against and denied access if the physical barriers to access are not corrected. Plaintiff further alleged he suffered legal harm and injury and will continue to suffer such harm and injury as a result of the illegal barriers on

9

Defendant's property if they are not resolved. Specifically, Holt alleged the following ADA and ADAAG violations on Defendant's Property:

i. Lack of van accessible disabled parking spaces;

ii. Lack of van accessible signage;

iii. Lack of level access aisles adjacent to the two accessible parking spaces due to the presence of the ramp within the boundaries of the access aisle;

iv. Side flares of the access ramp in excess of 1:10 (one to ten);

v. Vertical rise at the top of the access ramp;

vi. Lack of accessible restroom signage;

vii. Lack of maneuverable clearance by restroom doors;

viii. Width of restroom doors below 32 (thirty-two) inches for clearance;

ix. Inadequate clear turning space in the restrooms;

x. Lack of grab bars adjacent to the commodes in the restroom;

xi. Restroom mirrors exceed the maximum height; and

xii. "The violations enumerated may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property."

Further, Holt alleged that he is without adequate remedy at law, entitled to injunctive relief and is suffering irreparable harm and reasonably anticipates that he

10

will continue to suffer irreparable harm unless Defendant is required to remove the physical barriers and dangerous conditions and ADA violation that exist on Defendant's Property. Holt requested both attorney fees and costs.

## 2. Holt v. DH Hospitality, Inc. et al (Case 1:19-cv-00241- MHC)

In this case, Holt by and through attorney Ehrlich, filed suit against Defendant on January 12, 2019 wherein Holt alleged to have been a customer at Defendant's Property on or about December 22, 2018. Defendant a New York style pizza restaurant, is located on Roswell Road, in Sandy Springs, Georgia. Holt, in his complaint, alleged he suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access the Defendant's Property that discriminated and denied Holt full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein. Holt claimed he was a previous customer and plans to revisit the facility if made accessible. Holt specifically alleged in the Complaint the following difficulties he had in entering and utilizing the Defendant's Property in violation of the ADA and ADAAG:

i.   Lack of accessible route from the public sidewalk to the accessible entrance of the Facility ;

ii.  Inadequate number of accessible parking spaces on the Property;

11

iii.   Inadequately marked accessible parking spaces and adjacent access aisle;

iv.   Impermissible height of accessible parking spaces identification signage;

v.   Accessible parking spaces slope in excess of 1:48 (one to forty-eight);

vi.   Excessive vertical rise within the boundaries of the access aisle adjacent to accessible parking spaces;

vii.   Lack of level access aisles adjacent to the two accessible parking spaces due to the presence of the ramp within the boundaries of the access aisle;

viii.   Lack of finished edges or edge protection on accessible ramp;

ix.   Accessible route and ramp with a rise greater than 6 (six) inches with no handrails;

x.   Excessive vertical rise at the base of the accessible ramp;

xi.   Lack of level entrance to Facility;

xii.   Lack of accessible bar counters;

xiii.   Lack of accessible route within the Facility ramped with rises greater than (6) six inches with no handrails;

xiv.   Changes in level with in the interior of the Facility that exceed ½ (one half) inch with no ramp;

xv.   Lack of door hardware for restroom;

xvi.   Inadequate knee and toe clearance for sinks in restrooms;

xvii.  Soap dispensers in restrooms outside the prescribed vertical reach;

xviii.  Towel dispenses in restrooms outside prescribed vertical reach;

xix.  No rear grab bars adjacent to the commodes in restrooms;

xx.  Lack of accessible hand flush controls on the commodes;

xxi.  Restroom mirrors exceed the maximum height; and

xxii.  "The violations enumerated may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property."

Holt alleged that based on these facts he had been discriminated against and will continue to be discriminated against unless the Defendant is enjoined from further discrimination and compelled to remove all physical barriers that exist at the Property. Again, Holt requested attorney fees, costs and injunctive relief.

## 3. Holt v. Waffle House, Inc. (Case 1:4-cv-00373-TCB)

Holt, by and through attorney Ehrlich, in the complaint filed January 22, 2019, claimed on or about January 6, 2019 Holt was a customer at Defendants Property. Defendant, Waffle House 577, is located on Baker Road in Acworth Georgia. Again, Holt alleged that he was discriminated against and denied equal enjoyment of the goods, services foods, drinks, facilities, privileges, advantages and/or other accommodations because of his disability and will continue to be discriminated

13

against and denied access if the physical barriers to access are not corrected. Holt a previous visitor with the plan to revisit, also alleged to have suffered legal harm and injury and will continue to suffer harm and injury as a result of the illegal barriers on Defendant's Property. Specifically, Holt alleged the following ADA and ADAAG violations on Defendant's Property:

i.  Inadequately marked accessible parking spaces and adjacent access aisle (northern portion);

ii.  Cross-slope in excess of 1:48 (one to forty-eight) (northern portion);

iii.  Inadequate route from accessible parking spaces to the entrance of the facility (northern portion);

iv.  Cross-slope in excess of 1:48 (one to forty-eight) (southern portion);

v.  Access aisle adjacent to accessible parking cross-slope in excess of 1:48 (one to forty-eight) (southern portion);

vi.  Excessive vertical rise at the base of accessible ramp;

vii.  Accessible ramp slope in excess of 1:10 (one to ten);

viii.  Lack of finished edges or edge protection on accessible ramp;

ix.  Lack of permissible maneuvering clearance of Facility doorway;

14

x.    "The violations enumerated may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property."

Holt alleged that he is without adequate remedy at law, entitled to injunctive relief and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless Defendant is required to remove the physical barriers and dangerous conditions and ADA violation that exist no Defendant's Property. Holt requested both attorney fees and costs.

## 4. Holt v. Townpoint Retail, LLC (Case 1:19-cv-00432-WMR)

Holt, by and through attorney Ehrlich, filed this suit on January 25, 2019 where he claimed to of visited Defendants Property on or about January 3, 2019. Defendant's Property is a small coffee shop located on Chastain Road in Kennesaw, Georgia. Holt, in his complaint, alleged he suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access the Defendant's Property that discriminated and denied Holt full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein. Holt claimed he was a previous customer and plans to revisit the facility if made accessible. Holt specifically alleged in the

15

Complaint the following difficulties he had in entering and utilizing the Defendant's Property in violation of the ADA and ADAAG:

 i.   Lack of level accessible aisle adjacent to the two accessible parking spaces;

 ii.   Side flares of the access ramp in excess of 1:10 (one to ten);

 iii.   Protruding side flares within boundaries of accessible parking spaces;

 iv.   Excessive vertical rises at the base and landing of the access ramp;

 v.   Excessive vertical rises on the accessible route from the accessible parking spaces to the entrance of the Facility;

 vi.   Lack of level access aisles adjacent to the accessible parking spaces due to the presence of the ramp within the boundaries of the access aisle;

 vii.   Protruding side flares of the access ramp within the boundaries of the adjacent accessible parking space;

 viii.   Excessive vertical rise at the bae of the access ramp; and

 ix.   "The violations enumerated may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property."

Holt alleged that he is without adequate remedy at law, entitled to injunctive relief and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless Defendant is required to remove the

16

physical barriers and dangerous conditions and ADA violation that exist on Defendant's Property. Again, Holt requested both attorney fees and costs.

## 5. Holt v. Rock N' Taco, Inc. et al (Case 1:19-cv-00605- LMM)

On February 5, 2019, Holt by and through attorney Ehrlich, filed this complaint alleging that he was a customer at Defendants Property on or about January 5, 2019. Rock-N-Taco is a restaurant located on Roswell Road in Atlanta, Georgia. Holt, in his complaint, alleged he suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access the Defendant's Property that discriminated and denied Holt full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein. Holt claimed he was a previous customer and plans to revisit the facility if made accessible. Holt specifically alleged in the Complaint the following difficulties he had in entering and utilizing the Defendant's Property in violation of the ADA and ADAAG:

i. Lack of accessible rote from the public sidewalk to the accessible entrances of the Facility;

ii. Accessible parking space cross-slope in excess of 1:48 (one to forty-eight);

iii. Broken pavement and excessive vertical rises within the boundaries of the access aisle adjacent to the accessible parking space on the Property;

17

iv. Side flares on accessible ramp slope in excess of 1:10 (one to ten);

v. Uneven ground surface for maneuvering clearance at the entrance to the Facility;

vi. Lack of accessible bar counters;

vii. Lack of at least 5% (five percent) of the interior dining surfaces that provide for consumption of food or drink that require a clear floor space, positioned for a forward approach;

viii. Changes in level with in the interior and exterior dining areas of the Facility that exceed ½ (one half) inch;

ix. Lack of at least 5% (five percent) of the exterior dining surfaces that provide for consumption of food or drink that require a clear floor space, positioned for a forward approach;

x. Lack of adequate turning space in restrooms;

xi. Inadequate clear turning space in the accessible toilet stalls in the restrooms of the Facility;

xii. Lack of self-closing and accessible toilet stall doors in the restrooms;

xiii. Lack of accessible hand flush controls on the commodes;

xiv. Restroom mirrors exceed the maximum height; and

18

xv.   "The violations enumerated may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property."

