**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **BHUPENDRA GHANDI and A&Y FAMILY GROUP INC.** )<br><br>**Plaintiffs,** )<br><br>**vs.** )<br><br>**CRAIG J. EHRLICH, THE LAW OFFICE OF CRAIG J. EHRLICH, LLC, DOUGLAS SCHAPIRO, EHRLICH & SCHAPIRO, LLC, ADA CONSULTANTS OF AMERICA, LLC, DAKOTA HOLT, YVONNE BROWN, THOMAS FUTCH JESSICA BLINKHORN, TIAWAN BRITTON, DESTINY DRAKE, DUSTIN SWAFFORD, ALLISON WATERS and DOES 1 THROUGH 100, inclusive** )<br><br>**Defendants.** ) | **Civil Action File No: 1:19-cv-03511-SDG** |

<u>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**</u>

COME NOW PLAINTIFFS, in the above styled case ("Plaintiffs"), by and through the undersigned attorneys and file their Response in Opposition to Defendants' Brief in Support of Defendants' Motion to Dismiss, and show the Court as follows:

## I.    <u>Statement of the Case</u>

This is a putative class action suit brought under the Racketeer and Corruption Organization Act (RICO), 18 U.S.C. § 1962 (b), (c) and (d).  Plaintiffs commenced this action on behalf of all previous businesses and persons sued by ADA Plaintiffs (Holt, Brown, Futch, Blinkhorn, Britton, Drake, Swafford, Waters, hereinafter "ADA Plaintiffs") by and through attorney Craig J. Ehrlich and Douglas Schapiro and The Law Office of Craig J. Ehrlich and/or Ehrlich & Schapiro, LLC.  Plaintiffs allege that all Defendants have conspired together to engage in a pattern of fraud and deception by participating in the preparation, drafting, filing and prosecution of fraudulent ADA lawsuits in violation of RICO Act.

In their lawsuit, Plaintiffs named as Defendants, Craig J. Ehrlich, the owner operator of the Law Offices of Craig J. Ehrlich, LLC previously known as Ehrlich & Schapiro, LLC; The Law Offices of Craig J. Ehrlich, LLC, the law office of Craig J. Ehrlich; Douglas Schapiro, the owner operator of Ehrlich & Schapiro, LLC; ADA Consultants of America, LLC, owned and operated by Douglas Schapiro; Dakota Holt, an ADA Plaintiff in over 106 cases; Thomas Futch, an ADA Plaintiff in over 121 cases; Yvonne Brown, an ADA Plaintiff in over 35 cases; Jessica Blinkhorn, an ADA Plaintiff in over 104 cases; Tiawan Britton, an ADA Plaintiff in 34 cases;

Destiny Drake, an ADA Plaintiff in over 23 cases; Dustin Swafford, an ADA Plaintiff in over 8 cases, and Alison Waters an ADA Plaintiff in over 21 cases.

Plaintiffs' complaint contains three claims for relief. Claim one is a federal RICO claim under 18 U.S.C. § 1962 (c) to include a pattern of racketeering activity in violation of 18 U.S.C. §§ 1341 and 1343, Mail and Wire Fraud; and 18 U.S.C. § 1956 (a)(1)(A)(i) Money Laundering. Claim two is also a federal RICO claim under 18 U.S.C. § 1962(b). Lastly, claim three is a federal RICO claim under 18 U.S.C. § 1962 (d).

Defendants have now moved to have the complaint dismissed in its entirety. First, Defendants argue Plaintiffs have failed to state a claim for relief under RICO; second, Defendants argue Plaintiffs' claims are barred by res judicata; and lastly, Defendants argue that Plaintiffs have not sufficiently pled their allegations as required by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and further Defendants claim that Plaintiffs have not properly alleged fraud as required by Federal Rule of Civil Procedure 9(b) where applicable.

