IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BHUPENDRA GHANDI and A&Y FAMILYGROUP INC., | |
| Plaintiffs, | CIVIL ACTION FILE |
| v. | NO. 1:19-cv-03511-SDG |
| CRAIG J. EHRLICH, et al., | |
| Defendants. | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Defendants file the foregoing Response in Opposition to Plaintiffs' Motion for Leave to Amend (Doc. 33).

## I.      INTRODUCTION

If the proposed First Amended Complaint (Doc. 33-1) suffered from only one or two fatal deficiencies, then it would be fair to describe it as frivolous, meritless, or merely futile.   But these adjectives do not do justice to the First Amended Complaint.  It is riddled with defects; most of the claims are asserted on behalf of individuals or companies that are not even parties to the case and it

1

purports to assert civil claims for violations of the Georgia criminal code.  The First Amended Complaint should never have been submitted  by a member of the bar and does not belong in the docket of United States District Court.  The Motion for Leave to Amend should be denied, and the filing of it should be added to the many reasons for sanctioning Plaintiffs and their counsel under Rule 11.

## II.  PROCEDURAL BACKGROUND

Plaintiffs' efforts to cure the fatal deficiencies in the original complaint began with the filing on October 31, 2019 of Plaintiffs' first Motion for Leave to Amend the Complaint (Doc. 23).  As Defendants explained in the Response to that motion (Doc. 28), Plaintiffs' first effort to amend was procedurally improper and substantively nonsensical.  Plaintiffs neglected to include a proposed amended complaint or even generally describe the substance of the proposed amendments. In their Motion for Leave to Amend the Complaint, Plaintiffs suggested that they might add two new plaintiffs, Moreland, Inc. and Atlanta Bay Breeze, Inc., but never explained what claims new plaintiffs would bring or how the new plaintiffs were injured.

On November 12, 2019, Plaintiffs filed what is styled "Plaintiff Moreland, Inc.'s Notice of Voluntary Dismissal with Prejudice."  (Doc. 31).  But Moreland,

Inc. – one of the entities that was mentioned in the Motion for Leave – had never become a plaintiff. Though never a plaintiff, in the November 12 filing Moreland, Inc. dismisses all of its claims in the case, with prejudice.

The October 31, 2019 filing was the second time that Plaintiffs' counsel has named as plaintiffs parties who do not believe the allegations of Plaintiffs' complaint or do not want to participate in this frivolous litigation. The Court will recall that PQV, LLC was an original named plaintiff in this case. Yet Tommy Vuong, PQV's principal, has sworn that the original Complaint "contained many allegations in PQV's name that I know to be false." (Doc. 18-3 at 59). After Plaintiffs' counsel refused to comply with PQV's direction to dismiss it from the case, PQV's other counsel had to file a notice of appearance and the dismissal papers. (Doc. 18).

Plaintiffs then filed the instant motion. (Doc. 33). This time, Plaintiffs did attach with the motion the proposed First Amended Complaint. (Doc 33-1). The allegations of the original complaint are not re-alleged or incorporated by reference. The First Amended Complaint seeks only relief from Defendant Ehrlich and his firm ("Ehrlich").[1]

---

[1] Thus, granting Plaintiffs' Motion for Leave would result in the dismissal of all the defendants except Mr. Ehrlich and his firm. "Because an amended complaint supersedes the original

Crucially, in the First Amended Complaint, Plaintiffs do not even purport to cure, amend, restate, or revise any of the claims for relief that are set forth in the original Complaint.   As a result, the original Complaint should be dismissed without leave to amend for the reasons set forth in Defendants' Motion to Dismiss (Doc. 10): the claims are contrary to binding Eleventh Circuit precedent, are barred by res judicata, and fail to allege the circumstances of fraud with particularity. Plaintiffs have been prompted since the outset of this case to provide a single example of any fraudulent misrepresentation made by any Defendant at any time. In their original complaint (Doc. 1) they provided none.  In their responses to Defendants' Motion to Dismiss (Doc. 10), they provided none. In their response to Defendants' Motion for Sanctions (Doc. 18), they provided none. In their "RICO Case Statement" (Doc. 25), they provided none.  Their proposed First Amended Complaint addresses not a single deficiency among the many identified in Defendants' Motion to Dismiss, and, with their new claims for relief, continue the practice of slandering Ehrlich without identifying a single misrepresentation that he has ever made to any person.

