IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **BHUPENDRA GHANDI, A&Y FAMILY GROUP INC. and ATLANTA BAY BREEZE, INC.**<br>       **Plaintiffs,**<br><br>vs.<br><br>**CRAIG J. EHRLICH, THE LAW OFFICE OF CRAIG J. EHRLICH, LLC, DOUGLAS SCHAPIRO, EHRLICH & SCHAPIRO, LLC, ADA CONSULTANTS OF AMERICA, LLC, DAKOTA HOLT, YVONNE BROWN, THOMAS FUTCH JESSICA BLINKHORN, TIAWAN BRITTON, DESTINY DRAKE, DUSTIN SWAFFORD, ALLISON WATERS and DOES 1 THROUGH 100, inclusive**<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action**<br>**File No: 1:19-cv-03511-SDG** |

## PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs respectfully move this Court for a temporary restraining order and preliminary injunction prohibiting attorney Bruce P. Brown, the Bruce P. Brown Law office, attorney Craig J. Ehrlich, and The Law Office of Craig J. Ehrlich, LLC from contracting the above named Plaintiffs and potential members of the class

1

action. The purpose of this motion is to maintain the status quo until the Court certifies the class and restrain the named parties from any further intimidation, threats, and contact with the named Plaintiffs and potential class members. Plaintiffs requests this Court temporarily restrain Bruce P. Brown, the Bruce P. Brown Law office, Craig J. Ehrlich, and The Law Office of Craig J. Ehrlich, LLC from contacting these parties and enter a preliminary injunction following the temporary restraining order.

## I.    Introduction and Background

On or about August 2, 2019 Plaintiffs commenced this action by filing a verified Complaint for Declaratory Relief, Injunction and Damages as class representatives pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of past and current business and property owners who have been wrongfully accused of American with Disability Act violations by Defendants. At that time, Plaintiff PVQ, LLC was a third Plaintiff and class representative. However, within days of filing, PVQ, LLC, after being contacted by Bruce P. Brown and Craig J. Ehrlich by and through their respective law firms, withdrew via attorney Richard Jafee who was attorney of record in the pending matter of Thomas Futch v. PQV, LLC (1:19-cv-01798-AT) that was later dismissed by joint stipulation of the parties. Subsequently, after Plaintiffs filed their Motion to Amend the Complaint to

2

Add Plaintiffs and Memorandum in Support on October, 31, 2019, that added Moreland, Inc., Craig J. Ehrlich by and through The Law Office of Craig J. Ehrlich, LLC contacted previous counsel for Moreland, Inc. and threatened Moreland, Inc. into withdrawing for the protection of any further headache to Moreland, Inc. and counsels previous clients sued by Craig J. Ehrlich and The Law Offices of Craig J. Ehrlich, LLC.

Furthermore, upon filing Plaintiffs Motion to Amend the Complaint to Add Plaintiffs and Memorandum in Support to add Plaintiff Atlanta Bay Breeze, Inc., both Plaintiffs Atlanta Bay Breeze, Inc. and A&Y Family Group, Inc. received notice from Craig J. Ehrlich by and through The Law Office of Craig J. Ehrlich, LLC of non-compliance of the final Consent Decree in each of the previous cases. (Exhibit A). Based on an informed belief, Craig J. Ehrlich, by and through, The Law Office of Craig J. Ehrlich, LLC is seeking to harass and intimidate both Atlanta Bay Breeze, Inc. and A&Y Family Group, Inc. for their participation in the above styled class action. With regard to both Atlanta Bay Breeze, Inc. and A&Y Family Group, Inc., Defendants conduct should not be taken as mere coincidence but as an intimidation tactic to further agitate litigation. While all Plaintiffs were advised of the possibility of Defendants' retaliation and possibility re-opening of the previous lawsuit, Defendants follow through and timing cannot go unnoticed.

3

Presently, after Plaintiffs filed their Motion for Leave to Amend the Complaint to add additional claims for extortion, bribery, intimidation of court officer, influencing witnesses, and tortious interference with existing contractual relations against Defendants Craig J. Ehrlich and The Law Offices of Craig J. Ehrlich, LLC, Defendants attorney Bruce P. Brown, by and through Bruce P. Brown Law sent via certified mail a letter to each named Plaintiff as class representative a letter to provide notice of Defendants intent to assert a claim against Plaintiffs for abusive litigation under O.C.G.A. § 51-7-84. (Exhibit B).

While Bruce P. Brown did send Plaintiffs' counsel the exact same letter sent to Plaintiffs, all letters were sent and received same day that did not provide Plaintiffs' counsel the opportunity to warn or discuss the letters' content with the Plaintiffs prior to their receipt. Unsurprisingly, Plaintiffs are confused and concerned about the letters content.

