IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BHUPENDRA GHANDI and A&Y FAMILYGROUP INC., <br><br> Plaintiffs, <br><br> v. <br><br> CRAIG J. EHRLICH, et al., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:19-cv-03511-SDG |

## DEFENDANTS' RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendants file this Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 37).

## I.   SUMMARY

Defendants and their counsel are extremely mindful of their obligations under the Rules of Professional Responsibility and the inherent authority of this Court to manage communications between counsel, parties, and putative class members.  Plaintiffs' Motion, however, is wrong on the facts: Defendant Ehrlich has had no contact with any represented party; Defense Counsel Brown's only direct contact with a represented party was through the statutorily authorized and

1

required abusive litigation letters which he sent, simultaneously, to Plaintiffs' counsel and the Plaintiffs, with courtesy copies to Plaintiffs' counsel, in strict compliance with the Abusive Litigation Statute and the Georgia Rule of Professional Responsibility 4.2(a).

The Motion is therefore without merit. As Defendants have explained in other filings, however, the entire case should be dismissed for failure to state a claim (*see* Doc. 10-1), which dismissal would render this motion moot.

## II. DISCUSSION

### A. Scope of Motion

In this Part A, Defendants will outline what they believe to be the issues presented by the Motion. Plaintiffs address many ethical and professional duties and make a number of vague factual allegations, but their Motion can be narrowed to one or two discrete factual and legal issues. Plaintiffs did not file a separate formal motion or a proposed order, but from the introductory paragraphs of the Motion it appears that Plaintiffs seek relief relating to communications to two classes of people:

(1) Current or Former Plaintiffs[1]: that is, Plaintiff Bhupendra Ghandi ("Mr. Ghandi"); Plaintiff A&Y Family Group, Inc. ("A&Y");

---

[1] Moreland, Inc. and Atlanta Bay Breeze are not plaintiffs in this case, but are included in this defined term because they are, or were, potential named plaintiffs. In their October 31, 2019

2

proposed additional Plaintiff Atlanta Bay Breeze, Inc. ("Atlanta Bay Breeze"); former named Plaintiff PQV, LLC ("PQV"); and former proposed additional Plaintiff Moreland, Inc. ("Moreland").

(2): "Putative Class Members," which Plaintiffs define as "past and current business and property owners who have been wrongfully accused of Americans with Disability Act violations by Defendants."

(Doc. 37 at 1, 2).

Though Plaintiffs first appear to be seeking relief relating to communications with both of these categories of people, in the rest of the Motion Plaintiffs only address the first category – the Current or Former Plaintiffs. Plaintiffs do not discuss any alleged contacts or other improper actions relating to Putative Class Members. Plaintiffs do not address the legal and ethical issues relating to communications with Putative Class Members. In addition, the communications that Plaintiffs are complaining about constitute legally authorized communications in those cases necessary to enforce those Courts' consent decrees.

---

Motion for Leave to Amend the Complaint to Add Plaintiffs (Doc. 23), Plaintiffs seek to add Moreland, Inc. and Atlanta Bay Breeze as plaintiffs. On November 11, 2019, Moreland, Inc. filed a voluntary dismissal with prejudice of its claims. (Doc. 31). Plaintiffs' Motion to Add Atlanta Bay Breeze to the case is opposed by Defendants because the Motion was procedurally improper and because the Motion does not even purport to state a claim for relief on behalf of Atlanta Bay Breeze. (Doc. 26).

(*See supra* pages 7 through 11 (discussing communications relating to the consent decrees in the underlying ADA cases).

Plaintiffs also do not mention Local Rule 23, which addresses the procedures for determining how the parties are to contact Putative Class Members. Plaintiffs themselves suggest that relief relating to putative class members is unlikely.[2]

Finally, the Putative Class Members are by definition parties who are in active litigation with Defendants in other federal court cases. This fact illustrates the absurdity of the lawsuit generally and underlies several of the many reasons the complaint should be dismissed. When considering the equities of granting an injunction prohibiting Defendant Ehrlich from contacting Putative Class Members (and, presumably their counsel), the full ramifications of the lawsuit become apparent: Plaintiffs, in a completely misguided effort to change the governing substantive law[3] and every known rule of federal court practice and procedure, are

---

[2] Doc. 37 at 5 ("At a bare minimum, the court should issue a temporary injunction prohibiting Defendants' and Defendants' counsel from contacting the named Plaintiffs as class representatives.")

