IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BHUPENDRA GHANDI and A&Y
FAMILYGROUP INC.,

        Plaintiffs,

v.

CRAIG J. EHRLICH, et al.,

        Defendants.

CIVIL ACTION FILE
NO. 1:19-cv-03511-SDG

**ORDER**

This matter is before the Court on Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [ECF 37]. The Court held a hearing on the motion on December 18, 2019. For the reasons stated during the hearing and below, Plaintiffs' motion is **DENIED**.

**I.    BACKGROUND**

Plaintiffs claim that Defendant Craig Ehrlich and his counsel in this action, Bruce B. Brown, individually and through their respective law firms, contacted various named Plaintiffs or potential class members to pressure them into withdrawing from, or not joining, the present action [ECF 37, at 2–3]. Additionally, Plaintiffs claim that Ehrlich's counsel improperly sent an abusive litigation notice

to each named Plaintiff and Plaintiffs' counsel instead of only serving Plaintiffs' counsel and providing counsel with an opportunity to address the matter with their clients [*id.* at 4]. Plaintiffs allege that these actions constitute violations of Georgia Rules of Professional Conduct 3.1(a), 4.2(a), and 8(a)(1) [*id.*]. Plaintiffs request that the Court prohibit attorney Bruce P. Brown, the Bruce P. Brown law office, attorney Craig J. Ehrlich, and The Law Office of Craig J. Ehrlich, LLC from contacting Plaintiffs and potential members of the class action [*id.* at 1–2].

In response, Ehrlich (and his law firm, hereinafter "Ehrlich") asserts that he has not had any contact with current or potential Plaintiffs but has had conversations with counsel for those parties regarding the ongoing cases underlying this lawsuit [ECF 38, at 6–11]. Ehrlich further claims that his counsel's abusive litigation notices were properly provided to Plaintiffs and their counsel in accordance with Georgia's Abusive Litigation Statute, O.C.G.A. § 51-7-84 [*id.* at 13]. Ehrlich asserts that *Dunwoody Plaza Partners, LLC v. Markowitz*, 816 S.E.2d 450 (Ga. Ct. App. 2018) holds that notice of an abusive litigation action must be provided directly to the party, not just the party's counsel [ECF 38, at 15–16].

## II.   DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). [1] "Such relief is appropriate if—but only if—the movant shows '(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.'" *Callahan v. United States Dep't of Health & Human Servs. through Alex Azar II*, 939 F.3d 1251, 1257 (11th Cir. 2019) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). Injunctive relief is an "extraordinary and drastic remedy," and should only be granted if "the movant clearly establishe[s] the burden of persuasion as to the four prerequisites." *Id.*

### (i) Likelihood of Success on the Merits

To satisfy this prong, Plaintiffs must show a likelihood of success on the merits of this lawsuit. *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1201 (11th Cir. 2001). For the reasons set forth in Defendants' pending motion to

---

[1] The standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction. *United States v. Georgia*, 892 F. Supp. 2d 1367, 1372 (N.D. Ga. 2012).

dismiss [ECF 10] and as discussed during the December 18 hearing, the Court has reservations about whether Plaintiffs' complaint states a viable claim for relief. The Court finds that Plaintiffs have not satisfied this prong because Plaintiffs have not shown a likelihood of success on the merits of their claims.

### (ii) Irreparable Harm

The Court finds that Ehrlich's communications with opposing counsel do not show a likelihood of irreparable harm. Ehrlich did not have any direct contact with represented parties, and he seems to fully understand and intend to abide by his obligations under the rules of professional conduct.

Moreover, although the Court is troubled by Ehrlich's counsel's direct contact with represented parties through his delivery of abusive litigation notices, it does not find that his actions rise to the level of irreparable harm. Ehrlich relies on *Markowitz* to support his claim that notice to counsel is insufficient under Georgia's Abusive Litigation Statute. But that case is distinguishable because it addressed a situation where the party that failed to receive direct notification was not represented by counsel. *Markowitz*, 816 S.E.2d at 520 (noting that law firm that received notice "was not representing Markowitz in his individual capacity"). Other Georgia cases have held that notice sent to a represented party's counsel

satisfies the notice requirements of O.C.G.A. § 51-7-84. *See, e.g., Owens v. Generali-U.S. Branch*, 480 S.E.2d 863, 865–66 (Ga. Ct. App. 1997).

Nevertheless, the Court finds that Ehrlich's counsel's contact with represented parties was not in bad faith and is not likely to be repeated. "The injury must be 'neither remote nor speculative, but actual and imminent.'" *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)).

### (iii)   Balancing of Harms

The Court finds that the balance of the threatened injury with the potential damage to the non-moving party weighs in favor of Ehrlich. Ehrlich has a professional duty to represent his clients by continuing to communicate with opposing counsel and seek enforcement of previously entered settlement agreements or consent decrees. To prevent Ehrlich from communicating with opposing counsel would be an undue hardship on him and his clients, which the threatened injury to Plaintiffs does not outweigh.

### (iv)   Public Interest

The public interest would not be served by granting the requested injunctive relief. "[C]ourts 'must balance the competing claims of injury and must

consider the effect on each party of the granting or withholding of the requested relief.'" *Winter*, 555 U.S. at 24 (quoting *Amoco Prod. Co. v. Vill. of Gambell, Ala.*, 480 U.S. 531, 542 (1987)). Here, the public interest favors lawyers enforcing the provisions of the ADA through the representation of disabled clients. Because the requested relief would significantly impair Ehrlich's ability to effectively represent his clients, the Court finds that this factor weighs in favor of Ehrlich.

### III. CONCLUSION

Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [ECF 37] is **DENIED.**

**SO ORDERED** this the 6th day of January 2020.

Steven D. Grimberg
United States District Court Judge