IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BHUPENDRA GHANDI and A&Y FAMILYGROUP INC., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE |
| | NO. 1:19-cv-03511-SDG |
| CRAIG J. EHRLICH, et al., | |
| Defendants. | |

## DEFENDANTS' DETAILED SUBMISSION IN SUPPORT OF AWARD OF LEGAL FEES AND EXPENSES

In its September 21, 2020 Order, this Court granted Defendants' Motion for Sanctions (Doc. 18) and awarded "monetary sanctions in the form of attorney's fees and expenses incurred by Defendants in this action." (Doc. 50 at 33). The Court further instructed Defendants "to file with the Court declarations and other materials in support of their claim for legal fees and expenses stemming from Plaintiffs' Rule 11 violations" (*Id.*). In compliance with the Court's instructions, Defendants show that they are entitled to an award of attorney's fees and expenses to the date of this filing in the amount of $53,250. Filed in support of this submission is the Declaration of Defendants' counsel Bruce P. Brown.

1

## Discussion

An award of $53,250 (plus fees and expenses incurred after the submission of this application in litigating the fee award) is a reasonable and appropriate monetary sanction.

The legal standards to be applied by the Court in determining the amount of attorney's fees and costs to be awarded as a sanction under Rule 11 were restated by the Eleventh Circuit in *In Danubis Grp., LLC v. Landmark Am. Ins. Co.,* 685 F. App'x 792, 803 (11th Cir. 2017):

> We use the lodestar approach to determine the amount of attorney's fees and costs to which a party is entitled. Under this approach, "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "Although the district court has wide discretion in exercising its judgment on the appropriate fee based on its own expertise, that discretion is not without limits. A conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient." *Id.* at 1304. "The court's order on attorney's fees must allow meaningful review—the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.*

In Part A, Defendants will address the "hours reasonably expended" and, in Part B, Defendants will address the "reasonable hourly rate." *Id.*

### A.     Hours Reasonably Expended

Defendants have followed this Court's Order by documenting the hours incurred since the inception of this action and Defendants' engagement of Mr. Brown on or about August 12, 2019.  In support of the hours claim to this point in the litigation (85.2), Defendants have submitted Mr. Brown's detailed time sheets, as Exhibit 2 to his declaration.  The time-entries are largely self-explanatory and show where Mr. Brown exercised billing judgment to not bill time actually spent on the case.  The following further supports the reasonableness of the efforts undertaken:

1.     Most important, Mr. Brown's hours, and this fee application, do not include the substantial lawyer time contributed by two of the Defendants, Craig Ehrlich and Douglas Schapiro.  Mr. Ehrlich and Mr. Schapiro are themselves trial lawyers with substantial experience in federal court litigation and provided substantial assistance to Mr. Brown with legal research, editing and drafting motion papers, and general advice and consultation.  As stated by Mr. Brown in his

declaration, but for their assistance, Mr. Brown would have had to spend at least double the amount of time on the matter.

2.     Though the litigation was frivolous in every respect, and each of the Plaintiffs' many filings were either procedurally or substantively deficient (and usually, both), defeating completely meritless legal arguments, and countering utterly false statements of fact, in many instances takes more time than countering claims that are articulated with a modicum of professional skill and asserted in good faith. This is because countering completely meritless arguments frequently requires the opposing party (and the Court) to first convert the filing, or argument, into something that is comprehensible enough to evaluate and then refute. This was the situation in this case, repeatedly, as Plaintiffs filed papers that made little procedural or substantive sense, such as the "RICO Case Statement" (Doc. 25), a filing with no known purpose or effect; Plaintiffs' "First Amended Complaint," (Doc. 31-1), which asserted "claims" on behalf of individuals and companies that were not even parties to the case and purported to asserts civil claims for violations of the Georgia criminal code; or "Plaintiff Moreland, Inc.'s Notice of Voluntary Dismissal with Prejudice," (Doc. 31), filed by an entity, Moreland, Inc., which was never even a party to the case. Even though defending this case was made more

difficult by Plaintiffs' complete inability to follow the law and standard federal practice, Defendants did so efficiently, as reflected in the time entries for the work.

