**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BHUPENDRA GHANDI, A&Y ) <br> FAMILY GROUP INC. and ATLANTA ) <br> BAY BREEZE, INC. ) <br>  Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CRAIG J. EHRLICH, THE ) <br> LAW OFFICE OF CRAIG J. ) <br> EHRLICH, LLC, DOUGLAS ) <br> SCHAPIRO, EHRLICH & ) <br> SCHAPIRO, LLC, ) <br> ADA CONSULTANTS OF AMERICA, ) <br> LLC, DAKOTA HOLT, ) <br> YVONNE BROWN, THOMAS FUTCH ) <br> JESSICA BLINKHORN, TIAWAN ) <br> BRITTON, DESTINY DRAKE, ) <br> DUSTIN SWAFFORD, ALLISON ) <br> WATERS and DOES 1 THROUGH ) <br> 100, inclusive ) <br> ) <br>  Defendants. ) | **Civil Action** <br> **File No: 1:19-cv-03511-SDG** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
SUBMISSION FOR ATTORNEYS FEES AND EXPENSES**

Pursuant to the Court's Order dated September 21, 2020, the Court granted Defendants' Motion for Sanctions (Doc. 18) and awarded Defendants monetary sanctions in the form of attorney fees and expenses incurred in this action. (Doc. 50 at 33). The Court instructed Defendants to file a declaration and other materials in

1

support of their requests for legal fees and expenses. Defendants filed their declaration for attorney's fees and expenses (Doc. 52). The Court's Order also stated that the Plaintiffs' may object to Defendants' submission within 14 days of Defendants' filing of their declaration. (Doc. 50 at 33). Plaintiffs' counsel objects to Defendants' submission as the fees requested therein are unreasonably inflated, excessive and unnecessary redundant. Plaintiffs' Counsel asks the Court to further consider using judicial discretion in eliminating or substantially reducing such fees based on Plaintiffs' inability to pay during the current economic circumstances brought on by a drastic decline in business as a result of COVID-19. Alternatively, Plaintiffs' Counsel thus respectfully urges the Court to substantially reduce the amount sought by Defendants.

## DISCUSSION

1. Reasonableness

In *Hensley v Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the U.S. Supreme Court stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (1983). "The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended'" on the litigation (Id. at 434). The record in this instance clearly reflects

that the fee demand is not reasonable based on the above factors, as both the number of hours Defendants claim expended as well as their hourly rate, do not meet the aforementioned standard of reasonability.

To start with, the amount of time Defendants' counsel claimed necessarily expended in furtherance of this litigation is on its own, not reasonable. Defendants' counsel submitted billing purportedly claiming that they spent 85.2 hours on this case over a period of approximately 50 days. (Doc. 52). However, the record reflects that the entirety of their defense in this case has consisted of essentially the same arguments. It is established that the fee applicant must "maintain[ ] records to show the time spent on the different claims, and set[ ] out with sufficient particularity the general subject matter of the time expenditures so that the district court can assess the time claimed for each activity." *Eason v. Bridgewater &amp; Assocs., Inc.*, 108 F.Supp.3d 1358, 1362 (N.D. Ga. 2015). Defendants have not done so here with any sufficient clarity or particularity.

Furthermore, Plaintiffs certainly take exception to use of Defendants' supporting affidavits to demonstrate a reasonable hourly billing rate. (Doc. 52 at 5). Defendants' counsel selected an hourly billing rate of $625, and are asking this Court to award them a total of $53,250.00, a wholly unreasonable amount given the above,

and one which is not backed up by prevailing hourly market rates in this area, as is further discussed below.

2.  Hourly Rate, the Customary Fee.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Eason* at 1364 citing *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994) (quoting *Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988) ). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in-line with the prevailing market rates. Satisfactory evidence *at a minimum is more than the affidavit of the attorney performing the work.*" *Norman*, 836 F.2d at 1299 (citations omitted). Defendants have failed even this initial requirement, as they have provided only declarations of the attorneys who have performed the work at issue herein and have provided no third-party verification that the work performed was in fact reasonable. Under both standards this is insufficient, and the Court should substantially reduce Defendants' hourly rate on this basis alone.

