## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BHUPENDRA GHANDI AND A&Y FAMILY GROUP INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-03511-SDG |
| CRAIG J. EHRLICH, *et al.*, | |
| Defendant. | |

## ORDER

This matter is before the Court on Defendants' Detailed Submission in Support of Award of Legal Fees and Expenses [ECF 52], submitted at the request of the Court in granting Defendants' motion for sanctions [ECF 50], and on Plaintiffs' Counsel Motion to Relieve Attorney Charlotte Carter of Any Sanctions [ECF 55]. For the reasons stated below, the Court **AWARDS** attorneys' fees in the amount of $42,600.00 to Defendants and **GRANTS** Plaintiffs' Motion to Relieve Attorney Charlotte Carter of Any Sanctions.

## I.   BACKGROUND

The Court's order on Defendants' motion to dismiss and motion for sanctions sets forth a full factual background, which will not be repeated here.[1]

---

[1]   ECF 50, at 2-9.

Defendants are attorneys who specialize in bringing claims for violations of the Americans with Disabilities Act (ADA). Defendants brought valid ADA claims against Plaintiffs. In retaliation, without evidence or good faith legal arguments, Plaintiffs brought sweeping allegations of a criminal conspiracy involving mail fraud, wire fraud, and money laundering, contending that Defendants file ADA lawsuits to extort settlements from financially vulnerable business and property owners.

Defendants moved to dismiss Plaintiffs' complaint in its entirety for failure to state a claim.[2] Defendants also moved for sanctions against Plaintiffs' counsel under Rule 11.[3] On September 21, 2020, the Court granted Defendants' motion to dismiss and motion for sanctions.[4] In granting the motion for sanctions, the Court emphasized the lack of legal basis for Plaintiffs' claims and noted that Plaintiffs' counsel filed this action without any evidence of fraud and, in fact, with substantial evidence that the underlying ADA claims were valid.[5] Indeed, when pressed by the Court, Plaintiffs' counsel admitted that the ADA claims at issue

---

[2]    ECF 10.

[3]    ECF 18.

[4]    ECF 50.

[5]    *Id.* at 23–29.

were meritorious.[6] The Court was also troubled by Plaintiffs' counsel's failure to communicate with then-client, PQV, which was included as a plaintiff in the Complaint without being given the opportunity to verify the allegations.[7]

The Court awarded Defendants attorneys' fees and expenses, instructed Defendants to submit declarations and materials in support of their claim for fees, and ordered Plaintiffs' counsel to attend four hours of CLE training on federal practice and procedure.[8] The Court noted that it would entertain a motion to relieve attorney Carter, who no longer serves as counsel to Plaintiffs, of sanctions.[9] Defendants have complied with the Court's instruction and filed declarations in support of a claim for attorneys' fees as well as a detailed time record for Defendants' attorney, Bruce P. Brown,[10] to which Plaintiffs have responded.[11] Plaintiffs have also complied with the Court's order and submitted proof of

---

[6]   ECF 41 (Hr'g Tr.), 12:16–24.

[7]   ECF 50, at 27.

[8]   *Id.* at 33–34.

[9]   *Id.* at 34.

[10]   ECF 52. Defendants did not submit a separate accounting for expenses and instead noted that the substantial Westlaw fees incurred are included in defense counsel's $625 rate. *Id.* at 14. The Court will consider defense counsel's expenses as included in the billing rate.

[11]   ECF 53.

Plaintiffs' counsel, Hassan Elkhalil, attending four hours of CLE training.[12] Additionally, Plaintiffs have moved to relieve attorney Charlotte Carter of sanctions due to her leaving Plaintiffs' counsel's firm.[13]

## II.   DISCUSSION

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). In the Eleventh Circuit, "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate," commonly referred to as the "lodestar" approach. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]here is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)).

### a.   A Reasonable Hourly Rate

Under the lodestar method, the Court must first determine a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant

---

[12]   ECF 54; 54-1.