Holt alleged that he is without adequate remedy at law, entitled to injunctive relief, and attorneys' fees and costs. Again, Holt alleged he is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless Defendant is required to remove the physical barriers and dangerous conditions and ADA violation that exist on Defendant's Property.

## 6. The Instant Action: Holt v. Bhuendra Ghandi (Case 1:19-cv-00692-MLB)

In the present case, Defendant's Property is a small convenience store ("Kwik E Mart") located at Acworth Oaks Drive, Acworth, Georgia 30101, two blocks off the main thoroughfare and roughly half a mile from the nearest highway. Holt alleges in the Complaint (hereinafter "Complaint") filed February 8, 2017 by and through Ehrilch as counsel, that he patronized the Defendants Property where he encountered certain architectural barriers including inaccessible parking, sales and service counters, entrances to tenant spaces, routes, ramps, signage and restrooms. Specifically, Plaintiff alleged he suffered legal harm and legal injury and discrimination when his access to Defendant's Property was denied and/or limited

19

because of Plaintiff's disabilities and will be further harmed and injured if he is denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist. Those alleged barriers experienced by the Plaintiff that discriminated and denied him proper and legal access to the Property include:

i. Lack of accessible parking spaces on the Property are missing proper identification signs;

ii. Lack of accessible aisle adjacent to the two accessible parking spaces;

iii. Lack of level access aisles adjacent to the two accessible parking spaces due to the presence of the ramp within the boundaries of the access aisle;

iv. Excessive vertical rise of approximately 1" (one inch) at the base of the access ramp;

v. Side flares of the access ramp in excess of 1:10 (one to ten);

vi. Lack of 36 (thirty-six) inches of clear space at the top of the access ramp;

vii. Lack of accessible sales and service counters;

viii. Lack of accessible restroom signage;

ix. Lack of accessible hand flush controls on the commodes; and

20

x.   "The violations enumerated may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property."

Similar to all of Holt's previous pleadings in the five (5) cases before, Holt alleges he was discriminated against and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless Defendant is required to remove the physical barriers and dangerous conditions and ADA violation that exist on Defendant's Property. In addition, Holt requests injunctive relief and attorney fees and costs.

As the Court can clearly see, the allegation in the instant action are nearly identical with the facts alleged in each of the above detailed actions filed by Holt through Ehrlich. Even the slightest violation of the ADA opens the door for Holt to obtain a quick settlement from unsuspecting and unaware Defendants. Defendant contends based on the above behavior and following argument and citation of authority, the Court should find Holt to be a vexatious litigant with a pattern of harassment in filing boilerplate complaints that assert the same or similar facts in each. Holt and Ehrlich should must be stopped.

## Argument and Citation of Authority

### 1. Plaintiff's History of Litigation and Adequate Record for Review

21

The first factor Court's look to in determining whether a plaintiff is a vexatious litigant, is the history of litigation including whether plaintiff engaged in harassing or duplicative lawsuits. Safir, 792 F. 2d at 23. Here the court considers the sheer volume of suits filed by the plaintiff, the textual and factual similarities of the complaints, and the court's finding that the plaintiff's claims were contrived and not credible. Molski, 347 F. Supp. 2d at 867.

It is clear from our case analysis above and review of the ninety-three (93) cases filed by the plaintiff over the last year three (3) years confirms a pattern of harassment and intent to harass federal courts and local businesses. It is clear that the number of cases filed by Holt is not to serve the purpose of the ADA, but to harass and force small extract cash settlements that include payment of attorney's fees and costs.

Of the six case analyzed above, including the present case, none of the cases allege specific factual details of the Plaintiff's personal experience entering or using the facilities. In each complaint the Plaintiff alleges mere blanket and boilerplate accusations that vary in the number of violations but contain the same insufficient allegations regarding the actual encounter the Plaintiff had at each property. It is clear from Plaintiff Holt's past complaints that the similar if not exact same language has been used for the improper purpose of harassing businesses. Also, when viewing

22

Holt's ninety-three (93) case history, Holt has filed similar lawsuits within days of one another giving rise to his improper motive of extracting quick cash settlements. Holt's claims of injury within in days and miles of the alleged previous injury and defective property is simply not feasible or credible. Therefore, we ask the Court to find Holt's duplicative litigation practice vexatious with the desire to harass the Defendant.

## 2. Litigants Motive

The second factor the Court looks to is the plaintiff's motive and whether the litigant has an objective good faith expectation of prevailing on the merits. Safir, 792 F.2d at 23; Molski, 347 F. Supp. 2d at 865. In Molski, the Court found that where an "overwhelming majority" of plaintiff's claims were dismissed or settled, plaintiff did not appear to have a good faith expectation of litigating the claims on their merits. Furthermore, the Court found that Plaintiff's sheer volume of quick settlements and dismissals were strongly indicative of an improper motive. Id. at 866.

It is clear Holt is a vexatious litigant that show a pattern of harassment of Federal Courts and small businesses. Again, we urge the Court to look at the sheer number of lawsuits filed by Holt including the proximity in time of the alleged injuries, similarity of the complaints and the number of cases that have ended in

23

settlement. In the present case, Holt similar to Molski, by the nature of the lawsuits filed indicate an improper motive of extracting settlements from defendants without a good faith expectation of litigating the claims on the merits. Of Holts ninety-three (93) complaints eighty-two (82) were dismissed and of those eighty-two (82) dismissals sixty-two (62) were dismissed pursuant to a settlement agreement reached by the parties and not a single case has gone to trial. It is important to also note that eleven (11) cases, including the present remain open. It is clear based on the number of dismissals pursuant to quick settlements, Plaintiff has no true intent to litigate the complaint or the allegations alleged. Based on Plaintiff Holt's vexatious litigation we ask the Court to find Holt's complaint against Defendant in bad faith with an improper motive.

## 3. Representation by Counsel

Third, the Court has considered whether plaintiff was represented by counsel in his lawsuits. Safir, 792 F.2d at 23. Previous cases filed by and through the same attorney in prior lawsuits weights in favor of find a plaintiff vexatious. See Molski, 347 F. Supp. 2d at 866.

Holt has been represented by the same attorney, Elhrilich, for all of the ninety-three (93) cases filed on his behalf. Furthermore, the allegations in the instant action

24

are nearly identical with the facts alleged in each of the above detailed other federal actions filed by Holt through Ehrilich as counsel.

## 4. Needless Expenses to Parties and Burden on the Court

Next, the Court also considers whether plaintiff has caused needless expense to the parties and whether plaintiff has been a burden on the courts. Safir, 792 F.2d at 23. In Molski, the Court found that the sheer number of ADA lawsuits filed by Plaintiff, for the improper purpose of extracting quick case settlements, constitutes a needless expense on defendants and a burden on the courts. Molski, 347 F. Supp. 2d at 866. Again, just like Molski, the sheer number of cases filed by Holt over the last three years has clearly been a burden on the Court and each Defendant required to Answer and litigate each case.

## 5. Adequacy of Other Sanctions

Finally, the Court looks at whether other sanctions would be adequate to protect the courts and other parties. Safir, 792 F.2d at 23; Molski, 347 F. Supp. 2d at 865. The Court determined in Molski, that while Plaintiff's lawsuits individually did not appear to be without merit or improper, when viewed in their entirety including the accompanying boilerplate complaints the Plaintiff vexatious history was revealed. Id. at 866-67. Therefore, the Court determined a pre-filing order

25

would alert the court to Plaintiff's improper motives. Id. We ask the court to look at Holt's history and find that his duplicative and excessive filing vexatious.