However, Plaintiffs argue after a complete review of the complaint and the predicate acts of the Defendants, Plaintiffs' complaint, as it currently stands, provides sufficient factual support to state a claim for which relief may be granted

3

and appropriately alleges factual support for each alleged predicate act of the Defendants. Furthermore, Defendants' Motion to Dismiss and claim that RICO was not sufficiently pled is baseless and in ignorance of RICO's purpose to be liberally construed to effectuate its remedial purpose. There is sufficient evidence to support Plaintiffs' claims regarding Defendants' participation in conspiracy of carrying on a criminal enterprise in violation of RICO that essentially shakes down small businesses for quick cash settlements that is then shared among all named Defendants. Therefore, Plaintiffs request Defendants' motion to dismiss be denied.

The following will address Defendants' arguments and provide the basis for Plaintiffs' Class Action Complaint for Declaratory Relief, Injunction and Damages. However, should the court require additional details, Plaintiffs request leave to amend their complaint.

## II.  **Factual Allegations**

Craig J. Ehrlich (hereinafter "Ehrlich") is a licensed Georgia Attorney, who owns and operates The Law Offices of Craig J. Ehrlich, LLC. (Complaint ¶ 8). Along with Ehrlich, Douglas Schapiro, a licensed Florida attorney, operated Ehrlich & Schapiro, LLC. (Complaint ¶ 9). At some point Ehrlich & Schapiro dissolved and Ehrlich started The Law Offices of Craig J. Ehrlich, LLC as the principal owner and operator. (Complaint ¶ 19).

4

Dakota Holt, Thomas Futch, Jessica Blinkhorn, Tiawan Britton, Destiny Drake, Dustin Swafford, and Allison Waters are serial ADA Plaintiffs. (Complaint ¶¶ 10-17). These serial ADA Plaintiffs together with Craig J. Ehrlich and Douglas Schapiro by and through The Law Offices of Craig J. Ehrlich, LLC and/or Ehrlich & Schapiro, LLC have filed more than 558 lawsuits in the Northern District of Georgia alleging violations of the ADA and related state law claims. (Complaint ¶¶ 8-17 and 53-85). Each lawsuit allegations are nearly identical in all of the filed ADA complaints including their encounters with barriers, intent to return, and having suffered difficulty, discomfort, or embarrassment. (Complaint ¶¶ 8-17). Through their false lawsuits, Defendants deliberately and knowingly abused the ADA and the legal system solely for their own financial gain, and in total disregard of the disabled for whom they complacently but deceitfully professed to have brought these lawsuits. In doing so, they have undermined the credibility of the legitimate ADA cases. Defendants' only concern is to leave off with some money. While Defendants attempted to present themselves as the torch carriers and the advocates of Civil Rights violators, Defendants have engaged in harassing, fraudulent and unethical behavior as this litigation will reveal. Each Defendant is a part of an enterprise to commit fraud on Georgia residents and businesses, including Plaintiffs through the

commission of prohibited predicate acts of mail fraud and wire fraud.  (Complaint generally).

### III.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert the defense of failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6) for failure to state a claim, this Court should treat well pled facts in the complaint as true.  When a motion raises a facial challenge to the sufficiency of the pleading, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, as it does when reviewing a motion under Fed. R. Civ. P. 12(b)(6). Therefore, on a motion to dismiss, the court must accept as true all factual allegations contained in the complaint 'that is plausible on its face.'  See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true even if doubtful in fact." <u>Twombly</u>, 550 U.S. at 570.  To survive a motion to dismiss under 12(b)(6), the complaint must plead enough facts to state a claim for relief that moves the claim "across the line from conceivable to plausible." <u>Id</u>.  A complaint is plausible on its

face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  <u>Id</u>.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273n.1 (11th Cir. 1999).  Dismissal of a complaint is only appropriate if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King &Spalding</u>, 467 U.S. 69, 73 (1984). If a court grants a motion to dismiss, leave to amend should be freely granted unless the pleading could not possibly be cured by the allegation of other facts. *See* Fed. R. Civ. P. 15(a).