---

complaint, claims that were omitted from the amended complaint are not properly before the district court. *Pintando v. Miami–Dade Housing Agency,* 501 F.3d 1241, 1243 (11th Cir.2007)." *Hill v. Wal-Mart Stores, Inc.*, 510 F. App'x 810, 813 at n. 1 (11th Cir. 2013).

And, as explained below, the new claims that Plaintiffs would assert are completely without merit and the Motion to Amend should be denied as futile.

## III. ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standards

A court should grant leave to amend a complaint "freely . . . when justice so requires" pursuant to Rule 15(a), but a "district court may deny a motion for leave to amend as futile 'when the complaint as amended would still be properly dismissed.'" *Equal Employment Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1320 (11th Cir. 2019) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 (11th Cir. 2000).

"[L]eave to amend should be denied if, assuming the truth of the factual allegations of the proposed First Amended Complaint, there is a dispositive legal issue that precludes relief, or the proposed First Amended Complaint is based on a meritless legal theory." *Bruce v. Home Bridge Fin. Servs., Inc.*, No. 1:18-CV-3741-TCB-JKL, 2019 WL 5322554, at *4 (N.D. Ga. July 10, 2019), *report and recommendation adopted sub nom. Bruce v. HomeBridge Fin. Servs. Inc.*, No. 1:18-CV-3741-TCB, 2019 WL 5387415 (N.D. Ga. July 29, 2019).

**B.     Each New Claim for Relief is Meritless for Multiple Reasons**

Though the First Amended Complaint does incorporate any prior complaint by reference, it starts with the "Fourth Claim for Relief," which is for the crime of theft by extortion.  The Fifth is for the crime of bribery, the Sixth for the crime of intimidation of court officer, the Seventh for the crime of influencing witnesses, and the Eighth for the civil claim of tortious interference with existing contractual relations.  Each of the claims are meritless for multiple reasons.

1.     *Claim Four: Theft by Extortion*

In Claim Four, Plaintiffs contend that they are entitled to damages against Ehrlich because Ehrlich committed the crime of extortion "by unlawfully seeking and obtaining Moreland, Inc.'s withdrawal" from this case.   (Doc. 33-1 at 8, ¶26). Convincing a litigant to drop their claims against a client, as Ehrlich allegedly did, is not a crime; it is what good lawyers do for a living. Plaintiffs go on to allege that Ehrlich in his extortion scheme committed "multiple criminal offenses" including "filing frivolous lawsuits" (fortunately for Plaintiffs' counsel, not a crime), "impairing the present litigation," (also not a crime), and "causing Moreland, Inc. to "withhold participation" (unknown meaning, but also not a crime).

Aside from being a facially ridiculous claim, Claim Four has the following

fatal defects:

(a)  No Private Cause of Action for Violation of Criminal Code

Like Claims Five through Seven, Claim Four purports to allege a civil cause of action for damages based on the Defendants' violation of a criminal statute. But, in Georgia, private citizens do not have a cause of action for damages under criminal statutes unless the criminal statute expressly authorizes such a remedy. *Anthony v. Am. Gen. Fin. Servs., Inc.,* 287 Ga. 448, 455 (2010).  Moreover, the indication that the legislature meant to provide a civil remedy "must be found *in the provisions of the statute* at issue, not extrapolated from the public policy the statute generally appears to advance."  *Id.* (emphasis in original).  There is no language in any of the statutes cited by Plaintiffs in Counts Four through Seven indicating any intent by the legislature to provide a civil remedy.