The actions of these attorneys and their respective law firms violate Georgia Rule of Professional Conduct 3.1(a), 4.2(a), and 8(a)(1) as they constitute unlawful contact including threats and retaliation. This Court should enjoin Defendants' counsel and all Defendants from unlawful communications with represented parties and the potential class participants. Not only should such conduct be immediately enjoined, counsel should be sanctioned.

4

This Court has the inherent authority to manage this case and regulate the parties and attorneys to prevent unethical misconduct. In addition, this Court under Federal Rule of Civil Procedure 65 has the authority to preserve the status quo pending a final decision on the underlying claims. This Court should freeze the status quo and order Defendants and Defendants' counsel from contacting any of the listed Plaintiffs and potential class members during the pendency of this matter. At the bare minimum, the court should issue a temporary injunction prohibiting Defendants and Defendants' counsel from contacting the named Plaintiffs as class representatives.

## II.    Standard of Review

The purpose of a preliminary injunction is to maintain the status quo pending a trial on the merits. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

> Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing . . . and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

*Id.* Because the procedures are less formal for a preliminary injunction hearing, the evidentiary rules are relaxed and the Court is permitted to rely on evidence that might not be admissible for a permanent injunction, "so long as the evidence is appropriate

given the character and purpose of the injunction proceedings." *Caron Found. Of Fla., Inc. v. City of Delray Beach*, 879 F. Supp. 2d 1353, 1360 (S.D. Fla. 2012) (citing *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) ("At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction...")(quoting *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)). The decision to grant preliminary injunctive relief is within the broad discretion of the district court. *Majd–Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901 (11th Cir. 1984).

### III.    Argument

Attorney Bruce P. Brown by and through the Bruce P. Brown Law Office and attorney Craig J. Ehrlich by and through The Law Office of Craig J. Ehrlich, LLC, have violated Georgia Rule of Professional Conduct 3.1, 4.2(a), and 8.4(a)(1).

Rule 3.1 of the Georgia Rules of Professional Conduct prohibits a lawyer when representing a client from filing a suit, asserting a position, conducting a defense, delaying a trial, "or tak[ing] other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another." Rule 3.1 (a) of the Georgia Rules of Professional

Conduct found in Bar Rule 4–102. *Murphy v. Freeman*, 337 Ga. App. 221, 787 S.E.2d 755 (Ga. App. 2016).

Georgia Rule of Professional Conduct 4.2(a) provides, "A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by constitutional law or statute." This Rule is intended to "provide protection of the represented person against overreaching by adverse counsel, safeguard the client-lawyer relationship from interference by adverse counsel, and reduce the likelihood that clients will disclose privileged or other information that might harm their interests." ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 95-396 (1995). See also *Askins v. Colon*, 270 Ga. App. 737, 740, 608 S.E.2d 6 (2004) ("rule is designed to protect a represented party's right to effective representation of counsel by preventing adverse counsel from taking advantage of such party through undisclosed contact") (quoting *Sanifill of Georgia, Inc. v. Roberts*, 232 Ga. App. 510, 511, 502 S.E.2d 343 (1998)). Therefore, a lawyer may not orchestrate contacts regarding the subject of the representation personally or by others, including the client or an investigator. ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 95-396 (1995) (lawyer would be ethically responsible

for ex parte contacts made by investigator over whom she has direct supervisory authority). See, e.g., *Midwest Motor Sports, Inc. v. Arctic Cat Sales, Inc.*, 144 F. Supp. 2d 1147, 1157 (D.S.D. 2001) ("attorney may not avoid [rule 4.2] by directing an investigator or anyone else to contact [prohibited] employees"); *Ex parte Lammon*, 688 So. 2d 836 (Ala. Civ. App. 1996) (lawyer went with plaintiff son to visit defendant mother in nursing home); *Trumbull Cty. Bar Assn. v. Makridis*, 77 Ohio St. 3d 73, 1996-Ohio-351, 671 N.E.2d 31 (1996) (lawyer directed his client's call to represented defendant).

Moreover, under Rule 8.4 (a) (1) makes it a violation for a lawyer to "violate or knowingly attempt to violate the Georgia Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." Because Rule 4.2 prohibits an attorney from "indirectly" communicating with a represented party—including by using their client as a conduit for improper conduct—an attorney is prohibited from "drafting documents, correspondence, or other written materials" that will be delivered to the opposing party that is represented by counsel. See *San Francisco Unified Sch. Dist. ex rel. Contreras v. First Student, Inc.*, 213 Cal. App. 4th 1212, 1235 (2013)("[A]n attorney crosses the line in advising a client about such communications [with a represented party] when the attorney prepares binding legal documents that the client plans to ask the

opposing party to sign."); *In re Marietta*, 223 Kan. 11, 11 (1977) (finding an ethical violation where an attorney prepared a legally binding child-support release and caused his client to share the release with the opposing party, who was represented by counsel).