[3] In a TV interview about this case, Plaintiffs' counsel made his disdain for the ADA clear: "I would like to change the law," he told the interviewer. See minute 5:09 at https://www.fox5atlanta.com/news/businessmen-claim-attorneys-ada-lawsuits-are-a-racketeering-scheme

asking this Court to intervene in the management of the communications between the parties in cases over which other Federal District Court judges have jurisdiction.

In sum, even if Plaintiffs are actually seeking relief relating to Putative Class Members, which is not clear, they are not entitled to it. Defendants will focus the balance of this Response to the issue relating to the contacts with the Current or Former Named Plaintiffs.

As to contacts with the Current or Former Named Plaintiffs, the issues can be narrowed further still. Plaintiffs devote significant discussion to the issue of counsel using their clients to communicate indirectly with represented parties, but there is no allegation or evidence that any of the non-lawyer Defendants have had any contact with Current or Former Named Plaintiffs. There also is no suggestion that lawyer defendant Douglas Schapiro, or his firm, has had any contact with Current or Former Plaintiffs. Thus, the only people involved on the Defendants' side of the communications are Lawyer Defendant Craig Ehrlich and Defense Counsel Bruce Brown.

As to the type of communications, Plaintiffs again devote substantial discussion to legal concepts that are not raised in this case. For example, Plaintiffs

state: "A classic example of overreaching under this rule is the attorney assisting the client in securing from the represented person an enforceable obligation without the opportunity to seek the advice of counsel.  ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 11-461)."  (Doc. 37 at 12).  Yet this rule has nothing to do with this case: even Plaintiffs do suggest that any party, represented or not, has been pressured into an enforceable obligation.  More generally, there is no evidence that the Plaintiffs, or their counsel, have been prejudiced by any communications, direct or indirect, between Defendants and the Plaintiffs.

The issue presented by this Motion is therefore limited to direct contacts between the Current or Former Named Plaintiffs and Lawyer Defendant Ehrlich, discussed below in Part B, and Defense Counsel Brown, discussed in Part C.

## B.     No Contact by Defendant Ehrlich with Current or Former Named Plaintiffs

Plaintiffs state that Defendants Ehrlich and his firm "through their direct contact with Plaintiffs, PQV, LLC, and Moreland, Inc.," "made every attempt to harass and intimidate Plaintiffs to force them to withdraw the lawsuit in its entirety." (Doc. 37 at 10).  This statement is unequivocally false. *Neither Defendant Ehrlich nor his firm has had any direct contact with any party whatsoever.  See generally* C. Ehrlich Decl., Exhibit A hereto.  Each of the Current

6

or Former Plaintiffs were (and are) represented by counsel, and Ehrlich's communications with them have been exclusively through each parties' counsel. *Id.* The context for Ehrlich's entirely appropriate communications with counsel for these parties is addressed below.

*Mr. Ghandi:* Defendant Ehrlich has not communicated with Plaintiff Ghandi, and Plaintiffs do not contend otherwise. All communications with Mr. Ghandi have been through his lawyer, Mr. Eklhalil, or his firm. *See* Second Declaration of Craig J. Ehrlich, attached hereto as Exhibit A, at ¶33.

*A&Y:* Defendant Ehrlich has never communicated with A&Y, or any of its principals, except through counsel. Exhibit A at ¶¶22 and 33. Plaintiffs' statement to the contrary is contradicted by the evidence Plaintiffs have filed with their Motion, which consists of a November 11, 2019 letter Mr. Ehrlich sent to *Mr. Elkhalil,* who is the lawyer for A&Y in this case and the lawyer for A&Y and N.N.U., Inc. in the underlying ADA case, *Yvonne Brown v. N.N.U., Inc. et al.*, 1:17-cv-03560-RWS. (Doc. 37-1 at 18). The subject matter of the letter was A&Y's compliance with the Consent Decree entered in that case by Judge Story on November 8, 2017. The Consent Decree required A&Y to make certain repairs within 24 months. The Consent Decree also required the plaintiff in that case,

Yvonne Brown, to give notice of any noncompliance with the Consent Decree and a 120-day opportunity to cure. The letter by Lawyer Ehrlich to Plaintiffs' counsel Mr. Elkhalil notes that the 24-month period had just passed, that many repairs had been completed (e.g., "the work done to the restroom is excellent,"), but other repairs still needed to be completed. (Doc. 37-1, at 18-19). The letter was required by the Consent Decree, was addressed to counsel, and was not improper in any respect whatsoever.

The contention by Plaintiffs in the instant Motion that Mr. Ehrlich's letter to Mr. Elkhalil was an effort to "intimidate and harass" is frivolous. The letter was required by the Consent Decree and is otherwise completely ordinary and professional. If A&Y has any substantive disagreement with the letter, and that disagreement cannot be resolved, the issue may be taken up with Judge Story.