**B. *Reasonable Hourly Rate***

A reasonable hourly rate for Defendants' counsel Bruce P. Brown is $625. This claimed hourly rate is based on "the prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). Mr. Brown's academic and professional background is detailed in his declaration, attached as Exhibit A. He has been representing clients in complex commercial, regulatory and constitutional cases in state and federal courts in Atlanta for thirty-four years. When he left McKenna Long & Aldridge in 2012 to start his own solo practice, Mr. Brown's hourly rate was $605. The claimed rate of $625 is supported by the Declaration of Robert Remar, a senior partner at Rogers & Hardin, attached as Exhibit 1 to Mr. Brown's declaration.[1]

---

[1] Defendants note that Mr. Remar's declaration was submitted in support of a 42 U.S.C. § 1988 fee application in *Curling v. Raffensperger,* No. 17-cv-2989-AT, and that Judge Totenberg has not ruled on the reasonability of the claimed rate, one way or the other.

The claimed rate is well beneath the prevailing market rate in Atlanta for counsel with Mr. Brown's experience and qualifications.

At $625 per hour, the amount of attorney's fees recoverable as a Rule 11 sanction for 85.2 hours of work is $53,250.

Respectfully submitted this 30th day of September, 2020.

/s/Bruce P. Brown
Bruce P. Brown
*Counsel for Defendants*
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Road NE, Suite 6
Atlanta, GA 30306
Phone: (404) 881-0700
bbrown@brucepbrownlaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

<u>/s/ Bruce P. Brown</u>
Bruce P. Brown

## **CERTIFICATE OF SERVICE**

I have this day served counsel of record with a copy of the foregoing pleading via the Court's electronic filing system.

This 30th day of September, 2020.


/s/Bruce P. Brown

Bruce P. Brown

EXHIBIT

A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BHUPENDRA GHANDI and A&Y FAMILYGROUP INC., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE |
| CRAIG J. EHRLICH, et al., | NO. 1:19-cv-03511-SDG |
| Defendants. | |

## <u>DECLARATION OF BRUCE P. BROWN</u>

1.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct.

2.  My name is Bruce P. Brown.  I am over the age of 18 and competent to testify.  I have personal knowledge of the facts stated in this declaration.

3.  I represent Defendants in this case.  The purpose of this declaration is to provide evidence relating to Defendants' claim for attorney's fees.

4.  I graduated from Davidson College in 1979.  I graduated *summa cum laude* from the University of Georgia in 1984.  After graduation, I clerked for

Judge Edward A. Tamm of the United States Court of Appeals for the District of Columbia and then for Chief Justice of the United States Supreme Court Warren E. Burger. I joined Long, Aldridge and Norman (now Dentons) in 1986 and made partner in 1992. In 2012, I left McKenna, Long & Aldridge and opened my own firm, Bruce P. Brown Law, LLC.

5. When I left McKenna, Long & Aldridge in 2012, my hourly rate was $605.

6. I have substantial experience litigating complex commercial, regulatory and constitutional cases in state and federal courts. In addition to representing a number of plaintiffs and defendants in commercial cases involving a full range of civil claims (class actions, RICO, mergers and acquisitions, fraud, breach of contract, etc.), I was appointed Special Master by the District Court in *In re Airline Antitrust Litigation,* 1:09-MD-02089-TCB, a multi-district class action antitrust case. In addition, for twelve years (as a Special Assistant Attorney General) I was co-lead trial counsel for the State of Georgia in the successful defense of claims brought by the States of Alabama and Florida, and the United States Army Corps of Engineers, in the "water wars" cases in several District Courts, Courts of Appeals, and the United States Supreme Court. I currently represent the plaintiffs in *Curling v. Raffensperger,* No. 1-17-cv-2989-AT, a

Section 1983 case involving the security and constitutionality of Georgia's election system.

7.      Based on my experience, and knowledge of rates charged by other professionals in this area, a reasonable hourly rate for my time is $625.  In the *Curling* case, cited above, Plaintiffs have pending a Section 1988 request for fees as successful parties.  In the *Curling* case, the hourly rate that I am seeking is also $625.  In support of that hourly rate in the *Curling* case, Plaintiffs filed the Declaration of Robert Remar, a senior partner at Rogers & Hardin.  A copy of Mr. Remar's Declaration in the *Curling* case is attached hereto as Exhibit 1.  I note that Judge Totenberg in the *Curling* case has not ruled on Plaintiffs' fee application or made a finding (one way or the other) as to the reasonableness of the rates sought.

8.      Attached as Exhibit 2 is a true and correct record of my time on this matter.  I record my time regularly.  I use billing software called "CLIO," and the spreadsheet that is attached as Exhibit 1 is generated as a "csv" export from the CLIO program.