Although Mr. Brown has provided limited third-party affidavits with respect to the inflated hourly rate of $625, there is no further justification or evidence to suggest that this amount is in any way commensurate with prevailing market rates in order

4

to meet the requirements cited in *Norman*. In fact, Plaintiffs' Counsel argues that the amount claimed by the Defendants is, in fact unreasonable and should be adjusted to reflect current prevailing market rates, which are significantly lower than what is claimed by Mr. Brown in his declaration for attorneys' fees. There are multiple unbiased third-party sources for such standard hourly rates within the legal community here. In a nationwide ranking of hourly rates by city, a survey by *Lawyers Mutual* found lawyers average rates in Atlanta to be $293 in 2018[1]. This is substantially similar to what multiple other third-party sources have found to be standard for the market: *The Business of Law* blog published a comparative survey on law firm billing rates that averaged rates at $300[2], a 2020 survey of attorneys' fees in Marietta, Georgia by professional marketing site *Thervo* shows the market rate to be between $100-$300 per hour[3], and a report on *Law.com* found that Atlanta-area lawyers bill $253 per hour on average, but only get paid for 19% of their workday[4].

---

[1] Top 10 Lawyer Hourly Rates by City, Lawyers Mutual, https://www.lawyersmutualnc.com/blog/top-10-lawyer-hourly-rates-by-city (last visited 10/14/20).
[2] What are the Going Law Firm Billing Rates, Business of Law Blog, http://businessoflawblog.com/2015/06/law-firm-billing-rates-volatility/ (last visited 10/14/20).
[3] Marietta, GA: How Much Are Attorney Fees? Thervo, https://thervo.com/costs/attorney-fees (last visited 10/14/20).
[4] Report: Atlanta Lawyers Bill Close to $300 an Hour…But Not For Many Hours, Law.com, https://www.law.com/dailyreportonline/sites/almstaff/2017/10/03/report-atlanta-lawyers-bill-close-to-300-an-hour-but-not-for-long/?slreturn=20200914124302 (Last visited 10/14/20).

3. Billing

Redundancy and duplication of effort is another basis on which the hours seem excessive. The fees demanded are not reasonable for the amount of work actually performed, much of which would be expected to be done by a clerk or associate billing at a substantially lower rate than what is stated by Mr. Brown. In order to determine a reasonable number of hours, the Court must examine whether the fee applicant exercised "billing judgment." *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. In exercising such judgment, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee-request hours that are excessive, redundant, or otherwise unnecessary." Id. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir.1988). Plaintiffs' Counsel respectfully requests that the Court to do so here, as there are multiple instances of both redundancy and inconsistencies contained within the billing statement submitted by Defendants' attorneys.

To mention just a few of the more egregious examples, of the 85.2 hours claimed in Mr. Brown's billing statement almost a full day was spent on the Motion to Dismiss, a filing that was substantially similar to other such motions made by the Defendant before this Court, and one that would therefore not reasonably entail that

6

amount of time expenditure by an attorney of Mr. Brown's expertise. There are also multiple instances of billing notations for draft briefs made in support of the above Motion, as well as multiple notations made in the billing statement to interviews, conversations with third parties, and other such matters which were not related to this case. It is particularly alarming that in Mr. Brown's billing statement, he repeatedly describes the extent of the legal research was needed to be done on a claim that was substantially similar to other such claims filed by the Defendants' Counsel. Even more glaringly, in perhaps the most distinct example of "excessive, redundant, or otherwise unnecessary hours" listed in the billing statement, Mr. Brown claims to have worked on drafting a simple reply brief on 9/13/19 for 2.3 hours, again on 9/14/19 for 2.5 hours, on 9/16/19 for 2.8 hours, on 9/17/19 for 3.5 hours, on 9/18/19 for 4 hours, and apparently again on 10/08/19 for 3.7 hours, yet again on 10/11/19 for 1.9 hours and finally yet again on 10/14/19 for 1 hour. This is a total of almost 22 hours apparently working on one reply brief, a staggering amount by any attorney's standards.