[13]   ECF 55.

legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman* 836 F.2d at 1299). The "relevant legal community" is the "place where the case is filed." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The party requesting its attorneys' fees "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Loranger,* 10 F.3d at 781. There must be more evidence than just an attorney affidavit, as "in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299. In addition, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781.

Defendants claim a rate of $625 per hour for the sole attorney working on their behalf, Bruce P. Brown of Bruce P. Brown Law, LLC. In support, Defendants submit a declaration of Brown and of Robert B. Remar, an attorney asked to opine as to the reasonableness of Brown's fees in *Curling v. Raffensperger*, an unrelated

case pending in this district.[14] Remar reviewed hourly rates of partners in the Atlanta-metro area and declared, based on his own knowledge and experience, that $625 is a proper hourly rate for a lawyer of Brown's skill and experience.[15] Plaintiffs argue in response that $625 is an unreasonable and inflated hourly rate for Brown and that prevailing market rates in Atlanta are, on average, between $100 and $300 an hour.[16]

Based on the evidence presented and its own experience in the legal market of this district, the Court finds that $625 is a reasonable hourly rate for an attorney of Brown's skill and experience. Brown has over 30 years of experience practicing complex commercial litigation.[17] The Court is persuaded by the declaration of Remar, who reviewed the rates of attorneys in the Atlanta area and suggests an hourly rate of between $550 to $1,000 for a partner litigating complex commercial cases and class actions.[18] *See also In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, at *39 (N.D. Ga. Mar. 17, 2020) (rates of

---

14   Case No. 1:17-CV-2989-AT (N.D. Ga.).

15   ECF 52, at 17–18.

16   ECF 53, at 4–5.

17   ECF 51, at 10–11.

18   ECF 52, at 19.

$750–1,050 are commensurate with the prevailing rates for complex litigation in Atlanta).

The average hourly rates proposed by Plaintiffs, by contrast, encompass rates charged by attorneys of all experience levels and practice areas, and do not appear to be limited to the Atlanta-metro area.[19] As this case involved complex fraud allegations and a potential class action, Defendants appropriately engaged an experienced attorney whose fees are on the higher end of the market range.

### b.   The Reasonable Number of Compensable Hours

The second lodestar factor requires the Court to ascertain a reasonable number of hours. Fee applicants must "exercise billing judgment" and "excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." *Norman* 836 F.2d at 1301. Defendants submitted a timesheet demonstrating the work performed by their attorney, totaling 85.2 hours of billable time.[20]

Plaintiffs object to the claimed hours as unreasonable, arguing that much of the work accounted for was clerical or low-level work, that time entries included work unrelated to the case, that defense counsel spent an unreasonable amount of

---

[19]   ECF 53, at 5.

[20]   ECF 52, at 27-29.

time researching and briefing recycled arguments, and that defense counsel inappropriately block-billed his time.[21]

Plaintiffs' objections are largely meritless. The Court has reviewed the time records and finds that defense counsel spent a reasonable amount of time on the briefings in this case. Although defense counsel had substantial assistance from Defendants, some of whom are also attorneys,[22] Brown was the sole attorney retained on this matter and therefore was responsible for researching, writing, and finalizing the briefs. As Defendants note, moreover, responding to meritless claims, like the ones brought by Plaintiffs, often takes more time than responding to good faith legal arguments.[23]

The Court agrees with Plaintiffs, however, that defense counsel improperly accounted for clerical work and non-legal work. *See Norman*, 836 F.2d at 1306 ("[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment."). The Court notes, for example, that defense counsel accounted for filing papers, gathering

---

[21]   ECF 53, at 7.

[22]   ECF 52, at 3–4.

[23]   *Id.* at 4.

exhibits, reviewing deadlines, and corresponding with the Court's staff.[24] These are clerical tasks or at the very least lower attorney-rate tasks that should have been excluded from defense counsel's billed time. Additionally, the time spent speaking to news outlets about the case is improperly included.[25] *Yule v. Jones*, 766 F. Supp. 2d 1333, 1348 (N.D. Ga. 2010) (fees related to media interviews are not properly accounted for in a fee award because "they are not for legal services required to prosecute the claims asserted in the action").