## Conclusion

As previously mentioned, Holt has repeatedly asserted the exact same blanket facts in each filings with the sheer number and content of the complaints intent to harass and force settlement. To preclude future harassment against Defendant and other small businesses alike, a pre-filing order preventing Holt from filing similar actions in the future is merited and the imposition of monetary sanctions under Rule 11 is mandated against Holt and his counsel Ehrilich, jointly and severally, in the amount of $ 20,000.00.

WHEREFORE, Defendant respectfully request the Court to find Plaintiff Holt a vexatious litigant and require Holt to furnish security in the instant action and issue a pre-filing order prohibiting Plaintiffs from filing any new litigation in the Courts of this State without first obtaining leave from the presiding Justice or Judge of the Court where the litigation is proposed to be filed.

Dated: March 11, 2019.

Respectfully Submitted,

Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter

26

Georgia Bar No. 123309
Attorney for Defendant
Elkhalil Law, P.C.
1950 North Park Place
Suite 550
Atlanta, GA 30339
(770) 612-3499

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) **Civil Action** |
| vs. | ) **File No: 1:19-cv-00692-MLB** |
| | ) |
| BHUPENDRA GHANDI | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, served opposing counsel with the foregoing Defendant's Motion to Deem Plaintiff a Vexatious Litigant and Motion for Prefiling Order Prohibiting Filing New Litigation without Leave of Court and For Monetary Sanctions. by electronically filing a true and correct copy of the foregoing with the Courts e-filing system and depositing a copy of the same in the United States Mail, in an envelope with sufficient postage thereon addressed as follows:

Craig J. Ehrlich, Esq.
Law Offices of Craig J. Ehrlich, LLC
1123 Zonolite Road NE Suite 7-B
Atlanta, Georgia 30306
craig@ehrlichlawoffice.com
Attorney for Plaintiff

This ｜₊₊ day of March, 2019.

28

Hassan H. Elkhalil
GBN 243192
Charlotte H. Carter
GBN 123309

Elkhalil Law, P.C.
1950 North Park Place
Suite 550
Atlanta, GA 30339
(770) 612-3499

29

# EXHIBIT A

# Select A Case

## Dakota Holt is a plaintiff in 93 cases.

| | | | |
|---|---|---|---|
| 1:16-cv-01683-WSD | Holt v. Thakur Investment, L.L.C. | filed 05/24/16 | closed 09/13/16 |
| 1:16-cv-01832-AT | Holt v. Crazy Cuban LLC et al | filed 06/06/16 | closed 08/16/16 |
| 1:16-cv-01972-TWT | Holt v. BOP, LLC | filed 06/14/16 | closed 09/13/16 |
| 1:16-cv-01973-LMM | Holt v. Fourteenth St. LLC et al | filed 06/14/16 | closed 08/17/16 |
| 1:16-cv-02058-WSD | Holt v. Octane Coffee Company, LLC et al | filed 06/17/16 | closed 09/06/16 |
| 1:16-cv-02145-LMM | Holt v. Amelie's Holdings, LLC et al | filed 06/22/16 | closed 06/28/16 |
| 1:16-cv-02252-AT | Holt v. RD, LLC | filed 06/27/16 | closed 12/12/16 |
| 1:16-cv-02377-TWT | Holt v. Six Feet Under, LLC et al | filed 06/30/16 | closed 08/26/16 |
| 1:16-cv-02554-ELR | Holt v. Teta Food Company LLC | filed 07/14/16 | closed 09/13/16 |
| 1:16-cv-02646-AT | Holt v. State and Fourteenth, LLC | filed 07/21/16 | closed 09/21/16 |
| 1:16-cv-02685-TCB | Holt v. So Tong, LLC et al | filed 07/25/16 | closed 09/23/16 |
| 1:16-cv-02710-WSD | Holt v. 14th Street Antiques & Interiors, Inc. et al | filed 07/26/16 | closed 08/08/16 |

| 1:16-cv-03107-ELR | Holt v. Shamim Investments LLC et al | filed 08/24/16 | closed 11/07/16 |
|---|---|---|---|
| 1:16-cv-03602-SCJ | Holt v. Bouldercrest Center, LLC | filed 09/26/16 | closed 12/05/16 |
| 1:16-cv-03736-AT | Holt v. Atlanta Hospitality Investment LLC et al | filed 10/06/16 | closed 12/15/16 |
| 1:16-cv-03864-AT | Holt v. Wine Oil Company, Inc. | filed 10/17/16 | closed 12/22/16 |
| 1:16-cv-03992-TWT | Holt v. 821 Concord LLC | filed 10/26/16 | closed 01/12/17 |
| 1:16-cv-04086-TCB | Holt v. JSKA Investment Group, LLC | filed 11/01/16 | closed 12/16/16 |
| 1:16-cv-04130-AT | Holt v. Crafty Hog, Inc. et al | filed 11/03/16 | closed 01/09/17 |
| 1:16-cv-04586-AT | Holt v. Malincho, Inc. et al | filed 12/14/16 | closed 08/08/17 |
| 1:16-cv-04612-MHC | Holt v. Johnston | filed 12/15/16 | closed 04/11/17 |
| 1:17-cv-00005-RWS | Holt v. 725 Concord, LLC | filed 01/03/17 | closed 03/29/17 |
| 1:17-cv-00062-AT | Holt v. AIZ Quick Shop Inc et al | filed 01/05/17 | closed 01/27/17 |
| 1:17-cv-00087-WSD | Holt v. Vasudev, LLC | filed 01/09/17 | closed 09/19/17 |
| 1:17-cv-00187-AT | Holt v. Pat Mell Partnership | filed 01/17/17 | closed 05/11/17 |
| 1:17-cv-00280-TWT | Holt v. Davinci's Pizza Delivery, Inc. et al | filed 01/24/17 | closed 05/05/17 |
| 1:17-cv-00311-ELR | Holt v. Old South Barbecue, Inc. et al. | filed 01/26/17 | closed 06/07/17 |

| 1:17-cv-00340-TCB | Holt v. Tedricks, Inc. et al | filed 01/30/17 | closed 06/27/17 |
| 1:17-cv-00510-SCJ | Holt v. Riverview Associates, LTD | filed 02/10/17 | closed 10/05/17 |
| 1:17-cv-00578-AT | Holt v. IJC Royal, LLC et al | filed 02/15/17 | closed 06/21/17 |
| 1:17-cv-00682-LMM | Holt v. Gurdaspura, Inc. et al | filed 02/23/17 | closed 07/20/17 |
| 1:17-cv-00700-RWS | Holt v. Nam Dae Mun, LLC et al | filed 02/24/17 | closed 05/26/17 |
| 1:17-cv-00749-LMM | Holt v. L.I.U. Properties, Inc. | filed 03/01/17 | closed 08/22/17 |
| 1:17-cv-00787-LMM | Holt v. SC Property 2, LLC | filed 03/03/17 | closed 05/23/17 |
| 1:17-cv-00847-ELR | Holt v. Neighborhood Restaurant Partners, LLC et al | filed 03/08/17 | closed 07/20/17 |
| 1:17-cv-01050-RWS | Holt v. Tzalka et al | filed 03/23/17 | closed 06/09/17 |
| 1:17-cv-01101-TCB | Holt v. Monterrey Mexican Restaurant No. 21, Inc. et al | filed 03/27/17 | closed 08/01/17 |
| 1:17-cv-01227-SCJ | Holt v. Hersch's Super Market, Inc. | filed 04/05/17 | closed 07/14/17 |
| 1:17-cv-01554-LMM | Holt v. Blue Moon Pizza of Windy Hill, LLC et al | filed 05/01/17 | closed 05/30/17 |
| 1:17-cv-01665-ELR | Holt v. Tomioka Corporation et al | filed 05/09/17 | closed 07/12/17 |
| 1:17-cv-01996-RWS | Holt v. UTF Bankhead L.L.C. | filed 06/01/17 | closed 06/29/17 |