## IV.   <u>Argument and Citation of Authorities</u>

### a.  **Defendants Previous Litigation is not Protected from RICO**

Plaintiffs here allege Defendants made knowingly false misrepresentations to the court in prosecuting ADA actions through the filing and offering of false statements regarding Defendants' alleged disability, visit(s) to establishments, encounter with barriers, suffering difficulty, discomfort, embarrassment and an intent to return to the establishment based on past patronage.  While Defendants argue their previous litigation activities as a matter of law do not constitute predicate acts under RICO, in reliance on <u>Raney  v. Allstate Insurance Co.</u>, 370 F. 3d 1086

(11th Cir. 2004) and <u>United States v. Pendergraft</u>, 297 F. 3d 1198 (11th Cir. 2002), the facts of the present case are distinguishable and are inapposite from both cases.

Both of the previously mentioned cases deal with whether certain conduct is wrongful within the meaning of the Hobbs Act, 18 U.S.C. § 1951, which criminalizes interfering with commerce through the use of threats or violence. In <u>Pendergraft</u>, the Eleventh Circuit held that defendants' "threat to file litigation against Marion County, even if made in bad faith and supported by false affidavits, was not `wrongful' within the meaning of the Hobbs Act." 297 F.3d at 1208. In <u>Raney</u>, the Eleventh Circuit, relying on <u>Pendergraft</u>, affirmed the dismissal of plaintiff's RICO claim because conspiracy to extort money through the filing of malicious lawsuits is not wrongful within the meaning of the Hobbs Act, 18 U.S.C. § 1951, and therefore plaintiff failed to allege a predicate act cognizable under RICO. 370 F.3d at 1088.

Defendants have failed to cite any federal case which holds that a party's litigation conduct in a prior case is entitled to absolute immunity and cannot form the basis of a subsequent federal RICO claim. In fact, the RICO statute, itself, provides that conduct relating to prior litigation may constitute racketeering activity. 18 U.S.C. § 1961(1)(B) (defining racketeering activity as including an act indictable under 18 U.S.C. § 1512, which relates to tampering with a witness, victim, or

informant). Therefore, the district court erroneously determined that plaintiffs' "RICO claims, which are based on immune litigation conduct, fail as a matter of law." *See* <u>Living Designs, Inc. v. E.I. DuPont de Nemours & Co</u>., 431 F.3d 353, 365-66 (9th Cir. 2005) (internal citations omitted); *see also* <u>Kearney v. Foley & Lardner, LLP</u>, 590 F.3d 638, 646-47 (9th Cir. 2009) (finding plaintiff had sufficiently plead RICO violation against law firm and two attorneys who committed fraud on the court throughout litigation process in a separate matter).

In the present case, previous ADA Plaintiffs filed complaints that contained false allegations that they visited the business each sued, that they encountered barriers, that they experienced difficulty, discomfort or embarrassment as a result of personally and physically encountering alleged barriers; and that they intended to return to each small business they sued based on that previous alleged patronage. Without these falsities, Defendants as a whole would not be able to prosecute any of their ADA claims to carry on their criminal enterprise. All of their claims were made solely for the purpose of achieving standing in the underlying ADA action and if their assertions are proven false, they would no longer have standing to pursue ADA actions to carry on the conspiracy.

Defendants RICO liability is specifically predicated on falsifications and misrepresentations contained in communications using the interstate mail and wire

systems in the course of the underlying litigation, as well as prior litigation involving the ADA Plaintiffs.  Accordingly, Plaintiffs have sufficiently alleged RICO based on Defendants' false litigation regarding their disability, encountered barriers, suffering difficulty, discomfort, embarrassment and intent to return to each and every business encountered, to undermine the legitimacy of every prior false suit

> ### b. Defendants Have Failed to Meet Their Burden of Proof That Res Judicata or Claim Preclusion Applies to Bar Plaintiffs from Pursuing This Litigation Which Challenge Ongoing Legal Violations

A judgment's preclusive effect is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  Under the doctrine of claim preclusion, a "final judgment forecloses successive litigation of the very same claim, whether or not re-litigation of the claim raises the same issues as the earlier suit." ld. (quoting New Hampshire v. Maine, 553 U.S. 742, 748 (2001)). In comparison, issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Id. (quoting New Hampshire, 532 U.S. at 748-49).