Plaintiffs may contend that the various alleged violations of the criminal code are not separate causes of action, but are meant to be additional predicate acts under a civil RICO statute.  Plaintiffs, however, do not cite RICO in the First Amended Complaint, not one of these alleged infractions is identified as a predicate act, and none of the other elements of a RICO cause of action (e.g., enterprise), are alleged.  Plaintiffs may contend that these additional predicate acts

were intended to supplement the RICO claim in the original complaint, but that claim was under the *federal* RICO statute, 18 U.S.C. § 1961, and only federal crimes are predicate acts under the federal RICO statute.

The First Amended Complaint cannot be read to state a viable claim under any civil RICO statute. And, if it were rewritten under a civil RICO statute, it would fail for the same reasons as the claims in the original Complaint (along with the additional reasons given below).

(b)    No Article III Standing

If Claim Four alleges an injury at all, the injury was sustained by Moreland, Inc., the alleged victim of extortion. But Moreland, Inc. voluntarily "dismissed" its claims in this case on November 12, 2019 (Doc. 31), and is not a party to this case. The parties to this case do not have Article III standing to assert claims on behalf of Moreland, Inc. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). The plaintiff, of course, does not

establish Article III standing by alleging that someone else has been injured, *id.,*[2] but that is exactly what Plaintiffs attempt to do in this case.

The other parties to Claim Four are Atlanta Bay Breeze, Inc. and A&Y Family Group, Inc.  The First Amended Complaint does not allege that either of these entities suffered any injury at all,  much less the "concrete and particularized" injury that Article III requires. *Spokeo,* 136 S. Ct. at 1548.

> (c)     Fails to Allege Elements of the Offense

Claim Four fails to allege the elements of theft by extortion.  O.C.G.A. § 16-6-16 states as follows:

> (a)     A person commits the offense of theft by extortion when he unlawfully obtains property of or from another person by threatening to:
>
> (1)     Inflict bodily injury on anyone or commit any other criminal offense;
>
> (2)     Accuse anyone of a criminal offense;
>
> (3)     Disseminate any information tending to subject any person to hatred, contempt, or ridicule or to impair his credit or business repute;

---

[2] "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 40, n. 20 (1976) (citation omitted).

(4)   Take or withhold action as a public official or cause an official
      to take or withhold action;

(5)   Bring about or continue a strike, boycott, or other collective
      unofficial action if the property is not demanded or received for
      the benefit of the group in whose interest the actor purports to
      act; or

(6)   Testify or provide information or withhold testimony or
      information with respect to another's legal claim or defense.

There is no allegation that Mr. Ehrlich has taken any of the actions that are

necessary to be guilty of the offense of extortion.  He has not obtained any

property from Moreland, threatened Moreland or any agent of Moreland with

bodily harm, accused Moreland of any crime, or take any of the other actions that

are elements of the offense.

A threat of litigation, by itself, is not unlawful. *State v. Cohen*, 302 Ga. 616,

623 (2017).  "For this reason, we find that, based on the authority of other courts

that have examined similar issues, mere 'threats to sue cannot constitute criminal

extortion.'" *Id.* (*citing United States v. Pendergraft*, 297 F3d 1198, 1205 (11th Cir.

2002)). See also *Buckley v. DIRECTV, Inc.*, 276 F. Supp.2d 1271, 1275-1276

(N.D. Ga. 2003) ("[T]he Court is not aware of any authority holding that a demand

to settle a claim before pursuing litigation amounts to extortion. In fact, such

demand letters do not fit the legal definition of extortion [under OCGA § 16-8-16 (a)]").  See, e.g., *Brown v. State*, 322 Ga. App. 446, 455 (2013) ("[E]xercising one's right to file a lawsuit, or … conspiring with others to file a lawsuit, in and of itself, does not constitute a 'threat' as required to support the crimes [of influencing or threatening witnesses in official proceedings]").