OCGA § 51-7-84(a) provides: "As a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail or some other means evidencing receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation and shall thereby give the person against whom an abusive litigation claim is contemplated an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other position." *Owens v. Generali-U.S. Branch*, 480 S.E.2d 863, 224 Ga.App. 290 (Ga. App. 1997). When a party is represented by counsel, the party providing notice is precluded from notifying anyone except for the parties counsel. See *Owens v. Generali-U.S. Branch*, 480 S.E.2d 863, 224 Ga.App. 290 (Ga. App. 1997) ("[B]ecause Generali was a represented party, Owens was precluded from notifying anyone except Sumrall of her abusive litigation claim against Generali. See Ga. State Bar Rule 4-102, Standard 47."); *Talbert v. Allstate Ins. Co.*, 408

S.E.2d 125, 200 Ga.App. 312 (Ga. App. 1991); *Dunwoody Plaza partners, LLC v. Markowitz*, 346 Ga. App. 516, 816 S.E.2d 450 (Ga. App. 2018).

In this present matter, Defendants Craig J. Ehrlich and The Law Offices of Craig J. Ehrlich and Defendants Counsel Bruce P. Brown through their direct contract with Plaintiffs, PVQ, LLC, and Moreland, Inc., have made every attempt to harass and intimidate Plaintiffs to force them to withdrawal the lawsuit in its entirety. The timing combined with the content of letters is a clear violation of the Georgia Professional Rules of Conduct. It is implausible in the extreme to suggest that counsel for Defendants and Defendants intent was not to intimidate and harass Plaintiffs. Defendants' motivation is very apparent due to the pendency of the present class action lawsuit and the clear poaching of added Plaintiffs as class representatives. Furthermore, Plaintiffs are confident Defendants legal strategy by sending the letters directly to represented parties originated with and was masterminded by Defendants counsel Bruce P. Brown and Defendant Craig J. Ehrlich. Defendants are determined to get what they want, notwithstanding the Georgia Rule of Professional Conduct, and should be enjoined from any further contact with Plaintiffs.

### a. Legal Analysis for Injunctive Relief

The Court considers four factors when deciding whether to issue a preliminary injunction pursuant to Federal Rule of Civil Procedure 65: (1) whether there is a substantial likelihood of success on the merits; (2) whether the preliminary injunction is necessary to prevent irreparable injury; (3) whether the threatened injury outweighs the harm that the preliminary injunction would cause to the non-movant; and (4) whether the preliminary injunction would be adverse to the public interest. *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

### i. Likelihood of Success on the Merits

As stated above, the first factor when determining whether to issue temporary or preliminary injunctive relief is whether the movant has a substantial likelihood of success on the merits. *Parker*, 275 F.3d at 1035. Plaintiffs are entitled to a temporary restraining because Defendants actions in contacting Plaintiffs directly is a grave violation of the Rules of Professional Conduct. By orchestrating this letter and contacting Plaintiffs directly with threats of lawsuit and expenses, Defendants counsel violated ethical rules that prohibit them from communicating with represented parties. Because Georgia Rule Professional Conduct 4.2(a) prohibits an attorney from directly or indirectly communicating with a represented party, including by using their claim as a conduit for improper conduct, an attorney is

11

prohibited from drafting documents, correspondence or other written materials that will be delivered to the opposing party that is represented by counsel. A classic example of overreaching under this rule is the attorney assisting the client in securing from the represented person an enforceable obligation without the opportunity to seek the advice of counsel. ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 11-461.

That is exactly the case here. After Plaintiffs have responded to every frivolous motion filed by Defendants and have attempted to add Plaintiffs to the above styled action, Defendants have employed every tactic to threaten and harass Plaintiffs. Both attorney Bruce P. Brown and Craig J. Ehrlich, by and through, their respective law firms, have utilized vicious ad hominem attacks and illegal obstructionist tactics designed exclusively to place pressure on Plaintiffs and their previous counsel to relinquish participation in the present matter. Most importantly, the letters sent via Bruce P. Brown and Bruce P. Brown Law, is unethical prohibited contact by the Georgia Rule of Professional Conduct 4.2 and at the very least provides cause for suspicions self-evident on the timing and content of the correspondence.