*Atlanta Bay Breeze, Inc.* Atlanta Bay Breeze is a proposed additional named plaintiff (*see supra* footnote 1). Defendant Ehrlich has never communicated with Atlanta Bay Breeze, Inc., or any of its principals, except through counsel. Exhibit A at ¶¶6-9, 14 and 33. As with A&Y, Plaintiffs' statement to the contrary is contradicted by the evidence Plaintiffs have filed with their Motion, which consists of a November 8, 2019 letter Mr. Ehrlich sent to Yash B. Dave, who is the lawyer

for Atlanta Bay Breeze, Inc. in the underlying ADA case, *Drake v. Atlanta Bay Breeze, Inc.* No. 1:18-cv-03438. (Doc. 37-1 at 29). As with the letter to A&Y, the letter to Atlanta Bay Breeze's attorney gives notice of non-compliance with the Consent Decree and provides Atlanta Bay Breeze 120 days to cure. As with A&Y, the contention by Plaintiffs in this case that the notice to Atlanta Bay Breeze constitutes an effort to "intimidate and harass" is frivolous.

*PQV.* PQV was an original named plaintiff in this case. Defendant Ehrlich has never communicated with PQV, or any of its principals, except through counsel. Exhibit A at ¶¶29 and 31-33. PQV also is a defendant in an ADA case before Judge Totenberg brought by a defendant in this case, Tommy Futch, styled *Futch v. PQV, LLC*, No. 1:19-cv-01798-AT ("*Futch*"), in which Defendant Ehrlich represents Tommy Futch and Richard Jaffe represents PQV. In the complaint in this case, PQV accused Ehrlich and Futch of committing wire fraud and other crimes in the *Futch* case. (Doc. 1 at ¶ 11). Though PQV and Futch were opposing parties in the *Futch* litigation, Ehrlich was still shocked that PQV and Jaffe would make such a serious and personal charge in this case. Ehrlich accordingly called lawyer Jaffe, expressed Ehrlich's alarm, and learned that neither Jaffe nor his client PQV knew of the allegations against Defendants that Plaintiffs' counsel had made

on PQV's behalf in the complaint. (Doc. 18-3 at 52). On August 20, 2019, lawyer Jaffe sent an email to Plaintiffs' counsel directing Plaintiffs' counsel to remove PQV from the Complaint immediately, since it had not reviewed the Complaint prior to its filing and did not agree with the allegations made in its name. (Doc. 18-3 at 50 *et seq.*). In response to this demand, Plaintiffs' counsel *did nothing*. Three weeks later, Jaffe entered an appearance on behalf of PQV and dismissed all of PQV claims, with prejudice. (Docs. 8 and 9). Tommy Vuong, the principal of PQV, stated in his declaration:

> If [Plaintiffs' lawyer] Mr. Elkhalil provided me with a copy of the Ghandi lawsuit prior to filing it, I would have insisted that PQV be removed as a party, as it contained many allegations in PQV's name that I know to be false.

(Doc. 18-3 at 57).

The irony of Plaintiffs' using Defendants' communications with counsel for PQV to claim that Defendants have violated ethical rules is too obvious to require elaboration. Particularly germane to this Motion, however, is how the undisputed facts of PQV's short involvement in this case shows that Plaintiffs' counsel cannot be presumed to be speaking on behalf of their clients, cannot be relied upon to transmit material information to their clients, and cannot be expected to follow their clients' explicit directions.

*Moreland, Inc.* The circumstances relating to the communications with Moreland, Inc. are similar to those involving PQV. Defendant Ehrlich has never communicated with Moreland, Inc., or any of its principals, except through counsel. Exhibit A at ¶¶26 and 33. Moreland, Inc.'s name first appeared in this case as a proposed additional plaintiff. (*See* Doc. 23, discussed *supra* footnote 1). Moreland, Inc. is a defendant in an ADA case brought by Jessica Blinkhorn, a defendant in this case, styled *Blinkhorn v. Moreland, Inc.*, No. 1:16-cv-01603. Given the experience with PQV, upon learning that Moreland, Inc. might become a plaintiff in this case, Mr. Ehrlich called Moreland, Inc.'s counsel, Toqeer A. Chouhan. Exhibit A at ¶¶24-28. As a result of that conversation, Mr. Chouhan directed Plaintiffs' counsel to drop Moreland, Inc. as a proposed additional plaintiff. (Doc. 31 at 2). This time, Plaintiffs' counsel complied with the directions from his client, and filed papers dismissing Moreland, Inc. from this case. (Doc. 31).