9.      When I record my time, I do not include time that I spend on administrative or secretarial tasks that would in a larger firm be undertaken by employees who do not charge by the hour.  In addition, after I record my time, I

will use my judgment to reduce the amount of time recorded to reflect inefficiencies or other circumstances.

10.     In this case, two of my clients, Craig Ehrlich and Douglas Schapiro, are very skilled federal court trial lawyers.  Both Mr. Ehrlich and Mr. Schapiro have provided substantial assistance and support, from legal research, to reviewing and editing draft papers, to providing overall advice and assistance.  But for the efforts of Mr. Ehrlich and Mr. Schapiro, for which Defendants do not seek compensation, I would have had to spend double the amount of time that I spent on this case, and the quality of the work, despite my efforts, would not have been nearly as good.

11.     The overall amount of time that I spent on this case is reasonable based on my experience in many other cases.  Defendants avoided substantial additional fees by ensuring that the case did not reach discovery and by not themselves initiating unnecessary motions practice.  Instead, Defendants focused on defeating the onslaught of Plaintiffs' various filings – many procedurally improper and most completely frivolous, as detailed in this Court's Order (Doc. 50).

12.     Through the filing of this submission, after exercising billing judgment, the numbers of hours that I have spent on this case totals 85.2.  At $625,

this entitles Plaintiffs to an award of $53,250 for my time.  I have not incurred any
out-of-pocket expenses.  The Westlaw fees for the work that I have done in this
case are substantial, but those costs are included in my $625 rate.

13.     This 29th day of September, 2020.


_____
Bruce P. Brown

EXHIBIT

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| DONNA CURLING, ET AL., | |
| Plaintiffs, | Civil Action File No. 1:17-CV-2989-AT |
| v. | |
| BRAD RAFFENSPERGER, ET AL., | |
| Defendants. | |

## DECLARATION OF ROBERT B. REMAR

1.     My name is Robert B. Remar.  I make this declaration pursuant to 28 U.S.C. § 1746 in support of the hourly rates requested by the Coalition Plaintiffs' counsel in Coalition Plaintiffs' Motion For An Award Of Attorney's Fees And Costs in the above-captioned matter.

2.     I am a 1974 graduate of Boston College Law School and a member in good standing of the State Bar of Georgia since 1974.  I am admitted to practice in the Supreme Court of the United States, the United States Courts of Appeals for the Eleventh and Fifth Circuits, and the United States District Courts for the

Northern, Middle and Southern District of Georgia and the Northern District of New York. I am also an inactive member of the Bar of the Commonwealth of Massachusetts.

3.     I began my law practice in 1974 with the Georgia Legal Services Program. In 1983 I left Georgia Legal Services Program and practiced in a number of small firms doing a substantial amount of civil rights, constitutional law and plaintiff's employment litigation. In 1996 I joined the law firm of Rogers & Hardin LLP. I am currently a partner at Rogers & Hardin representing both plaintiffs and defendants in complex commercial litigation matters. I also handle pro bono civil rights cases from time to time. A complete copy of my biography as found on the Rogers & Hardin website is attached hereto as Exhibit "A".

4.     I have been asked by Coalition Plaintiffs' counsel to review the reasonableness of the  hourly rates they are seeking in Plaintiffs' motion for attorneys' fees and expenses and to offer an opinion as to the reasonableness of those hourly rates. The lawyers, their year of law school graduation and their requested rates are as follows:

  a.  Bruce Brown, 1984:  $625.00

  b.  Gary Ichter, 1984: $625.00

  c.  Robert McGuire, 1999:  $615.00

d.  William Ney, 1999: $450.00

e.  Ezra Rosenberg of the Lawyer's Committee for Civil Rights Under Law, 1974: $650.00

f.  John Powers of the Lawyer's Committee for Civil Rights Under Law, 2013: $400.00

5.     Based upon my experience and my knowledge of the billing rates of my firm and other law firms, I am personally familiar with hourly billing rates of lawyers who practice in the metropolitan Atlanta area, including in the United States District Court for the Northern District of Georgia.

6.     In connection with my review of the hourly rates sought by Plaintiffs' counsel in this matter I reviewed the biographies/curriculum vitae of Messrs. Brown, Ichter, McGuire, Ney, Rosenberg and Powers.  I also reviewed Coalition Plaintiffs' Special Motion For Award Of Attorneys' Fees And Expenses (ECF 595) and the Court's August 15, 2019 Order in *Curling v. Raffensberger* (ECF 579).