Moreover, as stated above, Defendants' fee declarations and billing creates confusion by providing substantial amounts of block-billing, which violates this principle of law. *See Lil' Joe Wein Music*, 2008 WL 2688117 at *11 ("The undersigned finds that the billing records of Defendants' attorneys are replete with

block billing, and that this makes it difficult to establish whether the amount of time spent on any one task was reasonable.") (citing *Oxford Asset Management, Ltd.*, 297 F.3d at 1196).

Therefore, the Court should reduce the amount of fees claimed. *Hensley*, 461 U.S. at 433–37 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly. . . . [Where] the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."). In addition, "[T]he general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for *each activity*." *Norman v. Housing Authority in the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (emphasis added), neither of which was done by Mr. Brown here.

Plaintiffs do not request the Court perform an hour-by-hour analysis in considering Defendants' fees. Plaintiffs request an across-the-board percentage cut, given the nature of the billing. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("across-the-board percentage cuts" appropriate in voluminous applications); *Reilly v. Duval County Public Schools*, 2007 WL 2120551 at *2,

(M.D. Fla. July 23, 2007) (percentage reduction "especially appropriate in cases such as this where attorneys have engaged in block billing which makes it more difficult to separate out excessive time."). Therefore, Plaintiffs' Counsel respectfully suggest a reduction sufficient to bring the claimed amount in-line with the median total cost suggested by the various fee-sources mentioned above, as well as reduced with consideration given to the ability of Plaintiffs' Counsel to pay bearing in mind current economic circumstances as discussed below.

   4. Ability to pay

Plaintiffs also contest Defendants' unreasonable request for attorney's fees in the amount of $53,250 based on their inability to pay and urge the Court to consider the current economic burden brought on by COVID-19. Plaintiffs' Counsel will be entirely unable to pay Defendants their awarded fee or in one lump sum payment and within short period of time. Due to the current COVID-19 situation, income in this sector has been considerably reduced and Plaintiffs' Counsel-as is the case with many comparable entities-is unaware as to when normal business, and therefore income, will be able to resume as usual. Per *Baker v Alderman*, 158 F.3d 516 (11th Cir. 1998), the Court adopted rulings of its sister courts and held that a district court must consider Plaintiffs' counsel's financial ability in the award of sanctions. "The conduct and resources of the party to be sanctioned are relevant to the determination

9

of the amount of sanctions to be imposed. The district court should also inquire as to the extent to which the non-violating party's expenses could have been avoided, or mitigated, and reduce or

increase the award accordingly" (Id. At 878).

For the foregoing reasons and the arguments set forth in Plaintiffs' counsel's brief, Plaintiffs' counsel requests that this Court decline to award Defendants' counsel any fees based on their inability to pay.  If the Court is inclined to award Defendants' counsel attorney fees, Plaintiffs respectfully request that the Court reduce the amount by a minimum of 80% to reflect an amount which is both more reasonable as per the above, and that which would be feasible for Plaintiffs' Counsel given current circumstances.

## CONCLUSION

For the aforementioned reasons, and for such other reasons as the Court finds to be good and sufficient cause, the Defendants Submission for Attorneys' Fees should be denied or in the alternative REDUCED.

Dated:  October 14, 2020

                                              Respectfully submitted,

                                              /S/ Hassan Elkhalil
                                              _____
                                              Hassan H. Elkhalil
                                              Georgia Bar No. 243192

                Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place Suite 550
Atlanta, GA 30339
(770) 612-3499

## **CERTIFICATION OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirement of LR 5.1, using font type of Times New Roman and point size of 14.

/S/ Hassan Elkhalil

_____
Hassan H. Elkhalil
Georgia Bar No. 243192
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place Suite 550
Atlanta, GA 30339
(770) 612-3499

## **CERTIFICATION**

    I hereby certify that a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Hassan H. Elkhalil
Georgia Bar No. 243192
Attorney for Plaintiffs
Elkhalil Law, P.C.
1950 North Park Place Suite 550
Atlanta, GA 30339
(770) 612-3499