Defense counsel's method of block-billing also makes it more difficult to determine the reasonableness of the requested fees.[26] "Block billing occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). Defense counsel's entries

---

[24] ECF 52, at 28, 29. Though defense counsel asserts that he did not include administrative tasks in his billing entries and that he reduced the time recorded to reflect inefficiencies, ECF 52, at 12–13, this is not clear from the time sheet, which lists administrative tasks in accounting for blocks of time.

[25] ECF 52, at 27.

[26] *See e.g.*, ECF 52, at 27 (8/23/19 for 1.6 hours, "Review, revise and transmit consent motion and acknowledgment to C. Carter; edit and file papers; call R. Jaffee (left message); extensive telephone conversation with AJC Reporter C. Hoyner about Plaintiffs' defamatory allegations and discussion with C. Ehrlich regarding same").

include vague and unhelpful descriptions such as "[f]urther work on matter, including reviewing files and deadlines."[27]

The Court has wide discretion to craft a solution to problematic time entries, including applying "across the board reductions." *Ceres Envtl. Servs., Inc.* 476 F. App'x at 203. The Court finds that a twenty percent across the board reduction is appropriate to account for some of the problematic billing entries. The total hours will therefore be reduced to 68.16.

### c.    Plaintiffs' Counsel's Ability to Pay

Plaintiffs correctly note that the Court must consider a sanctioned party's financial ability when awarding sanctions. *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998). "Sanction orders must not involve amounts that are so large that they seem to fly in the face of common sense, given the financial circumstances of the party being sanctioned." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). Yet, sanctions also "must never be hollow gestures; their bite must be real." *Id.*

Plaintiffs urge the Court to decline awarding Defendants any fees or, in the alternative, to substantially reduce the fees by eighty percent because Plaintiffs'

---

[27]    ECF 52, at 28 (time entry for 11/7/19).

counsel is unable to pay.[28] Beyond generally citing to the economic burden imposed by the COVID-19 pandemic, however, Plaintiffs' counsel has not presented any evidence demonstrating an inability to pay.   A reduction or elimination of the fees award for financial inability is, therefore, unwarranted at this time. The Court will grant Plaintiffs' counsel leave to file a motion to reconsider, within 14 days of this Order, based solely on an inability to pay the fees' award. The motion must be supported by an affidavit and documentary evidence.

### d.    Relieving Attorney Charlotte Carter of Sanctions

Plaintiffs have further requested that attorney Charlotte Carter, who was involved in this case and admitted as an attorney of record,[29] be relieved of the sanctions imposed.[30] The Court will exercise its discretion to relieve Carter of the sanction order, largely because she was not lead counsel and left the employ of Elkhalil Law, P.C. before the sanctions order was entered. The Court notes, however, that Carter remains listed as counsel of record on this case because she never notified the Court of her withdrawal, as required by LR 83.1, NDGa.

---

[28]   ECF 53, at 9–10.

[29]   ECF 1, at 45.

[30]   ECF 55.

III.    CONCLUSION

For the reasons stated above, the Court **AWARDS** Defendants attorneys'

fees and expenses in the total amount of $42,600.00. Hassan Elkhalil and Elkhalil

Law, P.C. are, jointly and severally, **ORDERED** to pay that amount no later than

30 days from the entry of this order.[31] However, if Plaintiffs' counsel wishes the

Court to reconsider its ruling based solely on inability to pay, Plaintiffs' counsel

may submit a motion as described herein within 14 days from the entry of this

order, upon which the order to pay will be stayed.

Plaintiffs' Motion to Relieve Attorney Charlotte Carter of Any Sanctions

[ECF 55] is **GRANTED**.

The Clerk is **DIRECTED** to resubmit this order to the undersigned in 14

days.

**SO ORDERED** this the 16th day of November 2020.

Steven D. Grimberg
United States District Court Judge

---

[31] "Absent exceptional circumstances, a law firm must be held jointly responsible
for a violation committed by its partner, associate, or employee." Fed. R. Civ.
P. 11(c)(1).