| 1:17-cv-02119-MHC | Holt v. Folks, Inc. et al | filed 06/09/17 closed 11/01/17 |
| 1:17-cv-02295-SCJ | Holt v. Desert Storm Development, LLC | filed 06/19/17 closed 11/09/17 |
| 1:17-cv-02436-LMM | Holt v. Mukhiya & Family LLC et al | filed 06/29/17 closed 09/08/17 |
| 1:17-cv-02604-TWT | Holt v. Cash America International, Inc. | filed 07/11/17 closed 09/21/17 |
| 1:17-cv-02695-WSD | Holt v. Windy Hill Minimart Inc et al | filed 07/18/17 closed 09/20/17 |
| 1:17-cv-02743-ELR | Holt v. 2900 South Cobb Drive, LLC | filed 07/20/17 closed 09/18/17 |
| 1:17-cv-02819-TCB | Holt v. Gaoli, Inc. et al | filed 07/26/17 closed 01/02/18 |
| 1:17-cv-02927-MHC | Holt v. Siam Restaurant, Inc. et al | filed 08/03/17 closed 10/25/17 |
| 1:17-cv-03017-AT | Holt v. Metro Corral Partners, LLC et al | filed 08/10/17 closed 11/01/17 |
| 1:17-cv-03104-WSD | Holt v. Jasara, Inc. | filed 08/16/17 closed 10/10/17 |
| 1:17-cv-03267-ELR | Holt v. Taco Cantina, LLC et al | filed 08/29/17 closed 10/30/17 |
| 1:17-cv-03399-TCB | Holt v. SHM Enterprises, Inc. et al | filed 09/06/17 closed 04/09/18 |
| 1:17-cv-03521-SCJ | Holt v. Sam & Samita LLC | filed 09/13/17 closed 12/01/17 |
| 1:17-cv-03744-TWT | Holt v. REV Coffee, Inc. et al | filed 09/25/17 closed 12/06/17 |

4

3/11/2019, 3:18 PM

| 1:17-cv-03825-MLB | Holt v. Yonas et al | filed 09/29/17 | closed 03/29/18 |
| 1:17-cv-03937-LMM | Holt v. Blue Chip Pizza Products, LLC et al | filed 10/06/17 | closed 12/29/17 |
| 1:17-cv-04043-WSD | Holt v. Concord Square Shopping Center, LLC | filed 10/12/17 | closed 01/02/18 |
| 1:17-cv-04906-TWT | Holt v. REES 427, LLC | filed 12/04/17 | closed 01/29/18 |
| 1:17-cv-04995-LMM | Holt v. Lahore Grill Restaurant Inc. et al | filed 12/07/17 | closed 03/27/18 |
| 1:17-cv-05414-TCB | Holt v. Buen Provecho, LLC et al | filed 12/26/17 | closed 03/09/18 |
| 1:18-cv-00009-ELR | Holt v. Bernhard's Bread Bakery, LP et al | filed 01/02/18 | closed 04/13/18 |
| 1:18-cv-00672-WSD | Holt v. Jiyeon, Inc. et al | filed 02/14/18 | closed 04/10/18 |
| 1:18-cv-00692-LMM | Holt v. AASIR USA, LLC et al | filed 02/15/18 | closed 04/16/18 |
| 1:18-cv-01010-AT | Holt v. T K Atlanta LLC et al | filed 03/08/18 | closed 06/21/18 |
| 1:18-cv-01217-AT | Holt v. Austell Seafood Market Inc et al | filed 03/22/18 | closed 06/27/18 |
| 1:18-cv-01645-TCB | Holt v. Landlocked, LLC | filed 04/17/18 | closed 05/16/18 |
| 1:18-cv-02052-SCJ | Holt v. YNH Properties LLC | filed 05/10/18 | closed 10/15/18 |
| 1:18-cv-02347-AT | Holt v. Shorty's Toco Hill, LLC et al | filed 05/22/18 | closed 10/23/18 |

| 1:18-cv-02791-MHC | Holt v. Pappas Restaurants, Inc. | filed 06/06/18 closed 09/18/18 |
| 1:18-cv-03159-RWS | Holt v. La Cosecha, Inc. et al | filed 06/29/18 closed 10/17/18 |
| 1:18-cv-03309-MLB | Holt v. Yun Yang, Inc. et al | filed 07/10/18 closed 11/02/18 |
| 1:18-cv-03833-ELR | Holt v. 1318 JFR, Inc. et al | filed 08/12/18 closed 10/11/18 |
| 1:18-cv-04237-LMM | Holt v. Lower Roswell Donuts Holdings, LLC | filed 09/06/18 closed 11/09/18 |
| 1:18-cv-04315-MHC | Holt v. Tijuana Joe's Cantina, Inc. | filed 09/12/18 closed 01/09/19 |
| 1:18-cv-04526-WMR | Holt v. La Paloma, Inc. et al | filed 09/27/18 closed 10/31/18 |
| 1:18-cv-04635-MLB | Holt v. Perkins Investments, L.P. | filed 10/04/18 closed 01/18/19 |
| 1:18-cv-04731-ELR | Holt v. Acworth Promenade, LLC | filed 10/11/18 closed 02/21/19 |
| 1:18-cv-04767-AT | Holt v. Sree Mangal LLC et al | filed 10/15/18 |
| 1:18-cv-05052-AT | Holt v. Shanti Kunj, Inc. | filed 11/01/18 closed 12/28/18 |
| 1:18-cv-05084-MLB | Holt v. Desh Enterprises, Inc. | filed 11/02/18 closed 01/14/19 |
| 1:18-cv-05193-SCJ | Holt v. Dakota Enterprises, Inc. et al | filed 11/12/18 closed 12/28/18 |
| 1:18-cv-05262-AT | Holt v. Brinker Georgia, Inc. et al | filed 11/15/18 |

| | | |
|---|---|---|
| 1:18-cv-05518-ELR | Holt v. Sapeta LLC | filed 12/04/18 |
| 1:19-cv-00142-TWT | Holt v. Fris Chkn, LLC | filed 01/08/19 |
| 1:19-cv-00241-MHC | Holt v. DH Hospitality, Inc. et al | filed 01/12/19 |
| 1:19-cv-00373-TCB | Holt v. Waffle House, Inc. | filed 01/22/19 |
| 1:19-cv-00432-WMR | Holt v. Townpoint Retail, L.L.C. | filed 01/25/19 |
| 1:19-cv-00605-LMM | Holt v. Rock N Taco, Inc. et al | filed 02/05/19 |
| 1:19-cv-00692-MLB | Holt v. Ghandi | filed 02/08/19 |
| 1:19-cv-00747-LMM | Holt v. UHP Partners LLC et al | filed 02/12/19 |
| 1:19-cv-00920-WMR | Holt v. Alray, Inc. | filed 02/25/19 |
| 1:19-cv-01017-AT | Holt v. Beef Grill Restaurant, LLC et al | filed 03/04/19 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/11/2019 15:14:58 | | | |
| PACER Login: | elkhalillaw:2799647:0 | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: Holt First Name: Dakota |
| Billable Pages: | 3 | Cost: | 0.30 |

7

# EXHIBIT N



**Charlotte Carter <charlotte@elkhalillaw.com>**

## Fwd: Holt, Dakota v. Ghandi, Bhupendra
22 messages

**Hassan Elkhalil** <hassan@elkhalillaw.com>
To: Charlotte Carter <charlotte@elkhalillaw.com>

Tue, Mar 12, 2019 at 9:09 AM

FYI



**Hassan Elkhalil**
Hassan@Elkhalillaw.com
1950 N Park Place, Suite 550
Atlanta, Georgia 30339
Tel: (770) 612-3499
Fax: (404) 537-1710
Elkhalil Law, P.C.

Elkhalil Law,
P.C.

 skype

**Confidentiality Notice:** This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Company Name is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.

**IRS Circular 230 Notice Requirement:** This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

---------- Forwarded message ---------
From: **Craig J. Ehrlich** <craig@ehrlichlawoffice.com>
Date: Mon, Mar 11, 2019 at 8:25 PM
Subject: Holt, Dakota v. Ghandi, Bhupendra
To: <Hassan@elkhalillaw.com>

Cc: <Administration@ehrlichlawoffice.com>

I guess we're almost even, as I misspelled your client's name twice, and you misspelled mine at least three different ways in your motions. ;)

I really do implore you to contact me as soon as possible.

I was so surprised to see that we've worked on a prior case together, all things considered.

And, contrary to the accusations you've laid, while you may be intent on running up your bill with motions that will be denied, I'm interested in ADAAG compliance without having to demand those fees from your client.

My cases all settle because the violations are exactly as alleged, plain and simple.

Again, if I must respond, I'm happy to oblige, but I'm going to put the time into a response that will resonate.