Importantly, a distinction exists between res judicata and collateral estoppel, which are often used interchangeably. Res judicata bars the re-litigation of claims and collateral estoppel precludes the re-litigation of an issue that has already been

litigated and resolved in a prior proceeding.  Pleming v. Universal-Rundle Corp.,
142 F.3d 1 354, 1359 (11th Cir. 1998).

The doctrines of *res judicata* and collateral estoppel were created to ensure
consistency in judicial opinions and to conserve judicial resources.  Both doctrines
are designed to relieve parties of the cost of multiple lawsuits, conserve judicial
resources, promote comity between state and federal courts, and, by preventing
inconsistent decisions, encourage reliance on adjudication.  Kremer v Chemical
Constr. Corp., 456 U.S. 461, 466, n.6 (1982).

"[T]he party advocating preclusion bears the burden of showing that it
applies."  Lobo v. Celebrity Cruises, lnc., 704 F.3d 882, 892 (1 1th Cir. 2013).  Thus,
the party asserting claim preclusion as a defense must establish four elements: (1)
the prior decision must have been rendered by a court of competent jurisdiction, (2)
there must have been a final judgment on the merits; (3) both cases must involve the
same parties or their privies; and (4) both cases must involve the same causes of
action.  Lobo, 704 F.3d at 892.

In the present case, res judicata does not apply because the prerequisites have
not been met.  First, A&Y Family Group Inc.'s Consent Order is not barred by res
judicata.   Second, the cause of action in this case is not the same as that asserted by
Defendants in the previous case(s).  Third, while there has been a final adjudication

on the merits of the named Plaintiffs' lawsuits, the class remains open with plenty of potential members with open and outstanding cases. Lastly, Plaintiffs' Complaint opens the door to sham litigation that places question on the current Courts jurisdiction.

### i. A&Y Family Group, Inc.'s Consent Order is Not Barred by Res Judicata

The Supreme Court long ago established that resolution of a case brought at an earlier time cannot "confer on [defendants] a partial immunity from civil liability for *future* violations." <u>Lawlor v. Nat'l Screen Serv. Corp.</u>, 349 U.S. 322, 329 (1955) (emphasis added). As the Supreme Court's decision in <u>Lawlor</u>, *supra*, highlights, where a "substantially single course of activity" continues "through the life of a first suit and beyond," the "basic claim-preclusion result is clear: a new claim or cause of action is created as the conduct continues." 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4409 (2d ed.). "If wrongful conduct persists, plaintiffs can file successive complaints," for if plaintiffs "were forever barred from asserting claims based on conduct that occurs after a prior suit is decided, defendants could continue a course of unlawful conduct undeterred." <u>Lawlor</u>, 349 U.S. at 329.

Although, Defendants treat A&Y Family Group, Inc.'s Order (hereinafter collectively "Order") as a final judgment, foreclosing all further challenges, the

orders did not seek to resolve for all time all claims by Defendants. Essentially, while the A&Y Family Group, Inc. agreed to make the necessary changes per the Order's requirements, the Order does not reflect the potential for A&Y Family Group, Inc.'s to be sued again by any of the named Defendants. In addition, contrary to Defendants' argument, the Order is a mere one-time, two-year agreement where Defendants agreed not to pursue their then current claim with an additional 120-day stipulation that would allow the court to further enforce the Order.