2. *Count Five – Bribery*

Count Five alleges that Ehrlich bribed non-party Moreland, Inc. "by threatening further litigation in exchange for Moreland, Inc.'s withdrawal from the present matter."  (Doc. 33-1 at 11 ¶ 34).  As stated, this is gibberish.  What Plaintiffs must mean is that Ehrlich did exactly the opposite, that is, threatened further litigation *unless* Moreland, Inc. withdrew from the present matter.  But that would not have been a threat, it would have been a statement of fact, no different than ones that must be made by any litigant whoever attempts to resolve a dispute.  Indeed, had Moreland not withdrawn from this litigation, it would have been embroiled in further litigation.

Like Count Four, Count Five is facially ridiculous and suffers from the same fatal defects: there is no private cause of action under the bribery statute, *see supra*

Part II(C)(1)(a), and these Plaintiffs do not have not standing to sue on behalf of non-party Moreland, Inc. *See supra* Part II(C)(1)(a).

In addition, Claim Five does not allege the elements of the offense of bribery. The offense of bribery is found under Title 10 of the Georgia Code, "Offenses Against Public Administration," Chapter 1, entitled "Abuse of Governmental Office," at O.C.G.A. § 16-10-2. The statute states, in relevant part, as follows:

(a) A person commits the offense of bribery when:

(1)    He or she gives or offers to give to any person acting for or on behalf of the state or any political subdivision thereof, or of any agency of either, any benefit, reward, or consideration to which he or she is not entitled with the purpose of influencing him or her in the performance of any act related to the functions of his or her office or employment; or

(2) A public official, elected or appointed, or an employee of this state or any agency, authority, or entity of the state, or any county or municipality or any agency, authority, or entity thereof, directly or indirectly solicits, receives, accepts, or agrees to receive a thing of value by inducing the reasonable belief that the giving of the thing will influence his or her performance or failure to perform any official action.

Mr. Ehrlich is not a public or government official, a government employee or an agent of any governmental agency. There is no allegation that Moreland or any of its agents is a public or government official, a government employee or an agent of any governmental agency. "The essential elements of the offense [of

12

bribery] are. . . the offer or gift, the purpose to corruptly influence, and the official status of the offeree." *Agan v. Vaughn*, 119 F.3d 1538, 1543 (11th Cir. 1997). "'Bribery is a specific intent crime, requiring proof that the defendant offered money or valuables to a government official 'with the purpose (or intent) of influencing him in the performance' of an official act as an essential element of the crime." O.C.G.A. § 16-10-2 (a)(1).'" *Lee v. State*, 204 Ga. App. 283, 284 (1992) (citation omitted). Claim Five does not come close to alleging the offense of bribery.

### 3. *Count Six – Intimidation of Court Officer*

In Count Six, Plaintiffs claim damages under a criminal statute, O.C.G.A. § 16-10-97, as a result of Ehrlich's alleged intimidation of Toqeer A. Chouhan, Moreland, Inc.'s previous counsel.[3] Chouhan also is not a party to this case. As with Count Five, the gist of this claim is that Ehrlich committed a crime by telling Chouhan that Chouhan's client would be embroiled in litigation if Chouhan's client remained in this case. (Doc. 33-1 at 41).

---

[3] Plaintiffs did not specifically name Mr. Chouhan, but he is Moreland Inc.'s prior counsel as reflected in Court records. And, in any event, the name of Moreland Inc.'s prior counsel is immaterial; the point is that, whoever he is, he is not a party to this case.

In addition, even had Count Six alleged that Ehrlich threatened an act of unlawful violence, Count Six fails to state a claim for relief because there is no private cause of action under the bribery statute, *see supra* Part II(C)(1)(a), and these Plaintiffs do not have not standing to sue on behalf of non-party Chouhan. *See supra* Part II(C)(1)(a).