### ii. Likelihood of Irreparable Harm

To succeed under the second factor, Plaintiffs must show "a substantial likelihood of irreparable injury" if a preliminary injunction is not issued. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Generally, this means that a party cannot be made whole by monetary damages. See *Odebrecht Constr., Inc. v. Sec'y*, 715 F.3d 1268, 1289 (11th Cir. 2013). A showing of irreparable injury is "'the sine qua non of injunctive relief.'" *Northeastern Florida Chapter of the Association of General Contractors v. City of Jacksonville, Florida*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978)). See also *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."). The party seeking an injunction thus must establish an actual and imminent injury that "cannot be undone through monetary remedy." *City of Jacksonville*, 896 F.2d at 1285. "'The possibility that adequate compensatory or other corrective relief will be available at a later date ... weighs heavily against a claim of irreparable harm.'" Id. (quoting *Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937 (1974).

In the present case, Defendants and Defendants' counsel will not suffer any legitimate injury if this court grants injunctive relief. Any suggestion by Defendants that it will suffer harm in the event they are enjoined from having any contact with

13

the named Plaintiffs' and potential class members requires a violation of attorney client communication that Rule 4.2 is designed to protect. Plaintiffs have a right to receive the advice of their counsel at the same time they receive a legal document drafted by Defendants and/or Defendants' counsel that purports to prejudice their claims in this action. Ultimately, a temporary restraining order and preliminary injunction is warranted to prevent Defendants from further threatening and intimidating the Plaintiffs from participation as class representatives in the underlying action.

### iii.  Threatened Injury Outweighs any Hardship

To succeed under the third factor, the Court must consider whether the threatened injury to the movant outweighs the hardship that would be experienced by the opposing party if the preliminary injunction were issued. *Parker*, 275 F.3d at 1035.

While the Plaintiffs will suffer irreparable harm if Defendants are not immediately enjoined, Defendants would not be harmed by being compelled to obey the law. Although Defendants have a pecuniary interest in circumventing Plaintiffs, in order to undermine class certification and Plaintiffs' ability to vindicate their rights, that interest is not a legitimate one. To the contrary, Defendants apparent urgency in sending the abusive litigation letter (Exhibit B) and non-compliance letter

(Exhibit A) only underscores Defendants' true motivation and the impropriety of their actions.

### iv. Injunctive Relief is in the Public Interest

Finally, to succeed under the fourth factor, the Court must determine whether Plaintiffs' requested preliminary injunction would be adverse to public interest. In the legal profession, there is no greater public interest than the public's faith that legal professionals will ethically and diligently execute their responsibilities to the community. See *Hull v. Celanese Corp.*, 513 F.2d 568, 572 (2d Cir. 1975) ("The preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar is paramount."); *Emle Industries, Inc. v. Patenex, Inc.*, 478 F.2d 562, 570 (2d Cir. 1973) ("The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case.").

### IV.  Conclusion

*There is a vague popular belief that lawyers are necessarily dishonest. I say vague, because when we consider to what extent confidence and honors are reposed in and conferred upon lawyers by the people, it appears improbable that their impression of dishonesty is very distinct and vivid. Yet the impression is common, almost universal. Let no young man choosing the law for a calling for a moment yield to the popular belief - resolve to be honest at all events; and if in your own judgment you cannot resolve to be an honest lawyer, resolve to be honest without being a lawyer. Choose some other*

*occupation, rather than one in the choosing of which you do, in advance, consent to be a knave.*

Westgate Resorts, Ltd. V. Sussman Case No. 6:17-cv-1467-Orl-37DCI (M.D. Fla. May. 31, 2019)(citing Abraham Lincoln, <u>Collected Works of Abraham Lincoln: Volume 2</u> 82 (Roy P. Basler ed. 1953). [A]ttorneys are the filter upon which courts rely to maintain the integrity of, and trust in, our judicial process. <u>Peer v. Lewis,</u> 606 F.3d 1306, 1316 (11th Cir. 2010). On the rare occasion when attorneys undermine that integrity and trust, there must be consequences. For the foregoing reasons, this Court should enter a TRO followed by a preliminary injunction to prevent further harm while this case is litigated.

Dated: December 12, 2019

Respectfully submitted,

Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place Suite 550
Atlanta, GA 30339
(770) 612-3499

## **CERTIFICATION OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been

prepared in accordance with the font type and margin requirement of LR 5.1, using

font type of Times New Roman and point size of 14.

Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place Suite 550
Atlanta, GA 30339
(770) 612-3499

17

## **CERTIFICATION**

I hereby certify that a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Hassan H. Elkhalil
Georgia Bar No. 243192
Charlotte H. Carter
Georgia Bar No. 123309
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place Suite 550
Atlanta, GA 30339
(770) 612-3499