In sum, Mr. Ehrlich has not communicated with Current or Former Plaintiffs except through counsel, and his communications with counsel have been necessary, appropriate, in good faith and absolutely in compliance with all ethical rules and professional guidelines.

### C. No Unauthorized Contact by Mr. Brown with Named Plaintiffs

Defense counsel Bruce Brown has had communications with Plaintiffs'
counsel and with counsel for PQV (Mr. Jaffe) and Moreland, Inc. (Mr. Chouhan).
*See* Declaration of B. Brown, Exhibit B hereto, ¶2. The only other contact he had
with any party, directly or indirectly, was the simultaneous transmission of five
identical abusive litigation letters: two to Plaintiffs' counsel in this case (Ms.
Carter and Mr. Elkhalil) and one each to A&Y, Atlanta Bay Breeze and Mr.
Ghandi, each with copies to Plaintiffs' counsel. *Id.* ¶3. The letter to Atlanta Bay
Breeze and Plaintiffs' counsel were received on the same day, December 5, 2019.
The letters to A&Y and Mr. Ghandi were received the next day, December 6,
2019. *Id.* ¶3.

Sending the letters directly to the Plaintiffs was in compliance with Georgia
Rule of Professional Conduct 4.2(a), which states:

> A lawyer who is representing a client in a matter shall not
> communicate about the subject of the representation with a person the
> lawyer knows to be represented by another lawyer in the matter,
> unless the lawyer has the consent of the other lawyer or is authorized
> to do so by law or court order.

In this case, the communication with the parties was expressly authorized,
indeed required, by the Georgia Abusive Litigation Statute, O.C.G.A. § 51-7-84:

(a) As a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail or statutory overnight delivery or some other means evidencing *receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation* and shall thereby give the person against whom an abusive litigation claim is contemplated an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other position. Such notice shall identify the civil proceeding, claim, defense, motion, appeal, civil process, or other position which the injured person claims constitutes abusive litigation.

(Emphasis added). The plain language of the Abusive Litigation Statute requires the notice to be delivered to "any person" – not that person's attorney or representative - but any person "against whom such injured person intends to assert a claim for abusive litigation." *Id.* Because sending the letter directly to the Plaintiffs was "authorized . . . by law," Defense Counsel Brown did not violate Rule 4.2(a) by doing so. *See also* Comment 4 to Model Rule 2.4 ("Also, a lawyer having independent justification or legal authorization for communicating with a represented person is permitted to do so.")

In addition to having express statutory authority, Brown's communications were also consistent with the purpose of Rule 4.2(a). As Plaintiffs explain: the "'rule is designed to protect a represented party's right to effective representation

of counsel by preventing adverse counsel from taking advantage of such party *through undisclosed contact.*'" (Doc. 37 at 7, quoting *Askins v. Colon,* 270 Ga. App. 737, 740 (2004), and *Sanifill of Georgia, Inc. v. Roberts,* 232 Ga. App. 510, 511 (1998) (emphasis added)). Here, there were no *ex parte* communications; the communications with the Plaintiffs were fully and simultaneously disclosed to Plaintiffs' counsel.

This also is not a situation in which counsel took advantage of a lawful opportunity to gratuitously communicate with the Plaintiffs. Had counsel sent the letters only to Plaintiffs' counsel, the notice probably would have been defective under Georgia law, even if Plaintiffs' counsel had passed the letter on to their clients (contrary to their practice with PQV, discussed above). Though an older case suggests otherwise,[4] a recent Court of Appeals case stands for the proposition that the abusive litigation notice must be given *directly* to the person against whom the abusive litigation claim will be asserted even if doing so would otherwise violate Rule 4.2(a). In *Dunwoody Plaza Partners, LLC v. Markowitz,* 345 Ga.

---

[4] *Owens v. Generali-U.S. Branch*, 224 Ga. App. 290, 291 (1997).

App. 516 (2018), the Court of Appeals affirmed the dismissal of an abusive litigation claim against Jay Markowitz.  In *Markowitz,* Phillips, counsel for the abusive litigation plaintiff served the abusive litigation notice on the law firm that represented Markowitz' limited liability company.  The Court of Appeals held that this was insufficient to give notice to Markowitz, even though (a) Markowitz was the LLC's corporate representative and managing partner; (b) the LLC's law firm (which received the notice) had identified Markowitz as a client of the firm; (c) the LLC's law firm had in the past repeatedly chastised lawyer Phillips for communicating with Markowitz directly; and (d) Markowitz unquestionably received actual notice of the abusive litigation letter.  345 Ga. App. at 518, 519.