7.     In addition to my general familiarity with billing rates for lawyers who practice in the Northern District of Georgia, I reviewed declarations and motions for attorney's fees in two recent class actions filed in the Northern District of Georgia where I represented the Defendants.  In *Arby's Restaurant Group, Inc. Data Security Litigation Consolidated Consumer Case*, Case No. 1:17-CV-1035-

WMR, Plaintiffs' counsel sought to recover fees based upon a percentage of the common fund. In support of their fees motion Plaintiffs' counsel submitted declarations setting forth their standard hourly rates. The Barnes Law Group hourly rates for partners were from $550.00 to $750.00 per hour and $350.00 per hour for an associate. The hourly rate for the partners at Morgan & Morgan were $864.00 to $950.00, and for Evangelista Worley, $775.00 per hour for partner time. In *T. S. Kao, Inc. d/b/a Lucky Seven v. North American Bancard, LLC, et al.*, Civil Action No. 1:16-CV-04219-SCJ, Plaintiffs' counsel also sought a percentage of the common fund for their fee award. In support of that fee request Kenneth Canfield of Doffermyre, Shields, Canfield & Knowles, LLC stated that his hourly rate was $1,000.00. The Chicago firm of Dicello, Levitt and Gutzler reported hourly rates for partners from $750.00 to $985.00 with associate and senior counsel rates from $500.00 to $680.00 per hour. While the *Arby's* and *T.S. Kao* cases were consumer/merchant class actions, the *Curling v. Raffensberger* case was certainly of equal complexity and importance. This is in contrast to the Court's Order in *Georgia State Conference of the NAACP, et al. v. Kemp, et al.*; Civil Action No. 1:78-CV-1397-TCB (ECF 52) where the Court accepted the requested hourly rates but adjusted the loadstar because the National Voter Registration Act claims were not particularly complex.

4

8.    In connection with my review of the reasonableness of Plaintiffs' counsels' hourly rates I also reviewed hourly rate information from the online billing rate database of the *Fulton County Daily Report*. That data shows hourly billing rates from 2006 through 2014. I also reviewed the February 24, 2014 edition of *The Fulton County Daily Report* that listed 2013 hourly rates for Atlanta lawyers. That list was compiled from cases filed in the Bankruptcy Court for the Northern District of Georgia and other federal courts. I am familiar with a number of the lawyers listed whose practice area includes complex litigation. That data confirms that the rates sought by Plaintiffs' counsel here are within the range of rates charged for comparable work in the Atlanta metropolitan area.

9.    Based upon my experience and my review of the above-referenced sources it is my professional opinion that the hourly rates sought by Plaintiffs' counsel in this litigation are well within the reasonable range of rates charged by attorneys of comparable skills and experiences practicing in the Atlanta metropolitan area, including in the United States District Court for the Northern District of Georgia.

10.    My opinion is further supported by my personal knowledge of Mr. Brown and his legal skills. In particular, Mr. Brown and I worked together in defending a challenge to the award of the Georgia statewide health benefit plan,

litigation that involved tens of millions of dollars.  I also know Mr. Ichter by reputation as a highly skilled litigator.  My firm has also litigated against Mr. Ichter.  As the Vice President and Treasurer of the American Civil Liberties Union I am familiar with the work of the Lawyer's Committee for Civil Rights Under Law, particularly its voting rights work.

11.    Pursuant to 28 U.S.C.  § 1746 I declare under the pains and penalties of perjury that the foregoing is true and correct.

This __4th__ day of October, 2019.

Robert B. Remar

EXHIBIT

A



# ROGERS & HARDIN

Advanced Search

| ATTORNEYS | PRACTICES | NEWS AND INSIGHTS | ABOUT US | CAREERS |
|---|---|---|---|---|

## Robert B. Remar

**Partner**
T: 404.420.4631
F: 404.230.0966

rremar@rh-law.com
v-Card





## OVERVIEW

Robert B. Remar is a partner with Rogers & Hardin LLP. In his more than 44 years of practice he has handled numerous complex, high profile litigation matters. He has tried scores of cases to juries in both state and federal courts. His practice focuses on complex commercial and business disputes, employment, administrative law, health care, class actions and civil rights/constitutional law. He also acts as an arbitrator and mediator. He is a Fellow of the American College of Trial Lawyers.

Mr. Remar is selected by *Best Lawyers in America* as the 2018 Atlanta "Lawyer of the Year" in Administrative/Regulatory law. He was also selected as the 2015 Atlanta "Lawyer of the Year" in Administrative/Regulatory law and, in 2014, as Atlanta "Lawyer of the Year" in First Amendment law.