If not at my direct number below, you're welcome to call me on my cell, (404) 863-0839.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 (Toll Free)

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

---

**Hassan Elkhalil** <hassan@elkhalillaw.com>
To: Charlotte Carter <charlotte@elkhalillaw.com>

Tue, Mar 12, 2019 at 3:16 PM

---------- Forwarded message ---------
From: **Craig J. Ehrlich** <craig@ehrlichlawoffice.com>
Date: Tue, Mar 12, 2019 at 2:53 PM
Subject: Holt, Dakota v. Ghandi, Bhupendra
To: <Hassan@elkhalillaw.com>

Hassan:

In advance of our Rule 26(f) Conference, a draft JPRDP is attached.
[Quoted text hidden]
--

(Please excuse any mistypes or unintended auto-corrections as this email is sent from phone.)

Hassan Elkhalil, LL.M.Hassan@elkhalillaw.comElkhalil Law, P.C. Office: (770) 612-3499 / Fax: (404) 537-1710 1950 North Park Place, Suite 550Atlanta, Georgia 30339 http://www.elkhalillaw.comThis e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Company Name is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.

---

**Charlotte Carter** <charlotte@elkhalillaw.com>
To: Hassan Elkhalil <hassan@elkhalillaw.com>

Tue, Mar 12, 2019 at 4:01 PM

I did not receive the attachment.
[Quoted text hidden]
--

Charlotte H. Carter
charlotte@elkhalillaw.com

Elkhalil Law P.C.
1950 N. Park Place, Suite 550
Atlanta, GA 30339
Office: (770) 612-3499 / Fax: (404) 537-1710

This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Elkhalil Law, P.C. is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.

---

**Hassan Elkhalil** <hassan@elkhalillaw.com>
To: Charlotte Carter <charlotte@elkhalillaw.com>

Tue, Mar 12, 2019 at 4:16 PM

---------- Forwarded message ---------
From: **Craig J. Ehrlich** <craig@ehrlichlawoffice.com>
Date: Tue, Mar 12, 2019 at 3:34 PM
Subject: Holt, Dakota v. Ghandi, Bhupendra
To: <Hassan@elkhalillaw.com>

Hassan:

Plaintiff proposes settlement of this case predicted upon the terms and conditions of the attached draft Consent Decree and accompanying documents.

In the interests of compromise, I have not demanded any of my time invested in researching and preparing

responses to your motions (which, since they were filed, is quite considerable already. I do not take these matters lightly, though I have never encountered such invective due to the manner in which I have practiced).

This is thus a very fair demand and evidences no hard feelings.

Please consider it open for acceptance until Monday, March 18th at 6:00 P.M., at which time it will be deemed withdrawn.

Feel free to contact me at your convenience to further discuss. If not at my desk, you're welcome to call me on my cell, (404) 863-0839.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 (Toll Free)

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.
[Quoted text hidden]

---

**4 attachments**

📄 **03.12.19 Proposed Consent Decree (Holt v. Ghandi, Bhupendra).docx**
43K

📄 **03.12.19 Proposed Exhibit 1 to Consent Decree (Holt v. Ghandi, Bhupendra).docx**
29K

📄 **Draft Proposed Order Approving Consent Decree (Holt v. Ghandi, Bhupendra).docx**
25K

📄 **Draft Proposed Stipulation to Approve Consent Decree (Holt v. Ghandi, Bhupendra).docx**
30K

---

**Hassan Elkhalil** <hassan@elkhalillaw.com>                                    Thu, Mar 14, 2019 at 3:17 PM
To: "Craig J. Ehrlich" <craig@ehrlichlawoffice.com>, Charlotte Carter <charlotte@elkhalillaw.com>

**Greetings,**

**Will call on Monday to discuss.**

**Regards,**



**Hassan Elkhalil**
Hassan@Elkhalillaw.com
1950 N Park Place, Suite 550
Atlanta, Georgia 30339
Tel: (770) 612-3499
Fax: (404) 537-1710
Elkhalil Law, P.C.

Elkhalil Law,
P.C.

 skype

**Confidentiality Notice:** This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Company Name is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.

**IRS Circular 230 Notice Requirement:** This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

On Thu, Mar 14, 2019 at 3:16 PM Craig J. Ehrlich <craig@ehrlichlawoffice.com> wrote:
  Hassan:

  Just left another message with your office.

  The courtesy of a response to any of my emails and/or telephone calls would be greatly appreciated.
  [Quoted text hidden]

---

**Craig J. Ehrlich** <craig@ehrlichlawoffice.com>
To: Hassan Elkhalil <hassan@elkhalillaw.com>
Cc: Charlotte Carter <charlotte@elkhalillaw.com>

Thu, Mar 14, 2019 at 3:20 PM

Much obliged. Let me know a time (or range) and I'll make sure I'm available. I figure we can call it our 26(f) and get that out of the way.

Have a good weekend.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 (Toll Free)

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.
[Quoted text hidden]

**Craig J. Ehrlich** <craig@ehrlichlawoffice.com>                                    Mon, Mar 18, 2019 at 4:51 PM
To: Hassan Elkhalil <hassan@elkhalillaw.com>
Cc: Charlotte Carter <charlotte@elkhalillaw.com>

Hassan:

I was rather certain I would not hear from you today as promised. While you've made it clear in your filings and by your behavior that you don't find me deserving of even the barest modicum of courtesy or respect, we are nonetheless working a case together.

I'm leaving the office, though I will be back at work on my response to your Motion to Deem later this evening. I've already invested quite a bit of time in the response already.

That said, I thought before I invest that additional time, I would at least discuss the facts of the case with you in an effort to actually keep the costs in this matter down, but that honestly doesn't seem like your objective here.

Again, my cell number is (404) 863-0839. If you deign me worthy of a minimal amount of your time, feel free to call.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 (Toll Free)

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are

hereby notified that any dissemination, distribution, or copying of this communication, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

> On Mar 14, 2019, at 3:17 PM, Hassan Elkhalil <hassan@elkhalillaw.com> wrote:
>
> [Quoted text hidden]

---

**Craig J. Ehrlich** <craig@ehrlichlawoffice.com>                                  Mon, Mar 18, 2019 at 6:01 PM
To: Hassan Elkhalil <hassan@elkhalillaw.com>
Cc: Charlotte Carter <charlotte@elkhalillaw.com>

Hassan:

Plaintiff is presently amenable to settlement of this case predicated upon the terms and conditions of the attached draft Consent Decree and accompanying Exhibit 1.

Please consider this demand open until it is affirmatively withdrawn.

I'm getting back to work on our response to your motion and will amend and update the demand accordingly as time accrues.

That said, and despite the unwarranted vituperative complexion of your filings to date, if your client thinks better of his litigation strategy and indicates a willingness to bring the violative conditions that are present at the Property into compliance with the ADAAG, I am equally willing to waive a considerable amount of our fees incurred to date to that end.

I'm happy to discuss the case with you should you have an opportunity to return my phone calls.

Yours most truly,
[Quoted text hidden]

---

**2 attachments**

 **03.18.19 Proposed Consent Decree (Holt v. Ghandi, Bhupendra).docx**
43K

 **03.18.19 Proposed Exhibit 1 to Consent Decree (Holt v. Ghandi, Bhupendra).docx**
29K

---

**Craig J. Ehrlich** <craig@ehrlichlawoffice.com>                                  Tue, Mar 19, 2019 at 4:02 PM
To: Hassan Elkhalil <hassan@elkhalillaw.com>
Cc: Charlotte Carter <charlotte@elkhalillaw.com>

Hassan:

Attached, please find a revised and updated version of the JPRDP for Defendant's inserts and edits.

As you are aware, LR 16.1 requires us to conduct a conference pursuant to Fed. R. Civ. P. 26(f) within 16 days of a defendant's appearance by answer or motion. Since you first appeared in the case on March 11, I have tried to get this scheduled with you, but all I've received in response was the below.

I will be unavailable this Thursday and Friday. So, I was hoping to get set it for next Tuesday (3/26) or Wednesday (3/27). If either of those work, let me know a time that's best and I'll get it calendared.

As the rule requires that we meet in person, I assumed it would be most convenient for me to come to your office, which I am happy to do. Let me know if that's the case.
[Quoted text hidden]

On Mar 14, 2019, at 3:17 PM, Hassan Elkhalil <hassan@elkhalillaw.com> wrote:

**Greetings,**

**Will call on Monday to discuss.**

**Regards,**



**Hassan Elkhalil**
Hassan@Elkhalillaw.com
1950 N Park Place, Suite 550
Atlanta, Georgia 30339
Tel: (770) 612-3499
Fax: (404) 537-1710
Elkhalil Law, P.C.