Based on the plain language of the Order, Defendants are not barred from seeking enforcement of the Order leaving the case open for further adjudication. The Order explicitly states that it took effect on the date it was approved (November 9, 2017) and that judicial supervision over the order would terminate on February 6, 2020 (Document 10-1 ¶¶ 2.4 and 3). Thus, all A&Y Family Group Inc.'s obligations are expressly tied to February 6, 2020, with no new or continuing obligations after that time. However, that time has not passed, leaving the matter open for Defendants to further enforce the Order and/or present the matter to the court for enforcement. Thus, the Order, which was not litigated, has no claim preclusion effect as the terms of the Order have not terminated.

### ii. Plaintiffs' Cause of Action is Not the Same

In the Eleventh Circuit, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." Trustmark lns. Co. v. ESLUL Inc., 299 F.3d1265, 1269-70 (11th Cir. 2002) (citing in re Piper Aircrah Corp., 244 F.3d 1289, 1297 (1 1th Cir.2001)).  To determine if the prior and present causes of action are (the "same" for purposes of res judicata, the Court's analysis centers on whether the actions arise out of the same nucleus of operative fact or are based on the same factual predicate. Davila v. Delta Air Lines, Inc., 326 F.3d 1183 (11th Cir. 2003); see also Trustmark, 299 F.3d at 1271 ("Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding."). Claims that could have been raised are claims in existence at the time the original complaint is filed.  Ragsdale v. Rubbermaid, Inc., 193 F.3d1235, 1240 (11th Cir. 1999).

When a defendant raises a res judicata defense in a motion, "a court must examine the record to determine whether the issue has been actually or could have been litigated and to ascertain whether there has been a final judgment in the other proceeding." Starship Enterprises of Atlanta, Inc. v. Coweta Cnty., Ga., 708 F.3d 1243, 1253, n.13 (11th Cir. 2013) (quoting Jones v. Gann, 703 F.2d 513, 515 (11th Cir.1983)).  A court may but is not required to consolidate actions if they involve a common question of law or fact.  Fed. R. Civ. P. 42 (a).

In the present case, there is no basis for res judicata dismissal because Plaintiffs' claims do not arise out of the same factual predicate of Defendants' previously based ADA lawsuits.  Plaintiffs' complaint involves the continuation of Defendants fraudulent scheme that both Plaintiffs are susceptible as small business owners.  There is no question that the three suits do not rise out of the same transactional nucleus as they could not have conveniently tried together.  The claims asserted in the present case in no way contain a common question of law or fact sufficient for consolidating them into the previous cases.  The previous litigation of both cases asserted violations of the ADA, while Plaintiffs' present cause of action deal with the Defendants' larger scheme in filing mass fraudulent ADA cases in furtherance of a criminal enterprise.  Put simply, the claims in the previous cases do not match to that of the present.  The previous complaints sound in alleged ADA violations, the present in RICO.  Defendants have therefore failed to meet their burden that claim preclusion applies to this case.

### iii.  The Class is Open to Members with Open Lawsuits

"There is no requirement that in order to maintain a private action under § 1964(c), the plaintiff must establish a "racketeering injury," not merely an injury resulting from the predicate acts themselves. If the defendant engages in a pattern of racketeering activity in a manner forbidden by § 1962, and the racketeering activities

injure the plaintiff in his business or property, the plaintiff has a claim under §
1964(c). The RICO statute 'remedial purpose' is nowhere more evident than in the
provisions of a private action for those injured by racketeering activity.  Sedima v.
Imrex Co., 473 U.S. 479, 498 (1985).   The allegations in the Plaintiffs' Complaint
are precisely the type of behavior that a RICO action is intended to address.  The
Complaint in this case does not solely base its claims on discrete, past actions.
Rather it alleges continuing violations of the Plaintiffs' rights as an open class that
is still being sued by Defendants on a regular if not daily basis.  Even if the named
Plaintiffs have closed cases, each day the Defendants continue to carry on their
criminal enterprise in furtherance of their fraudulent scheme that creates new claims
or causes of action.  Furthermore, because Plaintiffs' original complaint asserts
claims under the ADA, continuing obligations are placed on the named Plaintiffs
and all small business owners under attack by the Defendants, to comply with the
ADA or risk being shaken down for quick cash settlements though Defendants'
racketeering scheme. Again, Defendants have failed to meet their burden that res
judicata applies to this case.