Claim Six also plainly does not allege the elements of the serious offense of intimidation of court officers under O.C.G.A. § 16-10-97. *See Harrell v. State*, 297 Ga. 884, 887 (2015) ("[F]or intimidation such as alleged in the indictment to be validly proscribed by OCGA § 16–10–97(a)(1), the intimidation must be considered a 'true threat.' And, as *Black* noted, '[t]rue threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.'") (citing *Virginia v. Black*, 538 U.S. 343, 348 (2003). The *Harrell* Court further stated that "as *Black* noted, "'[t]rue threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.'" *Id.* No such threats have been alleged, and this claim fails to state a claim upon which relief can be granted.

### 4.    *Claim Seven – Influencing Witnesses*

In Claim Seven, Plaintiffs seek damages based on unidentified actions by Ehrlich that Plaintiffs contend constitute the crime of influencing witnesses under O.C.G.A. § 16-10-93.  Claim Seven also rests almost entirely upon allegations made on behalf of non-parties Moreland, Inc. and its lawyer, Chouhan. (Doc. 33-1 at ¶¶ 46 to 48).  Like the other claims, Claim Seven is facially ridiculous and suffers from the same fatal defects: there is no private cause of action under the bribery statute, *see supra* Part II(C)(1)(a), and these Plaintiffs do not have not standing to sue on behalf of non-parties Moreland, Inc. and lawyer Chouhan.  *See supra* Part II(C)(1)(a).

In addition, Claim Seven does not allege *any* the elements of the offense of influencing witnesses under O.C.G.A. § 16-10-93.  No witness is identified and no "threat of injury" to that witness is described.   It is well-settled that exercising the right to file a lawsuit does not constitute a threat under the influencing witness statute.  *Brown v. State*, 322 Ga. App. 446, 455 (2013) ("exercising one's right to file a lawsuit, or … conspiring with others to file a lawsuit, in and of itself, does not constitute a 'threat' as required to support the crimes [of influencing or threatening witnesses in official proceedings]").  *See also DeLong v. State*, 310 Ga.

App. 518, 523-25 (2011); *Markowitz v. Wieland*, 243 Ga. App. 151, 155 (2000).

5.      *Claim Eight – Tortious Interference*

Claim Eight may be the most frivolous claim of them all. In Claim Eight, Plaintiffs allege that Ehrlich "intentionally and maliciously interfered with Elkhalil Law, P.C.'s contractual relationship with Moreland, Inc." by persuading Moreland, Inc. to not continue as a plaintiff in this action. (Doc. 33-1 at ¶52). But neither Elkhalil nor Moreland, Inc. are parties to this case, and none of the existing plaintiffs have standing to bring this action on their behalf. Even if both were parties to this action, it is absolutely frivolous to contend that a lawyer tortuously interferes with opposing counsel's relationship with opposing counsel's client by convincing the opposing counsel that the case should be dropped.

As further evidence that Plaintiffs' counsel do not know how to litigate a case in state or federal court, and should be barred from doing so, Plaintiffs' counsel obviously cannot be a party *and* represent the other parties to the case. Defendants' Motion to Disqualify (Doc. 11) will be rendered moot if Defendants' Motion to Dismiss is granted (Doc. 10). If the Motion to Dismiss is denied and the instant motion for leave is granted, Plaintiffs' counsel would then have to be disqualified because Mr. Elkhalil would be a necessary witness in his meritless

16

tortious interference claim.

6. *Assertions that Are Not the Basis of Any Claim for Relief*

The foregoing addresses each of the actual attempted claims for relief. Plaintiffs, however, include various and sundry allegations outside the claims for relief that can be disposed of upon cursory examination. Plaintiffs contend that Ehrlich wronged them by sending notices of their non-compliance with the terms and conditions of consent decrees in the underlying matters of *Brown v. A & Y Family Group, Inc. et al.* and *Drake v. Atlanta Bay Breeze, Inc.* (The factual allegations that concern A & Y Family Group, Inc. or Atlanta Bay Breeze, Inc. are scant and scattered, and can be found in Doc. 33-1 at ¶¶20, 21, 31, 32, 49).