Under these circumstances, a direct communication by Phillips to Markowitz would have been in plain violation of Rule 4.2(a).[5]  *See, e.g., United*

---

[5] Comment 4 to Rule 4.2(a) provides:

> In the case of an organization, Rule 4.2 prohibits communications by a lawyer for another person or entity concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

*States ex rel. Harris v. Lockheed Martin Corp.,* No. 1:08-CV-3819-AT (N.D. Ga. Feb. 5, 2013). Nevertheless, the Court of Appeals held that the Abusive Litigation Statute, which was to be "'strictly construed,'" required that notice be sent directly to Markowitz. *Markowitz,* 345 Ga. App. at 453.

Under *Markowitz,* the Abusive Litigation Statute requires that notice be given directly to parties who, absent such statutory authorization, the lawyer could not contact directly under Rule 4.2(a). It is true that the *Markowitz* decision does not discuss Rule 4.2(a), but that is just the point: proper notice must be given to parties notwithstanding any Rule 4.2(a) constraints. However, the Abusive Litigation Statute and Rule 4.2(a) are not in conflict, and *Markowitz* does not require parties to violate Rule 4.2(a) to comply with the Abusive Litigation Statute. Instead, because the Abusive Litigation Statute requires the direct communication, the direction communication is not in violation of Rule 4.2(a).

For all these reasons, Brown's direct communications with Plaintiffs did not violate Rule 4.2(a).

### III. CONCLUSION

The Motion is without merit and should be denied.  For the reasons set forth in Defendants' Motion to Dismiss (Doc. 10), however, the case should be dismissed for failure to state a claim, and this Motion dismissed as moot.

Respectfully submitted this 16th day of December, 2019.

/s/Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Road NE
Suite 6
Atlanta, GA 30306
Phone: (404) 881-0700
bbrown@brucepbrownlaw.com

*Attorney for Defendants*

**<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has

been prepared in accordance with the font type and margin requirements of LR 5.1,

using font type of Times New Roman and a point size of 14.

*<u>/s/ Bruce P. Brown</u>*
Bruce P. Brown

## **CERTIFICATE OF SERVICE**

I have this day served counsel of record with a copy of the foregoing pleading via the Court's electronic filing system.

This 16th day of December, 2019.

/s/Bruce P. Brown
Bruce P. Brown

EXHIBIT

A

## <u>SECOND DECLARATION OF CRAIG EHRLICH</u>

Craig J. Ehrlich**,** the undersigned, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am an attorney licensed to practice law in the State of Georgia and I am a member in good standing with the federal District Courts for Northern District of Georgia, Middle District of Georgia, Southern District of Georgia, Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas.

2.      I am the sole manager of The Law Office of Craig J. Ehrlich, LLC ("LOCJE").

3.      LOCJE utilizes a practice management software program called "Daylite."

4.      Upon completion of each case brought by LOCJE under the ADA, an event is created in the Daylite file for that case in order to notify me that the period of time for a Defendant to complete the agreed-upon modifications to their Facility and Property has expired. This event is entitled "Completion Deadline," and it is built into the standard set of events that is installed upon settlement of every ADA case handled by LOCJE.

5.      In the matter of *Drake v. Atlanta Bay Breeze, Inc.*, GAND File No. 1:18-cv-03438-TWT, upon entry of the Court's Order on September 26, 2018 approving the Consent Decree entered into by the parties, a Completion Deadline event was entered for September 26, 2019. When this event appeared on my daily calendar on September 26, 2019, I reset the deadline on the event for one week to October 3, 2019.

6.      When this event reappeared on my calendar on October 3, 2019, I sent an email to Atlanta Bay Breeze's counsel, Yash Dave, Esq. of Smith, Gambrell & Russell, LLP requesting an inspection of the Facility and Property for the purpose of confirming compliance with the Decree.

7.      At the time I sent my October 3, 2019 email to Mr. Dave requesting to calendar an inspection of the Atlanta Bay Breeze property, I was unaware that Atlanta Bay Breeze had any intention of participating in this case as a representative plaintiff.

8.      Mr. Dave responded to my request on October 20, 2019, instructing me to contact Mr. Ron Cochran of Atlanta Bay Breeze directly to schedule an inspection. A complete copy of my email correspondence with Mr. Dave concerning the post-comletion inspection is attached to this declaration as Exhibit 1.

9.      I did not respond or act in accordance with Mr. Dave's instructions, and

did not contact Mr. Cochran directly at any time.