For 12 years Mr. Remar was an Adjunct Professor teaching litigation at Georgia State University College of Law and for 13 years his practice included serving as the Hearing Officer for the Georgia Public Service Commission. He has been on the National Board of Directors of the American Civil Liberties Union for 31 years and currently serves as Vice-President, Treasurer, and Secretary.

## REPRESENTATIVE EXPERIENCE

– Mr. Remar and a team of Rogers & Hardin attorneys represent SouthStar Energy Services, Georgia's largest natural gas marketer with operations in ten states, in all aspects of its business, including litigation, contract and regulatory matters

– Part of the Rogers & Hardin team defending nationwide class actions involving credit card processing fees.

– Has represented one of the country's largest insurers in numerous complex matters, including commercial disputes and coverage issues

– Part of the Rogers & Hardin defense team that represented one of the country's largest manufacturers of building products in product liability claims. Won motions to dismiss state-wide class actions in Florida and North Carolina.

– Lead a Rogers & Hardin team in filing amicus briefs in the Supreme Court and the Eleventh Circuit in the Georgia-Florida "water wars" cases.

– Co-counsel in the defense of financial institutions and consumer consolidated class actions involving a card payment data breach

– Successfully represented the majority owners in a three week trial regarding ownership of the Atlanta Hawks, Atlanta Thrashers and the rights to the Philips Arena

– Defended a former director in a multi-party Delaware Chancery Court derivative action seeking over $120 million for alleged breach of fiduciary duty

– Represents health care professionals in licensing board complaints

– Defended county and county officials in highly contentious and publicized federal court jury trials involving civil rights and employment claims

– Successfully defended a county Board of Elections in a challenge to the election of the County Commission Chair and successfully defended another county Board of Elections in the District Court and Court of Appeals in a redistricting challenge

– Along with a team of Rogers & Hardin attorneys successfully represented then Georgia Attorney General Thurbert Baker in a suit brought by the Governor seeking to compel the Attorney General to dismiss an appeal pending in the United States Supreme Court

– Successfully represented in-town Atlanta neighborhoods in the contentious Presidential Parkway litigation

– Co-counsel in the successful defense of "yield spread premium" class actions against Bank of America and Chase Manhattan Mortgage Corporation

– Co-lead counsel to the plaintiff class in the ground-breaking "prime rate" case *Kleiner v. First National Bank of Atlanta*

– Represented the plaintiff class in a four-week §1983 "anti-slapp" jury trial, one of the first in the country to be tried

### Practices

Class Actions

Complex Business Litigation
    Contract Disputes
    Business Torts and RICO

Civil Rights and Constitutional Law

Energy Law

Insurance-Related Litigation

Restrictive Covenants, Trade Secrets and Proprietary Information

Intellectual Property
    Protection of Trade Secrets and Proprietary Information

Professional Liability and Disciplinary Proceedings
    Legal Malpractice Defense
    Mental Health Professionals

Administrative Law

Health Care Litigation

Appellate

Employment Law
    Employment Discrimination Litigation

### Assistant

Susan Mathis
Direct   404.954.7526
smathis@rh-law.com

### Education

J.D., Boston College, 1974

B.A., University of Massachusetts, 1970

### Bar Admissions

Georgia, 1974

Massachusetts, 1975, Inactive

United States Supreme Court, 1981

United States Court of Appeals for the Fifth Circuit, 1978

United States Court of Appeals for the Eleventh Circuit, 1981

United States Court of Appeals for the Second Circuit, 1995

United States District Court Northern District of Georgia, 1979

- – Represented a nationwide class of women and children recipients of federal supplemental food benefits and three members of Congress challenging the Reagan administration's "impoundment" of federal funds. The D.C. District Court issued an injunction directing release of the funds
- – Represented the plaintiff class in a constitutional challenge to Georgia's civil commitment procedures for persons found not guilty by reason of insanity
- – Represented the plaintiff class in a constitutional challenge to the fee system for the compensation of small claims court judges