Elkhalil Law,
P.C.


skype

**Confidentiality Notice:** This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Company Name is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.

**IRS Circular 230 Notice Requirement:** This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

On Thu, Mar 14, 2019 at 3:16 PM Craig J. Ehrlich <craig@ehrlichlawoffice.com> wrote:
Hassan:

Just left another message with your office.

The courtesy of a response to any of my emails and/or telephone calls would be greatly appreciated.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 (Toll Free)

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

 **03.19.19 Draft JPRDP (Holt v. Ghandi, Bhupendra).docx**
33K

**Craig J. Ehrlich, Esq.** <craig@ehrlichlawoffice.com>                                    Wed, Mar 20, 2019 at 3:14 PM
To: Charlotte Carter <charlotte@elkhalillaw.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>, administration@ehrlichlawoffice.com

Charlotte:

Thanks for your time on the phone just now, though I found it both discouraging and laughable that you would call our suit frivolous in the same conversation in which you admitted that your client has undertaken to rectify the violations as alleged.

And, I am understandably tired of the assaults on my character by your firm. It isn't warranted and it's unprofessional.

As an aside, I am sorry to hear about Hakim's loss, and will await a response as to your firm's availability to conduct our 26(f).

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B

Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 Toll Free)
www.ehrlichlawoffice.com

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

On Mar 14, 2019, at 3:17 PM, Hassan Elkhalil <hassan@elkhalillaw.com> wrote:

[Quoted text hidden]

---

**Craig J. Ehrlich, Esq.** <craig@ehrlichlawoffice.com>                    Wed, Mar 20, 2019 at 4:46 PM
To: Charlotte Carter <charlotte@elkhalillaw.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>, administration@ehrlichlawoffice.com

Hakim and Charlotte:

Please thank your client for his efforts to bring his property into compliance.

I plan to file a motion for leave to amend to file an amended complaint to remove the allegations with regard to the corrected items in the very near future.

Specifically, we will be removing the claims concerning the vertical rises at the bases of the ramps, which have been resurfaced, and the maneuvering clearance issue due to the repositioned ice chest.

I assume your client has rectified the interior issues or plans to do so in the near future, and if you will confirm that for me (simple photographs will suffice), I will remove those allegations as well.

Please let me know if Defendant is opposed to this motion.

Last, please consider our most demand withdrawn. That doesn't mean that we are unwilling to settle. Hopefully in light of the above, and our mutual knowledge that the violations were all indeed as originally pleaded, it will now be easier to reach an amicable resolution.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 Toll Free)
www.ehrlichlawoffice.com

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of

Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

[Quoted text hidden]

---

**Craig J. Ehrlich** <craig@ehrlichlawoffice.com>                          Tue, Mar 26, 2019 at 10:31 AM
To: Hassan Elkhalil <hassan@elkhalillaw.com>
Cc: Charlotte Carter <charlotte@elkhalillaw.com>

Hassan and Charlotte:

I haven't heard back from y'all with regard to conducting a 26(f) Conference, which we are required to do by tomorrow. Please let me know.

I also haven't heard back from you regarding amending the Complaint to strike the violations your client has fixed, but we can discuss it further at our 26(f).

In a good faith attempt to end this case, I have attached a revised settlement demand for your client to consider.

In light of the repairs he's already engaged in, I have removed those elements. Also, as he has expended funds to repair the existing ramps rather than remove them and replace them with cut ramps, I have included a much cheaper alternative that still satisfies the , which would solely require that he move the parking spaces over one spot each so the ramps can remain where they are while still satisfying section 502.4. I can provide a simple diagram if this is confusing.

Also, the restroom repairs are included, but highlighted, as I am happy to remove them if you confirm for me that they have been completed.

Our fees and costs demand is $0.00. We can discuss that at the 26(f) as well.
[Quoted text hidden]

> On Mar 14, 2019, at 3:17 PM, Hassan Elkhalil <hassan@elkhalillaw.com> wrote:
>
> **Greetings,**
>
> **Will call on Monday to discuss.**
>
> **Regards,**
>
> 
>
> **Hassan Elkhalil**

Hassan@Elkhalillaw.com
1950 N Park Place, Suite 550
Atlanta, Georgia 30339
Tel: (770) 612-3499
Fax: (404) 537-1710
Elkhalil Law, P.C.

Elkhalil Law,
P.C.


skype

**Confidentiality Notice:** This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Company Name is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.

**IRS Circular 230 Notice Requirement:** This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

On Thu, Mar 14, 2019 at 3:16 PM Craig J. Ehrlich <craig@ehrlichlawoffice.com> wrote:
Hassan:

Just left another message with your office.

The courtesy of a response to any of my emails and/or telephone calls would be greatly appreciated.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 (Toll Free)

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error,

please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

---

**2 attachments**

📄 **03.26.19 Proposed Exhibit 1 to Consent Decree (Holt v. Ghandi, Bhupendra).docx**
29K

📄 **03.26.19 Proposed Consent Decree (Holt v. Ghandi, Bhupendra).docx**
41K

---

**Charlotte Carter** <charlotte@elkhalillaw.com>
To: "Craig J. Ehrlich" <craig@ehrlichlawoffice.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>

Thu, Mar 28, 2019 at 3:15 PM

Mr. Ehrlich,

Please find enclosed the joint preliminary report and discovery plan with the necessary information included. At this time we believe we can forgo the conference and submit the enclosed plan. In addition I will have our clients initial disclosures to you on or by April 12th. We also had the opportunity to look over the proposed consent decree and exhibit and believe it is out clients best interest to request a complete dismissal with prejudice. Please let us know if you plan to dismiss before the date of the initial disclosures. Thank you.

[Quoted text hidden]
[Quoted text hidden]

> On Mar 14, 2019, at 3:17 PM, Hassan Elkhalil <hassan@elkhalillaw.com> wrote:
>
> **Greetings,**
>
> **Will call on Monday to discuss.**
>
> **Regards,**
>
> 
> **ELKHALIL LAW, P.C.**
> SERVING THE WORLD FROM ATLANTA
>
> **Hassan Elkhalil**
> Hassan@Elkhalillaw.com
> 1950 N Park Place, Suite 550
> Atlanta, Georgia 30339
> Tel: (770) 612-3499
> Fax: (404) 537-1710
> Elkhalil Law, P.C.
>
> Elkhalil Law,
> P.C.


skype

**Confidentiality Notice:** This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Company Name is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.

**IRS Circular 230 Notice Requirement:** This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

On Thu, Mar 14, 2019 at 3:16 PM Craig J. Ehrlich <craig@ehrlichlawoffice.com> wrote:
  Hassan:

  Just left another message with your office.

  The courtesy of a response to any of my emails and/or telephone calls would be greatly appreciated.

  Sincerely,

  Craig J. Ehrlich, Esq.*
  The Law Office of Craig J. Ehrlich, LLC
  1123 Zonolite Road, N.E., Suite 7-B
  Atlanta, Georgia 30306
  Office: (800) 238-3857, Ext. 301
  Direct: (404) 365-4460
  Fax: (855) 415-2480 (Toll Free)

  *Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

  General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

--

Charlotte H. Carter

charlotte@elkhalillaw.com

Elkhalil Law P.C.
1950 N. Park Place, Suite 550
Atlanta, GA 30339
Office: (770) 612-3499 / Fax: (404) 537-1710

This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Elkhalil Law, P.C. is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.

 **Holt v. Ghandi (Draft JPRDP).docx**
33K

---

**Craig J. Ehrlich, Esq.** <craig@ehrlichlawoffice.com>
To: Charlotte Carter <charlotte@elkhalillaw.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>

Thu, Mar 28, 2019 at 3:39 PM

We may be amenable to that. Do you have a minute to discuss?

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 Toll Free)
www.ehrlichlawoffice.com

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

[Quoted text hidden]

<Holt v. Ghandi (Draft JPRDP).docx>

---

**Charlotte Carter** <charlotte@elkhalillaw.com>
To: "Craig J. Ehrlich, Esq." <craig@ehrlichlawoffice.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>

Thu, Mar 28, 2019 at 4:38 PM

How does Wednesday morning around 10 a.m work?
[Quoted text hidden]

---

**Craig J. Ehrlich, Esq.** <craig@ehrlichlawoffice.com>
To: Charlotte Carter <charlotte@elkhalillaw.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>

Thu, Mar 28, 2019 at 4:55 PM

Sometimes humor is lost in emails, but was that a joke?