### iv.  There Remains a Question as to the Court's Jurisdiction

If the ADA Plaintiffs in the current and previously filed cases by through
Craig J. Ehrlich, Dough Schapiro, and The Law Offices of Craig J. Ehrlich, LLC

and/or Ehrlich & Schapiro, LLC, fabricated their standing in the ADA actions, the Court's jurisdiction was then incorrect. It is axiomatic that federal courts are courts of limited jurisdiction, and that their powers are defined by Article III of the Constitution. If the courts did not have jurisdiction to hear the ADA cases brought by Defendants, that undermines the legitimacy of the litigation. *See* <u>Feld Entm't Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals</u>, 873 F. Supp. 2d 288, 316 n.16 (D.D.C. 2012) (denying motion to dismiss where allegations that attorneys paid plaintiff to fabricate standing were sufficient to support inference that attorneys were participants in RICO enterprise).

As Plaintiffs have alleged in their Complaint, the allegation provided in the Defendants' previous complaints for the purpose of establishing standing to pursue the ADA litigation are false. The previous ADA Plaintiff's allegation in all previous complaints regarding visits, encountered barriers, suffering difficulty, discomfort and embarrassment with the intention to return to the small business of choice for that complaint were all false and were manufactured to achieve standing. Therefore, because there remains a question as to the Court's jurisdiction regarding the initial ADA complaints, the Defendants have failed to show the Plaintiffs' prior Order and Stipulation of Dismissal were rendered by a court of competent jurisdiction. Thus, the Defendants have failed to meet their burden that res judicata applies.

### c. Plaintiffs Have Adequately Alleged the Conspiracy, Criminal Enterprise, and Fraudulent Scheme

Under RICO, it is unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

To establish a prima facie civil RICO claim, a plaintiff must allege: (1) a substantive predicate violation of 18 U.S.C. § 1962; (2) injury to his business or property; and (3) a causal connection between the racketeering activity and the injury.  Avigan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  To establish a substantive violation of § 1962, a plaintiff must show: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Edwards v. Prime, Inc., 602 F.3d 1276, 1291-92 (11th Cir. 2010) (quotations and citations omitted).  To successfully allege a pattern of racketeering activity, a plaintiff must allege the commission of two or more predicate acts within a ten-year time span that are related to each other and which amount or pose a threat of continued criminal activity.  Am. Dental, 605 F.3d at 1290-91.

In the present case, Plaintiffs base their RICO claim on violations of the following predicate acts each addressed below.

18

### i.  18 U.S.C. § 1962(c)

"To establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161, (2001).  The term "enterprise" is defined in 18 U.S.C. § 1961(4) as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  The term "any" in the statute ensures that the definition has a wide reach and the very concept of an association in fact is expansive. *See* Ali v. Federal Bureau of Prisons, 552 U.S. 214, 218-219 (2008).

The RICO statute applies to "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981).  Such an enterprise, "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." Id. Therefore, there are three features for an enterprise: (1) purpose; (2) relationships among those associated with the enterprise; and (3) longevity to pursue the enterprise's purpose. *See id*.; Boyle v. United States, 129 S. Ct. 2237, 2243 (2009) *(*"Such a group need not have a hierarchical structure

or a 'chain of command;' " "[m]embers of the group need not have fixed roles;" "different members may perform different roles at different times").

Here, Plaintiffs alleges that each Defendant is a member of the enterprise (Complaint ¶¶ 38-47). The ADA Litigation Enterprise functions as a unit and uses falsities throughout the litigation and adjudicative process for the common purpose of extracting money from defendant(s) business owners who are sued pursuant to the ADA. (Complaint ¶¶ 48-89). These allegations sufficiently state a common purpose, the requisite relationships between the members and the ADA Litigation Enterprise and the longevity of the ADA Litigation Enterprise. Accordingly, Plaintiffs have sufficiently alleged an enterprise.