Initially, any complaint relating to the enforcement of consent decrees entered in other United States District Court cases must be brought in those cases. *Brown v. A&Y Family Group* is a case before Judge Story. *Drake v. Atlanta Bay Breeze* is a case before Judge Totenberg. Judges Story and Totenberg, and only Judges Story and Totenberg, have jurisdiction over the enforcement of the consent decrees entered in their cases.

Moreover, if Plaintiffs were to bring these complaints before Judges Story and Totenberg, Defendants would submit the following:

Plaintiffs state in support of their Motion that "[w]hile all Plaintiffs were advised of the possibility of Defendants' retaliation and possibility of re-opening of the previous lawsuit, Defendants follow through and timing cannot go unnoticed." (Doc. 33 at 5). Defendants could not agree more, but the sequence is exactly the opposite of what Plaintiffs suggest. Defendants did not request a post-completion inspection in retaliation for Atlanta Bay Breeze's joining this litigation, empirically, it was the other way around. The timing is as follows:

- October 3, 2019: Mr. Ehrlich sends a request for a post-completion inspection to Atlanta Bay Breeze's counsel of record. (Doc. 33-1 at 27).

- October 17, 2019: Atlanta Bay Breeze signs a contract with Elkhalil Law, P.C. dated October 14, 2019 to participate as a plaintiff in the instant matter. (Doc. 33-1 at 21-22).

While Plaintiffs enjoy the benefit of having the Court "accept the facts pleaded. . . as true and construe them in the light most favorable to [them]," *Mortland v. Northlake Mall, LLC*, No. 1:13-CV-1151-TWT, 2013 WL 6881694, at *1 (N.D. Ga. Dec. 31, 2013), there is no light that can render this sequence of events favorable to Plaintiffs. "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *see also Simmons v. Peavy-Welsh*

*Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control").

Moreover, although Plaintiffs allege in their proposed First Amended Complaint that there were threats of "frivolous litigation," the exhibits again contradict their claims. Each post-completion notice of non-compliance that Plaintiffs decry as "frivolous" included photographs and detailed descriptions of how A & Y Family Group, Inc. and Atlanta Bay Breeze, Inc. failed to honor the requirements of the Consent Decree in each case. (Doc. 33-1 at Exhibits D and E). Each letter concludes with a statement that the violations ought to be addressed within the applicable the right-to-cure period. (Doc. 33-1 at 25, 41). Common sense dictates that if those issues are addressed and brought into compliance within the right-to-cure period, no subsequent action would follow. But, in any event, these are issues for Judge Story and Judge Totenberg to resolve.

## IV.    CONCLUSION

Plaintiffs' allegations in the original Complaint and in the proposed First Amended Complaint would not pass muster even if Plaintiffs were proceeding pro se. As the District Court of Arizona observed yesterday:

Although the *Iqbal* pleading standard applies to pro se complaints, they "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But while entitled to "great leeway," a pro se litigant's pleadings "nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

*Medrano v. Carrington Foreclosure Servs. LLC, et al.*, No. CV-19-04988-PHX-DWL, 2019 WL 6219337, at \*5 (D. Ariz. Nov. 21, 2019).  Plaintiffs' pleadings do not meet the lowest threshold of acceptability.

The First Amended Complaint could not have been filed in good faith.  It is entirely meritless and the filing of it constitutes further grounds for sanctions under Rule 11.  The Motion for Leave should be denied.

Respectfully submitted, this 22nd  day of November, 2019.

/s/Bruce P. Brown
Bruce P. Brown
*Counsel for Defendants*
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Road NE, Suite 6
Atlanta, GA 30306
Phone: (404) 881-0700
bbrown@brucepbrownlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

**<u>CERTIFICATE OF SERVICE</u>**

I have this day served counsel of record with a copy of the foregoing via the

Court's electronic filing system.

This 22nd day of November, 2019.

*/s/Bruce P. Brown*
Bruce P. Brown