10.     As the Consent Decree in the Atlanta Bay Breeze matter solely required thirty (30) days advance notice of Plaintiff's intent to reinspect, I reset the Completion Deadline event to Saturday, November 2, 2019.

11.     On October 31, 2019, I was informed by my counsel in this matter that a Motion to Amend had been filed by Plaintiffs, and that Plaintiffs were representing to the Court that Moreland, Inc. and Atlanta Bay Breeze, Inc. purportedly intended to join this action as putative representative plaintiffs.

12.     That day, I called Mr. Dave, but did not reach him. I then sent a follow-up email to Mr. Dave making it clear to him that in light of Plaintiffs' indicating that Atlanta Bay Breeze wanted to join this action, under no circumstances would I contact them directly.

13.     I also expressed disappointment in Mr. Dave, as he has defended two ADA actions brought by my office, the other being *Brown v. Moonflower Holdings Inc. et al.*, Case No. 1:18-cv-05138-MHC, and that I would have expected an attorney of his caliber to properly investigate his case (my intended inference was that in so doing, he would lack any basis whatsoever to counsel his clients that they had been defrauded).

14.     At no time have I ever communicated directly with anyone from Atlanta

Bay Breeze, Inc.

15.     At no time have I demanded that Atlanta Bay Breeze, Inc. not act as a representative plaintiff in the matter of *Ghandi et al. v. Ehrlich et al.*

16.     I did make clear to Mr. Dave, as evidenced in our email correspondence, that I intended to seek sanctions against any party that does make false allegations of criminal conduct against me and my office in *Ghandi et al. v. Ehrlich et al.*

17.     I inspected the Facility and Property at issue in the *Atlanta Bay Breeze* matter on Saturday, November 2, and took photographs with my cellular phone of the defaulted provisions of the Consent Decree present at the Facility and Property. I also informed my client on that day that Atlanta Bay Breeze had failed to honor multiple provisions of the Decree.

18.     On November 8, 2019, I sent written notice of Atlanta Bay Breeze's non-compliance to Mr. Dave via email and certified mail.

19.     As in the case of *Atlanta Bay Breeze*, there was an existing Completion Deadline event in the Daylite file for *Brown v. N.N.U., Inc. and A & Y Family Group, Inc.* set with a deadline of November 8, 2019. Unlike the Consent Decree in *Atlanta Bay Breeze,* the *A & Y Family* Decree did not require advance notice of a re-inspection.

20.     I re-inspected the Property on Friday, November 8, 2019. While most of the Decree had been complied with, there were two issues of non-compliance, and each was significant. I thus sent a written notice of non-compliance to N.N.U.'s and A & Y's counsel, Mr. Hassan Elkhalil, Esq., via email and certified mail, per the requirements of the Decree.

21.     At no time have I had direct contact with N.N.U., Inc. or any individual associated with N.N.U., Inc. All of my communications regarding N.N.U., Inc. have been made to Elkhalil Law, P.C.

22.     At no time have I had direct contact with A & Y Family Group, Inc or any individual associated with A & Y Family Group, Inc. All of my communications regarding A & Y Family Group, Inc have been made to Elkhalil Law, P.C.

23.     On or about November 4, 2019, I communicated with Toqeer A. Chouhan, Esq. of The Chouhan Law Firm, LLC with regard to Plaintiffs' representation that Moreland, Inc.

24.     I expressed to Mr. Chouhan that I was upset to see one of his clients purportedly express interest in participating in *Ghandi et al. v. Ehrlich et al.*, as Mr. Chouhan has acted as defense counsel in six (6) ADA cases (*Blinkhorn v. Moreland, Inc.*, 1:16-cv-1603-LMM; *Blinkhorn v. Evergreen Shell Inc. et al.*, 1:18-cv-00601-TCB; *Blinkhorn v. TRA Lakewood Inc et al.*, 1:18-cv-02016-ELR; *Waters v. Sofiya*

*Corporation*, 1:16-cv-01203-WSD; *Drake v. Firdos, Inc. et al.*, 1:18-cv-01688-LMM; *Holt v. Windy Hill Minimart Inc. et al.*) brought by my office, without having disputed the factual representations in any those cases after having ample time to adequately investigate each case.

25. At no time did I demand that Mr. Chouhan or Moreland, Inc. not participate in the *Ghandi et al. v. Ehrlich et al.* matter.

26. At no time did I communicate directly with anyone from Moreland, Inc.

27. I did, however, state to Mr. Chouhan that I intended to seek sanctions against any party that brought false claims of criminal conduct against me or my office.