## PROFESSIONAL & COMMUNITY ACTIVITIES

- – Fellow, American College of Trial Lawyers
- – Member, Atlanta International Arbitration Society
- – Hearing Officer (Administrative Law Judge), Georgia Public Service Commission 1984-1997
- – Adjunct Professor (Litigation), Georgia State University College of Law 1984-1996
- – Member, Bar Council, U.S. District Court, Northern District of Georgia 1996-1999
- – Board of Directors, Federal Defender Program, U.S. District Court, Northern District of Georgia 2002-2007 (Chair 2006-2007)
- – Special Assistant Attorney General, State of Georgia 1987-1997, 2003-2005
- – Vice-President, Treasurer, and Secretary, National Board of Directors, American Civil Liberties Union (Board Member since 1986)
- – President, American Civil Liberties Union of Georgia 1985-1987
- – Board of Experts (in civil rights), *Lawyers Weekly*, Lawyers Weekly Publications (Boston, Mass.) 1985-1993
- – Board of Directors (Former Chair), Georgia Appellate Practice and Educational Resource Center, Inc. 1987-
- – President, Georgia Consumer Center, Inc. 1988-1991
- – Board of Directors and President, Georgia Center For Law In The Public Interest 1992-1995 (now Greenlaw)
- – Georgia Consumer Advisory Board (By Appointment of the Governor) 1982-1983
- – Georgia Energy Regulatory Reform Commission (By Appointment of the Governor) 1980-1982
- – Chair, Access to Civil Justice Committee, American Bar Association Individual Rights and Responsibilities Section 1983-1997
- – State Bar of Georgia Special Committee on Post-Conviction Proceedings 1985- 2014 (Chair 1991- 2014)
- – State Bar of Georgia Indigent Defense Committee 1999-
- – Chair, Individual Rights Section, State Bar of Georgia 1981-1983
- – Co-Chair, Consumer Rights and Remedies Committee, State Bar of Georgia 1979-1983
- – State Bar of Georgia Special State Tort Claims Act Committee 1991-1992
- – Board of Trustees, The Institute of Continuing Legal Education in Georgia 1981-1982
- – Member, State Bar of Georgia Advisory Committee On Legislation 1995-1996
- – Member, City of Atlanta Board of Ethics 2002-2005
- – Board of Advisors, American Constitution Society, Atlanta Chapter
- – Master of the Bench, Lamar Inn of Court, American Inns of Court
- – American Bar Association
- – Atlanta Bar Association
- – Federal Bar Association
- – Lawyers Club of Atlanta

## SPEECHES & PRESENTATIONS

- – Chair and Presenter, "Ethics For In-House Counsel," Georgia Chapter, Association of Corporate Counsel (2014)
- – Panelist, "Practicing Psychiatry: A Moral Adventure," Georgia Psychiatric Physicians Association 2014 Winter Meeting
- – "Pretrial and Trial Conduct Dilemmas", Lamar Inn of Court (2014)
- – Issues of Special Importance To Mental Health Professionals, Fundamentals of Health Care Law, Institute of Continuing Legal Education In Georgia (2008- 2018)
- – "Courts and Secrecy", Lamar Inn of Court (2011)
- – Issues of Legal Privilege And Psychologist Ethics, DeKalb Bar Association Family Law Section (2017)
- – Panelist, Genesis and Persistence in Advocacy for Peace, Muted Voices Symposium, National World War I Museum and Memorial (2017).
- – Co-Author, Law and Mental Health Professionals: Georgia (APA Press 1996)

## PROFESSIONAL RECOGNITION

- – Recipient of ACLU of Georgia 2018 Lifetime Achievement Award
- – Recipient of Justice Robert Benham Award For Community Service presented by the State Bar of Georgia, 2018
- – Fellow, American College of Trial Lawyers
- – Vice-President, Treasurer, and Secretary, American Civil Liberties Union

United States District Court Middle District of Georgia, 1982

United States District Court Southern District of Georgia, 1974

United States District Court Northern District of New York, 1992

– *The Best Lawyers In America®:* 2018 Atlanta "Lawyer of the Year" in Administrative/Regulatory Law, 2015 Atlanta "Lawyer of the Year" in Administrative/Regulatory Law, 2014 Atlanta "Lawyer of the Year" in First Amendment Law.  Also recognized in Bet-the-Company Litigation, Commercial Litigation, Litigation - Labor & Employment, Litigation - Regulatory Enforcement (SEC, Telecom, Energy)

– Legal Leader *Chambers USA*: General Commercial Litigation

– *Georgia Super Lawyers 2017:* General Litigation, Business Litigation, and Administrative Law

– *Benchmark Litigation*: Listed as Local Litigation Star in Georgia

– *Who's Who In America*

– *Who's Who In American Law*

– *Georgia Best Lawyers 2016:* Administrative/Regulatory Law, Bet-the-Company Litigation, First Amendment Law, Labor and Employment

## RECOGNITIONS                                                                                View All

August 2019
The Best Lawyers in America® Recognizes 14 Rogers & Hardin Attorneys

April 2019
Rogers & Hardin Recognized in 2019 Chambers USA Guide

February 2019
12 Rogers & Hardin Partners Recognized by Super Lawyers in 2019

November 2018
U.S. News - Best Lawyers® "Best Law Firms" Recognizes Rogers & Hardin

October 2018
Rogers & Hardin Receives 2019 Benchmark Litigation Highly Recommended Ranking

Copyright 2019 Rogers & Hardin LLP. All Rights Reserved.