I'm literally talking about two minutes.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 Toll Free)
www.ehrlichlawoffice.com

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

[Quoted text hidden]

---

**Craig J. Ehrlich** <craig@ehrlichlawoffice.com>
To: Charlotte Carter <charlotte@elkhalillaw.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>

Wed, Apr 3, 2019 at 2:05 PM

Stipulation is attached.
[Quoted text hidden]

---

 **Stipulation of Dismissal With Prejudice (Holt v. Ghandi).docx**
28K

---

**Charlotte Carter** <charlotte@elkhalillaw.com>
To: "Craig J. Ehrlich" <craig@ehrlichlawoffice.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>

Thu, Apr 4, 2019 at 9:04 AM

Mr. Ehrlich,

I had the opportunity to look over the stipulation and discuss the matter with Mr. Elkhalil and Mr. Ghandi and we

believe it is in his best interest to request a voluntary dismissal without stipulation.  Please let me know if this is agreeable on your end.  Thank you.

[Quoted text hidden]

[Quoted text hidden]

---

**Craig J. Ehrlich, Esq.** <craig@ehrlichlawoffice.com>    Thu, Apr 4, 2019 at 10:07 AM
To: Charlotte Carter <charlotte@elkhalillaw.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>

I'm not sure I understand.

A voluntary dismissal is not possible under Fed. R. Civ. P. 41(a)(1)(A)(i), as you have appeared by both Motion and Answer.

Thus, the dismissal must be by Motion or Stipulation pursuant to 41(a)(1)(A)(ii).

So, I'm going to need a little clarification as to your request.

Also, I had asked that as a condition to agree to this dismissal, that you simply confirm for me that the restroom had been brought into compliance.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 Toll Free)
www.ehrlichlawoffice.com

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

[Quoted text hidden]

---

**Charlotte Carter** <charlotte@elkhalillaw.com>    Thu, Apr 4, 2019 at 10:57 AM
To: "Craig J. Ehrlich, Esq." <craig@ehrlichlawoffice.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>

We would like to move forward with the stipulated dismissal.  However, it is my understanding that the bathroom is not longer open to the public.

[Quoted text hidden]

---

**Craig J. Ehrlich, Esq.** <craig@ehrlichlawoffice.com>    Thu, Apr 4, 2019 at 11:22 AM

To: Charlotte Carter <charlotte@elkhalillaw.com>
Cc: Hassan Elkhalil <hassan@elkhalillaw.com>, administration@ehrlichlawoffice.com, Amy Ehrlich <admin@ehrlichlawoffice.com>

Not my favorite solution, but nevertheless effective. When a strict policy is adopted that a restroom is for employees only, it's not a public accommodation and thus not subject to the ADA/ADAAG. Trouble ensues when the policy is not strictly enforced (i.e. ambulatory patrons are given access, but disabled individuals are told it is employee-only). I've encountered such soft policies on a number of occasions, and they make for very strong claims for disabled plaintiffs, as it isn't subject to mooting. Please pass that along to your client so he can advise his tenant accordingly.

I'm glad you reconsidered the stipulation, because as much as your office has cast unwarranted aspersions upon my client and my practice, I was reluctant to have to tell the court the basis for my unilateral motion to dismiss was that while making those accusations against us, your client was busily addressing the violations alleged and bringing his property into compliance with the 1991 regulations. Dismissing by stipulation and without a basis leaves that out. "They go low, we go high." ;)

On that note, should we meet again in the future, rest assured that I will always agree dismiss a case if an attorney reaches out to me at the outset and let's me know their plan is to repair immediately and moot our claims. I truly applaud such a response (unfortunately it happens infrequently), and always agree to provide an extension to respond to the complaint that is long enough to make the repairs, then dismiss the case upon completion with no fees or costs demanded.

Also, in light of your client's response to the suit (as to the repairs, not the invective) should any of my clients bring me a receipt from a public accommodation that investigation reveals is owned by your client, I will provide pre-litigation notice and an ample right to cure period before filing suit.

While you and Hassan obviously look down on our practice, we have achieved tangible and significant positive results all over Metro Atlanta that benefit the entire disabled community. Your client's property is now among them, and we appreciate his efforts to do so.

I will file the stipulation shortly. All the best.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 Toll Free)
www.ehrlichlawoffice.com

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

[Quoted text hidden]

---

**Charlotte Carter** <charlotte@elkhalillaw.com>        Thu, Apr 4, 2019 at 11:29 AM

To: Yesy Valdes <yesy@elkhalillaw.com>

[Quoted text hidden]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. 1:19-cv-00692-MLB |
| BHUPENDRA GHANDI, | ) |
| | ) |
| Defendant. | ) |

## **STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure,

Plaintiff Dakota Holt and Defendant Bhupendra Ghandi, by and through the

undersigned counsel of record, hereby stipulate and agree that the instant matter be

dismissed with prejudice, without an award of fees or costs to either party.

Dated: April 4, 2019.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

1

/s/Hassan H. Elkhalil
Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Elkhalil Law, P.C.
1950 N. Park Place, Suite 550
Atlanta, Georgia 30339
Tel: (770) 612-3499
Fax: (404) 537-1710
hassan@elkhalillaw.com
charlotte@elkhalillaw.com

## **CERTIFICATE OF SERVICE**

I certify that on April 4, 2019, I filed the within and foregoing Stipulation of

Dismissal with Prejudice using the CM/ECF System for the federal District Court

for the Northern District of Georgia, resulting in a true and correct copy of the

same to be delivered via electronic mail to the following counsel of record:

Hassan H. Elkhalil, Esq.
Charlotte H. Carter, Esq.
Elkhalil Law, P.C.
1950 N. Park Place, Suite 550
Atlanta, Georgia 30339
Tel: (770) 612-3499
Fax: (404) 537-1710
hassan@elkhalillaw.com
charlotte@elkhalillaw.com

/s/Craig J. Ehrlich
Craig J. Ehrlich

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich

3

# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS H. FUTCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. _____ |
| PQV, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, THOMAS H. FUTCH, by and through the undersigned
counsel, and files this, his Complaint against Defendant PQV, LLC pursuant to the
Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the
ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support
thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28
U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et
seq.*, based upon Defendant's failure to remove physical barriers to access and
violations of Title III of the ADA.

2.     Venue is proper in the federal District Court for the Northern District

1

of Georgia, Atlanta Division.

## PARTIES

3.    Plaintiff THOMAS H. FUTCH (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Decatur, Georgia (Dekalb County).

4.    Plaintiff is disabled as defined by the ADA.

5.    Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities.

6.    Plaintiff uses a wheelchair for mobility purposes.

7.    Defendant PQV, LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

8.    Defendant may be properly served with process via its registered agent for service, to wit: Thomas Vuong, 6098 Memorial Drive, Stone Mountain, Georgia 30083.

## FACTUAL ALLEGATIONS

9.    On or about January 26, 2019, Plaintiff was a customer at "CD Package," a business located at 6098 Memorial Drive, Stone Mountain, Georgia 30083.

2

10. Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11. Plaintiff lives in the near vicinity of the Facility and Property.

12. Plaintiff's access to the business located at 6098 Memorial Drive, Stone Mountain, Georgia 30083, DeKalb County Property Appraiser's parcel number 18 091 01 006, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

14. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

15. Plaintiff travelled to the Facility and Property as a customer and as an

3

advocate for the disabled, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* (the "ADA").

17.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of \$500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19.     The Facility is a public accommodation and service establishment.

20.     The Property is a public accommodation and service establishment.

21.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

4

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

23.    Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24.    The Facility must be, but is not, in compliance with the ADA and ADAAG.