### ii. 18 U.S.C. § 1962(d)

Under 18 U.S.C. § 1962(d), it is unlawful for any person to conspire to violate any provision of § 1962(a), (b), or (c) of RICO. "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." Am. Dental, 605 F.3d at 1293 (internal citation and quotation omitted). "A plaintiff need not offer direct evidence of a RICO agreement; the existence of a conspiracy 'may be inferred from the conduct of the participants.'" Id.

Plaintiffs properly pled their conspiracy claim under 18 U.S.C. § 1962(d) because it meets the <u>Iqbal</u> standard as the complaint establishes more than mere conclusory statements, bare assertions, and recitations of a conspiracy claim. (Complaint ¶¶ 22-38 and 100-124).  Assuming the veracity of the statements contained in the complaint, which the Court must do at this point, Plaintiffs have made allegations sufficient to allow the inference of the existence of a conspiracy and have thus stated a claim under Rule 12(b)(6).  The § 1962(d) conspiracy claim was properly pled and should not be dismissed.

### d. Plaintiffs Have Adequately Alleged RICO Violations under Rule 9(b)

A civil RICO claim based on predicate acts of fraud must comply not only with the standards set forth in Twombly and <u>Iqbal</u>, but also with the Rule 9(b) heightened pleading standard, which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b); see also Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010); <u>Ambrosia Coal & Const. Co. v. Pages Morales</u>, 482 F.3d 1309, 1316-17 (11th Cir. 2007) ("To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and

manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud.")

Plaintiffs sufficiently allege that each named Defendant made knowing misrepresentations in the Federal ADA Action and other ADA lawsuits brought by Defendants. In particular and with particularity Plaintiffs alleged each Defendant had full knowledge that the allegation referring to the ADA Plaintiffs' personally encountering barriers and experiencing difficulty, discomfort or embarrassment were false. (Complaint ¶¶ 30, 31, 36, 37, 45, 46, 47, 48-89). Accepting these allegations as true and drawing reasonable inferences in favor of Plaintiffs, these allegations sufficiently pled knowledge on the part of all Defendants. Given Defendant Craig J. Ehrlich and his firm(s) alleged involvement with the preparation of pleadings allegedly containing misstatements about ADA Plaintiffs' disabilities and their personal encounter with barriers, one could infer that Ehrlich and his law firm knew that the documents submitted to the Court contained material misstatements. In addition, given each ADA Plaintiff's relationship to Craig J. Ehrlich and their direct participation in misrepresentations to the Court, if the allegations in the Complaint are true, it is more than plausible that each ADA Plaintiff knew that the cases they were filing misrepresented allegations.

Defendants are entirely aware of Plaintiffs' allegations regarding each Defendant's awareness of, and participation in, the misrepresentations alleged. Accordingly, Plaintiffs have sufficiently alleged the fraud by each Defendant to support their RICO claims.

## V.    Conclusion

For the foregoing reasons, Defendants' Brief in Support of Defendants' Motion to Dismiss should be denied in its entirety. In the alternative, should the Court grant Defendants' Motion to Dismiss, Plaintiffs pray for the opportunity to file an amended complaint to remedy any insufficiencies found by the Court. See Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir. 1995) ("Where a more carefully drafted complaint might state a claim upon which relief could be granted, the district court should allow the plaintiff [an opportunity] to amend the complaint rather than dismiss it.")

Respectfully submitted on October 2, 2019.

/S/ Hassan Elkhalil
_____
Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place, Suite 550
Atlanta, GA 30339

## **CERTIFICATION**

I hereby certify that a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/S/ Hassan Elkhalil

_____

Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place
Suite 550
Atlanta, GA 30339
(770) 612-3499

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/S/ Hassan Elkhalil
_____
Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place
Suite 550
Atlanta, GA 30339
(770) 612-3499