28. Further, far from dissuading Mr. Chouhan from testifying as a witness in the *Ghandi et al. v. Ehrlich et al.* matter, I let him know that were this action to move forward, that I fully expected him to be a witness and testify as to his investigations into not just the *Moreland, Inc.* matter, but all six of the cases in which he had been defense counsel, and in which he had never once disputed any of the factual assertions made in any of those cases.

29. On September 9, 2019 at 10:00 A.M., I was present at 6098 Memorial Drive, Stone Mountain, Georgia 30083, a parcel of real property owned by PQV, LLC, for the purpose of walking through the property and finalizing an agreement

for PQV to make repairs to the property in the interests of wheelchair accessibility. Mr. Tommy Vuong, the CEO of PQV, LLC was present at this meeting, along with his spouse and PQV's Counsel, Richard Jaffe.

30.     The agreement reached at this September 9, 2019 meeting was executed by the parties to the case, *Thomas H. Futch v. PQV, LLC*, and approved by Judge Totenberg on September 13, 2019. (*See* 1:19-cv-01798-AT at Doc. 22).

31.     The September 9, 2019 settlement meeting was the only time I have ever spoken to Mr. Vuong, and that was in Mr. Jaffe's presence with his implicit approval.

32.     At no time have I had any direct contact with PQV, LLC or Tommy Vuong outside the presence of Mr. Jaffe.

33.     In sum, with the sole exception of the direct contact with Tommy Vuong that took place in Mr. Jaffe's presence during the above-described settlement negotiations, I have never had any direct contact with Bhupendra Ghandi, A & Y Family Group, Inc., Atlanta Bay Breeze, Inc., PQV, LLC or Moreland, Inc. at any time.

**Dated:** 12/16/19

**CRAIG J. EHRLICH**

7

EXHIBIT

1

**From:** Dave, Yash B. YDave@sgrlaw.com
**Subject:** Re: Drake, Destiny L. v. Atlanta Bay Breeze, Inc.
**Date:** October 31, 2019 at 6:32 PM
**To:** Craig J. Ehrlich craig@ehrlichlawoffice.com



Mr. Ehrlich,

I no longer represent Atlanta Bay Breeze regarding the inspection or any other matters they may pursue.

Regards,

**Yash B. Dave**

*Florida Board Certified in Labor and Employment*

p | 904-598-6115
f | 904-598-6215
e | ydave@sgrlaw.com
50 N. Laura Street | Suite 2600 | Jacksonville, FL 32202
www.sgrlaw.com | My Bio | vCard

On Oct 31, 2019, at 6:17 PM, Craig J. Ehrlich <craig@ehrlichlawoffice.com> wrote:

No need to call back. In short, I will not speak directly to Mr. Cochran as it appears that Atlanta Bay Breeze would like to join the class action against me. I assume it will be a non-issue, but if so, we intend to get sanctions levied against them the same as Mr. Elkhalil and his cohorts.

I'm a bit surprised by this, as you seem like a knowledgeable and good lawyer. I would have expected you to properly investigate your case and defend it accordingly if you though it merited it.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 Toll Free)
www.ehrlichlawoffice.com

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

On Oct 20, 2019, at 2:51 PM, Dave, Yash B. <YDave@sgrlaw.com> wrote:

Mr. Ehrlich,

Please contact Ron Cochran directly to coordinate the inspection.  Mr. Cochran's contact information is listed below.

Ron Cochran
Restaurateur at Bay Breeze of Atlanta
1440 veteran's memorial hwy. sw
Mableton, Ga. 30126
office # (770) 745-0905
email baybreeze@bbatl.net

Regards,

Yash

**Yash B. Dave**

*Florida Board Certified in Labor and Employment*

---

**p** | 904-598-6115
**f** | 904-598-6215
**e** | ydave@sgrlaw.com
50 N. Laura Street | Suite 2600 | Jacksonville, FL 32202
www.sgrlaw.com | My Bio | vCard

<image287f98.JPG>

---

On Oct 3, 2019, at 2:29 PM, Craig J. Ehrlich <craig@ehrlichlawoffice.com> wrote:

> **CAUTION:** This email is from an external source. Do not click links or attachments unless it's from a verified sender.

Yash:

Wanted to reach out to you and coordinate a date and time that's acceptable to your client for an inspection on this case. It doesn't appear that we received notice of completion, and the period expired last week.