Home     Attorneys     Practices     News and Insights     About Us     Careers          Search     Contact Us     Site Map     Disclaimer     Privacy Policy     Remote Access

2700 International Tower  229 Peachtree Street NE  Atlanta, GA 30303  T: 404.522.4700

POWERED BY ⬤ CONTENT PILOT.

EXHIBIT

2

Bruce P. Brown Law LLC: Time Auust 12, 2019 through September 29, 2020

| Date | Hours | Description |
|---|---|---|
| 8/12/19 | 1.5 | Review complaint; legal research on RICO claims (1.5): draft engagement agreement (not billed). |
| 8/13/19 | 2 | Review and analysis of extensive D. Schapiro memorandum (1.5); conference call with D. Schapiro and C. Ehrlich (.5). |
| 8/23/19 | 0.6 | Telephone discussion with opposing counsel about waiver and extension; email to C. Ehrlich regarding same; emails regarding Rule 11 sanctions. |
| 8/28/19 | 1.6 | Review, revise and transmit consent motion and acknowledgment to C. Carter; edit and file papers; call R. Jaffee (left message); extensive telephone conversation with AJC Reporter C. Joyner about Plaintiffs' defamatory allegations and discussion with C. Ehrlich regarding same. |
| 8/29/19 | 0.3 | Telephone call with lawyer H. Foster about his expertise in defending RICO cases |
| 9/9/19 | 1 | Revise declaration for R. Jaffe and his clients; emails with C. Ehrlich regarding same. |
| 9/10/19 | 2.8 | Review and analysis of C. Ehrlich draft motion to dismiss; email to C. Ehrlich on sequencing of Raney arguments and Jaffe declarations; further work on Jaffe documents. |
| 9/11/19 | 1 | Emails regarding H. Elkhalil's inability to represent the plaintiffs because he will be a material witness and whether and when to file a motion for disqualification; work on motion to dismiss. |
| 9/13/19 | 2.3 | Continue working on brief in support of motion to dismiss; email to D. Schapiro and C. Ehrlich about obtaining evidence from clients; email to R. Jaffe. |
| 9/14/19 | 2.5 | Legal research on whether and when named plaintiffs must have standing for class action to proceed; email to clients regarding same; further work on brief. |
| 9/16/19 | 2.8 | Finalize T. Vuong declaration and email R. Jaffe; work on brief in support of motion to dismiss; further research on res judicata; further work on matter. |
| 9/17/19 | 3.5 | Draft brief in support of motion to dismiss. |
| 9/18/19 | 4 | Extensive work on motion papers, including drafting motion, drafting brief, circulating draft papers, emails about clients' comments on brief, edit, circulate again and further revisions, complete, finalize and file papers (actual time 4.5). |
| 9/19/19 | 2.2 | Action to mitigate reputational injuries caused by litigation, including drafting and revising email to Law 360 reporter E. Cueto with copy of R. Jaffe August 20, 2019 email; review draft Rule 11 motion and multiple emails with D. Schapiro and C. Ehrlich about same. |

| Date | Hours | Description |
|---|---|---|
| 9/20/19 | 0.3 | Review H. Elkhalil's defamatory letters to other defense lawyers and discuss C. Ehrlich's appropriate response; further work on matter. |
| 9/22/19 | 0.1 | Review emails from opposing counsel; email to C. Ehrlich about contacting pro se defendants. |
| 9/23/19 | 1.2 | Revise letter to H. Elkhalil; revise and finalize Rule 11 motion; email to C. Ehrlich and D. Schapiro. |
| 9/24/19 | 1.2 | Edits to motion to disqualify and emails to D. Schapiro and C. Ehrlich regarding same. |
| 9/27/19 | 2 | Review, revise and file Motion to Disqualify, and related emails with clients. |
| 9/29/19 | 0.2 | Review draft Rule 11 Motion and email notes about the motion to D. Schapiro regarding same. |
| 9/30/19 | 0.3 | Review file and draft email to clients regarding deadlines for responses and resplies. |
| 10/8/19 | 3.7 | Draft reply brief in support of motion to dismiss. |
| 10/9/19 | 0.7 | Revise draft of reply brief and circulate to C. Ehrlich and D. Schapiro. |
| 10/11/19 | 1.9 | Review comments on draft reply; additional legal research on cases; edit and circulate brief. |
| 10/14/19 | 1 | Review comments on draft reply brief, generate new version, email to clients; email to clients about why advisability of changes to Rule 11 brief. |
| 10/16/19 | 1 | Review proposed revisions to Rule 11 motion; additional consideration about whether to revise motion and emails regarding same. |
| 10/17/19 | 0.6 | Emails with clients about finalizing Rule 11 motion; gather and review exhibits; finalize and file motion papers. |
| 10/24/19 | 2 | Work on reply brief in support for motion to disqualify, including review draft, revise, circulate, additional editing, finalize and file. |
| 10/31/19 | 2.5 | Review plaintiffs' filings; prepare memorandum for clients about plaintiffs' filing and advise regarding possible responses; draft, revise and file suggestion of death. |
| 11/1/19 | 1.8 | Telephone conference with D. Schapiro and C. Ehrlich about filing motion to strike all non-compliant pleadings filed by Plaintiffs; work on motion to strike; legal research lack of "RICO Case Statement" requirement in Northern District of Georgia; emails to clients regarding same; telephone call with C. Ehrlich. |
| 11/4/19 | 0.5 | Revise and finalize motion for extension of time to respond to motion for class certification. |
| 11/5/19 | 0 | Extensive discussion with reporter on matter (not billed). |
| 11/6/19 | 0.1 | Telephone call with Moreland, Inc. and discussion with C. Ehrlich regarding same. |
| 11/7/19 | 0.8 | Further work on matter, including reviewing files and deadlines. |
| 11/10/19 | 1.4 | Revise, circulate, finalize and file Motion to Strike and Response to Motion to Amend. |

| Date | Hours | Description |
|---|---|---|
| 11/11/19 | 0.2 | Email to Ms. Jones (Judge's clerk) about extension of time to reply to motion for class certification; emails to clients regardings same. |
| 11/12/19 | 0.6 | Review new filings by plaintiff, including new motion for amendment (.3); draft and revise certificate of interested persons (.3) |
| 11/14/19 | 4.5 | Outline, draft, review, revise, circulate, revise and finalize Reply Brief in Support of Rule 11 Sanctions. |
| 11/20/19 | 2.5 | Review Plaintiffs' Second Motion to Amend and consider response; email to clients regarding same; work on draft response (actual time 2.5 plus). |
| 11/22/19 | 3 | Continue drafting, revise, finalize, circulate, revise, finalize and file Brief in Response to Motion to Amend (actual time well over 3). |
| 12/2/19 | 1.5 | Research abusive litigation statute, 51-7-84; email to clients regarding same; confer with clients regarding more recent sanctionable filings; revise abusive litigation notice (all 1.5); finalize letters (not billed). |
| 12/11/19 | 2.5 | Review TRO papers; legal research rules about contacting putative class members; legal research about Rule 4.2(a) and abusive litigation statute; review Markowitz case; emails to client regarding same. |
| 12/12/19 | 0.2 | Draft and circulate email to Ms. Jones; further work on response to TRO. |
| 12/13/19 | 2 | Additional work on response to TRO (actual time over 2.5). |
| 12/14/19 | 1.9 | Work on response to TRO (actual time 2.5 plus). |
| 12/15/19 | 2.5 | Work on response to TRO. |
| 12/16/19 | 3 | Further work on response to TRO. |
| 12/17/19 | 1.5 | Prepare for hearing. |
| 12/18/19 | 1.5 | Additional prepare for hearing; meet with C. Ehrlich and D. Shapiro before hearing; attend hearing and argue case; brief legal research for proposed order. |
| 12/19/19 | 0.3 | Revise C. Ehrlich draft proposed order, circulate, finalize and file. |
| 9/24/20 | 0.5 | Telephone discussion with D. Schapiro and C. Ehrlich about court's decision and petition for fees; initial work on submission. |
| 9/25/20 | 2.6 | Review court's order (.3); start preparing fee submission (.5); review time sheets and draft affidavit (1.8) |
| 9/29/20 | 3 | Draft fee petition and legal research regarding standards (1.3); revise declaration (.3); circulate draft papers, consider comments relating to fee application and edit papers (1.0); finalize papers (.4) and file. |

Total        85.2
Rate         $625
Fee Total    $53,250.00