25.    The Property must be, but is not, in compliance with the ADA and ADAAG.

26.    Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27.    Plaintiff intends to visit the Facility and Property again in the very near future as a customer, and as an advocate for the disabled, in order to utilize all

5

of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.    Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

30.    A specific list of unlawful physical barriers, dangerous conditions and

6

ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

a.  There are no accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards, in violation of section 208.2 of the 2010 ADAAG standards.

b.  The ground surfaces of the accessible route on the Property that leads to the entrance of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

c.  The ground surfaces of the accessible route on the Property also have excessive cross slope, in violation of section 403.3 of the 2010 ADAAG standards.

d.  Further, the accessible route leading to the accessible entrances of the Facility has a total rise greater than 6 (six) inches, but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

7

e. Despite the presence of parking stops on the Property, vehicles are able pull up far enough to block the accessible route to the entrances of the Facility, resulting in clear widths below the minimum 36 (thirty-six) inches required by section 403.5.1 of the 2010 ADAAG standards.

f. The ground surfaces within the required maneuvering clearance before the entrance to the Facility has improper changes in level, in violation of section 404.2.4.4.

g. The interior of the Facility has two (2) sales and services counters, each lacking any portion that has a maximum height of 36 (thirty-six) inches from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

31. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

32. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

33. The removal of the physical barriers, dangerous conditions and ADA

8

violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

34.     All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

35.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

36.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

37.     Upon information and good faith belief, the Facility and Property have been altered since 2010.

38.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm

9

unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

40.    Plaintiff's requested relief serves the public interest.

41.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant in violation of the ADA and ADAAG;

(b)    That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)    That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

10

(d)    That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 23, 2019.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich

11

Case 1:19-cv-03511-SDG   Document 1-1   Filed 08/02/19   Page 200 of 201
JS44 (Rev. 6/2017 NDGA)   Case 1:19-cv-01798-AT   Document 1-1   Filed 04/23/19   Page 1 of 2
**CIVIL COVER SHEET**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

| **I. (a) PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|
| Thomas H. Futch | PQV, LLC |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**_____Dekalb_____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

The Law Office of Craig J. Ehrlich, LLC; 1123 Zonolite Road, N.E., Suite 7-B, Atlanta, Georgia 30306; Tel: (800) 238-3857; Fax: (855) 415-2480; ECF@EhrlichLawOffice.com

**ATTORNEYS** (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT PLAINTIFF

☑ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)

☐ 2 U.S. GOVERNMENT DEFENDANT

☐ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | ☐1 | ☐1 | CITIZEN OF THIS STATE | ☐4 | ☐4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | ☐2 | ☐2 | CITIZEN OF ANOTHER STATE | ☐5 | ☐5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | ☐3 | ☐3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐6 | ☐6 | FOREIGN NATION |

---

**IV. ORIGIN** (PLACE AN "X "IN ONE BOX ONLY)

☑ 1 ORIGINAL PROCEEDING

☐ 2 REMOVED FROM STATE COURT

☐ 3 REMANDED FROM APPELLATE COURT

☐ 4 REINSTATED OR REOPENED

☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)

☐ 6 MULTIDISTRICT LITIGATION - TRANSFER

☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

☐ 8 MULTIDISTRICT LITIGATION - DIRECT FILE

---

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violations of the Americans with Disabilties Act; 42 U.S.C. § 12181 et seq.

**(IF COMPLEX, CHECK REASON BELOW)**

☐ 1. Unusually large number of parties.

☐ 2. Unusually large number of claims or defenses.

☐ 3. Factual issues are exceptionally complex

☐ 4. Greater than normal volume of evidence.

☐ 5. Extended discovery period is needed.

☐ 6. Problems locating or preserving evidence

☐ 7. Pending parallel investigations or actions by government.

☐ 8. Multiple use of experts.

☐ 9. Need for discovery outside United States boundaries.

☐ 10. Existence of highly technical issues and proof.

---

**CONTINUED ON REVERSE**

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT $_____ APPLYING IFP_____ MAG. JUDGE (IFP)_____

JUDGE_____ MAG. JUDGE_____ (Referral) NATURE OF SUIT_____ CAUSE OF ACTION_____

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
☐ 150 RECOVERY OF OVERPAYMENT &
    ENFORCEMENT OF JUDGMENT
☐ 152 RECOVERY OF DEFAULTED STUDENT
    LOANS (Excl. Veterans)
☐ 153 RECOVERY OF OVERPAYMENT OF
    VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
☐ 110 INSURANCE
☐ 120 MARINE
☐ 130 MILLER ACT
☐ 140 NEGOTIABLE INSTRUMENT
☐ 151 MEDICARE ACT
☐ 160 STOCKHOLDERS' SUITS
☐ 190 OTHER CONTRACT
☐ 195 CONTRACT PRODUCT LIABILITY
☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
☐ 210 LAND CONDEMNATION
☐ 220 FORECLOSURE
☐ 230 RENT LEASE & EJECTMENT
☐ 240 TORTS TO LAND
☐ 245 TORT PRODUCT LIABILITY
☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
☐ 310 AIRPLANE
☐ 315 AIRPLANE PRODUCT LIABILITY
☐ 320 ASSAULT, LIBEL & SLANDER
☐ 330 FEDERAL EMPLOYERS' LIABILITY
☐ 340 MARINE
☐ 345 MARINE PRODUCT LIABILITY
☐ 350 MOTOR VEHICLE
☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
☐ 360 OTHER PERSONAL INJURY
☐ 362 PERSONAL INJURY - MEDICAL
    MALPRACTICE
☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
☐ 367 PERSONAL INJURY - HEALTH CARE/
    PHARMACEUTICAL PRODUCT LIABILITY
☐ 368 ASBESTOS PERSONAL INJURY PRODUCT
    LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
☐ 370 OTHER FRAUD
☐ 371 TRUTH IN LENDING
☐ 380 OTHER PERSONAL PROPERTY DAMAGE
☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
☐ 422 APPEAL 28 USC 158
☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
☐ 440 OTHER CIVIL RIGHTS
☐ 441 VOTING
☐ 442 EMPLOYMENT
☐ 443 HOUSING/ ACCOMMODATIONS
☐ 445 AMERICANS with DISABILITIES - Employment
☑ 446 AMERICANS with DISABILITIES - Other
☐ 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
☐ 462 NATURALIZATION APPLICATION
☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
☐ 463 HABEAS CORPUS- Alien Detainee
☐ 510 MOTIONS TO VACATE SENTENCE
☐ 530 HABEAS CORPUS
☐ 535 HABEAS CORPUS DEATH PENALTY
☐ 540 MANDAMUS & OTHER
☐ 550 CIVIL RIGHTS - Filed Pro se
☐ 555 PRISON CONDITION(S) - Filed Pro se
☐ 560 CIVIL DETAINEE: CONDITIONS OF
    CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
☐ 550 CIVIL RIGHTS - Filed by Counsel
☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
☐ 625 DRUG RELATED SEIZURE OF PROPERTY
    21 USC 881
☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
☐ 710 FAIR LABOR STANDARDS ACT
☐ 720 LABOR/MGMT. RELATIONS
☐ 740 RAILWAY LABOR ACT
☐ 751 FAMILY and MEDICAL LEAVE ACT
☐ 790 OTHER LABOR LITIGATION
☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
☐ 820 COPYRIGHTS
☐ 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
☐ 830 PATENT
☐ 835 PATENT-ABBREVIATED NEW DRUG
    APPLICATIONS (ANDA) - a/k/a
    Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
☐ 861 HIA (1395ff)
☐ 862 BLACK LUNG (923)
☐ 863 DIWC (405(g))
☐ 863 DIWW (405(g))
☐ 864 SSID TITLE XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
☐ 870 TAXES (U.S. Plaintiff or Defendant)
☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
☐ 375 FALSE CLAIMS ACT
☐ 376 Qui Tam 31 USC 3729(a)
☐ 400 STATE REAPPORTIONMENT
☐ 430 BANKS AND BANKING
☐ 450 COMMERCE/ICC RATES/ETC.
☐ 460 DEPORTATION
☐ 470 RACKETEER INFLUENCED AND CORRUPT
    ORGANIZATIONS
☐ 480 CONSUMER CREDIT
☐ 490 CABLE/SATELLITE TV
☐ 890 OTHER STATUTORY ACTIONS
☐ 891 AGRICULTURAL ACTS
☐ 893 ENVIRONMENTAL MATTERS
☐ 895 FREEDOM OF INFORMATION ACT
☐ 899 ADMINISTRATIVE PROCEDURES ACT /
    REVIEW OR APPEAL OF AGENCY DECISION
☐ 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
☐ 410 ANTITRUST
☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
☐ 896 ARBITRATION
    (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY
TRACK FOR EACH CASE TYPE.
SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $_____

JURY DEMAND ☐ YES ☑ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY
JUDGE_____    DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME
    BANKRUPTCY JUDGE.
☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO._____, WHICH WAS
    DISMISSED. This case  ☐ IS    ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

---

/s/Craig J. Ehrlich                                          04/23/2019

SIGNATURE OF ATTORNEY OF RECORD                              DATE