Sincerely,

Craig J. Ehrlich, Esq.*
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Office: (800) 238-3857, Ext. 301
Direct: (404) 365-4460
Fax: (855) 415-2480 Toll Free)
www.ehrlichlawoffice.com

*Licensed in Georgia and the U.S. District Courts for the Eastern District of Arkansas, Western District of Arkansas, District of Nebraska, Eastern District of Tennessee, Western District of Tennessee, District of Colorado, Southern District of Texas and the Northern District of Texas

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

EXHIBIT

B

## DECLARATION OF BRUCE P. BROWN

1.     My name is Bruce P. Brown.  I am over the age of 18 and competent to testify.  I have personal knowledge of the facts stated in this declaration.  I have been a member in good standing of the State Bar of Georgia since 1986.

2.      I represent the Defendants in this case.  My only contact, and my firm's only contact, with the named Plaintiffs, Moreland, Inc., Atlanta Bay Breeze, Inc., or PQV, LLC, or their representatives, is the following: I have exchanged emails and telephone calls with counsel for Plaintiffs at Elkhalil Law, P.C.; I have spoken or exchanged emails, or both, with counsel for PQV, LLC and Moreland, Inc.; and I mailed abusive litigation letters, with courtesy copies to Plaintiffs' counsel, to Mr. Ghandi, Atlanta Bay Breeze, and A&Y.

3.     According to return receipts that I received from the United States Postal Service, or that were available on line, Mr.  Elkhalil received the abusive litigation letter and courtesy copies of the letters to his clients, on December 5, 2019; Ms. Carter received the abusive litigation letter on December 5, 2019; A&Y Family Group, Inc. received the abusive litigation letter on December 5, 2019.  The next day, December 6, 2019, Mr. Ghandi and Atlanta Bay Breeze, Inc. received the abusive litigation letter.  Attached as Exhibit 1 are copies of the return receipts.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 16th day of December, 2019.

_____
Bruce P. Brown

EXHIBIT

1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charlotte H. Carter, Esq.
Elkhalil Law, P.C.
1950 North Park Place Suite 550
Atlanta, GA 30339

9590 9402 2762 6351 0396 88

2. Article Number (Transfer from service label)
7019 0160 0001 1179 7422

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X E Mjolu
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Mjolu    12-5-19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hassin H. Elkhalil, Esq.
Elkhalil Law, P.C.
1950 North Park Place Suite 550
Atlanta, GA 30339

9590 9402 2762 6351 0397 49

2. Article Number (Transfer from service label)
7019 0160 0001 1179 7415

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X E Mjolu
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Mjolu    12-5-19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Atlanta Bay Breeze, Inc.
c/o Jimmy Katsadouros, CEO
4440 Veterans Memorial Hwy
Mableton, GA 30126

9590 9402 2762 6351 0397 01

2. Article Number (Transfer from service label)
7019 0160 0001 1179 7293

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kimberly Wilkins
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Kimberly Wilkins    12/6/19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bhupendra Gianni
4330 Freys Farm Lane
Kennesaw Georgia 30152

9590 9402 2762 6351 0397 18

2. Article Number (Transfer from service label)
7019 0160 0001 1179 7385

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
S. Gianni    12/6/19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# USPS Tracking®

FAQs ›

**Track Another Package  +**

Get the free Informed Delivery® feature to receive
automated notifications on your packages

**Learn More**

**(https://reg.usps.com/xsell?**
**app=U: psTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/st**

**Tracking Number:** 70190160000111797392

Remove ✕

Your item was delivered to an individual at the address at 12:24 pm on December 5, 2019 in
MARIETTA, GA 30008.

 **Delivered**

December 5, 2019 at 12:24 pm
Delivered, Left with Individual
MARIETTA, GA 30008

**Get Updates** ⌄

---

**Text & Email Updates**                                                                                      ⌄

---

**Tracking History**                                                                                          ⌃

**December 5, 2019, 12:24 pm**
Delivered, Left with Individual
MARIETTA, GA 30008
Your item was delivered to an individual at the address at 12:24 pm on December 5, 2019 in MARIETTA,
GA 30008.

---

**December 5, 2019, 12:18 pm**
Notice Left (No Authorized Recipient Available)
MARIETTA, GA 30008

---

**December 5, 2019, 7:10 am**
Out for Delivery
MARIETTA, GA 30008

**December 5, 2019, 6:08 am**
Arrived at Unit
MARIETTA, GA 30008

**December 4, 2019, 4:02 pm**
Departed USPS Regional Facility
ATLANTA NORTH METRO DISTRIBUTION CENTER

**December 4, 2019**
In Transit to Next Facility

**December 3, 2019, 7:49 pm**
Arrived at USPS Regional Facility
ATLANTA NORTH METRO DISTRIBUTION CENTER

**December 2, 2019, 6:33 pm**
USPS in possession of item
ATLANTA, GA 30304

**Product Information** ⌄

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback